# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § | |
| § | |
| *Plaintiff* § | |
| § | **CASE NO.. 6:05CV 424 LED** |
| § | |
| vs. § | |
| § | |
| **RAPID PAY, LLC**<sup>SM</sup> § | |
| § | |
| *Defendant.* § | **NO JURY TRIAL DEMANDED** |

### DEFENDANTS MOTION TO DISMISS
### in the alternative
### MOTION TO TRANSFER VENUE
### and
### ORIGINAL ANSWER
### subject thereto

Now comes Rapidpay, LLC defendant and file this its Motion to Dismiss for Lack of Jurisdiction over the defendant, and in the alternative, and subject to the said motion to dismiss, its Motion to Transfer Venue, and subject to both aforementioned motions, its Original Answer and would show the court:

MOTION TO DISMISS COMPLAINT

I.

This court lacks jurisdiction because the defendant is a corporation organized under the laws of New York. The defendant was not and is not subject to service of process within the Eastern District of Texas. The defendant is not licensed to do or doing business in the Eastern District of Texas and the claim sued upon did not arise within this district. Further defendant would show that it does not do any act constituting doing business in the state of Texas as that term is used in the long arm jurisdiction statutes of Texas. Attached hereto, as Exhibit "A" and

incorporated herein for all purposes is the affidavit of Stephanie Nimberg, President of Defendant Rapidpay which establishes the matters set forth in this paragraph.

II.

As additional proof if such be necessary to establish that general jurisdiction does not lie as against defendant, as shown in Exhibit "A" defendant does not assert in any manner it is qualified under the laws of Texas to do business in Texas, that defendant has no registered agent in Texas, defendant has no employees or bank accounts or offices or real estate interests in Texas and has never made any sale of any product that is alleged to infringe in Texas.

MOTION TO TRANSFER SUBJECT TO MOTION TO DISMISS

III.

Subject to the above urged Motion to Dismiss, if same is not granted, Defendant would show that this matter should be transferred to the Southern District of New York. Defendant resubmits the attached Exhibit "A" in its entirety and would show that there is no evidence that any event of patent infringement occurred in Texas, that there is no alleged activity of defendant occurring in Texas, that there is no evidence of defendant purposefully directing it activities at the residents of Texas, that there is not evidence of any claim of patent infringement arising out of any activity of defendant in Texas, which defendant shows in Exhibit "A" no such activity exists and that the assertion of personal jurisdiction and venue in the Eastern District of Texas would be unreasonable and unfair.

IV.

As set forth in Exhibit "A" defendant would further show that it has never sold or even offered to sell any product in Texas as that term is applied in that it has never communicated to any prospective buyers both a description of the product and a price at which it can be

purchased.

V.

Defendant does not have and has not had sufficient minimum contacts to subject them to suit in the Eastern District of Texas and as shown in Exhibit "A" has all of its corporate, sale and business records maintained in the Southern District of New York where this matter should be transferred in the interest of justice and for the convenience of the parties and witnesses.

VI.

The "purpose of the venue requirement is to protect defendants from being forced to defend lawsuits in a court remote from their residence or remote from where the acts underlying the controversy occurred." *Nutrition Physiology*, 87 F. Supp.2d 648, 652 (N.D. Tex. 2000).

VII.

When venue is challenged, it is Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought. *Advanced Dynamics Corp. vs Mitech Corp.*, 729 F. Supp. 519, 519 (N.D. Tex. 1990).  The determination of whether venue is proper in patent cases is governed by 28 U.S.C § 1400(b), which provides that venue is proper where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business.  28 U.S.C. § 1400(b).

The general "federal question" venue statute, 28 U.S.C. § 1391(c), provides that a corporate defendant is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction.

ORIGINAL ANSWER

(filed subject to the Motion to Dismiss and Motion to Transfer Venue)

1. Defendant Rapidpay is without knowledge or information sufficient to form a belief

as to the truth of paragraph 1 of the Complaint for Patent Infringement.

2. Defendant Rapidpay admits the allegations contained in paragraph 2 of the Complaint for Patent Infringement.

3. Defendant Rapidpay admits the allegations of paragraph 3 of the Complaint for Patent Infringement in regard to general jurisdiction of patent infringement matters but as set forth in the above paragraphs of the Motion to Dismiss denies that this court has jurisdiction over defendant herein.

4. Defendant Rapidpay denies the allegations in paragraph 4 of the Complaint for Patent Infringement.

5. Defendant Rapidpay is without knowledge or information sufficient to form a belief as to the truth of paragraph 5 of the Complaint for Patent Infringement.

6. Defendant Rapidpay is without knowledge or information sufficient to form a belief as to the truth of paragraph 6 of the Complaint for Patent Infringement.

7. Defendant Rapidpay cannot admit or deny other than as previously stated the allegations of paragraph 7 of the Complaint for Patent Infringement.

8. Upon information and belief, Rapidpay has not and does not infringe in any manner any claims of the 281 patent either literally or under the doctrine of equivalents. Defendant Rapidpay denies the allegations in paragraph 8 of the Complaint for Patent Infringement.

9. Upon information and belief, Rapidpay has not and does not infringe in any manner any claims of the 281 patent by contributing to or actively inducing any infringement by others. Defendant Rapidpay denies the allegations in paragraph 9 of the Complaint for Patent Infringement.

10. Upon information and belief, Rapidpay has not and does not willfully infringe the

281 patent. Rapidpay denies the allegations in paragraph 10 of the Complaint for Patent Infringement.

11. Defendant Rapidpay denies it has, does or will continue in any manner infringing any claim of the 281 patent. Rapidpay denies the allegations in paragraph 11 of the Complaint for Patent Infringement.

12. Defendant Rapidpay denies that plaintiff has or will suffer any damages and impairment of value of its patent rights as a result of any act or action of defendant and therefore denies the allegations in paragraph 12 of the Complaint for Patent Infringement.

WHEREFORE, defendant Rapidpay LLC requests that this honorable Court enter an order dismissing plaintiff's Complaint against them or in the alternative to transfer the within action pursuant to Title 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of New York, a court in which this action could have been brought, in the interest of justice and for the convenience of the parties and witnesses, as more particularly set forth in attached Affidavits and in the event this matter is not dismissed for lack of personal jurisdiction and not transferred that this court rule that plaintiff Advanceme, Inc. take nothing in this suit and that defendant have such relief, legal or equitable to which it may be entitled.

Respectfully submitted,

/s/ Guy N. Harrison
Guy N. Harrison
Attorney at Law
State Bar No. 00000077
217 N. Center Street
P.O. Box 2845
Longview, Texas 75606
Tel: (903) 758-7361
Fax: (903) 753-9557
E-Mail: cj-gnharrison@att.net

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via the Court's CM/ECF Filing System or via first class mail to each attorney/party of record on this 30th day of November, 2005.

                                                    /s/ Guy N. Harrison
                                                    Guy N. Harrison

**CERTIFICATE OF CONFERENCE**

    Counsel for Defendant Rapidpay, LLC contacted counsel for Plaintiff on this 30th day of November, 2005 and Plaintiff opposes this motion.

                                                    /s/ Guy N. Harrison
                                                    Guy N. Harrison