## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC. § | |
| § | CIVIL CASE NO. 6:05-CV-424 |
| VS. § | |
| § | DAVIS |
| RAPDIPAY, LLC § | |

### PLAINTIFF ADVANCEME, INC.'S RESPONSE TO DEFENDANT RAPIDPAY, LLC'S MOTION TO DISMISS AND IN THE ALTERNATIVE, MOTION TO TRANSFER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Rule 7 of the Local Civil Rules, Plaintiff AdvanceMe, Inc. ("AdvanceMe") hereby opposes Defendant Rapidpay, LLC's ("Rapidpay") Motion to Dismiss for Lack of Jurisdiction and in the alternative, Motion to Transfer Venue. In contrast to Rapidpay's claimed lack of activity in Texas, UCC filings unambiguously show that Rapidpay has provided services to at least two companies in Texas. Prior to the filing of this lawsuit, Rapidpay also offered its services in Texas through one of its sales representatives and currently offers its infringing services in Texas through an interactive website.

Rapidpay's motion to transfer venue is similarly ill-conceived. Rapidpay fails to demonstrate that the private and public interests considered in connection with a motion to transfer can overcome the strong presumption in favor of the plaintiff's choice of forum in this case. Accordingly, because personal jurisdiction can be asserted over Rapidpay in Texas and because the Eastern District of Texas is an appropriate forum for this action, AdvanceMe respectfully requests that the Court deny Rapidpay's Motion to Dismiss for Lack of Jurisdiction and in the alternative, Motion to Transfer Venue.

**STATEMENT OF RELEVANT FACTS**

This is a patent infringement action that directly impacts the Eastern District of Texas. Specifically, this case involves U.S. Patent No. 6,941,281 ("the '281 patent") entitled "automated payment." The '281 patent discloses systems and methods for the automated payment of obligations through the processing of third party credit, bank, charge and smart card transactions. Rapidpay offers services that infringe the '281 patent in Texas.

AdvanceMe is a Delaware corporation with its principal place of business in Georgia. AdvanceMe is the owner of the '281 patent. Although Rapidpay states that it is a limited liability company with its principal place of business in New York, Rapidpay's claim that it has not conducted any business in Texas is directly contradicted by the fact that Rapidpay has filed UCC Financing Statements (Form UCC1) reflecting its position as a secured creditor for at least two entities located in Texas—Anna Lee's Restaurant, LLC, in Ennis, Texas, and Flores & Hernandez, LLC, in Houston, Texas. True and correct copies of Rapidpay's UCC Financing Statements are attached as Exhibit A. In both instances, the UCC Financing Statements cover the following collateral: "All of debtor's accounts, contract rights, real property leases and general intangibles now owned or hereafter acquired, wherever located." *Id.* The financing statement for Anna Lee's Restaurant contains an additional rider specifying that Rapidpay's rights to collateral include causes of action, tax refunds, inventory, cash on hand, licenses and numerous other categories of property.

Rapidpay's UCC filings are consistent with the fact that Rapidpay offers its infringing services in Texas in general, and within the Eastern District of Texas in particular. A true and correct copy of the affidavit of Dan Wellhoefer ("Wellhoefer Affidavit") is attached as Exhibit B. In October 2005, Mr. Wellhoefer called Rapidpay's toll-free telephone number, which is

accessible from Texas, and left a message to speak with a Rapidpay sales representative. *Id.* In response, a sales representative from Rapidpay identifying himself as Jim D'Alesandro called Mr. Wellhoefer. *Id.* Mr. Wellhoefer informed Mr. D'Alesandro that he was interested in services offered by Rapidpay for providing financial assistance to a restaurant in Beaumont, Texas, which is located within the Eastern District of Texas. *Id.* In response to Mr. Wellhoefer's inquiry, Mr. D'Alesandro confirmed that Rapidpay could provide its services in Beaumont, Texas. *Id.* Specifically, Mr. D'Alesandro advised Mr. Wellhoefer that Rapidpay could utilize all major credit cards to facilitate a transaction and offered a discount for the services that it could provide in Beaumont, Texas. *Id.* In response to a request for Rapidpay's customer references in Texas, Mr. D'Alesandro stated that while he could not disclose such information based on privacy concerns, he provided contact information for Rapidpay's attorney in Austin, Texas. *Id.*

In addition, Rapidpay maintains an interactive website at www.erapidpay.com. Through its interactive website, Rapidpay offers its infringing services without limitation throughout the United States, including within Texas. Attached as Exhibit C are true and correct copies printouts from Rapidpay's website, including an application for potential customers. For example, Rapidpay's website includes a link allowing potential customers to "Apply Now." The "Apply Now" page states that "[e]njoying the great benefits Rapidpay offers is simple! Just fill in the information below, click on 'submit' and a friendly representative will soon contact you to discuss your application." The application also allows the potential customer to mark the services that it is interested in obtaining and a field for user comments. Rapidpay's website also includes a pull-down menu that allows Texas to be selected as a location option. Accordingly, a potential customer located in Texas can communicate directly with Rapidpay, submit an

application and request specific services. Rapidpay does not provide any geographical limitations on the services offered through its website in the United States, which include infringing services covered by the '281 patent.

