# EXHIBIT E

AdvanceMe Inc v. RapidPay LLC

Doc. 7 At

Not Reported in F.Supp.2d                                                                                                  Page 1
Not Reported in F.Supp.2d, 2004 WL 439991 (E.D.Tex.)
(Cite as: 2004 WL 439991 (E.D.Tex.))

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Texas, Marshall Division.
Donald MCCLAVE, et al.
v.
BANK ONE CORPORATION
No. Civ.A.2:03 CV 21.

Feb. 10, 2004.

David Anthony Szwak, Mary Ellen Winchell, Bodenheimer Jones Szwak & Winchell, Shreveport, LA, for Plaintiffs.

Leland David Cromwell, Pettiette, Armand, Dunkelman, Joseph S. Woodley, Pettiette Armand Dunkelman Woodley Byrd & Cromwell, Shreveport, LA, for Defendant.

*ORDER*

WARD, J.

*1 The defendant's § 1404(a) motion to transfer venue (# 3) is denied. In this consumer credit case, there is no complaint that venue is improper in this district. Accordingly, the court examines the familiar factors bearing on the decision to transfer a case for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Although it is true, as the defendant asserts, that the case could have been filed in the Western District of Louisiana, it is equally true that the plaintiff's choice of forum is entitled to deference and this deference is the starting point for the court's analysis. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966). Bearing that in mind, the court now turns to the factors that are relevant to the court's decision.

The court generally requires a defendant to show that it would be materially more convenient to try the case in the proposed transferee forum. *See Gulf Oil v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). That burden is significant when, as in this case, the proposed transferee forum is only approximately thirty (30) miles away. The private interest factors in this case are not compelling. The court does not find that it would be materially more convenient to require the party witnesses to travel from their locations to Shreveport or Marshall. It is true that the witnesses in Shreveport would have to travel farther to come to Marshall than they would to travel to the courthouse in their home town. But thirty miles is not generally the touchstone of a claim of material inconvenience. Other party witnesses are located at various locations across the country. Also, the court does not find that it would be materially more convenient for third party witnesses in Allen or Houston to travel to Shreveport as opposed to Marshall. Those witnesses might actually need to travel a greater distance to the proposed transferee forum. The location of documentary proof is, at best, balanced equally between the two fora, as there has been no showing that documents cannot be more easily transported from their respective locations to Shreveport than Marshall. Although the place of the wrong tips slightly in favor of a transfer, there is no showing that such location should materially bear on the court's analysis, as it would in a case where the jury might be required to view the premises of an accident. The location of counsel is entitled to no weight, and the court has not considered it. On balance, the court cannot say that the private interest factors justify a transfer of venue.

The public interest factors also do not warrant a transfer. This court can expeditiously handle this case, and although there will be certain state law issues that will be governed by Louisiana law, the court cannot say that it would be materially more convenient to try this case in Shreveport than it would be to try it in Marshall. The local citizens have an interest in the application of federal credit law, and the court is not persuaded that the defendant, a national banking corporation, has carried its burden to demonstrate that the facts justify a change in venue. Therefore, the defendant's motion to transfer venue (# 3) is denied.

*2 So ORDERED and SIGNED

Not Reported in F.Supp.2d, 2004 WL 439991 (E.D.Tex.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 3359893 (Trial Pleading) Plaintiff's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 439991 (E.D.Tex.)  
**(Cite as: 2004 WL 439991 (E.D.Tex.))**

Page 2

Amended Complaint and Demand for Jury Trial (Mar. 01, 2004)

• 2003 WL 24080617 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Motion to Transfer (Jul. 21, 2003)

• 2003 WL 24080613 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response and Opposition to Motion to Transfer Filed by Bank One Corporation (Jul. 17, 2003)

• 2003 WL 24080603 (Trial Motion, Memorandum and Affidavit) Motion to Transfer on Behalf of Bank One Corporation f/k/a Bank One, Louisiana, N.A. and Supporting Memorandum (Jul. 14, 2003)

• 2003 WL 24080590 (Trial Pleading) Original Complaint and Request for Trial by Jury (Jan. 21, 2003)

• 2:03CV00021 (Docket) (Jan. 21, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw Attached Printing Summary Report for RACE,DEBORAH J 1500944

| | |
|---|---|
| Your Search: | TITLE("JACOBS CHUCK") |
| Date/Time of Request: | Thursday, December 15, 2005 10:30:00 Central |
| Client Identifier: | ADVANCEM 3048001 DJR |
| Database: | TX-CS-ALL |
| Citation Text: | Slip Copy |
| Lines: | 515 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.