### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **CASE NO.. 6:05CV 424 LED** |
| | § | |
| vs. | § | |
| | § | |
| **RAPID PAY, LLC**<sup>SM</sup> | § | |
| | § | |
| *Defendant.* | § | **NO JURY TRIAL DEMANDED** |

### DEFENDANTS SUR-REPLY TO PLAINTIFF, ADVANCEME, INC.'S RESPONSE TO MOTION TO DISMISS

Now comes Rapidpay, LLC defendant and files this its Sur-Reply to Plaintiff, Advanceme, Inc.'s Response to Motion to Dismiss and Motion to Dismiss for Lack of Jurisdiction and in the alternative, Motion to Transfer Venue and would show the court:

I.

Plaintiff has filed in its response to the Motion to Dismiss, two (2) UCC Financing Statements, both dated in 2003 to offer proof that Defendant is doing business in Texas. Attached hereto as Exhibit "A" and incorporated by reference in all of its parts, is an affidavit of the President of Defendant company which states in relevant parts that the UCC filings Plaintiff relies on are not current and that in fact Defendant does not do business in Texas.

II.

Plaintiff has also averred in its pleading by affidavit of Dan Wellhoefer, that he was told to contact Defendant's attorney in Austin, Texas. This uncorroborated statement is both hearsay and thus inadmissable, but in addition, as shown on Exhibit "A", the affidavit of Defendant's President and Exhibit "B", an affidavit of the individual supposedly contacted by Mr.

Wellhoefer, no such contact was made, no such representation was made, and in fact, Defendant has never, until the present, had an attorney in Texas.

III.

For further specific reply, if such be necessary, to Plaintiffs response, the affidavits of Stephanie Nimberg, herein attached as Exhibit "A" and Jim D'Alesandro, herein attached as Exhibit "B" are offered and incorporated herein by reference in all of their parts, to establish that if jurisdiction is found to exist, that venue should still be transferred due to the fact that there are no contacts with the State of Texas and virtually all of the business records and matters in controversy are within the State of New York.

Wherefore premises considered, Defendant Rapid Pay, files this sur-reply and prays this Honorable Court grant their motion to dismiss and in the alternative enter order transferring this matter to the proper court in New York and for such other and further relief as may be proper.

Respectfully submitted,

/s/ Guy N. Harrison
Guy N. Harrison
Attorney at Law
State Bar No. 00000077
217 N. Center Street
P.O. Box 2845
Longview, Texas 75606
Tel: (903) 758-7361
Fax: (903) 753-9557
E-Mail: cj-gnharrison@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via the Court's CM/ECF Filing System or via first class mail to each attorney/party of record on this 28th day of December, 2005.

/s/ Guy N. Harrison
Guy N. Harrison