# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § | |
| § | |
| Plaintiff § | |
| § | **CASE NO. 6:05 CV 424** |
| vs. § | **PATENT CASE** |
| § | |
| **RAPIDPAY LLC** § | |
| § | |
| Defendant § | |

## ORDER

Before the Court is Rapidpay LLC's Motion to Dismiss or, in the alternative, Motion to Transfer Venue (Docket No. 5). Having considered the parties' written submissions and oral arguments, the Court **DENIES** the motion.

## BACKGROUND

AdvanceMe, Inc. has brought suit against Rapidpay, LLC for infringing U.S. Patent No. 6,941,281. The '281 patent is a business method patent relating to methods for automated payment of monetary obligations. Rapidpay is a limited liability company located in New York. Rapidpay provides capital financing, credit card processing, and e-commerce services. Rapidpay provides its customers with cash for daily and future credit card sales as an alternative to waiting for the credit card sales to be paid by the financial institution that issued the credit card. Rapidpay contends it does not do business in Texas and is not subject to the Court's personal jurisdiction. Alternatively, Rapidpay contends the Court should transfer the case to the Southern District of New York.

## MOTION TO DISMISS

Applicable Law

Because personal jurisdiction in a patent case is intimately related to patent law, Federal

Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff only needs to make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id*. A court can exercise personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits jurisdiction without violating federal due process as delineated in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). Although federal courts hearing patent cases defer to the forum state's interpretation of its long-arm statute, Federal Circuit law controls whether the exercise of personal jurisdiction comports with federal due process. *3D Sys.*, 160 F.3d at 1377.

"The Texas long-arm statute reaches 'as far as the federal constitutional requirements of due process will allow.'" *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)). Thus, the analysis of Texas's long-arm statute collapses into the federal due-process inquiry. Due process requires an out-of-state defendant have minimum contacts with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316.

Analysis

*Minimum contacts*

A court has specific jurisdiction over the defendant when the litigation arises out of the defendant's minimum contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). When the cause of action does not arise from or relate to the defendant's contacts

with the forum, a court may exercise general jurisdiction over the defendant if the defendant maintains continuous and systematic contacts with the forum state. *LSI Indus. Inc.*, 232 F.3d at 1375.

Patent infringement occurs by the production, use, sale, or offer for sale of a patented product. 35 U.S.C. § 271. Thus, the Court has personal jurisdiction over Rapidpay if Rapidpay sold or offered to sell the allegedly infringing services in Texas. The parties do not dispute that in 2003 Rapidpay had two clients in Texas. AdvanceMe alleges Rapidpay provided these entities infringing services. AdvanceMe contends these relationships with entities in Texas and Rapidpay's website are sufficient to provide the Court with personal jurisdiction over Rapidpay.

The Federal Circuit has not yet defined the standard for minimum contacts via a website. *See Litmer v. PDQUSA.com*, 326 F. Supp. 2d 952, 956 (N.D. Ind. 2004). Other circuits, including the Fifth Circuit, have adopted the sliding-scale test put forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *Id.*; *see also Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002). A passive website, which only allows the owner to post information to the site, is not sufficient to establish personal jurisdiction. *Revell*, 317 F.3d at 470. A website whose owners engage in repeated online contacts with forum residents through the site will likely satisfy the minimum contacts requirement. *Id*. In between are websites with some interactive elements and allow for bilateral information exchange. *Id*. In evaluating these websites, courts examine the interactivity and nature of the forum contacts. *Id*.

Rapidpay's website allows a potential customer to calculate the amount of cash it could receive from Rapidpay for its credit card transactions. The website has a drop-down menu that allows the potential customer to identify its state and receive state-specific quotes. Potential customers can also fill out an online form and apply for Rapidpay's services through its website.

3

Thus, Rapidpay clearly offers its allegedly infringing services to potential customers in Texas through its website. Additionally, Rapidpay has, at least twice, provided allegedly infringing services to customers in Texas. Additionally, Rapidpay currently offers such services to potential customers in Texas through its website. Accordingly, through its website and previous provision of services in Texas, Rapidpay has the requisite minimum contacts with Texas to support specific jurisdiction.

