**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **ADVANCEME, INC.** § | |
| § | **Civil Case No. 6:05-CV-424** |
| **VS.** § | **Patent Case – Davis** |
| § | |
| **RAPDIPAY, LLC** § | |

**DISCOVERY ORDER**

The Court enters the following discovery **ORDER**:

1. **Disclosures.** Within thirty (30) days after the Scheduling Conference (or the date the Docket Control Order is signed by the Court if no Scheduling Conference was held) and without awaiting a discovery request, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;
    (b) the name, address, and telephone number of any potential parties;
    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    (e) any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    (f) any settlement agreements relevant to the subject matter of this action;
    (g) any statement of any party to the litigation;

2. **Additional Disclosures.** Within forty-five (45) days after the Scheduling Conference (or the date the Docket Control Order is signed by the Court if no Scheduling Conference was held) and without awaiting a discovery request, each party shall provide to every other party the following information:

    (a) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the

    attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;
(b) a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
(c) those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts**. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

  1. the expert's name, address, and telephone number;
  2. the subject matter on which the expert will testify;
  3. the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;
  4. if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

    a. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
    b. the expert's current resume and bibliography.
    c. the parties shall be excused from furnishing an expert report of treating physicians unless reasonably requested to do so by another party.

4. **Discovery Limitations**. Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with 25 interrogatories, 25 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, seventy hours of third-party depositions per side.. "Side" means a party or a group of parties with a common interest.

5. **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30)

days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by the date provided in the Docket Control Order.

6. **Pre-trial Disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    (a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
    (b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
    (c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

    By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (b) above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c), above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures**. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court**. The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Protective Orders**. A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order". A party may request that the Court issue the Protective Order. However, a party may propose the issuance of or move to modify the terms of the Protective Order for good cause.

12. **Discovery Disputes**. Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

14. **E-Filing.** Except for good cause shown or as provided in the Local Rules, **all documents (with the exception of correspondence and those documents referenced in the local rules) in cases pending in this Court shall be filed electronically**. This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports. The file in each case is maintained electronically. Neither the clerks office nor the Court will maintain a paper file except as provided in the local rules.

    When filing electronically, the Court prefers: (i) that documents be **published to PDF** and then filed with the Court rather than filing scanned documents; and (ii) proposed orders be included as **attachments** to motions filed rather than incorporated within the filed motion.

15. **Courtesy Paper Copies.** In cases pending before this Court, the parties are exempt from complying with Local Rule CV-5 which requires that paper copies be provided to the presiding judge's chambers if a document exceeds five pages in length. Paper copies will not be accepted by this Court unless specifically requested or as provided below.

16. **Hearing Notebooks.** Within ten days following the filing of responses to dispositive or *Daubert* motions, the movant is to provide the Court with an original and one copy of a hearing notebook containing the motion, any response, any reply and any surreply with the corresponding docket numbers on each and all pleadings and exhibits appropriately tabbed.

17. **Requests for Production**. Because documents relevant to any claim or defense are to be produced pursuant to paragraphs one and two of this order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion

to compel documents without the necessity of a movant propounding formal requests for production.

18. **Amendment of Pleadings and Joinder of Third Parties**. Except as provided in Federal Rules of Civil Procedure 14 and 15, leave of Court **must be obtained** to amend pleadings and to join third parties unless all parties agree.

**So ORDERED and SIGNED this 24th day of February, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**