# EXHIBIT A

AdvanceMe Inc v. RapidPay LLC

Doc. 23 At

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC. § | |
| § | Civil Case No. 6:05-CV-424 |
| VS. § | |
| § | Patent Case – Davis |
| RAPDIPAY, LLC § | |

DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **December 7, 2006**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. NON-JURY TRIAL as reached at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.<br><br>**EXHIBITS & EXHIBIT LISTS:** Each party is requested to provide the Court with an original and two courtesy copies of exhibits and exhibit lists. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Judges' Orders & Information."<br><br>If exhibits are voluminous, provide only specific pages that pertain to the issues on the two courtesy copies. The original exhibits that are agreed upon by the parties, should be ready to be tendered to the Clerk of the Court at the beginning of trial. Other exhibits that are admitted during trial should be tendered to the Clerk of the Court immediately after admission.<br><br>The parties are further requested to have all exhibits labeled with the following information on each label: Designation of Plaintiff's or Defendant's Exhibit Number and Case Number. For example:<br><br>Plaintiff's Exhibit<br>Exhibit No. _____<br>Case No. _____<br><br>Defendant's Exhibit<br>Exhibit No. _____<br>Case No. _____ |
| **November 20, 2006**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. |
| **November 15, 2006** | **Motions in Limine due.** The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |

| November 13, 2006 | Pretrial Objections due. |
|---|---|
| October 31, 2006 | Objections to Rebuttal Deposition Testimony due. |
| October 26, 2006 | Rebuttal Designations and Objections to Deposition Testimony due. For rebuttal designations, cross-examination line and page numbers to be included. |
| October 23, 2006 | Pretrial Disclosures due.<br>Video and Stenographic Deposition Designations due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| October 19, 2006 | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority, and Form of the Verdict for jury trials. Proposed Findings of Fact and Conclusions of Law with citation to authority for bench trials.** Response to Dispositive Motions (including *Daubert* motions). Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e).<br><br>**Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| October 16, 2006 | Parties to Identify Rebuttal Trial Witnesses; Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions); Motions for Summary Judgment shall comply with Local Rule CV56. |
| October 9, 2006 | **Parties to Identify Trial Witnesses; Amend Pleadings (after Markman Hearing). It is not** necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would effect preliminary or final infringement contentions or preliminary or final invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| October 1, 2006 | **Discovery Deadline.** |
| September 29, 2006 | Parties May Designate Rebuttal Expert Witnesses (non-construction issues). Rebuttal Expert witness reports due. Refer to Local Rules for required information. |
| September 26, 2006 | All Parties designate Expert Witnesses (non-construction issues); Expert witness reports due;<br>Refer to Local Rules for required information. |

| | |
|---|---|
| September 22, 2006 | Comply with P.R.3-8 - Furnishing documents and privilege logs pertaining to willful infringement. |
| September 20, 2006 | **Markman Hearing at 9:30 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| September 17, 2006 | **Pre-Markman Hearing at 3:30 a.m. Hearing to be conducted telephonically. Plaintiff counsel to initiate the call.** |
| September 12, 2006 | Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d). |
| August 23, 2006 | Parties to file a notice with the Court stating the estimated amount of time requested for the Markman Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>Comply with P.R.4-5(c) - Reply brief and supporting evidence due re response to claim construction. The moving party is to provide the Court with 2 binders containing their reply brief and exhibits. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| August 9, 2006 | Comply with P.R. 4-5(b) - Responsive brief and supporting evidence due to party claiming patent infringement. The moving party is to provide the Court with 2 binders containing their Markman brief and exhibits. If a technical advisor has been appointed the moving party is to provide their Markman brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| July 25, 2006 | Comply with P.R. 4-5(a) - Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The moving party is to provide the Court with 2 binders containing their Markman brief and exhibits. If a technical advisor has been appointed the moving party is to provide their Markman brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| July 18, 2006 | Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent. If a technical advisor has been appointed, each party that provides a tutorial is requested to provide a copy to the advisor. |
| July 11, 2006 | Discovery Deadline - Claim Construction Issues. |
| July 3, 2006 | Respond to Amended Pleadings. |
| June 27, 2006 | Each party to provide name, address, phone number, and curriculum vitae for up to three (3) agreed technical advisors and information regarding the nominees' availability for Markman hearing. The parties shall indicate the advisors to which they agree. |

| | |
|---|---|
| June 20, 2006 | Amended Pleadings (pre-claim construction) due from all parties. It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, if the amendment would effect preliminary infringement contentions or preliminary invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| June 15, 2006 | Comply with P.R. 4-3 - Filing of Joint Claim Construction and Prehearing Statement. |
| May 15, 2006 | Comply with P.R. 4-2 - Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| April 24, 2006 | Comply with P.R. 4-1 - Exchange Proposed Terms and Claim Elements for Construction. |
| April 14, 2006 | Comply with P.R. 3-3 - Preliminary Invalidity Contentions due. Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-7.<br><br>Add any inequitable conduct allegations to pleadings. It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date. Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| February 28, 2006 | Comply with P.R. 3-1 and P.R. 3-2 - Disclosure of Asserted Claims and Preliminary Infringement Contentions due. Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-7.<br><br>Join Additional Parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Add new patents and/or claims for patents-in-suit. . It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| Before August 15, 2006 | First round of mediation to be completed. Judge Harry W. McKee is appointed as mediator in this cause. The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation in accordance with this order. General Order 99-2. |
| 2 days | **EXPECTED LENGTH OF TRIAL.** |

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."

4

Local Rule CV-7(e) provides that a party opposing a motion has **15 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

### OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

(c) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (i) The fact that there are motions for summary judgment or motions to dismiss pending;
   (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
   (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.