# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **RAPIDPAY, LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. dba SIMPLE CASH** <br><br> Defendants | **CASE NO. 6: 05-CV-424-LED-JDL** <br><br><br> NO JURY REQUESTED – EQUITABLE RELIEF ONLY |

## PLAINTIFF ADVANCEME, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RAPIDPAY, LLC

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Rule 7 of the Local Civil Rules and Federal Rules of Civil Procedure 37 and 55, Plaintiff AdvanceMe, Inc. ("AdvanceMe"), by and through its attorneys, brings this motion for default judgment against Defendant Rapidpay, LLC ("Rapidpay") and respectfully requests this Court to enter a permanent injunction enjoining Rapidpay from infringing U.S. Patent No. 6,941,281. This motion for default judgment is brought on the grounds that Rapidpay has violated Federal Rules of Civil Procedure 37 and 55 by failing to comply with the deadlines set forth in this Court's Discovery Order and by not appointing counsel to act on its behalf in this action.

### I.      INTRODUCTION

Defendant Rapidpay's intentional disregard for the deadlines established in this Court's Discovery Order and its failure to appoint counsel to act on its behalf render default judgment

appropriate and necessary to penalize Rapidpay for its conduct and deter others from acting in a similar manner.

Although default judgment is a severe sanction, it is entirely appropriate in this instance. Rapidpay's refusal to comply with this Court's Discovery Order satisfies the default judgment criteria under Federal Rule of Civil Procedure 37(b)(2)(C).  First, Rapidpay's bad faith and willful disregard for this Court's Order and its refusal to participate in this action is apparently part of its strategy to avoid liability by declaring bankruptcy and reforming as a new entity. Second, lesser sanctions will not be effective because Rapidpay has not merely provided deficient responses, but instead has totally failed to comply with this Court's Order.  Third, AdvanceMe is substantially prejudiced by Rapidpay's conduct because AdvanceMe cannot adequately conduct discovery and prepare for trial until Rapidpay complies with this Court's Order.  The prejudice against AdvanceMe is heightened because of the expedited trial schedule in this action for equitable relief.  Fourth, Rapidpay is solely responsible for its violations, despite the fact it has experienced in-house counsel, as it has refused to comply with this Court's Discovery Order on its own without representation by trial counsel.

Default judgment is also appropriate because by failing to appoint counsel and comply with this Court's Order, Rapidpay has failed to "otherwise defend" this action as required by Federal Rule of Civil Procedure 55(a).  More than two months have elapsed since Rapidpay's original counsel moved to withdraw and more than one month since this Court granted the motion to withdraw, yet Rapidpay still has not appointed outside counsel to act on its behalf. Because a corporation must be represented by counsel, Rapidpay's failure to appoint to counsel—in conjunction with its disregard for this Court's Order—renders default judgment

appropriate. Accordingly, default judgment should be granted with the entry of a permanent injunction against Rapidpay to prevent it from continuing to infringe AdvanceMe's patent.

## II.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

This is a patent infringement action involving U.S. Patent No. 6,941,281 ("the '281 patent") entitled "automated payment." The '281 patent discloses systems and methods for the automated payment of obligations through the processing of third party credit, bank, charge and smart card transactions. AdvanceMe is the owner of the '281 patent. Rapidpay offers services that infringe the '281 patent.

On November 9, 2005, AdvanceMe initiated this action to enjoin Rapidpay from infringing the '281 patent. AdvanceMe is not seeking damages from Rapidpay. In response to AdvanceMe's complaint, Rapidpay filed a motion to dismiss and in the alternative to transfer venue. Rapidpay also included its answer to AdvanceMe's complaint with its motion. This Court denied Rapidpay's motion, thus allowing the action to proceed against Rapidpay.

On February 1, 2006, the same date as the motion to dismiss hearing, Rapidpay's counsel, Mr. Guy N. Harrison, moved to withdraw as attorney of record for Rapidpay. Affidavit of Otis Carroll ("Carroll Affid."), Ex. 1. In his motion to withdraw, Mr. Harrison indicated that Rapidpay did not object to his withdrawal as counsel of record. *Id.* at 1. Mr. Harrison also stated that he specifically advised Rapidpay of upcoming deadlines in this action, including the following deadlines: March 3, 2006 for the initial disclosures, March 20, 2006 for the additional disclosures,[1] March 28, 2006 for the preliminary invalidity contentions,[2] and April 7, 2006 for

---

[1] The actual deadline for additional disclosures based on this Court's Discovery Order is March 18, 2006. However, regardless of which date is relied upon, Rapidpay has failed to provide its additional disclosures.

the exchange of proposed terms and claim elements for construction. *Id.* at 2. This Court granted Mr. Harrison's motion to withdraw as attorney of record for Rapidpay on February 23, 2006. *Id.*, Ex. B.

