IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RAPIDPAY, LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. dba SIMPLE CASH <br><br> Defendants | CASE NO. 6: 05-CV-424-LED-JDL <br><br><br> NO JURY REQUESTED – EQUITABLE RELIEF ONLY |

## AFFIDAVIT OF OTIS CARROLL

STATE OF TEXAS       §

COUNTY OF SMITH   §

My name is Otis Carroll. I am over the age of eighteen and competent to make this affidavit. I am an attorney-at-law, duly licensed to practice before this Court, and am a partner of the law firm of Ireland, Carroll & Kelley, P.C. I am one of the attorneys representing Plaintiff AdvanceMe, Inc. ("AdvanceMe") and I make this declaration based on my personal knowledge and, if called upon to do so, would and could testify competently as to the matters set forth below.

1. "On February 1, 2006, the same date that this Court denied Defendant Rapidpay, LLC's ("Rapidpay") motion to dismiss, Mr. Guy N. Harrison, counsel for Rapidpay, moved to withdraw as attorney of record for Rapidpay. Attached hereto as Exhibit A is a true and correct copy of Mr. Harrison's motion to withdraw."

2. "On February 23, 2006, this Court granted Mr. Harrison's motion to withdraw as attorney of record for Rapidpay. Attached hereto as Exhibit B is a true and correct copy of this Court's Order granting Mr. Harrison's motion to withdraw."

3. "On February 24, 2006, this Court issued its Discovery Order, which requires that the parties exchange their initial disclosures within 30 days after the February 1, 2006 scheduling conference and exchange their additional disclosures within 45 days after the scheduling conference. Based on these deadlines, AdvanceMe provided its initial disclosures to Rapidpay on March 3, 2006 and its additional disclosures to Rapidpay on March 18, 2006. Rapidpay, however, has not complied with the Court's schedule and has not provided AdvanceMe its initial or additional disclosures. Attached hereto as Exhibit C is a true and correct copy of this Court's Discovery Order in this action."

4. "On February 24, 2006, this Court also issued its Docket Control Order which set a trial date of December 7, 2006 for this action. Attached hereto as Exhibit D is a true and correct copy of this Court's Docket Control Order in this action."

5. "On or about March 7, 2006, Mr. Lawrence Morrison, Rapidpay's General Counsel, called me and informed me that Rapidpay intended to file for bankruptcy and would no longer actively participate in the lawsuit once it had filed for bankruptcy."

Further affiant sayeth not.

_____
Otis Carroll

SUBSCRIBED AND SWORN TO BEFORE ME by the said Otis Carroll this 5th day of April, 2006.

NANCY E. CRIM
Notary Public
STATE OF TEXAS
My Comm. Exp. 2-8-2009

_____
Notary Public in and for
the State of Texas

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC. | § | |
| | § | |
| *Plaintiff* | § | |
| | § | CASE NO.. 6:05CV 424 LED |
| | § | |
| vs. | § | |
| | § | |
| RAPID PAY, LLC<sup>SM</sup> | § | |
| | § | |
| *Defendant.* | § | |

**MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR
RAPIDPAY, LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

Guy N. Harrison ("Counsel") files this Motion to Withdraw as Attorney of Record for Defendant, Rapidpay, LLC. Defendant, Rapidpay, LLC has advised by phone call from the President of said company, Stephanie Nimberg, that they have no objection to Counsel's withdrawal as its attorney of record. Counsel represents that his withdrawal will not materially affect the interest of Rapidpay, LLC or interfere or delay these proceedings as this matter is in the beginning stages of litigation.

I.

Defendant, Rapidpay, LLC has been advised of this filing by letter attached to this filing as exhibit "A" in addition to the phone contact reference above.

Counsel further advises that defendant Rapidpay, has been advised and is further advised by this pleading of the following deadlines:

| Event | Date |
|---|---|
| Initial disclosures of theories, identities of parties and witnesses, insurance agreements, etc. | Mar 3, 2006 |
| Additional disclosure relating to claims or defenses other than those addressed in the local patent rules | Mar 20, 2006 |
| Defendant's Preliminary Invalidity Contentions (prior art, etc.) and document production | Mar 28, 2006 |
| Parties exchange Proposed Terms and Claim Elements for Construction | Apr 7, 2006 |
| Mediation before Harry McKee | by Aug 15, 06 |
| Claim Construction Hearing (Markman) before Magistrate Love | Sep 20, 2006 |

II.

The contact information of Rapidpay to the knowledge of counsel is as follows:

Stephanie Nimberg
President of Rapidpay, LLC
17 Battery Place, Suite 1330
New York, New York 10004

Phone (212) 809-0300
Fax    (212) 809-0333

Lawrence Morrison
General Counsel of Rapidpay
17 Battery Place, Suite 1330
New York, New York 10004

Phone (212) 809-0300   ext 225
Fax    (212) 809-0333

WHEREFORE PREMISES CONSIDERED, Counsel respectfully requests that the Court permit his withdrawal as counsel of record for Rapidpay, LLC.

