# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC., <br><br> Plaintiff <br><br> v. <br><br> RAPIDPAY LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., FIRST FUNDS LLC, and FAST TRANSACT, INC. dba SIMPLE CASH, <br><br> Defendants | CASE NO. 6:05-CV-424 LED |

### DEFENDANT FIRST FUNDS LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

#### I. ANSWER

Defendant First Funds LLC ("First Funds") hereby files this its Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Amended Complaint (the "Amended Complaint"). Each of the paragraphs numbered 1-18 below corresponds to those paragraphs numbered 1-18 in the Amended Complaint. First Funds denies all allegations made in the Amended Complaint, whether express or implied, that are not specifically admitted below.

1. First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint, and therefore denies such allegations.

2. First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint, and therefore denies such allegations.

3. First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint, and therefore denies such allegations.

4. First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, and therefore denies such allegations.

5. First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint, and therefore denies such allegations.

6. First Funds admits the allegations contained in paragraph 6 of the Amended Complaint.

7. First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint, and therefore denies such allegations.

8. First Funds is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint, and therefore denies such allegations.

9. The allegations set forth in paragraph 9 of the Amended Complaint assert legal conclusions to which no response is necessary.

10. First Funds denies that it has, at any time, offered for sale any services that infringe the patent in this or any other judicial district, and notes that the remainder of the allegations set forth in paragraph 10 of the Amended Complaint assert legal conclusions to which no response is necessary.

11. First Funds admits that, according to the face of U.S. Patent No. 6,941,281 (the "'281 patent"), it is entitled "Automated Payment" and was issued by the United States Patent and Trademark Office on September 6, 2005. First Funds is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Amended Complaint, and therefore denies such allegations.

12. First Funds makes no response to the allegations in paragraph 12 of the Amended Complaint to the extent such allegations constitute legal conclusions that require neither admission nor denial. To the extent a response is required, First Funds responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, and therefore denies them.

13. First Funds asserts and incorporates by reference its answers to paragraphs 1 through 12 herein.

14. First Funds makes no response to the allegations in paragraph 14 of the Amended Complaint to the extent such allegations constitute legal conclusions that require neither admission nor denial. To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 14 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to any other Defendant.

15. First Funds makes no response to the allegations in paragraph 15 of the Amended Complaint to the extent such allegations constitute legal conclusions that require neither admission nor denial. To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 15 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to any other Defendant.

16. First Funds makes no response to the allegations in paragraph 16 of the Amended Complaint to the extent such allegations constitute legal conclusions that require neither admission nor denial. To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 16 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to any other Defendant.

17. First Funds makes no response to the allegations in paragraph 17 of the Amended Complaint to the extent such allegations constitute legal conclusions and/or requests for affirmative relief that require neither admission nor denial. To the extent a response is required, First Funds denies each and every allegation set forth in paragraph 17 of the Amended Complaint as they pertain to First Funds, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to any other Defendant. First Funds further denies that AdvanceMe, Inc. is entitled to any affirmative relief requested in paragraph 17 of the Amended Complaint.

18. First Funds makes no response to the allegations in paragraph 18 of the Amended Complaint to the extent such allegations constitute legal conclusions and/or requests for affirmative relief that require neither admission nor denial. To the extent a response is required,

First Funds responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies such allegations.

## II.    AFFIRMATIVE DEFENSES

19.    The claims of the '281 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

    (a)    Prior to the time the alleged invention of the '281 patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country;

    (b)    The alleged invention of the '281 patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States;

    (c)    The alleged invention of the '281 patent was described in a patent granted under a United States patent application filed by another before the alleged invention thereof by the patentee;

    (d)    The patentee did not invent the subject matter claimed in the '281 patent;

    (e)    Before the alleged invention of the '281 patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it;

    (f)    The differences, if any, between the subject matter of the alleged invention of the '281 patent and the prior art are such that each of the subject matters as a

whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matters pertain;

(g)   The '281 patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention;

(h)   The '281 patent does not contain a written description of the alleged invention, and of the manner and the process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same; and

(i)   The specification of the '281 patent does not describe corresponding structure, material or acts for the elements in the claims of the '281 patent which are expressed as a means or step for performing a specified function without the recital of structure, material or acts in support thereof.

20.   First Funds has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 patent, either literally or under the doctrine of equivalents.

