# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC., <br><br> Plaintiff <br><br> v. <br><br> RAPIDPAY LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL LLC, and FAST TRANSACT, INC. dba SIMPLE CASH, <br><br> Defendants | CASE NO. 6:05-CV-424 LED |

### DEFENDANT MERCHANT MONEY TREE, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
### IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

## I.   ANSWER

Defendant Merchant Money Tree, Inc. ("Merchant Money Tree ") hereby files this its First Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint (the "Amended Complaint"). Each of the paragraphs numbered 1-18 below corresponds to those paragraphs numbered 1-18 in the Amended Complaint. Merchant Money Tree denies all allegations made in the Amended Complaint, whether express or implied, that are not specifically admitted below.

1.   Merchant Money Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint, and therefore denies such allegations.

2. Merchant Money Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint, and therefore denies such allegations.

3. Merchant Money Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint, and therefore denies such allegations.

4. Merchant Money Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, and therefore denies such allegations.

5. Merchant Money Tree admits the allegations contained in paragraph 5 of the Amended Complaint.

6. Merchant Money Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint, and therefore denies such allegations.

7. Merchant Money Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint, and therefore denies such allegations.

8. Merchant Money Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint, and therefore denies such allegations.

9. The allegations set forth in paragraph 9 of the Complaint assert legal conclusions to which no response is necessary.

10. Merchant Money Tree denies that it has, at any time, offered for sale any services that infringe the patent in this or any other judicial district, and notes that the remainder of the allegations set forth in paragraph 10 of the Amended Complaint assert legal conclusions to which no response is necessary.

11. Merchant Money Tree admits that, according to the face of U.S. Patent No. 6,941,281 (the "281 patent"), it is entitled "Automated Payment" and was issued by the United States Patent and Trademark Office (the "Patent Office") on September 6, 2005. Merchant Money Tree is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Amended Complaint, and therefore denies such allegations.

12. Merchant Money Tree makes no response to the allegations in paragraph 12 of the Amended Complaint to the extent such allegations constitute legal conclusions that require neither admission nor denial. To the extent a response is required, Merchant Money Tree responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, and therefore denies them.

13. Merchant Money Tree asserts and incorporates by reference its answers to paragraphs 1 through 12 herein.

14. Merchant Money Tree makes no response to the allegations in paragraph 14 of the Amended Complaint to the extent such allegations constitute legal conclusions that require neither admission nor denial. To the extent a response is required, Merchant Money Tree denies each and every allegation set forth in paragraph 14 of the Amended Complaint as they pertain to Merchant Money Tree, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to any other Defendant.

15.     Merchant Money Tree makes no response to the allegations in paragraph 15 of the Amended Complaint to the extent such allegations constitute legal conclusions that require neither admission nor denial.  To the extent a response is required, Merchant Money Tree denies each and every allegation set forth in paragraph 15 of the Amended Complaint as they pertain to Merchant Money Tree, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to any other Defendant.

16.     Merchant Money Tree makes no response to the allegations in paragraph 16 of the Amended Complaint to the extent such allegations constitute legal conclusions that require neither admission nor denial.  To the extent a response is required, Merchant Money Tree denies each and every allegation set forth in paragraph 16 of the Amended Complaint as they pertain to Merchant Money Tree, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to any other Defendant.

17.     Merchant Money Tree makes no response to the allegations in paragraph 17 of the Amended Complaint to the extent such allegations constitute legal conclusions and/or requests for affirmative relief that require neither admission nor denial.  To the extent a response is required, Merchant Money Tree denies each and every allegation set forth in paragraph 17 of the Amended Complaint as they pertain to Merchant Money Tree, and is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to any other Defendant.  Merchant Money Tree further denies that AdvanceMe, Inc. is entitled to any affirmative relief requested in paragraph 17 of the Amended Complaint.

18.     Merchant Money Tree makes no response to the allegations in paragraph 18 of the Amended Complaint to the extent such allegations constitute legal conclusions and/or requests for affirmative relief that require neither admission nor denial.  To the extent a response is

required, Merchant Money Tree responds that it is without knowledge or information sufficient to form a belief as to the truth of those allegations in paragraph 18, and therefore denies such allegations.

## II. AFFIRMATIVE DEFENSES

19. The claims of the '281 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

(a) Prior to the time the alleged invention of the '281 patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publications in this or a foreign country;

(b) The alleged invention of the '281 patent was patented or described in a printed publication in this or a foreign country or were in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States;

(c) The alleged invention of the '281 patent was described in a patent granted under a United States patent application filed by another before the alleged invention thereof by the patentee;

(d) The patentee did not invent the subject matter claimed in the '281 patent;

(e) Before the alleged invention of the '281 patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it;

(f) The differences, if any, between the subject matter of the alleged invention of the '281 patent and the prior art are such that each of the subject matters as a

5
Defendant Merchant Money Tree LLC's First Amended Answer,
Affirmative Defenses and Counterclaims To Plaintiff's Amended Complaint

Austin 721529_1.DOC

whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matters pertain;

(g)     The '281 patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention; and

(h)     The '281 patent does not contain a written description of the alleged invention, and of the manner and the process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same; and

(i)     The specification of the '281 patent does not describe corresponding structure, material or acts for the elements in the claims of the '281 patent which are expressed as a means or step for performing a specified function without the recital of structure, material or acts in support thereof.

20.     Merchant Money Tree has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 patent, either literally or under the doctrine of equivalents.