Despite this extensive record of activity in Texas, Rapidpay filed a motion to dismiss and in the alternative, a motion to transfer venue on November 30, 2005. For the foregoing reasons, both requests should be denied.

### ARGUMENT AND AUTHORITIES

A. **Rapidpay's Motion to Dismiss Lacks Merit and Should Be Denied**

   1. **Rapidpay's Contacts with Texas Are Sufficient to Assert Personal Jurisdiction**

To establish personal jurisdiction over a defendant, the plaintiff must satisfy both the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment to the Constitution. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). "[T]he Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment." *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Thus, to determine personal jurisdiction, it is necessary to consider only whether exercising personal jurisdiction over Rapidpay comports with due process. In a patent infringement case, the law of the Federal Circuit must be applied to determine personal jurisdiction over a non-resident defendant. *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002). Although Federal Circuit law governs, it will defer to the state's highest court's interpretation of that state's long-arm statute. *3D Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).

The due process clause permits exercise of personal jurisdiction over a non-resident defendant when (1) that defendant has established "minimum contacts" with the forum state and

(2) the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945).  The minimum contacts prong of the due process test has been refined to two types of contacts that give rise to either specific or general jurisdiction.  *Trintec Indus., Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005).  Specific jurisdiction refers to the situation in which the cause of action arises out or relates to the defendant's contacts with the forum, even if those contacts are "isolated and sporadic."  *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).  General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state, even when the cause of action has no relation to those contacts.  *Id.*

Although AdvanceMe bears the burden of establishing personal jurisdiction over Rapidpay, at this stage AdvanceMe only needs to present a *prima facie* case for personal jurisdiction because this Court will presumably resolve this issue without the benefit of an evidentiary hearing.  *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002).  In deciding whether a *prima facie* case exists, this Court must accept as true AdvanceMe's "uncontroverted allegations, and resolve in [its] favor, all conflicts between the facts contained in the parties' affidavits and other documents."  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

In this instance, specific jurisdiction is appropriate because AdvanceMe's cause of action for patent infringement arises out of Rapidpay offering its infringing services for sale in Texas. *See, e.g., Trintec*, 395 F.3d at 1280 (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994)) ("in patent litigation, the injury occurs at the place where 'the

infringing activity directly impacts on the interests of the patentee.'") However, regardless of whether applying a specific or general jurisdiction analysis, Rapidpay has sufficient minimum contacts to support this Court's exercise of jurisdiction.

Contrary to Rapidpay's assertions in its motion and accompanying affidavit, the evidence establishes that Rapidpay has sold and has offered to sell its infringing services in Texas. As demonstrated by its UCC filings, Rapidpay has provided infringing services to at least two entities in Texas. In addition, as described in the Wellhoefer affidavit, Rapidpay has recently confirmed that it offers its infringing services in Texas.

Not only has Rapidpay sold and offered to sell its infringing services in Texas, Rapidpay also operates an interactive website through which potential customers in Texas can purchase Rapidpay's infringing services. In determining whether a website can support personal jurisdiction, Texas courts have consistently applied the three-tiered "sliding scale" approach to measure a website's level of "interaction" with the forum that was originally set forth in *Zippo Mfg. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *J-L Chieftain, Inc. v. Western Skyways, Inc.*, 351 F. Supp. 2d 587, 592-93 (E.D. Tex. 2004).

In this instance, Rapidpay operates a middle-tier "interactive" website because information can be exchanged between potential customers and Rapidpay through its website. *See, e.g., Revell v. Lidov*, 317 F.3d 467, 470-71 (5th Cir. 2002). In asserting personal jurisdiction based on an "interactive" website, courts have required "something more" than only having an interactive website to indicate that the defendant purposefully directed its activities towards the forum. *Fix My PC, L.L.C. v. N.F.N. Assocs., Inc.*, 48 F. Supp. 2d 640, 643 (N.D. Tex. 1999). For example, one District Court in Texas held that "something more" may include "having a toll free phone number, entering into a contract in the forum, and selling of goods in the forum." *Id.*

Rapidpay has satisfied the "something more" requirement by providing its infringing services to at least two entities in Texas and its demonstrated willingness to offer such services in the forum in conjunction with its interactive website.