*Traditional notions of fair play and substantial justice*

Even if a defendant has minimum contacts with the forum, personal jurisdiction over the defendant may not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. Determining whether personal jurisdiction offends traditional notions of fair play and substantial justice involves balancing (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and (5) the interest of the states in furthering their social policies. *Elec. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1352 (Fed. Cir. 2003).

Although Rapidpay markets itself to Texas and has had Texas customers, Rapidpay's offices are in New York. Litigating in this forum may place some burden on Rapidpay. Texas has a defintie interest in this litigation. The allegedly infringing services have been provided to, and are currently offered to, Texans. Texas has a strong interest in discouraging injuries, including patent infringement, occurring within its borders. As the plaintiff, AdvanceMe has a strong interest in obtaining relief. It claims Rapidpay is infringing its patent and seeks an injunction to stop the alleged infringement. AdvanceMe chose to file in this district reasonably expecting a prompt trial date and swift, efficient resolution of the controversy. This case is currently set for trial ten months

from now in December 2006. Like all states, Texas has an interest in upholding the patent laws of the United States. Texas, particularly given its technology sector, has an interest in promoting commerce and scientific development, which is promoted by the patent system and the policies it embodies. Together, these considerations outweigh Rapidpay's burden of litigating here.

Conclusion

Rapidpay has sufficient minimum contacts with Texas directly related to its alleged infringement. Additionally, requiring Rapidpay to litigate here, when it has offered its allegedly infringing services here, does not offend traditional notions of fair play and substantial justice. Accordingly, the Court has specific jurisdiction over Rapidpay, and Rapidpay's motion to dismiss is denied.

**MOTION TO TRANSFER**

Subject to its motion to dismiss, Rapidpay moves for transfer to the Southern District of New York. It is unclear whether Rapidpay intended to bring its motion under 28 U.S.C. § 1406 or §1404(a) because Rapidpay does not state under which of the two statutes it is seeking transfer. Rapidpay argues that venue is not proper because there is no evidence of patent infringement occurring in Texas, which implicates § 1406. Rapidpay also argues that case should be transferred in the interests of justice and for the convenience of the parties and witnesses, which implicates § 1404(a).

Section 1406

To cure a defect in venue, a district court may dismiss the case or transfer it to any district or division where it may have been brought. 28 U.S.C. § 1406(a). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

5

28 U.S.C. § 1400(b). For venue purposes, a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). If a state has more than one judicial district, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." *Id*.

Transfer to the Southern District of New York is not required to cure a defect in venue. Under § 1391(c), Rapidpay resides in this district because it is subject to personal jurisdiction in this district. Thus, venue is proper. *See* 28 U.S.C. §1400(b). Accordingly, to the extent Rapidpay's motion to transfer is brought under § 1406, it is denied.

Section 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*. The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the

avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*. A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *Z-TEL Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 571 (E.D. Tex. 2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204. To prevail, the movant must demonstrate that the balance of convenience and justice substantially weighs in favor of transfer, and, unless the balance of conveniences weighs heavily in the favor of the defendant, the plaintiff's choice of forum will rarely be disturbed. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

Rapidpay argues that the case should be transferred because its documents and records are located in New York. Typically, documents and other records are easily transportable in paper or electronic form. To the extent transfer would only serve to shift the burden of location from Rapidpay to AdvanceMe, transfer is not appropriate. Accordingly, Rapidpay has not carried its burden to shown that the balance of factors weighs in favor of transfer.

<u>Conclusion</u>

Venue is proper in the Eastern District of Texas, and Rapidpay has failed to show transfer is warranted under § 1404(a). Accordingly, Rapidpay's motion to transfer is denied.

## CONCLUSION

As stated at the scheduling conference and hearing on this motion, and for the reasons given, Rapidpay's motion to dismiss or transfer is **DENIED**.

**So ORDERED and SIGNED this 16th day of February, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**