On February 24, 2006, this Court issued its Discovery Order. The Court's Order required AdvanceMe and Rapidpay to exchange their initial disclosures within 30 days after the February 1, 2006 scheduling conference. *Id.*, Ex. C. The Court also required the parties to exchange their additional disclosures within 45 days after the scheduling conference. *Id.* Based on these deadlines, AdvanceMe provided its initial disclosures to Rapidpay on March 3, 2006, and its additional disclosures to Rapidpay on March 18, 2006. Carroll Affid. at ¶ 3. Rapidpay, however, has ignored this Court's Discovery Order by failing to provide either its initial or additional disclosures. *Id.* In addition, despite more than two months elapsing since Mr. Harrison's motion to withdraw and more than one month since this Court granted Mr. Harrison's motion, Rapidpay has failed to appoint new counsel to act on its behalf in this action.

Rapidpay's failure to comply with this Court's Orders and retain new counsel also appears to be part of a strategic decision to avoid its responsibilities by dissolving Rapidpay through bankruptcy and reforming—and continuing to infringe the '281 patent—as a new entity. Mr. Lawrence Morrison, Rapidpay's General Counsel, informed AdvanceMe's counsel that

---

(...continued)

[2] Although Rapidpay has ignored Mr. Harrison's instruction to provide its preliminary invalidity contentions by March 28, 2006, the corresponding deadline provided in this Court's Docket Control Order is April 14, 2006. AdvanceMe believes that the actual deadline for the preliminary invalidity contentions set by the Court at the initial status conference was April 4, 2006, but at this point is not contending that Rapidpay has failed to provide its invalidity contentions because of the stated April 14 deadline. Nevertheless, based on Rapidpay's complete disregard for the deadlines in this Court's Discovery Order, AdvanceMe does not expect Rapidpay to comply with the April 14 invalidity contention deadline and AdvanceMe will immediately inform the Court if Rapidpay fails to do so.

Rapidpay intends to file for bankruptcy and therefore would not be actively participating in this lawsuit.  Ex. 1 at ¶ 5.  Moreover, Rapidpay informed Mr. Alan Nussbaum, an AdvanceMe employee formerly employed by Rapidpay, that Rapidpay intended to close its current office and reopen as a new entity called Strategic Funding at a different address.  Affidavit of Alan Nussbaum, attached as Exhibit 2.

Rapidpay's campaign of deliberate inaction, evidenced by its complete disregard of this Court's Order, its failure to retain new counsel, and its apparent intent to declare bankruptcy and reform as a new entity to avoid its obligations, all indicate that Rapidpay is willfully refusing to comply with obligations required by the Court in this action.  The default judgment of a permanent injunction should therefore be entered against Rapidpay.

### III.   ARGUMENT AND AUTHORITIES

#### A.   Default Judgment Against Rapidpay is Appropriate Under Rule 37 Based on Rapidpay's Willful and Bad Faith Failure to Comply with this Court's Discovery Order

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), this Court has the express authority to enter judgment by default against a party that "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(C).  The Court can therefore enter default judgment against a disobedient party based on that party's "deliberate inaction" in complying with discovery orders.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 755, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980).  Although default judgment is a severe sanction, the Supreme Court noted that severe sanctions must be available to the District Court under Rule 37 to penalize recalcitrant parties and deter others from engaging in such conduct: "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to

deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976).

Based on the foregoing, the Fifth Circuit has consistently permitted the entry of default judgment or dismissal under Rule 37 when parties have failed to comply with discovery orders. *See, e.g., United States v. $49,000 Currency*, 330 F.3d 371, 376-77 (5th Cir. 2003); *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998); *O'Neill v. Agwi Lines*, 74 F.3d 93, 94-95 (5th Cir. 1996); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990); *McLeod, Alexander, Powell & Apffel v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990). For example, in *McLeod*, the Fifth Circuit held that default judgment was appropriate when the defendant had failed to provide responses to requests for production. *McLeod*, 894 F.2d at 1485. In doing so, the court also noted that an order to compel was not a prerequisite to a default judgment because the defendant had already violated a court order—the docket control order establishing certain discovery deadlines. *Id.* Likewise, in *O'Neill*, the Fifth Circuit upheld the dismissal of the plaintiff's claim for failing to comply with a Rule 26(f) discovery order because the district court had "followed the plain language of Rule 37." *O'Neill*, 74 F.3d at 95.

Default judgment is appropriate in this instance because Rapidpay, a company with experienced in-house counsel, has blatantly ignored the deadlines for providing its initial and additional disclosures in this Court's Discovery Order and has failed to appoint new trial counsel to act on its behalf despite being made aware of this requirement by its prior attorney. In determining whether to enter a default judgment, this Court should consider the following four factors: (1) whether the violation was willful or in bad faith, (2) whether less drastic sanctions would effect the goals of Rule 37(b), (3) whether the violation prejudiced the other party, and (4)

whether the client knew of or participated in the violation.  *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985).