Dated: February 1, 2006.

Respectfully submitted,
/s/ Guy N. Harrison
Guy N. Harrison
Attorney at Law
State Bar No. 00000077
217 N. Center Street
P.O. Box 2845
Longview, Texas 75606
Tel: (903) 758-7361
Fax: (903) 753-9557
E-Mail: cj-gnharrison@att.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via the Court's CM/ECF Filing System or via first class mail to each attorney/party of record on this 17th day of February, 2006.

/s/ Guy N. Harrison
Guy N. Harrison

## CERTIFICATE OF CONFERENCE

Counsel for Defendant Rapidpay, LLC contacted counsel for Plaintiff on this 16th day of February, 2006 and Plaintiff does not oppose this motion.

/s/ Guy N. Harrison
Guy N. Harrison

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC. | § | |
| | § | |
| *Plaintiff* | § | |
| | § | CASE NO.. 6:05CV 424 LED |
| | § | |
| vs. | § | |
| | § | |
| RAPID PAY, LLC<sup>SM</sup> | § | |
| | § | |
| *Defendant.* | § | |

**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR RAPIDPAY, LLC**

Came on for consideration Guy N. Harrison's Motion to Withdraw as Attorney of Record for Rapidpay, LLC. Having considered the Motion, the Court is of the opinion that it is well taken and should be granted.

IT IS THEREFORE ORDERED that Guy N. Harrison's Motion to Withdraw as Attorney of Record for Defendant, Rapidpay, LLC is hereby GRANTED.

**So ORDERED and SIGNED this 23rd day of February, 2006.**



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC. | § | |
| | § | Civil Case No. 6:05-CV-424 |
| VS. | § | Patent Case – Davis |
| | § | |
| RAPDIPAY, LLC | § | |

**DISCOVERY ORDER**

The Court enters the following discovery **ORDER**:

1. **Disclosures.** Within thirty (30) days after the Scheduling Conference (or the date the Docket Control Order is signed by the Court if no Scheduling Conference was held) and without awaiting a discovery request, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;
    (b) the name, address, and telephone number of any potential parties;
    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    (e) any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    (f) any settlement agreements relevant to the subject matter of this action;
    (g) any statement of any party to the litigation;

2. **Additional Disclosures.** Within forty-five (45) days after the Scheduling Conference (or the date the Docket Control Order is signed by the Court if no Scheduling Conference was held) and without awaiting a discovery request, each party shall provide to every other party the following information:

    (a) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the

    attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(b)  a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(c)  those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

  1. the expert's name, address, and telephone number;
  2. the subject matter on which the expert will testify;
  3. the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;
  4. if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

    a. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
    b. the expert's current resume and bibliography.
    c. the parties shall be excused from furnishing an expert report of treating physicians unless reasonably requested to do so by another party.

4. **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with 25 interrogatories, 25 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, seventy hours of third-party depositions per side.. "Side" means a party or a group of parties with a common interest.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30)

days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by the date provided in the Docket Control Order.

6.  **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    (a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
    (b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
    (c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

    By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (b) above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c), above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.  **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.  **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9.  **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Protective Orders.** A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order". A party may request that the Court issue the Protective Order. However, a party may propose the issuance of or move to modify the terms of the Protective Order for good cause.

12. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

14. **E-Filing.** Except for good cause shown or as provided in the Local Rules, **all documents (with the exception of correspondence and those documents referenced in the local rules) in cases pending in this Court shall be filed electronically**. This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports. The file in each case is maintained electronically. Neither the clerks office nor the Court will maintain a paper file except as provided in the local rules.

    When filing electronically, the Court prefers: (i) that documents be **published to PDF** and then filed with the Court rather than filing scanned documents; and (ii) proposed orders be included as **attachments** to motions filed rather than incorporated within the filed motion.

15. **Courtesy Paper Copies.** In cases pending before this Court, the parties are exempt from complying with Local Rule CV-5 which requires that paper copies be provided to the presiding judge's chambers if a document exceeds five pages in length. Paper copies <u>will not be accepted</u> by this Court unless specifically requested or as provided below.

16. **Hearing Notebooks.** Within ten days following the filing of responses to dispositive or *Daubert* motions, the movant is to provide the Court with an original and one copy of a hearing notebook containing the motion, any response, any reply and any surreply with the corresponding docket numbers on each and all pleadings and exhibits appropriately tabbed.

17. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to paragraphs one and two of this order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion

4

to compel documents without the necessity of a movant propounding formal requests for production.

18. **Amendment of Pleadings and Joinder of Third Parties**. Except as provided in Federal Rules of Civil Procedure 14 and 15, leave of Court **must be obtained** to amend pleadings and to join third parties unless all parties agree.