### III.   COUNTERCLAIMS

Without admitting any of the allegations of the Amended Complaint for Patent Infringement and Permanent Injunction other than those expressly admitted herein, and without prejudice to First Funds' right to plead additional counterclaims as the facts of the matter warrant, First Funds hereby asserts the following counterclaims against Plaintiff.

1.   First Funds is a limited liability company organized under the laws of the state of Connecticut having its corporate offices at 2 Sound View Drive, Greenwich, Connecticut 06830.

2.      Plaintiff alleges that it is a corporation organized under the laws of the state of Delaware with its principal place of business at 600 TownPark Lane, Suite 500, Kennesaw, Georgia 30144.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States and, more particularly, under Title 28 U.S.C. §§ 2201 and 2202, and Title 35 U.S.C. § 100, *et seq.*, respectively.  Jurisdiction is based on Title 28 U.S.C. §§ 1338 and 2201.  Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

5.      Plaintiff alleges that, based upon agreements, it is the owner of all right, title, and interest in the '281 patent.

6.      Plaintiff has asserted claims for patent infringement against First Funds and has filed this suit against First Funds in this Court for such alleged infringement.

7.      There exists an actual justiciable controversy between First Funds and Plaintiff concerning the validity and alleged infringement of the '281 patent based upon Plaintiff's allegations of patent infringement.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Invalidity of the '281 Patent)

8.      First Funds incorporates by reference paragraphs 1-7 above as though fully repeated here.

9.      The claims of the '281 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112:

(a)     Prior to the time the alleged invention of the '281 patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country;

(b)     The alleged invention of the '281 patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States;

(c)     The alleged invention of the '281 patent was described in one or more patents granted under a United States patent application filed by another before the alleged invention thereof by the patentee;

(d)     The patentee did not invent the subject matter claimed in the '281 patent;

(e)     Before the alleged invention of the '281 patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it;

(f)     The differences, if any, between the subject matter of the alleged invention of the '281 patent and the prior art are such that each of the subject matters as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matters pertain;

(g)     The '281 patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention;

(h)     The '281 patent does not contain a written description of the alleged invention, and of the manner and the process of making and using it, in such full,

clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same; and

(i) The specification of the '281 patent does not describe corresponding structure, material or acts for the elements in the claims of the '281 patent which are expressed as a means or step for performing a specified function without the recital of structure, material or acts in support thereof.

### SECOND CLAIM FOR RELIEF
### (Declaratory Judgment –Non-Infringement of the '281 Patent)

10. First Funds incorporates by reference paragraphs 1-9 above as though fully repeated here.

11. First Funds has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 patent, either literally or under the doctrine of equivalents.

### IV.    EXCEPTIONAL CASE

12. This is an exceptional case under 35 U.S.C. § 285 and, as such, First Funds is entitled to recover from the Plaintiff First Funds' attorneys' fees and costs incurred in connection with this action.

### PRAYER FOR RELIEF

Wherefore, First Funds respectfully requests that the Court grant it the following relief:

(a) The entry of judgment for First Funds, dismissing Plaintiff's claims for relief in their entirety, with prejudice and costs;

(b) a declaration that the claims of the '281 patent are invalid;

(c) a declaration that First Funds has not and does not infringe any claim of the '281 patent and that First Funds is not liable for inducing or contributing to the infringement of any claim of the '281 patent;

(d) a declaration that this case is exceptional;

(e) an award of costs and attorney fees to First Funds; and

(f) such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Douglas R. McSwane, Jr. \_\_\_\_\_
Willem G. Schuurman
Texas State Bar No. 17855200
Adam V. Floyd
Texas State Bar No. 00790699
Joseph D. Gray
Texas State Bar No. 24045970
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Phone: (512) 542-8400 –
Fax: (512) 236-3476

- and –

William B. Dawson
Texas State Bar No. 05606300
VINSON & ELKINS L.L.P.
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Phone: (214) 220-7700
Fax: (214) 220-7716

- and –

                                      Douglas R. McSwane, Jr.
                                      Texas State Bar No. 13861300
                                      POTTER MINTON, P.C.
                                      110 North College
                                      500 Plaza Tower
                                      Tyler, Texas 75702
                                      Phone:  (903) 597-8311
                                      Fax:  (903) 593-0846

                                      *ATTORNEYS FOR DEFENDANT*
                                      *FIRST FUNDS, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 24th day of April 2006.

/s/ Douglas R. McSwane, Jr. _____