### III.     COUNTERCLAIMS

Without admitting any of the allegations of the Amended Complaint other than those expressly admitted herein, and without prejudice to Merchant Money Tree's right to plead additional counterclaims as the facts of the matter warrant, Defendant hereby asserts the following counterclaims against Plaintiff.

1.     Merchant Money Tree is a limited liability company incorporated under the laws of the state of Texas having its corporate offices at 2855 Magnum Road, Suite 303, Houston, Texas 77092.

2.       Plaintiff alleges that it is a corporation limited partnership organized under the laws of the state of Delaware with its principal place of business at 600 TownPark Lane, Suite 500, Kennesaw, Georgia 30144.

## JURISDICTION AND VENUE

3.       These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States and, more particularly, under Title 28 U.S.C. §§ 2201 and 2202, and Title 35 U.S.C. § 100, *et seq.*, respectively.  Jurisdiction is based on Title 28 U.S.C. §§ 1338 and 2201.  Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

5.       Plaintiff alleges that based upon agreements it is the owner of all right, title, and interest in the '281patent.

6.       Plaintiff has asserted claims for patent infringement against Merchant Money Tree and has filed this suit against Merchant Money Tree in this Court for such alleged infringement.

7.       There exists an actual justiciable controversy between Merchant Money Tree and Plaintiff concerning the validity and alleged infringement of the '281 patent based upon Plaintiff's allegations of patent infringement.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Invalidity of the '281 Patent)

8.       Merchant Money Tree  incorporates by reference paragraphs 1-7 above as though fully repeated here.

9.       The claims of the '281 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq*., including but not limited to 35 U.S.C. §§ 102, 103, and 112:

(a) Prior to the time the alleged invention of the '281 patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publications in this or a foreign country;

(b) The alleged invention of the '281 patent was patented or described in a printed publication in this or a foreign country or were in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States;

(c) The alleged invention of the '281 patent was described in one or more patents granted under a United States patent application filed by another before the alleged invention thereof by the patentee;

(d) The patentee did not invent the subject matter claimed in the '281 patent;

(e) Before the alleged invention of the '281 patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it;

(f) The differences, if any, between the subject matter of the alleged invention of the '281 patent and the prior art are such that each of the subject matters as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matters pertain;

(g) The '281 patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention;

(h) The '281 patent does not contain a written description of the alleged invention, and of the manner and the process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which

each it pertains or to which it is most nearly connected, to make and use the same; and

(i)  The specification of the '281 patent does not describe corresponding structure, materials or acts for the elements in the claims of the '281 patent which are expressed as a means or step for performing a specified function without the recital of structure, materials or acts in support thereof.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment – Non-Infringement of the '281 Patent)

10.  Merchant Money Tree incorporates by reference paragraphs 1-9 above as though fully repeated here.

11.  Merchant Money Tree has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 patent, either literally or under the doctrine of equivalents.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment – Inequitable Conduct)

12.  Merchant Money Tree incorporates by reference paragraphs 1-11 above as though fully repeated here.

13.  The '281 patent is unenforceable because the inventor and persons substantively involved in the prosecution of the '281 patent are guilty of inequitable conduct for violating their statutory duty of candor and good faith in prosecuting the '281 patent before the Patent Office.

(a)  Those persons intentionally failed to alert the Patent Office of material publications describing or reflecting prior art systems and methods known to them during the prosecution of at least the '281 patent, including but not limited to documents reflecting the Clever Ideas-LeCARD method and system for

automated payments by a merchant processor to LeCARD as repayment of obligations owed by a merchant to LeCARD, as well as other similar systems and methods, including but not limited to the Transmedia system and method; and the method and system used by FirstUSA for automated payments by FirstUSA, a merchant processor, for repayment of obligations owed by the merchant, as well as other similar merchant processor systems and methods.

(b)  Those persons intentionally misrepresented to the Patent Office the inventorship of the '281 patent.

## IV.  EXCEPTIONAL CASE

14.  This is an exceptional case under 35 U.S.C. § 285 and, as such, Merchant Money Tree is entitled to recover from Plaintiff Merchant Money Tree's attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

Wherefore, Merchant Money Tree respectfully requests that the Court grant it the following relief:

(a)  The entry of judgment for Merchant Money Tree, dismissing Plaintiff's claims for relief in their entirety, with prejudice and costs;

(b)  a declaration that the claims of the '281 patent are invalid;

(c)  a declaration that Merchant Money Tree has not and does not infringe any claim of the '281 patent and that Merchant Money Tree is not liable for inducing or contributing to the infringement of any claim of the '281 patent;

(d)  a declaration that the '281 patent and all related patents are unenforceable for inequitable conduct;

(e)     a declaration that this case is exceptional;

(f)     an award of costs and attorney fees to Merchant Money Tree; and

(g)     such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: s/ Hilary L. Preston
    Hilary L. Preston
    VINSON & ELKINS L.L.P.
    666 Fifth Avenue – 26th Floor
    New York, New York 10103
    Phone: (212) 237-0000
    Fax: (212) 237-0100

-and -

Willem G. Schuurman (TXBN 17855200)
Joseph D. Gray (TXBN 24045970)
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Phone: (512) 542-8400
Fax: (512) 236-3476

-and-

Douglas R. McSwane, Jr. (TXBN 13861300)
POTTER MINTON, P.C.
110 N. College
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

*ATTORNEYS FOR DEFENDANT*
*MERCHANT MONEY TREE, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 7th day of July 2006.

s/ Amy A. Reiley