Moreover, in the context of patent infringement, the Federal Circuit has endorsed the stream of commerce theory applied by the Supreme Court in *Worldwide-Volkswagen Corp. v. Woodson* to hold that specific jurisdiction exists when a defendant "purposefully shipped the accused [product] into [the forum] through an established distribution channel" and "[t]he cause of action for patent infringement is alleged to arise out of those activities." *Beverly Hills Fan*, 21 F.3d at 1565. Jurisdiction is appropriate where alleged infringers place the infringing product in the stream of commerce because "they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Id.* at 1566. By selling, offering to sell and providing access to its infringing services in Texas through its interactive website, Rapidpay has placed its infringing services in the "stream of commerce" and could reasonably anticipate being hailed into this Court. Accordingly, Rapidpay's contacts with Texas are sufficient to satisfy the due process clause of the Constitution.

    **2.    Asserting Jurisdiction Over Rapidpay Does Not Offend Traditional Notions of Fair Play and Substantial Justice**

In determining whether asserting personal jurisdiction over Rapidpay would offend traditional notions of fair play and substantial justice, Rapidpay fails to show that asserting personal jurisdiction in this case would constitute "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996) (quoting *Akro*

*Corp. v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995)). The test for determining whether asserting jurisdiction would offend traditional concepts of fair play and substantial justice includes a balancing of (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies. *Id.* Rapidpay fails to provide any justification for granting its motion under this criteria.

In a recent decision from another court in this district addressing notions of fair play and substantial justice in the context of a patent infringement defendant incorporated and based in China, Judge Ward noted that although there may be some burden on the defendant to travel from China to Texas to litigate the case, "progress and communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *Jacobs Chuck Mfg. Co. v. Shandong Weida Machinery Co., Ltd.* (Civil Action No. 2:05-CV-185, E.D. Tex. 2005) Dec. 5, 2005 Memorandum Opinion and Order at 16 (attached as Exhibit D) (quoting *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S. Ct. 559, 565, 62 L. Ed. 2d 490 (1980)). In *Jacobs Chuck*, Judge Ward concluded that personal jurisdiction was appropriate over the China-based defendant because "Texas has significant interest in discouraging injuries, including those arising from patent infringement that occurs within the state." *Id.* at 17. In this instance, unlike *Jacobs Chuck*, Rapidpay would only have to travel from New York to Texas to defend this claim—a far less burdensome task than traveling from China. In sum, Rapidpay fails to show that this qualifies as the rare situation where asserting personal jurisdiction would offend traditional concepts of fair play and substantial justice. This is especially true considering that

Rapidpay's UCC filings indicate that Rapidpay has actually conducted business in Texas. Accordingly, Rapidpay's motion to dismiss for lack of personal jurisdiction should be denied.

**B.      Rapidpay's Motion to Transfer Venue Also Lacks Merit and Should Be Denied.**

Based on the same conclusory allegations that it relies upon to support its motion to dismiss, Rapidpay asserts in the alternative that this action should be transferred to the Southern District of New York. As with Rapidpay's motion to dismiss, Rapidpay's motion lacks merit and should be denied.

Venue in patent infringement claims is governed by 28 U.S.C. Section 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Federal Circuit has held that the general venue statute, 28 U.S.C. § 1391(c), applies in determining where a corporate defendants "resides" under Section 1400(b). *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Accordingly, venue in a patent infringement case is appropriate in any district where personal jurisdiction exists over the corporate defendant at the time the action was commenced. *Id.* In states with multiple district courts, such as Texas, venue is appropriate if the entity has contacts with the applicable district that "would be sufficient to subject it to personal jurisdiction as if that district were a separate state." 28 U.S.C. § 1391(c).

Pursuant to 28 U.S.C. Section 1404(a), a district court can transfer a case to any other district where the case might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In deciding whether to transfer cases under Section 1404, however, courts recognize that transfer is justified only in "rather rare cases." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947). Accordingly,

the moving party bears the burden of demonstrating why the District Court should transfer the case to a forum different from that selected by the plaintiff. *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F. Supp. 2d 567, 571-72 (E.D. Tex. 2004). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at 572 (quoting *Gulf Oil*, 330 U.S. at 508); *see also In re Triton Ltd. Securities Litigation*, 70 F. Supp. 2d 678, 689 (E.D. Tex. 1999) ("the judicial system inherently provides a plaintiff with his choice of forum.")