Rapidpay's actions in ignoring this Court's Discovery Order satisfy each of the foregoing criteria.  First, Rapidpay's blatant disregard for this Court's Order, and its apparent plan to declare bankruptcy and reform as a new entity to avoid liability, show that Rapidpay actions are willful and being carried out in bad faith.

In determining whether a violation was willful or carried out in bad faith, the trial court is "entitled to rely on its complete understanding of the parties' motivations."  *Smith*, 145 F.3d at 344.  Rapidpay's apparent motivation in ignoring this Court's Discovery Order is to refuse to participate in this action, declare bankruptcy, and reform as a new entity to avoid potential liability.  Such actions indicate that Rapidpay's failure to comply with this Court's Order is willful and being conducted in bad faith.  Rapidpay's willful and bad faith disregard for this Court's Order and its refusal to participate in this action is further evidenced by the fact that Rapidpay has yet to appoint to new counsel despite more than two months elapsing since Mr. Harrison's withdrawal—a motion that Rapidpay did not contest.  Moreover, in his motion to withdraw, Mr. Harrison expressly stated that he advised Rapidpay of the impending deadlines in this action.  Carroll Affid., Ex. A.  Thus, Rapidpay's disregard for this Court's Discovery Order is willful and has been carried out in bad faith.

Second, based on Rapidpay's tactic of disregarding this Court's Discovery Order, refusing to participate in the action, and declaring bankruptcy and reforming as a new entity to avoid liability, lesser sanctions against Rapidpay will be ineffectual.  *See, e.g., Minnesota Mining & Mfg. Co. ("3M") v. Eco Chem, Inc.*, 757 F.2d 1256 (Fed. Cir. 1985).  In *3M*, the Federal Circuit noted that lesser sanctions and previous orders to compel discovery were not

prerequisites to default judgment when there was a "total failure to respond" by the offending party. *Id.* at 1261. In particular, the *3M* Court noted that the severe sanction of default judgment in a patent infringement action was not unwarranted where the defendant used dilatory tactics and then "sought to avoid its duties under the federal rules by claiming that [it] no longer existed." *Id.* This is consistent with the principle that "[w]hen a defendant demonstrates bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion." *McLeod*, 894 F.2d at 1486 (quoting *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir. 1976)). Like the defendant in *3M*, Rapidpay's has not merely provided deficient responses, but instead Rapidpay has totally failed to comply with the Court's Discovery Order. Rapidpay has also evidenced an intent to avoid its obligations by claiming that it no longer exists. In light of Rapidpay's callous disregard for this Court's Order, lesser sanctions would be ineffectual and the extreme sanction of default judgment is entirely appropriate.

Third, AdvanceMe is substantially prejudiced by Rapidpay's failure to provide its initial and additional disclosures. Because AdvanceMe is only seeking injunctive relief in this action, this Court has established an expedited schedule for this action with a trial date later this year. In order to adequately prepare for trial on this shortened schedule, it is imperative that both parties adhere to the mandated deadlines. Rapidpay's failure to provide the factual bases for its defenses and the names of persons with knowledge of relevant facts in its initial disclosures has caused substantial prejudice because it is preventing AdvanceMe from conducting relevant discovery. For example, without the names of persons with relevant knowledge, AdvanceMe is unable to determine which individuals from Rapidpay need to be deposed and the scope of each individual's knowledge. Further, Rapidpay failing to provide any documents to AdvanceMe, as

required by this Court's Order to provide additional disclosures, has also prevented AdvanceMe from adequately litigating its claims and conducting discovery. As noted by one circuit court, the failure to produce documents can cause sufficient prejudice to warrant default judgment. *Computer Task Force, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004).

Fourth, Rapidpay, as opposed to its counsel, is solely responsible for these violations. Rapidpay ignored this Court's Discovery Order after its counsel, Mr. Harrison, withdrew from representing Rapidpay in this action and after Mr. Harrison specifically reminded Rapidpay of the upcoming deadlines in this action, including the initial and additional disclosures. Rapidpay's plan to declare bankruptcy and reform as a new entity also indicate that its failure to comply with the Court's Order is hardly the result of excusable ignorance, but instead is part of a strategic plan to avoid participating in this action.

Because the required criteria for default judgment is satisfied, AdvanceMe is entitled to a permanent injunction enjoining Rapidpay from further infringement of the '281 patent. "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability." *United States v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *Id.* Because AdvanceMe is only seeking a permanent injunction, however, the Court does not need to establish the amount of damages. Accordingly, this Court can enter a permanent injunction against Rapidpay upon the entry of default judgment.