In considering a motion to transfer, courts apply a two-prong test. First, the court must decide whether the claim could have been filed in the transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Second, the court considers "the convenience of the parties and witnesses." *Id.* This second "convenience" prong requires examination of factors related to both private and public interests. *Id.* The relevant "private" interests concern practical issues that "make trial of a case easy, expeditious, and inexpensive." *Gulf Oil*, 330 U.S. at 508. Those private interests include:

> (1) plaintiff's choice of forum, (2) convenience and location of witnesses and the parties, (3) cost of obtaining the attendance of witnesses/cost of trial, (4) place of the alleged wrong, (5) accessibility and location of sources of proof, and (6) possibility of delay and prejudice if transfer is granted.

*Z-Tel Communications*, 331 F. Supp. 2d at 571. The public interest factors include:

> (1) the administrative difficulties related to court congestion, (2) the local interest in resolving localized issues; (3) the court's familiarity with applicable law; and (4) the avoidance of unnecessary conflict of law problems.

*Id.* at 579.

Courts also recognize that deference to the plaintiff's choice of forum "is the starting point for the court's analysis." *McClave v. Bank One Corp.*, 2004 WL 439991, at *1 (E.D. Tex. Feb. 10, 2004) (attached hereto as Exhibit E).

In the conclusory allegations supporting its motion to transfer venue, Rapidpay fails to specifically address Section 1404 or the public or private interest factors that are required to overcome the strong presumption in favor of not disturbing AdvanceMe's choice of forum. Instead, Rapidpay merely repeats the same allegations that it relies upon in its motion to dismiss, and claims that the action should be transferred because Rapidpay's business records are maintained in the Southern District of New York and for "the convenience of the parties and the witnesses," without providing any further explanation. Motion at 3. Such vague allegations are insufficient to enable this Court to perform any meaningful analysis. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775-76 (E.D. Tex. 2000). Moreover, the location of sources of proof "should weigh only slightly in this Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage." *Id.* at 778. Regardless of the physical location of Rapidpay's business records or unidentified witnesses, Rapidpay fails to show how these factors will create any hardship in litigating this action.

Rapidpay also fails to overcome the strong presumption in favor of not disturbing AdvanceMe's choice of forum. AdvanceMe initiated this action in the Eastern District of Texas to help achieve a relatively quick and efficient resolution to its patent infringement claims against Rapidpay. To further expedite the process of asserting its patent rights, AdvanceMe is only seeking an injunction against Rapidpay and not actual damages. As AdvanceMe alleges in its Complaint, unless Rapidpay is enjoined from continuing to infringe the '281 patent, AdvanceMe will continue to suffer irreparable harm through Rapidpay's continuing ability to sell infringing services to citizens of Texas, including those located in the Eastern District of Texas.

In addition, for the same reasons that Rapidpay is subject to personal jurisdiction in Texas, venue is appropriate in the Eastern District of Texas. First, as set forth above and in the Wellhoefer Affidavit, Rapidpay offered to provide services that infringe the '281 patent in Beaumont, Texas, which is located in the Eastern District of Texas. Second, Rapidpay offers to sell its infringing services to citizens of Texas through its interactive website, including citizens residing in the Eastern District of Texas. Because personal jurisdiction can be asserted over Rapidpay in the Eastern District of Texas and Rapidpay fails to carry its "strong burden" in showing that this action should be transferred to the Southern District of New York, Rapidpay's alternative Motion to Transfer Venue should also be denied.

## CONCLUSION

Rapidpay's attempt to avoid this Court's jurisdiction is contradicted by evidence showing that it has sold and has offered to sell its infringing services in Texas. In addition, Rapidpay has failed to satisfy the required "strong burden" of showing that this Court should disregard AdvanceMe's choice of forum by transferring this matter from the Eastern District of Texas. Accordingly, AdvanceMe respectfully requests that the Court deny Rapidpay's Motion to Dismiss and its alternative Motion to Transfer Venue.

Respectfully submitted,

Dated: December 15, 2005

/s/ Otis Carroll
Otis W. Carroll
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: 903-561-1600
Facsimile: 903-581-1071
Email: fedserv@icklaw.com

Of Counsel:
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Ronald S. Lemieux (CA Bar No. 120822)
Daniel B. Pollack (CA Bar No. 221176)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email:  ronlemieux@paulhastings.com

Douglas E. Olson (CA Bar No. 38649)
Elizabeth L. Brann (CA Bar No. 222873)
3579 Valley Centre Drive
San Diego, CA  92130
Telephone: (858) 720-2500
Telecopier: (858) 720-2555

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 15th day of December, 2005.

*/s/* Otis Carroll_____

LEGAL_US_W # 53090853.1