    **B.**    **Default Judgment Against Rapidpay is Also Appropriate Under Rule 55 Because Rapidpay Has Failed to "Otherwise Defend" This Action By Not Appointing Counsel and Intentionally Failing to Comply with A Court Order**

Based on Rapidpay's failure to "otherwise defend" this action by not appointing counsel and failing to comply with the Court's Discovery Order, default judgment is also appropriate

under Federal Rule of Civil Procedure 55(a). Fed. R. Civ. P. 55(a). In addition to authorizing default judgment for failure to plead, Rule 55 provides that default judgment can be entered against a party that fails to "otherwise defend" an action. *Id.*

Despite having experienced in-house counsel, Rapidpay has failed to defend this action because it has not appointed new counsel to act on its behalf in the more than two months that have elapsed since Mr. Harrison withdrew as counsel and more than one month since this Court granted the motion to withdraw. As a corporation, Rapidpay must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982)) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel.") Accordingly, federal courts have consistently held that default judgment is appropriate under Rule 55 when a corporation fails to appoint counsel to act on its behalf and it intentionally fails to participate in the action or comply with court orders. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Shapiro, Bernstein & Co. v. Continental Record Co., Inc.*, 386 F.2d 426, 427 (2d Cir. 1967); *Kiely v. The Shores Group, Inc.*,, 160 F.R.D. 159, 160-61 (D. Kan. 1995).

For example, in *Ackra Direct*, the Eighth Circuit held that the defendant's non-compliance with court orders and failure to appoint new counsel constituted sufficient grounds for default judgment because "[d]efault judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct*, 86 F.3d at 856 (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)). Likewise, in *Shapiro*, the Second Circuit noted that the defendant's failure to

appoint counsel as required by court order, provided the basis for default judgment because "such cavalier disregard for a court order is a failure, under Rule 55(a), to otherwise defend as provided by these rules." *Shapiro*, 386 F.2d at 427.  Moreover, in *Kiely*, the district court granted default judgment when the defendant "made a considered decision not to have representation in this action, not to take part in this action, not to comply with certain recent orders and not to appear at any trial." *Kiely*, 160 F.R.D. at 160.  The court expressly noted that the defendant's conduct supports willfulness because it appeared "to be a tactical one sufficient to support an entry of default." *Id.*

By failing to appoint new counsel in the two months that have elapsed since Mr. Harrison moved to withdraw as counsel—and consistently ignoring this Court's Discovery Order in the interim—Rapidpay has apparently made a tactical decision to not seek representation and not participate in this action.  Accordingly, default judgment for failure to defend is appropriate under Rule 55.

### C.  AdvanceMe is Entitled to Its Attorney's Fees and Costs from Rapidpay for Bringing This Motion

Because default judgment against Rapidpay is appropriate, AdvanceMe is also entitled to recover its attorney's fees and costs from Rapidpay for bringing this motion—a motion that would otherwise be unnecessary if not for Rapidpay's blatant disregard for this Court's Discovery Order.

Rule 37(b)(2)(C) provides that "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2).  Based on the unambiguous language of Rule 37, and its purpose of penalizing and deterring such inexcusable

conduct, the Supreme Court has held that "[b]oth parties and counsel may be held personally liable for expenses, including attorney's fees, caused by the failure to comply with discovery orders." *Roadway Express*, 447 U.S. at 763-64.  Likewise, courts have also held that the offending party is responsible for attorney's fees and costs for failing to defend an action under Rule 55(a).  *See, e.g., Bankers Nat'l Life Ins. Co. v. Continental Nat'l Corp.*, 91 F.R.D. 448, 450 (N.D. Ill. 1981).  In this instance, Rapidpay, and not its counsel, are solely to blame for these violations because Rapidpay has not been represented by counsel when it violated the Federal Rules of Civil Procedure by ignoring this Court's Discovery Order.  Once default judgment is entered against Rapidpay, AdvanceMe respectfully requests its attorney's fees and costs from Rapidpay for bringing this motion.

## IV.   CONCLUSION

Based on the foregoing, AdvanceMe respectfully requests that the Court enter default judgment against Rapidpay and permanently enjoin Rapidpay from infringing the '281 patent.

Respectfully submitted,

Dated: April 6, 2006

/s/ Otis Carroll _____
Otis W. Carroll
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
Telephone:  903-561-1600
Facsimile:  903-581-1071
Email:  fedserv@icklaw.com

Of Counsel:
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Ronald S. Lemieux (CA Bar No. 120822)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email:  ronlemieux@paulhastings.com

Douglas E. Olson (CA Bar No. 38649)
Elizabeth L. Brann (CA Bar No. 222873)
3579 Valley Centre Drive
San Diego, CA  92130
Telephone: (858) 720-2500
Telecopier: (858) 720-2555

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record or parties will be served by facsimile transmission and/or first class mail this 6th day of April, 2006.

                                        /s/Otis Carroll

LEGAL_US_W # 53419734.1