# EXHIBIT H

to
## ADVANCEME INC.'S OPENING CLAIM
## CONSTRUCTION BRIEF

Dockets.Justia.com



**UNITED STATE DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/890,398 | 07/09/97 | JOHNSON | B | JHN-001 |

LMC1/0310

|  | EXAMINER |
|---|---|
|  | MYHRE, J |
| ART UNIT | PAPER NUMBER |
| 2767 | 19 |
| DATE MAILED: | 08/10/00 |

PATENT ADMINISTRATOR
TESTA HURWITZ & THIBEAULT
HIGH STREET TOWER
125 HIGH STREET
BOSTON MA 02110

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

1- File Copy

ADV0001161



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Tradem    'Office
ASSISTANT SECRE ARY AND COMMISSIONER OF
PATENTS AND TRADEMARKS
Washington, D.C.  20231

RECEIVED

AUG 1 0 2000

Group 2700

Paper No. 19

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

Application Number: 08/890,398
Filing Date:  July 9, 1997
Appellant(s): Johnson

John V. Forcier
For Appellant

## EXAMINER'S ANSWER

This is in response to appellant's brief on appeal filed June 7, 2000.

(1)    *Real Party in Interest*

A statement identifying the real party in interest is contained in the brief.

Serial Number: 08/890,398                                                  Page 2

Art Unit: 2767

(2)    *Related Appeals and Interferences*

A statement identifying the related appeals and interferences which will directly affect or be directly affected by or have a bearing on the decision in the pending appeal is contained in the brief.

(3)    *Status of Claims*

The statement of the status of the claims contained in the brief is correct.

(4)    *Status of Amendments After Final*

The appellant's statement of the status of amendments after final rejection contained in the brief is correct.

(5)    *Summary of Invention*

The summary of invention contained in the brief is correct.

(6)    *Issues*

The appellant's statement of the issues in the brief is correct.

(7)    *Grouping of Claims*

Appellant's brief includes a statement that claims 1-19 stand or fall together. The Examiner concurs.

(8)    *Claims Appealed*

The copy of the appealed claims contained in the Appendix to the brief is correct.

ADV0001163

Serial Number: 08/890,398                                    Page 3

Art Unit: 2767

*(9)    Prior Art of Record*

    The following is a listing of the prior art of record relied upon in the rejection of claims under appeal.

        4,750,119          COHEN et al         6-1988

        5,465,206          HILT et al          11-1995

*(10)    Grounds of Rejection*

1.    The following ground(s) of rejection are applicable to the appealed claims:

2.    Claims 1-6, 8-15, and 17-19 are rejected under 35 U.S.C. 103(a) as being unpatentable over Cohen (4,750,119).

    Claims 1 (Twice Amended) and 10 (Twice Amended): Cohen discloses a system and method for purchase and transaction processing, comprising:

        a. Accepting a customer identification at a merchant (purchasing center) and forwarding payment information to a merchant processor (escrow agent)(col 3, lines 58-61; col 5, Table I; and col 7, lines 50-51);

        b. Authorizing and settling the payment by the merchant processor (escrow agent)(col 6, lines 34-43) and forwarding a portion of the payment to a loan repayment receiver (Cohen forwards a portion of the payment to a "future benefit guarantor" or "an insurance company" (col 3, lines 4-9 and 31-38, and col 4, lines 17-21). See Official Notice below); and

ADV0001164

Serial Number: 08/890,398                                                    Page 4

Art Unit: 2767

     c. Receiving and applying the portion of the payment to reduce the loan amount (Cohen increases the future benefit by the portion of payment received (col 4, lines 21-24). See Official Notice below).

     Official Notice is taken that it is old and well known within the finance arts that automatic deductions can be made to pay outstanding debts, such as loans, mortgages, insurance, etc. Numerous automatic deductions are also made from transactions to cover sales taxes, credit card transaction charges, etc. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made that the portion of the transaction that Cohen was transferring to the insurance company could be transferred to a loan company, a bank, a mortgage company, or any other account which the vendor desired. Whether these payments were applied to decrease a loan amount, make a mortgage payment, or increase an account balance would obviously depend entirely on the destination of the transfer. One would have been motivated to transfer a portion of the transaction to a loan repayment receiver in view of Cohen disclosure of transferring the portion to an insurance company and in view of the widespread use of automatic payments for paying mortgages (which are one type of loan).

     Claims 2- 5 and 11-14: Cohen discloses a system and method for automated loan repayment as discussed in Claims 1 and 10 above, and further discloses accepting a credit card number as the customer identification (col 5, Table II), but does not disclose the card being a debit card, a smart card, or a charge card. Official Notice is taken these are old and well known within the business art as types of "credit" cards by which consumers pay for goods and services

ADV0001165

Serial Number: 08/890,398                                Page 5

Art Unit: 2767

in place of using cash. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to use any one of these cards when using the transaction system of Cohen. One would have been motivated to allow the system to use any one or more of these types of cards in order to increase the customer's payment options and in view of the widespread use of these cards in transactions.

Claims 6 and 15: Cohen discloses a system and method for automated loan repayment as discussed in Claims 1 and 10 above, and further discloses accepting the customer identifier at the merchant's location (col 3, lines 40-57 and col 7, lines 50-51).

Claims 8-9 and 17-18: Cohen discloses a system and method for automated loan repayment as discussed in Claims 1 and 10 above, and further discloses accumulating the payments, then periodically (daily) forwarding them to the loan processor (insurance company)(col 4, lines 21-24).

Claim 19: Cohen discloses a system and method for automated loan repayment as discussed in Claim 10 above, and further discloses forwarding a percentage of the payment (col 7, lines 25-41).

3.    Claims 7 and 16 are rejected under 35 U.S.C. 103(a) as being unpatentable over Cohen (4,750,119) in view of Hilt et al (5,465,206).

Claims 7 and 16: Cohen discloses a system and method for automated loan repayment as discussed in Claims 1 and 10 above, but does not explicitly disclose electronically accepting the

ADV0001166

Serial Number: 08/890,398                                                Page 6

Art Unit: 2767

customer identifier. Hilt discloses a similar system and method for electronically paying bills by

the customer entering the information "manually, via paper, at an ATM, or via a PC, telephone

keypad, screen telephone or personal digital assistant" (col 11, lines 51-54). Therefore, it would

have been obvious to one having ordinary skill in the art at the time the invention was made to

enter the customer identifier electronically using any one of the methods discussed by Hilt. One

would have been motivated to do so by Cohen's disclosure of the customer placing the order over

a telephone (col 3, lines 42-44) and the widespread use of card readers in retail establishments to

facilitate rapid and error-free entry of the customer's identifier.


*(11)   Response to Argument*

    1. The 35 U.S.C. §103(a) Rejection Is Not Proper. Examiner disagrees with

Appellant's contention that it would not have been obvious to a skilled artisan to combine the

applied references. Examiner notes that Cohen relates to a transaction system which includes

an automatic electronic fund transfer of a portion of the transaction amount to a third entity.

Hilt relates to various automatic electronic funds transfer methods with details on how the

transfers are accomplished. It would have been obvious to a skilled artisan to research various

electronic funds transfer methods when attempting to implement the automatic funds transfer

in the Cohen system. In response to Appellant's argument that the Examiner's conclusion of

obviousness is based upon improper hindsight reasoning, it must be recognized that any

judgment on obviousness is in a sense necessarily a reconstruction based upon hindsight

ADV0001167

Serial Number: 08/890,398                                                Page 7

Art Unit: 2767

reasoning.  But so long as it takes into account only knowledge which was within the level of

ordinary skill at the time the claimed invention was made, and does not include knowledge

gleaned only from the applicant's disclosure, such a reconstruction is proper.  See *In re*

*McLaughlin*, 443 F.2d 1392, 170 USPQ 209 (CCPA 1971).

    2.  The Claimed Invention Is Patentable Under 35 U.S.C. § 103(a) Over Cohen.

Appellant argues that "the Examiner has incorrectly equated the escrow agent of Cohen with

the merchant processor of the present application"(page 14); and that "Nowhere does Cohen

even hint at modifying the merchant processor system to allow even a portion of what would

normally go to the merchant to instead go to some other entity."(page 15)  Examiner notes that

the merchant processor and the escrow agent both perform the steps of authorizing and settling

the transaction payment and forwarding a portion of the payment to a third entity.  While the

third entity in the present application is a lender to whom the merchant is indebted, the third

entity in Cohen is an insurance company.  As discussed in the Official Notice taken in Claim 1

above, it is old and well known within the finance arts that automatic deductions can be made to

pay outstanding debts, such as loans, mortgages, insurance, etc.  Numerous automatic deductions

are also made from transactions to cover sales taxes, credit card transaction charges, etc.  The

Examiner contends that the type of third entity receiving the portion of the payment does not

affect the steps being performed by the present application.  When combined with the

widespread use of automatic funds transfers to pay mortgages, automobile loans, student loans,

insurance premiums, etc., it would have been obvious to a skilled artisan that the portion of

Serial Number: 08/890,398                                                     Page 8

Art Unit: 2767

the funds being transferred to pay the insurance premium in Cohen could be used to make

payments on other debts instead. The Examiner further disagrees with the Appellant's

contention Cohen does not pertain to the same field of endeavor as the present application

because the beneficiary of the Cohen system is the customer, whereas the beneficiary of the

present application is the merchant (page 11). Which entity receives the benefits of the

invention does not affect the steps being performed by either system. Indeed, the same system

could be used wherein the portion of the payment being transferred could go to pay the debts

of a totally unrelated entity. It is the prerogative of the merchant to designate to where the

merchant processor should send the funds.

   3. Claims 7 and 16 Are Patentable Under 35 U.S.C. § 103(a) Over Cohen in View

Hilt. The Appellant again makes numerous citations of case law in an attempt to establish the

relevancy of a "hindsight" argument in the contention that "nothing in either reference

suggests their combination" (page 22). The Examiner response to this argument is in

paragraph (11)1 above. Examiner further notes that Cohen shows that the customer identifier

is accepted at the merchant's location (col 3, lines 40-57 and col 7, lines 50-51), but does not

show the details of how it is entered into the system. The Hilt reference is used in the 35

U.S.C. § 103(a) rejection only to show the various ways that the customer identifier can be

entered into the system. Thus, the combination of the two references is not hindsight, but an

obvious result of a skilled artisan's attempt to ascertain the details of data entry when

implementing the Cohen system.

Serial Number: 08/890,398                                                Page 9

Art Unit: 2767

4. The Claimed Invention Is Not Unpatentable Under Any Other Possible Bases for

Rejections. The Examiner agrees with the Appellant that the foregoing arguments address the

pending rejections of the pending claims. The Examiner knows of no other rejections

currently pending, thus this is not an issue.

For the above reasons, it is believed that the rejections should be sustained.

Respectfully submitted.

/JWM
August 8, 2000

ERIC W. STAMBER
PRIMARY EXAMINER
CONFEREE

SUPERVI...    EXAMINER
GROUP 2. 30

Attorney for Applicants .
Testam Hurwitz, & Thibeault
High Street Tower
125 High Street
Boston, MA 02110

# EXHIBIT I

to

## ADVANCEME INC.'S OPENING CLAIM CONSTRUCTION BRIEF

The opinion in support of the decision being entered today was not written
for publication and is not binding precedent of the Board.

Paper No. 26

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

**MAILED**

**OCT 3 0 2002**

PAT.&T.M.OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Ex parte BARBARA S. JOHNSON

Appeal No. 2001-0280
Application No. 08/890,398

ON BRIEF

Before THOMAS, JERRY SMITH, and RUGGIERO, Administrative Patent
Judges.

RUGGIERO, Administrative Patent Judge.

DECISION ON APPEAL

This is a decision on the appeal from the final rejection of
claims 1-19, which are all of the claims pending in the present
application.

The claimed invention relates to a method and system for
automated loan repayment in which payment to a merchant is
accepted from a customer through a customer identifier.
Information related to the payment is directed for processing to
a merchant processor which forwards at least a portion of the
payment to a loan repayment receiver.  The loan payment receiver

ADV0001188

Appeal No. 2001-0280
Application No. 08/890,398

applies the forwarded portion of the payment to an outstanding

loan amount owed by the merchant to reduce the outstanding loan

amount.

Claim 1 is illustrative of the invention and reads as

follows:

1.  A method for automated loan repayment,
comprising:
at a merchant, accepting a customer identifier as
payment from the customer and electronically forwarding
information related to the payment to a computerized
merchant processor;
at the computerized merchant processor, acquiring
the information related to the payment from the
merchant, authorizing and settling the payment, and
forwarding at least a portion of the payment to a
computerized loan repayment receiver as repayment of at
least a portion of an outstanding loan amount owed by
the merchant; and
at the computerized loan repayment receiver,
receiving the portion of the payment forwarded by the
computerized merchant processor and applying that
portion to the outstanding loan amount owed by the
merchant to reduce that outstanding loan amount.

The Examiner relies on the following prior art:

Cohen et al. (Cohen)          4,750,119          Jun. 07, 1988
Hilt et al. (Hilt)            5,465,206          Nov. 07, 1995

Claims 1-19 stand finally rejected under 35 U.S.C. § 103(a).

As evidence of obviousness, the Examiner offers Cohen alone with

respect to claims 1-6, 8-15, and 17-19, and adds Hilt to Cohen

with respect to claims 7 and 16.

2

Appeal No. 2001-0280
Application No. 08/890,398

Rather than reiterate the arguments of Appellant and the
Examiner, reference is made to the Brief (Paper No. 18) and
Answer (Paper No. 19) for the respective details.

OPINION

We have carefully considered the subject matter on appeal,
the rejection advanced by the Examiner and the evidence of
obviousness relied upon by the Examiner as support for the
rejection. We have, likewise, reviewed and taken into
consideration, in reaching our decision, Appellant's arguments
set forth in the Brief along with the Examiner's rationale in
support of the rejection and arguments in rebuttal set forth in
the Examiner's Answer.

It is our view, after consideration of the record before us,
that the evidence relied upon and the level of skill in the
particular art would not have suggested to one of ordinary skill
in the art the obviousness of the invention as set forth in
claims 1-19. Accordingly, we reverse.

In rejecting claims under 35 U.S.C. § 103, it is
incumbent upon the Examiner to establish a factual basis to
support the legal conclusion of obviousness. See In re Fine, 837
F.2d 1071, 1073, 5 USPQ2d 1596, 1598 (Fed. Cir. 1988). In so
doing, the Examiner is expected to make the factual

3

ADV0001190

Appeal No. 2001-0280
Application No. 08/890,398

determinations set forth in Graham v. John Deere Co., 383 U.S. 1,
17, 148 USPQ 459, 467 (1966), and to provide a reason why one
having ordinary skill in the pertinent art would have been led to
modify the prior art or to combine prior art references to arrive
at the claimed invention.  Such reason must stem from some
teaching, suggestion or implication in the prior art as a whole
or knowledge generally available to one having ordinary skill in
the art.  Uniroyal Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044,
1051, 5 USPQ2d 1434, 1438 (Fed. Cir.), cert. denied, 488 U.S. 825
(1988); Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.,
776 F.2d 281, 293, 227 USPQ 657, 664 (Fed. Cir. 1985), cert.
denied, 475 U.S. 1017 (1986); ACS Hosp. Sys., Inc. v.
Montefiore Hosp., 732 F.2d 1572, 1577, 221 USPQ 929, 933 (Fed.
Cir. 1984).  These showings by the Examiner are an essential part
of complying with the burden of presenting a prima facie case of
obviousness.  Note In re Oetiker, 977 F.2d 1443, 1445, 24 USPQ2d
1443, 1444 (Fed. Cir. 1992).

   With respect to independent claims 1 and 10, the Examiner,
as the basis for the obviousness rejection, proposes to modify
the purchasing transaction system disclosure of Cohen.  The
purchasing transaction system described by Cohen involves the
transfer of a portion of a customer-to-merchant transaction

4

ADV0001191

Appeal No. 2001-0280
Application No. 08/890,398

payment to an entity such as an insurance company to pay a
premium for funding an annuity which is ultimately payable to the
customer. Apparently recognizing Cohen's lack of explicit
disclosure of purchasing transactions involving automatic loan
repayment as claimed, the Examiner takes Official Notice of such
a feature (Answer, page 4) by asserting ". . . it is well known
within the finance arts that automatic deductions can be made to
pay outstanding debts, such as loans, mortgages, insurance, etc."
The Examiner's line of reasoning combines the automatic loan
repayment feature asserted to be well known in the art with the
teachings of Cohen. According to the Examiner (id.), the skilled
artisan ". . . would have been motivated to transfer a portion of
the transaction to a loan payment receiver in view of Cohen
disclosure of transferring the portion to an insurance company
and in view of the widespread use of automatic payments for
paying mortgages (which are one type of loan)."

A review of the arguments in the Brief reveals that
Appellant has not specifically contested the Examiner's taking of
Official Notice of the asserted well known aspects of automatic
loan repayment features in purchasing transactions. Despite this
fact, we are constrained to reverse the outstanding rejection
before us since there is no evidence of this feature among the

5

ADV0001192

Appeal No. 2001-0280
Application No. 08/890,398

references relied on by the Examiner in formulating the
rejection. We conclude, therefore, based upon the reasoning
provided by recent cases from our reviewing court, that the
Examiner has not established a prima facie case of obviousness.
"[T]he Board cannot simply reach conclusions based on it own
understanding or experience – or on its assessment of what would
be basic knowledge or common sense. Rather, the Board must point
to some concrete evidence in the record in support of these
findings." In re Zurko, 258 F.3d 1379, 1386, 59 USPQ2d 1693,
1697 (Fed. Cir. 2001). See also In re Lee, 277 F.3d 1338, 1344-
45, 61 USPQ2d 1430, 1434-35 (Fed. Cir. 2002), in which the court
required evidence for the determination of unpatentability by
clarifying that the principles of "common knowledge" and "common
sense" may only be applied to analysis of evidence, rather than
be a substitute for evidence. The court has also recently
expanded their reasoning on this topic in In re Thrift, 298 F.3d
1357, 1363, 63 USPQ2d 2002, 2008 (Fed. Cir. 2002).

    We are further of the view that even assuming, arguendo,
that the Examiner's asserted well known aspects of automatic loan
repayment features were supported by evidence, there is no
indication from the Examiner as to how and in what manner the
disclosure of Cohen would be modified to arrive at the claimed

6

ADV0001193

Appeal No. 2001-0280
Application No. 08/890,398

invention. The purchasing system described by Cohen involves the direction to an entity such as an insurance company of a portion of a payment made by a customer to a merchant to purchase an aggregate annuity policy which in turn is individualized to a particular customer-subscriber. (Cohen, column 4, lines 17-35). Appellant's claimed invention, on the other hand, is directed to a purchasing system in which a loan repayment feature is individualized to a particular merchant who is the recipient of a payment from a customer as part of a purchasing transaction. In our opinion, the approach taken by Cohen is so fundamentally different from that of Appellant that any suggestion to modify Cohen to arrive at the invention set forth in the appealed claims could only come from Appellant's own disclosure.

    In view of the above discussion, since we are of the opinion that the Examiner has not established a prima facie case of obviousness, we do not sustain the rejection of independent claims 1 and 10, nor of claims 2-6, 8, 9, 11-15, and 17-19 dependent thereon.

    Turning to a consideration of the Examiner's 35 U.S.C. § 103(a) rejection of dependent claims 7 and 16 based on the combination of Cohen and Hilt, we do not sustain this rejection as well. It is apparent from the line of reasoning expressed at

7

ADV0001194

Appeal No. 2001-0280
Application No. 08/890,398

page 6 of the Answer that the Hilt reference has been applied by
the Examiner solely to address the customer identifier electronic
acceptance feature of these claims.  We find nothing in the
disclosure of Hilt that would overcome the innate deficiencies in
the Examiner's obviousness rejection of independent claims 1 and
10 discussed supra.

8

ADV0001195

Appeal No. 2001-0280
Application No. 08/890,398

In summary, we have not sustained the Examiner's 35 U.S.C.
§ 103(a) rejection of any of the claims on appeal.  Therefore,
the decision of the Examiner rejecting claims 1-19 is reversed.

REVERSED

JAMES D. THOMAS
Administrative Patent Judge

JERRY SMITH
Administrative Patent Judge

JOSEPH F. RUGGIERO
Administrative Patent Judge

)
)
)
)
)
)
)
)
)
)
)
)
)

BOARD OF PATENT
APPEALS
AND
INTERFERENCES

JFR/sld

9

ADV0001196

Appeal No. 2001-0280
Application No. 08/890,398

ANTHONY L. MEOLA
SHERMAN & STERLING
599 LEXINGTON AVENUE
NEW YORK, NY 10022

ADV0001197

# EXHIBIT J

## to

## ADVANCEME INC.'S OPENING CLAIM
## CONSTRUCTION BRIEF

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 08/890,398 | JOHNSON, BARBARA S. |
| | Examiner | Art Unit |
| | James W Myhre | 3622 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS. This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *BPAI Decision of October 10, 2002*.

2. ☒ The allowed claim(s) is/are *1-19*.

3. ☐ The drawings filed on _____ are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
　　a) ☐ All　b) ☐ Some*　c) ☐ None　of the:
　　　1. ☐ Certified copies of the priority documents have been received.
　　　2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
　　　3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
　　* Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☒ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
　　(a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
　　　1) ☐ hereto or 2) ☒ to Paper No./Mail Date *3*.
　　(b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
　　　Paper No./Mail Date _____ .
　　Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .
7. ☒ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____ .

U.S. Patent and Trademark Office
PTOL-37 (Rev. 1-04)　　　　　　Notice of Allowability　　　　Part of Paper No./Mail Date 2'1

Application/Control Number: 08/890,398                                          Page 2
Art Unit: 3622

### DETAILED ACTION

1.    This action is in response to the Decision rendered by the Board of Patent
Appeals and Interferences on October 30, 2002.

#### *Examiner's Amendment*

2.    An examiner's amendment to the record appears below. Should the changes
and/or additions be unacceptable to applicant, an amendment may be filed as provided
by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be
submitted no later than the payment of the issue fee.

      Authorization for this examiner's amendment was given in a telephone interview
with David Cline on July 13, 2004.

      The application has been amended as follows:
In the claims:

      10.    A system for automated loan repayment, comprising:

            at a merchant, means for accepting a customer identifier as payment from
the customer and for electronically forwarding information related to the payment to a
computerized merchant processor, wherein the merchant associated with the payment
has an outstanding loan to a lender; and

            at the computerized merchant processor, means for receiving the
information related to the payment from the merchant, means for authorizing and

ADV0001199

Application/Control Number: 08/890,398                                    Page 3
Art Unit: 3622

settling the payment, and means for forwarding to the lender <u>a portion of the payment</u>

<u>as</u> a loan payment [associated with the payment].

### Allowable Subject Matter

3.    Claims 1-19 are allowed.

### Examiner's Statement of Reasons for Allowance

4.    The following is an examiner's statement of reasons for allowance:

While prior art was found which discloses using a portion of a payment for a

transaction at a merchant to purchase an insurance policy *for the customer* (<u>Cohen et</u>

<u>al.</u> 4,750,119) or a contribution to a charity selected *by the customer* (<u>Hovakimian,</u>

5,466,919), according to the Decision this prior art does not render it obvious to use the

portion of the transaction payment to benefit the merchant instead of the customer.

Therefore, the non-obvious novelty of the invention is using the portion of the

transaction payment as a remittance towards repayment of an outstanding loan owed

*by the merchant* as claimed in independent Claims 1 and 10.

Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

accompany the issue fee. Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."

Application/Control Number: 08/890,398                                     Page 4
Art Unit: 3622

### Conclusion

5.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Exr. James W. Myhre whose telephone number is (703)

308-7843.  The examiner can normally be reached on weekdays from 6:30 a.m. to 3:30

p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Eric Stamber, can be reached on (703) 305-8469.  The fax phone number

for Formal or Official faxes to Technology Center 3600 is (703) 872-9326.  Draft or

informal faxes may be submitted to (703) 872-9327 or directly to the examiner at (703)

746-5544.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the Group Receptionist whose telephone number is

(703) 308-1113.


/JWM
July 13, 2004


James W. Myhre
Primary Examiner
Art Unit 3622

ADV0001201

# EXHIBIT K

to

## ADVANCEME INC.'S OPENING CLAIM CONSTRUCTION BRIEF



**RECEIVED**

JUL 1 9 2004

**GROUP 3600**

Patents
Docket No. 31948/6

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Barbara S. Johnson |
| Serial No.: | 09/356,711 |
| Filed: | July 20, 1999 |
| Conf. No.: | 8198 |
| Title: | AUTOMATED PAYMENT |

Art Unit:   3622

Examiner:  James W. Myhre

REQUEST FOR EXTENSION-OF-TIME AND AMENDMENT

Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

REQUEST FOR THREE-MONTH EXTENSION-OF-TIME

Applicant respectfully requests a three-month extension-of-time to respond to the outstanding paper in the above-identified patent application, to and including July 12, 2004. Please charge the $475.00 extension-of-time fee to Deposit Account No. 50-0324. If any additional fees are required, the Commissioner is authorized to charge such fees (or to credit any overpayment) to Deposit Account No. 50-0324.

AMENDMENT

In connection with the Request for Continued Examination (RCE) filed under 37 C.F.R. §1.114 herewith, please amend the above-identified application as follows:

07/15/2004 SSESHE1 00000068 500324  09356711
02 FC:2253     475.00 DA

NYDOCS04/406418.1                                    1

ADV0000259

## IN THE CLAIMS

Claims 1-37 (Cancelled)

38.    (New)  A method for automated payment, comprising:

at a merchant, accepting a customer identifier as payment from the customer and electronically forwarding information related to the payment to a computerized merchant processor;

at the computerized merchant processor, acquiring the information related to the payment from the merchant, authorizing and settling the payment, and forwarding at least a portion of the payment to a computerized payment receiver as payment of at least a portion of an obligation made by the merchant; and

at the computerized payment receiver, receiving the portion of the obligation forwarded by the computerized merchant processor and applying that portion to the outstanding obligation made by the merchant to reduce such obligation.

39.    (New)  The method of claim 38 wherein the accepting step comprises accepting a credit card number as the customer identifier.

40.    (New)  The method of claim 38 wherein the accepting step comprises accepting a debit card number as the customer identifier.

41.    (New)  The method of claim 38 wherein the accepting step comprises accepting a smart card number as the customer identifier.

42.    (New)  The method of claim 38 wherein the accepting step comprises accepting a charge card number as the customer identifier.

NYDOCS04/406418.1                                    2

ADV0000260

43.    (New)  The method of claim 38 wherein the accepting step comprises accepting the customer identifier at a merchant location.

44.    (New)  The method of claim 38 wherein the accepting step comprises electronically accepting the customer identifier.

45.    (New)  The method of claim 38 wherein the steps performed at the merchant processor further comprise accumulating the payments until a predetermined amount is reached and then forwarding at least a portion of the accumulated payments to the payment receiver.

46.    (New)  The method of claim 38 wherein the steps performed at the merchant processor comprise periodically forwarding at least a portion of the payment to the payment receiver.

47.    (New)  A system for automated payment of an obligation made by a merchant, comprising:

at a merchant, means for accepting a customer identifier as payment from the customer and for electronically forwarding information related to the payment to a computerized merchant processor, wherein the merchant associated with the payment has an outstanding obligation to a third party; and

at the computerized merchant processor, means for receiving the information related to the payment from the merchant, means for authorizing and settling the payment, and means for forwarding to the third party a payment associated with the obligation.

48.    (New)  The system of claim 47 wherein the accepting means comprises means for accepting a credit card number as the customer identifier.

ADV0000261

49.    (New)  The system of claim 47 wherein the accepting means comprises means for accepting a debit card number as the customer identifier.

50.    (New)  The system of claim 47 wherein the accepting means comprises means for accepting a smart card number as the customer identifier.

51.    (New)  The system of claim 47 wherein the accepting means comprises means for accepting a charge card number as the customer identifier.

52.    (New)  The system of claim 47 wherein the accepting means comprises means for accepting the customer identifier at a merchant location.

53.    (New)  The system of claim 47 wherein the accepting means comprises means for electronically accepting the customer identifier.

54.    (New)  The system of claim 47 wherein the means at the merchant processor further comprise means for accumulating the payments until a predetermined amount is reached and means for forwarding at least a portion of the accumulated payments to the third party.

55.    (New)  The system of claim 47 wherein the forwarding means at the merchant processor comprises means for periodically forwarding at least a portion of the payment to the third party.

56.    (New)  The system of claim 47 wherein the forwarding means at the merchant processor comprises means for forwarding to the third party an amount that is a percentage of the obligation.

ADV0000262

<u>REMARKS</u>

Claims 38-56 are pending in the present application.  By the present amendment, Applicant has cancelled claims 1 and 20 – 37, and added new claims 38-56.  Claims 38 and 47 are the independent claims under consideration.  Reconsideration in light of the present amendment is respectfully requested.

In the outstanding Office Action, the Examiner rejected claims 1, 20-25, 27-34, 36 and 37 as being obvious under 35 U.S.C. §103 in view of Cohen et al., U.S. Patent No. 4,750,119 ("<u>Cohen</u>"), and rejected claims 26 and 35 as being obvious over Cohen in view of Hilt et al., U.S. Patent No. 5,465,206 ("<u>Hilt</u>").  The Examiner further objected to claim 1 as conflicting with commonly owned U.S. Application Serial No. 08/890,398 (the "'<u>398 Application</u>").

The present application is a continuation of the '398 Application.  After Final Rejection, the '398 Application was subject to an appeal before the Board of Patent Appeals and Interferences, in which the Board determined that the '398 Application was patentable over the Cohen and Hilt patents.  In discussions with Examiner Myhre conducted on June 8, 2004, Examiner Myhre indicated that he had passed the '398 Application to allowance, but that such allowance was being delayed due to an ongoing internal review of the '398 Application.

By the present amendment, Applicant has amended the claims to closely follow the language of the claims that were on appeal in the '398 Application, with several minor changes in the independent claims.  Applicant has replaced the term "loan" in the claims with the more generic "obligation," since many obligations for payment that may use the system of the present invention are not necessarily "loans."  For example, if a merchant assigned its receivables to a third party, these could be collected by the third party using the system of the

ADV0000263

invention. As such, the term "lender" has also been replaced by "third party" to reflect that the obligation may be made to other than a "lender," although the obligation to make payment will remain. Applicant believes that the claims as amended are within the scope of the specification as filed, and that no new matter has been added.

       For the foregoing reasons, applicant believes that all of the pending claims are now in condition for allowance and respectfully requests such action. If any outstanding issues remain herein, the Examiner is respectfully requested to telephone the undersigned at 212-848-4882 to expedite the resolution of such issues.

Respectfully submitted,

By: _____

David M. Klein, Esq.
Registration No. 35,221
Shearman & Sterling
599 Lexington Avenue
New York, NY  10022
(212) 848-4882

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on July 12, 2004.

ADV0000264

# EXHIBIT L
### to
## ADVANCEME INC.'S OPENING CLAIM
## CONSTRUCTION BRIEF

| | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 09/358,711 | JOHNSON, BARBARA S. |
| | Examiner | Art Unit |
| | James W Myhre | 3622 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to <u>RCE and Amendment filed on July 14, 2004</u>.

2. ☒ The allowed claim(s) is/are <u>36-56</u>.

3. ☐ The drawings filed on _____ are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All    b) ☐ Some*    c) ☐ None    of the*
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
   **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☒ CORRECTED DRAWINGS ( as *replacement sheets*) must be submitted.
   (a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
      1) ☐ hereto or 2) ☒ to Paper No./Mail Date 7.
   (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☒ Interview Summary (PTO-413), Paper No./Mail Date <u>20041013,20050317</u> .
7. ☒ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____.

James W. Myhre
Primary Examiner

ADV0000265

Application/Control Number: 09/356,711                                    Page 2
Art Unit: 3622

## DETAILED ACTION

### Continued Examination Under 37 CFR 1.114

1.     A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on July 14, 2004 has been entered.

### Response to Amendment

2.     The amendment filed on July 14, 2004 under 37 CFR 1.114 is sufficient to overcome the Cohen et al (4,750,119) and Hilt et al (5,465,206) references, but raises issues of obvious double patenting over the parent application. In response to an telephonic interview on October 13, 2004, the Applicant has filed a Terminal Disclaimer to overcome this issue.

### Examiner's Amendment

3.     An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

ADV0000266

Application/Control Number: 09/356,711                                    Page 3

Art Unit: 3622

Authorization for this examiner's amendment was given in a telephone interview

with David M. Klein on October 13, 2004 and March 17, 2005.

The application has been amended as follows:

In Claim 38, line 9, in the phrase "receiving a portion of the obligation

forwarded...", change the word "obligation" to read "payment".

In Claim 47, line 9 is changed to:

means for forwarding a portion of the payment to the third party to reduce the

obligation.

### Allowable Subject Matter

4.    Claims 38-56 are allowed.

### Examiner's Statement of Reasons For Allowance

5.    The following is an examiner's statement of reasons for allowance:

While prior art was found which discloses using a portion of a payment for a

transaction at a merchant to purchase an insurance policy *for the customer* (Cohen et

al, 4,750,119) or to make a contribution to a charity selected *by the customer*

(Hovakimian, 5,466,919), according to the Decision rendered by the Board of Patent

Appeals and Interferences on the parent application on October 30, 2002, the prior art

does not render it obvious to use the portion of the transaction payment to benefit the

merchant instead of the customer.  Therefore, the non-obvious novelty of the invention

Application/Control Number: 09/356,711                                    Page 4
Art Unit: 3622

is using the portion of the transaction payment as a remittance towards payment of an

obligation owed *by the merchant* as claimed in independent Claims 38 and 47.

Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

accompany the issue fee. Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."


### Conclusion

6.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Exr. James W. Myhre whose telephone number is (703)

308-7843. The examiner can normally be reached Monday through Thursday from 6:30

a.m. to 3:30 p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Eric Stamber, can be reached on (703) 305-8469. The fax phone number

for Formal or Official faxes to Technology Center 3600 is (703) 872-9306. Draft or

Informal faxes, which will not be entered in the application, may be submitted directly to

the examiner at (703) 746-5544.

Application/Control Number: 09/356,711                                    Page 5
Art Unit: 3622

     Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the Group Receptionist whose telephone number is

(703) 308-1113.

JWM
March 17, 2005

James W. Myhre
Primary Examiner
Art Unit 3622

ADV0000269

# EXHIBIT M

to

## ADVANCEME INC.'S OPENING CLAIM CONSTRUCTION BRIEF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC.,<br>Plaintiff,<br><br>v.<br><br>RAPIDPAY LLC, FIRST FUNDS LLC,<br>MERCHANT MONEY TREE, INC.,<br>REACH FINANCIAL LLC, and<br>FAST TRANSACT, INC. d/b/a<br>SIMPLE CASH,<br>Defendants. | § § § § § § § § § § § § | CIVIL CASE NO. 6:05-cv-424 (LED) |
| ADVANCEME, INC.,<br>Plaintiff,<br><br>v.<br><br>AMERIMERCHANT LLC,<br>Defendants. | § § § § § § § § | CIVIL CASE NO. 6:06-cv-82 (LED)<br>JURY TRIAL DEMANDED |

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3

Pursuant to Patent Rule (P.R.) 4-3 of the Rules of Practice for Patent Cases before the

Eastern District of Texas and this Court's Docket Control Orders for the above captioned

actions, Plaintiff AdvanceMe, Inc. ("AdvanceMe") and Defendants Merchant Money Tree, Inc.

("Merchant Money Tree"), Reach Financial LLC ("Reach Financial"), First Funds LLC ("First

Funds") and AmeriMerchant LLC ("AmeriMerchant") hereby submit the following Joint Claim

Construction and Prehearing Statement for U.S. Patent No. 6,941,281 ("'281 Patent").

I.    **Anticipated Length of Time for the Claim Construction Hearing
      Pursuant P.R. 4-3(c)**

Plaintiff AdvanceMe and Defendants Merchant Money Tree, Reach Financial, First
Funds and AmeriMerchant anticipate that the hearing can be completed in approximately four
hours.


II.    **Identification of Witnesses Pursuant P.R. 4-3(d)**

Plaintiff AdvanceMe and Defendants Merchant Money Tree, Reach Financial, First
Funds and AmeriMerchant do not intend to call any witnesses, including experts. The parties
reserve the right to call expert witnesses.


III.    **Agreed Constructions Pursuant P.R. 4-3(a)**

Attachment 1 sets forth the constructions of claim terms, phrases and clauses that have
been agreed upon by Plaintiff AdvanceMe and Defendants Merchant Money Tree, Reach
Financial, First Funds and AmeriMerchant.


IV.    **Disputed Terms Pursuant P.R. 4-3(b)**

Attachment 2 sets forth the proposed constructions of each claim term, phrase and clause
in dispute by Plaintiff AdvanceMe and Defendants Merchant Money Tree, Reach Financial, First
Funds and AmeriMerchant.

Attachment 3 identifies the claim elements that Plaintiff AdvanceMe and Defendants
Merchant Money Tree, Reach Financial, First Funds and AmeriMerchant agree should be
construed under 35 U.S.C. §112 ¶6. Plaintiff AdvanceMe and Defendants Merchant Money
Tree, Reach Financial, First Funds and AmeriMerchant agree on the recited functions for each
means plus function element except for the instances of the disputed terms set forth in
Attachment 2 that are contained in the recited functions. However, Plaintiff AdvanceMe and
Defendants Merchant Money Tree, Reach Financial, First Funds and AmeriMerchant presently

dispute the corresponding structures disclosed in the '281 for carrying out the identified functions.

Respectfully Submitted,

Date: August 2, 2006

By: _____/s/_____

PAUL, HASTINGS, JANOFSKY &
WALKER LLP
Ronald S. Lemieux (Admitted Pro Hac
Vice)
California Bar No. 120822
Vidya R. Bhakar (Admitted Pro Hac Vice)
California Bar No. 220210
Robert C. Matz (Admitted Pro Hac Vice)
California Bar No. 217822
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email: ronlemieux@paulhastings.com

IRELAND, CARROLL & KELLEY, P.C.
Otis W. Carroll, **Attorney-in-Charge**
Texas State Bar No. 03895700
Deborah Race
Texas State Bar No. 16448700
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: 903-561-1600
Facsimile: 903-581-1071
Email: fedserv@icklaw.com

ATTORNEYS FOR PLAINTIFF
ADVANCEME, INC.

Date: August 2, 2006

By: __/s/ (by permission Vid Bhakar)__
Willem G. Schuurman
Texas State Bar No. 17855200
Joseph D. Gray
Texas State Bar No. 24045970
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Phone: (512) 542-8400 –
Fax: (512) 236-3476
– and –
Hilary Preston
Admitted Pro Hac Vice
VINSON & ELKINS L.L.P.
666 Fifth Avenue
26th Floor
New York, New York 10103
Phone: (212) 237-0000
Fax: (212) 237-0100
– and –
Douglas McSwane
Texas State Bar No. 13861300
POTTER MINTON, P.C.
110 North College
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

ATTORNEYS FOR DEFENDANTS
MERCHANT MONEY TREE, INC.,
REACH FINANCIAL LLC, FIRST
FUNDS LLC AND AMERIMERCHANT
LLC

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

3

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3

# ATTACHMENT 1

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-cv-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT
CIVIL CASE NO. 6:06-cv-82 (LED)

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT LOCAL PATENT RULE 4-3

## ATTACHMENT 1

### P.R. 4-3(a) – Agreed Constructions

| Claim Term, Phrase or Clause | Agreed Construction |
|---|---|
| electronically forwarding<br><br>(Recited in Claims 1 and 10) | Sending through the use of electronics, including, for example, a telephone system or other electronic network |
| computerized merchant processor<br><br>(Recited in Claims 1 and 10) | A computer-equipped entity or combination of entities that acquires or processes merchant transactions. |
| acquiring the information related to the payment<br><br>(Recited in Claim 1) | Receiving the information related to the payment |
| authorizing [the payment]<br><br>(Recited 1 and 10) | Obtaining permission for using the customer identifier for the transaction between the customer and the merchant |

| Claim Term, Phrase or Clause | Agreed Construction |
|---|---|
| computerized payment receiver<br><br>(Recited 1, 8 and 9) | Account or entity capable of receiving payments or credits electronically |
| applying that portion to the outstanding obligation made by the merchant to reduce such obligation<br><br>(Recited in Claim 1) | Using the portion that was received from the merchant processor to reduce the obligation owed by the merchant |
| credit card<br><br>(Recited in Claims 2 and 11) | A card that entitles a person or entity to make purchases on credit |
| charge card<br><br>(Recited in Claims 5 and 14) | A card that requires full payment every billing cycle |
| electronically accepting the customer identifier<br><br>(Recited in Claims 7 and 16) | Accepting the customer identifier using an electronic device |
| a percentage of the obligation<br><br>(Recited in Claim 19) | Any percentage of the obligation |

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 1

# ATTACHMENT 2

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-cv-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT
CIVIL CASE NO. 6:06-cv-82 (LED)

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT LOCAL PATENT RULE 4-3

## ATTACHMENT 2

### P.R. 4-3(b) – Disputed Terms

| Claim Term, Phrase or Clause | AdvanceMe's Proposed Construction and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Construction and Evidence |
|---|---|---|
| customer identifier<br><br>(Recited in Claims 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15 and 16) | **Proposed Construction:**<br>Any information submitted to a merchant or its designee for payment of goods or services<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* Abstract; 1:54-61; 2:4-6; 2:34-37; 2:46-47; 3:10-17; '281 Patent File History, 1/24/02 Office Action, pp. 3-6, 8/22/02 Office Action, pp. 3-6, 1/12/04 Office Action, pp. 3-6; U.S. Patent No. 4,750,119 (Cohen patent relied upon by Examiner); '544 Patent File History, 11/10/98 Office Action, pp. 3-5, 2/16/99 Office Action, pp. 2-4; 6/7/99 Response After Final Under Rule 1.116, pp. 2-5; 8/6/99 Office Action, pp. 2-5; Appellant's Brief on Appeal, pp. 2-4; 8/10/00 Examiner's Answer, pp. 3-4; 10/30/02 Decision | **Proposed Construction:**<br>Any unique identifying card account number of a type that was available in July 1997<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* Abstract; 1:17-19; 1:29-33; 1:54-61; 2:2-7; 2:29-37; 2:44-48; 3:10-17; 3:27-30; 6:25-29; 6:29-31 |

| Claim Term, Phrase or Clause | AdvanceMe's Proposed Construction and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Construction and Evidence |
|---|---|---|
| | on Appeal, pp. 1, 8.<br><br>**Extrinsic Evidence:**<br>*See, e.g.,* American Heritage College Dictionary, Third Edition 1997 at pp. 341, 674; The New Webster's Encyclopedic Dictionary of the English Language, 1997 Edition at pp. 169, 339 | |
| payment card | No construction is required because this term is not explicitly recited in any claim | Indefinite<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* Abstract; 1:17-19; 1:28-33; 1:54-61; 2:31-34; 3:10-17 |
| settling the payment<br><br>(Recited in Claims 1 and 10) | **Proposed Construction:**<br>The part of a transaction when an amount is transferred or credited to the merchant processor<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* FIG. 1B; 2:65-67; 4:15-56; '281 Patent File History, 07/16/99 Preliminary Amendment, p. 4<br><br>**Extrinsic Evidence:**<br>*See, e.g.,* American Heritage College Dictionary, Third Edition 1997 at p. 1248; The New Webster's Encyclopedic Dictionary of the English Language, 1997 Edition at pp. 604, 605 | **Proposed Construction:**<br>The part of a transaction when an amount is transferred or credited by the card issuer<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* FIG. 1B; 1:35-42; 2:65-67; 3:51-58; 4:16-56; 7:6-11; 7:24-29; 8:15-18 |

7

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 2

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:05-CV-82 (LED)

| Claim Term, Phrase or Clause | AdvanceMe's Proposed Construction and Evidence | Merchant Money Tree's, Reach Financial's First Funds' and AmeriMerchant's Proposed Construction and Evidence |
|---|---|---|
| obligation<br><br>(Recited in Claims 1, 10 and 19) | **Proposed Construction:**<br>An amount owed by a merchant that is independent of any costs or fees arising out of the use of customer identifiers as payment.<br><br>**Intrinsic Evidence:**<br>*See, e.g.*, Abstract; FIGS. 2, 3A, 3B; 1:62 - 2:2; 2:11-16; 5:16-37; '281 Patent File History, 7/14/04 Request for Extension of Time and Amendment, pp. 5-6, 3/17/05 Notice of Allowability, pp. 3-4; U.S. Patent No. 4,750,119 (Cohen patent relied upon by Examiner); '544 Patent File History, 11/10/98 Office Action, pp. 3-5, 1/22/99 Amendment and Response, pp. 2-4; 2/16/99 Office Action, pp. 2-6, 6/7/99 Response After Final Under Rule 1.116, pp. 2-5, 7/16/99 Preliminary Amendment, pp. 2-5; 8/6/99 Office Action, pp. 2-6, Appellant's Brief on Appeal, pp. 2-5, 7-12, and 15-18, 8/10/00 Examiner's Answer, pp. 3-8, 10/30/02 Decision on Appeal, pp. 4-7. | **Proposed Construction:**<br>Ordinary meaning<br><br>**Intrinsic Evidence:**<br>*See, e.g.*, 1:29-35; 1:62-67; 2:1-3; 2:11-19; 2:25-34; 2:41-53; 5:4-17; 5:21-29; 7:2-4; '281 Patent File History, 7/14/04 Request for Extension of Time and Amendment, pp. 5-6; '544 Patent File History, 6/9/99 Response, pp. 2-4 |
| debit card<br><br>(Recited in Claims 3 and 12) | **Proposed Construction:**<br>A card linked to a deposit account | **Proposed Construction:**<br>A card linked to a deposit account that can be used to make purchases. |

8

| Claim Term, Phrase or Clause | AdvanceMe's Proposed Construction and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Construction and Evidence |
|---|---|---|
| | **Intrinsic Evidence:**<br>*See, e.g.,* 1:17-22; 1:54-61; 3:10-20; 3:46-49; 6:31-34<br><br>**Extrinsic Evidence:**<br>*See, e.g.,* http://www.investordictionary.com/definition/debit+card.aspx; and http://en.wikipedia.org/wiki/Debit_card | **Intrinsic Evidence:**<br>*See, e.g.,* 1:17-22; 1:54-61; 3:10-20; 3:46-49; 6:31-34 |
| smart card<br><br>(Claims 4 and 13) | **Proposed Construction:**<br>A card that contains an integrated circuit such as a microprocessor or a memory<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* 1:17-22; 1:54-61; 3:10-20<br><br>**Extrinsic Evidence:**<br>*See, e.g.,* Microsoft Press Computer Dictionary, Third Edition 1997 at p. 439 | **Proposed Construction:**<br>A card containing an integrated circuit, such as a microprocessor or a memory, that can be used to make purchases<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* 1:17-22; 1:54-61; 3:10-20 |

9

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.<br>CIVIL CASE NO. 6:05-CV-424 (LED)<br>ADVANCEME, INC. V. AMERIMERCHANT LLC<br>CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND<br>PREHEARING STATEMENT<br>PURSUANT LOCAL PATENT RULE 4-3<br>ATTACHMENT 2

| Claim Term, Phrase or Clause | AdvanceMe's Proposed Construction and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Construction and Evidence |
|---|---|---|
| accumulating the payments until a predetermined amount is reached<br><br>(Recited in Claims 8 and 17) | **Proposed Construction:**<br>Holding a payment or payments until a predetermined monetary amount is reached<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* 2:16-20; 5:38-45<br><br>**Extrinsic Evidence:**<br>*See, e.g.,* American Heritage College Dictionary, Third Edition 1997 at pp. 9, 1077; The New Webster's Encyclopedic Dictionary of the English Language, 1997 Edition at pp. 6, 524. | **Proposed Construction:**<br>Accumulating the payments until a predetermined monetary amount is reached<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* 2:16-20; 2:23-25; 5:40-45 |
| periodically forwarding<br><br>(Recited in Claims 9 and 18) | **Proposed Construction:**<br>Forwarding at intervals defined by time or predetermined amount<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* 2:20-30; 5:45-48<br><br>**Extrinsic Evidence:**<br>*See, e.g.,* American Heritage College Dictionary, Third Edition 1997 at p.1016; The New Webster's Encyclopedic Dictionary of the English Language, 1997 Edition at p. 496. | **Proposed Construction:**<br>Forwarding at an interval other than upon every payment<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* 1:23-25; 2:16-25; 5:12-14; 5:45-48 |

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 2

| Claim Term, Phrase or Clause | AdvanceMe's Proposed Construction and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Construction and Evidence |
|---|---|---|
| third party<br><br>(Recited in Claims 10, 17, 18 and 19) | **Proposed Construction:**<br>Payment receiver<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* 1:35 – 42; 2:11-20; 5:14-17; '281 Patent File History, 7/14/04 Request for Extension of Time and Amendment, pp. 5-6; '281 Patent File History, 3/17/05 Notice of Allowability, pp. 3-4<br><br>**Extrinsic Evidence:**<br>*See, e.g.,* American Heritage College Dictionary, Third Edition 1997 at p. 1409 | **Proposed Construction:**<br>Any entity other than the customer or the merchant<br><br>**Intrinsic Evidence:**<br>*See, e.g.,* 1:23-25; 1:35-42; 1:62-63; 2:2-7; 2:11-34; 2:41-43; 2:48-53; 5:9-29; 5:38-48; 5:53-58; 6:3-7; 6:12-14; 6:64-67; 7:1-6; '281 Patent File History, 7/14/04 Request for Extension of Time and Amendment, pp. 5-6 |

11

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.<br>CIVIL CASE NO. 6:05-CV-424 (LED)<br>ADVANCEME, INC. V. AMERIMERCHANT LLC<br>CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT LOCAL PATENT RULE 4-3<br>ATTACHMENT 2

# ATTACHMENT 3

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-cv-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT
CIVIL CASE NO. 6:06-cv-82 (LED)

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3

## ATTACHMENT 3

P.R. 4-3(b) Disputed Terms – Claim Terms Which AdvanceMe, Merchant Money Tree, Reach Financial and AmeriMerchant
Agree Should Be Construed Under 35 U.S.C. § 112 ¶6

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| means for accepting a customer identifier from the customer<br><br>(Recited in Claim 10) | **Agreed Function:** "accepting a customer identifier from the customer"<br><br>The parties dispute the construction of the following term(s) contained in the agreed function (*See* Attachment 2): "customer identifier"<br><br>**AdvanceMe's Proposed Structure:** consumer data input device 316 or telephone or computer or World Wide Web<br><br>**Evidence:** *See, e.g.,* FIGS. 1A, 3B; 2:4-11; 2:34-43; 3:20-31; 6:18-59. | **Defendants' Proposed Structure:** magnetic card reader or keyboard or telephone<br><br>**Evidence:** *See, e.g.,* 2:7-11; 2:38-41; 6:23-29 |

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| means for electronically forwarding information related to the payment to a computerized merchant processor<br><br>(Recited in Claim 10) | **Agreed Function:**<br>"electronically forwarding information related to the payment to a computerized merchant processor"<br><br>The parties agree on the construction of the following term(s) contained in the agreed function (*See* Attachment 1):<br>"electronically forwarding"<br>"computerized merchant processor"<br><br>The parties dispute the construction of the following term(s) contained in the agreed function (*See* Attachment 2):<br>"customer identifier"<br><br>**AdvanceMe's Proposed Structure:**<br>input/output device 322<br><br>**Evidence:**<br>*See, e.g.,* FIG. 3B; 6:18-23; 6:52-63 | **Defendants' Proposed Structure:**<br>Modem and public and/or private network<br><br>**Evidence:**<br>*See, e.g.,* 3:33-36; 6:60-63 |

13

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 3

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| means for receiving the information related to the payment from the merchant (Recited in Claim 10) | **Agreed Function:** "receiving the information related to the payment from the merchant" **AdvanceMe's Proposed Structure:** input/output device 306 or telephone or computer or World Wide Web **Evidence:** *See, e.g.*, FIGS. 1A, 3A; 3:31–40; 5:49–6:17; 6:60–63. | **Defendants' Proposed Structure:** Modem **Evidence:** *See, e.g.*, 6:60–63 |
| means for authorizing the payment (Recited in Claim 10) | **Agreed Function:** "authorizing the payment" The parties agree on the construction of the following term(s) contained in the agreed function (*See* Attachment 1): "authorizing the payment" **AdvanceMe's Proposed Structure:** one or more computers and/or dedicated electronics programmed or configured or routed to route an authorization request to a card issuer and receive approval of the authorization from the card issuer **Evidence:** *See, e.g.*, FIGS. 1A, 3A; 3:30-4:4; 5:58-66; 6:7-11. | **Defendants' Proposed Structure:** No structure disclosed |

14

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 3

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| means for settling the payment<br><br>(Recited in Claim 10) | **Agreed Function:**<br>"settling the payment"<br><br>The parties dispute the construction of the following terms contained in the agreed function (*See* Attachment 2):<br>"settling the payment"<br><br>**AdvanceMe's Proposed Structure:**<br>one or more computers and/or dedicated electronics programmed or configured to submit the amount of the customer's purchase to the card issuer and receive or be credited some amount by the card issuer<br><br>**Evidence:**<br>*See, e.g.,* FIGS. 1B, 3A; 4:27-37; 5:58-66; 6:7-11. | **Defendants' Proposed Structure:**<br>No structure disclosed |
| means for forwarding a portion of the payment to the third party<br><br>(Recited in Claim 10) | **Agreed Function:**<br>"forwarding a portion of the payment to the third party"<br><br>The parties dispute the construction of the following terms contained in the agreed function (*See* Attachment 2):<br>"third party"<br><br>**AdvanceMe's Proposed Structure:**<br>input/output device 306 | **Defendants' Proposed Structure:**<br>No structure disclosed |

15

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.<br>CIVIL CASE NO. 6:05-CV-424 (LED)<br>ADVANCEME, INC. V. AMERIMERCHANT LLC<br>CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND<br>PREHEARING STATEMENT<br>PURSUANT LOCAL PATENT RULE 4-3<br>ATTACHMENT 3

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
| --- | --- | --- |
| | **Evidence:** <br> *See, e.g.,* FIGS. 1A, 3A; 3:31-40; 5:49-6:17; 6:60-63. | |
| means for accepting a credit card number as the customer identifier <br><br> (Recited in Claim 11) | **Agreed Function:** <br> "accepting a credit card number as the customer identifier" <br><br> The parties agree on the construction of the following terms contained in the agreed function *(See* Attachment 1): <br> "credit card" <br><br> The parties dispute the construction of the following terms contained in the agreed function *(See* Attachment 2): <br> "customer identifier" <br><br> **AdvanceMe's Proposed Structure:** <br> consumer data input device 316 or telephone or computer or World Wide Web <br><br> **Evidence:** <br> *See, e.g.,* FIGS. 1A, 3B; 2:4-11; 2:34-43; 3:20-31; 6:18-59. | **Defendants' Proposed Structure:** <br> magnetic card reader or keyboard or telephone <br><br> **Evidence:** <br> *See, e.g.,* 2:7-11; 2:38-41; 6:23-29 |

16

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 3

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| means for accepting a debit card number as the customer identifier<br><br>(Recited in Claim 12) | **Agreed Function:**<br>"accepting a debit card number as the customer identifier"<br><br>The parties dispute the construction of the following terms contained in the agreed function (*See* Attachment 2):<br>"debit card"<br>"customer identifier"<br><br>**AdvanceMe's Proposed Structure:**<br>consumer data input device 316 or telephone or computer or World Wide Web<br><br>**Evidence:**<br>*See, e.g.,* FIGS. 1A, 3B; 2:4-11; 2:34-43; 3:20-31; 6:18-59. | **Defendants' Proposed Structure:**<br>magnetic card reader or keyboard or telephone<br><br>**Evidence:**<br>*See, e.g.,* 2:7-11; 2:38-41; 6:23-29 |
| means for accepting a smart card number as the customer identifier<br><br>(Recited in Claim 13) | **Agreed Function:**<br>"accepting a smart card number as the customer identifier"<br><br>The parties dispute the construction of the following terms contained in the agreed function (*See* Attachment 2):<br>"smart card"<br>"customer identifier"<br><br>**AdvanceMe's Proposed Structure:**<br>consumer data input device 316 or telephone or computer or World Wide Web | **Defendants' Proposed Structure:**<br>magnetic card reader or keyboard or telephone |

17

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| | **Evidence:** See, e.g., FIGS. 1A, 3B; 2:4-11; 2:34-43; 3:20-31; 6:18-59. | **Evidence:** See, e.g., 2:7-11; 2:38-41; 6:23-29 |
| means for accepting a charge card number as the customer identifier

(Recited in Claim 14) | **Agreed Function:** "accepting a charge card number as the customer identifier"

The parties agree on the construction of the following terms contained in the agreed function (See Attachment 1): "charge card"

The parties dispute the construction of the following terms contained in the agreed function (See Attachment 2): "customer identifier"

**AdvanceMe's Proposed Structure:** consumer data input device 316 or telephone or computer or World Wide Web

**Evidence:** See, e.g., FIGS. 1A, 3B; 2:4-11; 2:34-43; 3:20-31; 6:18-59. | **Defendants' Proposed Structure:** magnetic card reader or keyboard or telephone

**Evidence:** See, e.g., 2:7-11; 2:38-41; 6:23-29 |

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 3

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| means for accepting the customer identifier at a merchant location<br><br>(Recited in Claim 15) | **Agreed Function:**<br>"accepting the customer identifier at a merchant location"<br><br>The parties dispute the construction of the following terms contained in the agreed function<br><br>(*See* Attachment 2):<br>"customer identifier"<br><br>**AdvanceMe's Proposed Structure:**<br>consumer data input device 316 or telephone or computer or World Wide Web<br><br>**Evidence:**<br>*See, e.g.,* FIGS. 1A, 3B; 2:4-11; 2:34-43; 3:20-31; 6:18-59. | **Defendants' Proposed Structure:**<br>magnetic card reader or keyboard or telephone<br><br>**Evidence:**<br>*See, e.g.,* 2:7-11; 2:38-41; 6:23-29 |
| means for electronically accepting the customer identifier<br><br>(Recited in Claim 16) | **Agree Function:**<br>"electronically accepting the customer identifier"<br><br>The parties agree on the construction of the following terms contained in the agreed function<br>(*See* Attachment 1):<br>"electronically accepting"<br><br>The parties dispute the construction of the following terms contained in the agreed function<br><br>(*See* Attachment 2):<br>"customer identifier" | |

19

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 3

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| | **AdvanceMe's Proposed Structure:** consumer data input device 316 or telephone or computer or World Wide Web <br><br> **Evidence:** <br> *See, e.g.,* FIGS. 1A, 3B; 2:4-11; 2:34-43; 3:20-31; 6:18-59. | **Defendants' Proposed Structure:** magnetic card reader or keyboard or telephone <br><br> **Evidence:** <br> *See, e.g.,* 2:7-11; 2:38-41; 6:23-29 |
| means for accumulating the payments until a predetermined amount is reached <br><br> (Recited in Claim 17) | **Agreed Function:** <br> "accumulating the payments until a predetermined amount is reached" <br><br> The parties dispute the construction of the following terms contained in the agreed function (*See Attachment 2*): <br> "accumulating the payments until a predetermined amount is reached" <br><br> **AdvanceMe's Proposed Structure:** one or more computers and/or dedicated electronics programmed or configured to accumulate payments it receives until a predetermined amount is reached <br><br> **Evidence:** <br> *See, e.g.,* FIGS. 2, 3A; 5:40-43; 5:58-66; 6:7-11. | **Defendants' Proposed Structure:** No structure disclosed |

20

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| means for forwarding at least a portion of the accumulated payments to the third party<br><br>(Recited in Claim 17) | **Agreed Function:**<br>"forwarding at least a portion of the accumulated payments to the third party"<br><br>The parties dispute the construction of the following terms contained in the agreed function<br>(*See* Attachment 2):<br>"third party"<br><br>**AdvanceMe's Proposed Structure:**<br>input/output device 306<br><br>**Evidence:**<br>*See, e.g.*, FIGS. 1A, 3A; 3:31-40; 5:49-6:17; 6:60-63. | **Defendants' Proposed Structure:**<br>No structure disclosed |
| means for periodically forwarding at least a portion of the payment to the third party<br><br>(Recited in Claim 18) | **Agreed Function:**<br>"periodically forwarding at least a portion of the payment to the third party"<br><br>The parties dispute the construction of the following terms contained in the agreed function<br>(*See* Attachment 2):<br>"periodically forwarding"<br>"third party"<br><br>**AdvanceMe's Proposed Structure:**<br>input/output device 306<br><br>**Evidence:**<br>*See, e.g.*, FIGS. 1A, 3A; 3:31-40; 5:49-6:17; 6:60-63. | **Defendants' Proposed Structure:**<br>No structure disclosed |

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-52 (LED)

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT LOCAL PATENT RULE 4-3 ATTACHMENT 3

| Claim Terms That Should Be Construed Under 35 U.S.C. § 112, ¶6 | AdvanceMe's Proposed Structure and Evidence | Merchant Money Tree's, Reach Financial's, First Funds' and AmeriMerchant's Proposed Structure and Evidence |
|---|---|---|
| means for forwarding to the third party an amount that is a percentage of the obligation<br><br>(Recited in Claim 19) | **Agreed Function:**<br>"forwarding to the third party an amount that is a percentage of the obligation"<br><br>The parties agree on the construction of the following terms contained in the agreed function (*See* Attachment 1):<br>"a percentage of the obligation"<br><br>The parties dispute the construction of the following terms contained in the agreed function (*See* Attachment 2):<br>"third party"<br><br>**AdvanceMe's Proposed Structure:**<br>input/output device 306<br><br>**Evidence:**<br>*See, e.g.,* FIGS. 1A, 3A; 3:31-40; 5:49-6:17; 6:60-63. | **Defendants' Proposed Structure:**<br>No structure disclosed |

LEGAL_US_W # 54153638.1

ADVANCEME, INC. V. RAPIDPAY LLC ET AL.
CIVIL CASE NO. 6:05-CV-424 (LED)
ADVANCEME, INC. V. AMERIMERCHANT LLC
CIVIL CASE NO. 6:06-CV-82 (LED)

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
PURSUANT LOCAL PATENT RULE 4-3
ATTACHMENT 3

# EXHIBIT N

to

## ADVANCEME INC.'S OPENING CLAIM
## CONSTRUCTION BRIEF

# Microsoft Press

# Computer Dictionary

## Third Edition

**Microsoft** Press

JSE
02- 237

PUBLISHED BY
Microsoft Press
A Division of Microsoft Corporation
One Microsoft Way
Redmond, Washington 98052-6399

Copyright © 1997 by Microsoft Corporation

All rights reserved. No part of the contents of this book may be reproduced or transmitted in any form or by any means without the written permission of the publisher.

Library of Congress Cataloging-in-Publication Data
Microsoft Press Computer Dictionary. -- 3rd ed.
    p.   cm.
   ISBN 1-57231-446-X
   1. Computers--Dictionaries.   2. Microcomputers--Dictionaries.
I. Microsoft Press.
QA76.15.M54  1997
004'.03--dc21

                                            97-15489
                                            CIP

Printed and bound in the United States of America.

  2  3  4  5  6  7  8  9   QMQM   2  1  0  9  8  7

Distributed to the book trade in Canada by Macmillan of Canada, a division of Canada Publishing Corporation.

A CIP catalogue record for this book is available from the British Library.

Microsoft Press books are available through booksellers and distributors worldwide. For further information about international editions, contact your local Microsoft Corporation office. Or contact Microsoft Press International directly at fax (425) 936-7329.

Macintosh, Power Macintosh, QuickTime, and TrueType are registered trademarks of Apple Computer, Inc. Intel is a registered trademark of Intel Corporation. DirectInput, DirectX, Microsoft, Microsoft Press, MS-DOS, Visual Basic, Visual C++, Win32, Win32s, Windows, Windows NT, and XENIX are registered trademarks and ActiveMovie, ActiveX, and Visual J++ are trademarks of Microsoft Corporation. Java is a trademark of Sun Microsystems, Inc. Other product and company names mentioned herein may be the trademarks of their respective owners.

**Acquisitions Editor:** Kim Fryer
**Project Editor:** Maureen Williams Zimmerman, Anne Taussig
**Technical Editors:** Dail Magee Jr., Gary Nelson, Jean Ross, Jim Fuchs, John Conrow, Kurt Meyer,
        Robert Lyon, Roslyn Lutsch

THIS MATERIAL MAY BE
PROTECTED BY COPYRIGHT
LAW (TITLE 17, U.S. CODE)

**small caps** \smäl kaps´\ *n.* A font of capital letters that are smaller than the standard capital letters in that typeface. THIS TEXT IS IN SMALL CAPS.

**Small Computer System Interface** \smäl` kəm-pyōō` tər si´stəm in`tər-fās\ *n.* See SCSI.

**small model** \smäl` mod´əl\ *n.* A memory model of the Intel 80x86 processor family that allows only 64 kilobytes (KB) for code and 64 KB for data. *See also* memory model.

**small-scale integration** \smäl`skāl in`tə-grā´shən\ *n.* A concentration of fewer than 10 components on a single chip. *Acronym:* SSI (S`S-I´). *See also* integrated circuit.

**Smalltalk** \smäl´täk\ *n.* An object-oriented language and development system developed at Xerox Palo Alto Research Center (PARC) in 1980. Smalltalk pioneered many language and user interface concepts that are now widely used in other environments, such as the concept of an object that contains data and routines and on-screen icons that the user can choose to make the computer perform certain tasks. *See also* object-oriented programming.

**smart** \smärt\ *adj.* A synonym for intelligent. *See* intelligence.

**smart cable** \smärt´ kā`bl\ *n. See* intelligent cable.

**smart card** \smärt´ kärd\ *n.* **1.** In computers and electronics, a circuit board with built-in logic or firmware that gives it some kind of independent decision-making ability. **2.** In banking and finance, a credit card that contains an integrated circuit that gives it a limited amount of "intelligence" and memory.

**smart linkage** \smärt` lēnk´əj\ *n.* A feature of programming languages that guarantees that routines will always be called with correct parameter types. *See also* link (definition 1).

**smart quotes** \smärt´ kwōts\ *n.* In word processors, a function that automatically converts the ditto marks (") produced by most computer keyboards to the inverted commas (" and ") used in typeset text.

**SMART system** \smärt´ si`stəm, S`M-A-R-T´\ *n.* Short for self-monitoring analysis and reporting technology **system**. A system by which technology is used to monitor and predict device performance and reliability. A SMART system employs various diagnostic tests to detect problems with devices, with the object of increasing productivity and protecting data.

**smart terminal** \smärt` tər´mə-nəl\ *n.* A terminal that contains a microprocessor and random access memory (RAM) and that does some rudimentary processing without intervention from the host computer. *Compare* dumb terminal.

**SMDS** \S`M-D-S´\ *n.* Acronym for Switched Multimegabit Data Services. A very high-speed, switched data transport service that connects local area networks and wide area networks through the public telephone network.

**smiley** \smī´lē\ *n. See* emoticon.

**S/MIME** \S´mīm, S`-M-I-M-E´\ *n.* Acronym for Secure/Multipurpose Internet Mail Extensions. An Internet e-mail security standard that makes use of public key encryption. *See also* public key encryption.

**SMIS** \S`M-I-S´\ *n.* Acronym for Society for Management Information Systems. *See* Society for Information Management.

**smoke test** \smōk´ test\ *n.* The testing of a piece of hardware after assembly or repairs by turning it on. The device fails the test if it produces smoke, explodes, or has some other unexpected violent or dramatic reaction, even if it appears to work.

**smooth** \smōōdh\ *vb.* **1.** To eliminate irregularities in statistical data by some process such as continuous averaging or by removing random (irrelevant) values. **2.** In graphics, to remove jagged edges from a figure or line. *See also* anti-aliasing.

**SMP** \S`M-P´\ *n.* Acronym for symmetric multiprocessing. A computer architecture in which multiple processors share the same memory, which contains one copy of the operating system, one copy of any applications that are in use, and one copy of the data. Because the operating system divides the workload into tasks and assigns those tasks to whatever processors are free, SMP reduces transaction time. *See also* architecture, multiprocessing.

**SMP server** \S`M-P´ sər-vər\ *n.* Short for symmetric **multiprocessing server**. A computer that is designed with the SMP architecture to improve its performance as a server in client/server applications. *See also* SMP.

**SMT** \S`M-T´\ *n. See* surface-mount technology.

**SMTP** \S`M-T-P´\ *n. See* Simple Mail Transfer Protocol.

# EXHIBIT O

to

## ADVANCEME INC.'S OPENING CLAIM
## CONSTRUCTION BRIEF

# THE
# AMERICAN
# HERITAGE®
# COLLEGE
# DICTIONARY

### THIRD EDITION



HOUGHTON MIFFLIN COMPANY
*Boston • New York*

ADV0001689

Words are included in this Dictionary on the basis of their usage. Words that are known to have current trademark registrations are shown with an initial capital and are also identified as trademarks. No investigation has been made of common-law trademark rights in any word, because such investigation is impracticable. The inclusion of any word in this Dictionary is not, however, an expression of the Publisher's opinion as to whether or not it is subject to proprietary rights. Indeed, no definition in this Dictionary is to be regarded as affecting the validity of any trademark.

American Heritage® and the eagle logo are registered trademarks of Forbes Inc. Their use is pursuant to a license agreement with Forbes Inc.

Copyright © 1997, 1993 by Houghton Mifflin Company. All rights reserved.

No part of this work may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying and recording, or by any information storage or retrieval system without the prior written permission of Houghton Mifflin Company unless such copying is expressly permitted by federal copyright law. Address inquiries to Reference Permissions, Houghton Mifflin Company, 222 Berkeley Street, Boston MA 02116.

0-395-67161-2 (UPC)

*Library of Congress Cataloging-in-Publication Data*
The American heritage college dictionary. —3rd ed.
    p.   cm.
    ISBN 0-395-66917-0 (plain edge). —ISBN 0-395-44638-4 (thumb edge). —ISBN 0-395-66918-9 (deluxe binding).
    1. English language—Dictionaries.  2. Americanisms.
PE1628.A6227   1993
423—dc20
                                  92-42124
                                    CIP

Manufactured in the United States of America

For information about this and other Houghton Mifflin trade and reference books and multimedia products, visit The Bookstore at Houghton Mifflin on the World Wide Web at http://www.hmco.com/trade/.

ADV0001690

Case 6:05-cv-00424-LED   Document 104   Filed 09/13/2006   Page 74 of 74

heavy or viscous consistency. ...ounding. 6. Impenetrable by the ...r understand; indistinctly artic... ...ly articulated sounds. 8. No... ...picuous: a thick brogue. 9. In... ...ry stupid.—10. Informal: Very ... ...d. Going beyond what is toler... ...: thick manner; deeply or heav... ...or arrangement; densely. 3. So ... ...the bread thick.—n. 1. The ... ...sive or intense part. —Idiom. ... ...times. [ME thicke < OE thicce. ... —thick'ly adv. ... ...ened, -en-ing, -ens. 1. To ... ...ct. 2. To make or become more ... —thick'en-er n. ... ...The act or process of making ... al used to thicken. 3. A thick. ...

...e growth of shrubs or under-... ...suggestive of a dense growth of ... icket < thicca, thick. See THICK.] ... person regarded as stupid; ... adj.

...clabber.
...quality or condition of being ... ...ten two surfaces of an object, ... ...st measure. 3. A layer, sheet, ... a single thickness of concrete. ... ...aving a solid stocky form or ... placed closely together. ...
...1. Having a thick skin or ... ...3. Largely unaffected by the ... ople; insensitive. ...
...j. Stupid; dull. ...
...One who steals, esp. one who ... ealth. [ME < OE theof.] ...
...ed, thiev-ing, thieves. To take ... t theft. [Perh. < OE theofian < ...

...es. Thieving. ...
...n to thieving. 2. Of, similar to, ... ...rtive. ...
...the human leg between the hip ... nding part of the hind leg of a ... ...animal. 2. The second segment ... ...tibia and fibula. 3. The femur ... theoob. See teuə-*.] ...
ernur' 1. ...
...lin) n. See stereotaxts 2. [Gk. ... ...ə, to touch; see dheigh-*] + ... ...ak'tik) adj. ...
...rə-plz'əm) n. The turning or ... ...sm upon direct contact with a ... igma; touch; see THIGMOTAXIS + ... ...(thig'mə-trōp'ĭk, -trō'pĭk) ... ...long shafts between which an ... g a wagon. [ME thille, perh. < ...

...all cup made of metal, plastic, ... worn to protect the finger that ... Any of various tubular sockets ... ...ut. 3. A metal ring fitted in an ... ...b. A metal ring around which ... imbil, alteration of OE thymel, ... ...ze, thumb. See teuə-*.] ...
...'ē) n. 1. Any of several North ... ...us parviflorus, R. occidentalis, ... ...ily, having thimble-shaped ag-... ...ay of these plants. ...
...r. 1. A very small quantity. ... can hold. ...
...omes. — n. 1. See shell game ... mblerig. —tr.v. -rigged, -rig-... r as if with a thimbleriag. ...
...'ē) n. Any of several North ... ...Anemone, having cylindrical ...

...o Thim•phu (-pōō'). The cap... E Himalaya Mts. Pop. 8,982. ... ...n. A cream-colored crystalline ... ...as a local antiseptic. [THIO(-)... ...(xYN).] ...
...nest. 1.a. Relatively small in ... opposite, usu. in the smallest ... ...it diameter or cross section; ... ...ice in form, build, or stature. ... ...: sparse. b. More rarefied than ... with relative ease; not viscous ... d or provided; scanty: a thin ... ...stamp; flimsy. 7. Lacking res-... acking radiance or intensity.

9. Not having enough photographic density or contrast to make satisfactory prints. Used of a negative. —adv. 1. In a thin manner. 2. So as to be thin: Cut the cheese thin. —tr. & intr.v. thinned, thin-ning, thins. To make or become thin or thinner. [ME < OE thynne. See ten-*.] —thin'ly adv. —thin'ness n. —thin'nish adj.
thine (thīn) pron. (used with a sing. or pl. v.) Used to indicate the one or ones belonging to thee. —adj. A possessive form of thou[1]. Used instead of thy before an initial vowel or h: thine orchard. [ME < OE thīn. See tu-*.]
thing (thĭng) n. 1. An entity, an idea, or a quality perceived, known, or thought to have its own existence. 2.a. The real or concrete substance of an entity. b. An entity existing in space and time. c. An inanimate object. 3. Something referred to by a word, a symbol, a sign, or an idea; a referent. 4. A creature: poor thing. 5. An individual object: There wasn't a thing in sight. 6.a. Law. That which can be possessed or owned. Often used in the plural: things personal. b. things. Possessions; belongings: packed her things. c. An article of clothing: Put on your things. 7. things. The equipment needed for an activity or a special purpose: cleaning things. 8. An object or entity that is not or cannot be named specifically. 9.a. An act, deed, or work. b. The result of work or activity: always building things. 10. A thought, a notion, or an utterance. 11. A piece of information. 12. A means to an end: just the thing to increase sales. 13. An end or objective. 14. A matter of concern. 15. A turn of events; a circumstance. 16.a. things. The general state of affairs; conditions. b. A particular state of affairs; a situation. 17. Informal. A persistent illogical feeling, as a desire or an aversion; an obsession: has a thing about seafood. 18. Informal. The latest fad or fashion; the rage. 19. Slang. An activity uniquely suitable and satisfying to one: do your own thing. —Idioms. first thing. Informal. Right away; before anything else. see (or hear) things. To have hallucinations. sure thing. Informal. 1. A certainty. 2. Of course; certainly. [ME < OE.]
thing•a•ma•bob or thing•u•ma•bob (thĭng'ə-mə-bŏb') also thing•um•bob (thĭng'əm-bŏb') n. Informal. A thingamajig. [Alteration of thingumbob + -mabob.]
thing•a•ma•jig also thing•um•a•jig (thĭng'ə-mə-jĭg') n. Informal. Something difficult to classify or whose name has been forgotten or is not known. [Alteration of obsolete thing-um (< THING) + jig.]
think (thĭngk) v. thought (thôt), think-ing, thinks. —tr. 1. To have or formulate in the mind. 2.a. To reason about or reflect on; ponder: Think it through. b. To decide by reasoning, reflection, or pondering. 3. To judge or regard; believe: I think it fair. 4. To believe; suppose. 5.a. To expect; hope. b. To intend. 6. To call to mind; remember. 7. To visualize; imagine. 8. To devise or evolve; invent: thought up a plan. 9. To bring into a given condition by mental preoccupation. 10. To concentrate one's thoughts on. —intr. 1. To exercise the power of reason, as by conceiving ideas, drawing inferences, and using judgment. 2. To weigh or consider an idea: thinking about moving. 3.a. To bring a thought to mind by imagination or invention. b. To recall a thought or an image to mind. 4. To believe; suppose. 5. To have care or consideration. 6. To dispose the mind in a given way: Do you think so? —adj. Informal. Requiring much thought to create or assimilate. —n. The act or an instance of deliberate or extended thinking; a meditation. —Idioms. come to think of it. Informal. When one considers the matter; on reflection. think aloud (or out loud). To speak one's thoughts audibly. think nothing of. To give little consideration to; regard as routine or usual. think twice. To weigh something carefully. [ME thenken < OE thencan. See tong-*.]
think•a•ble (thĭng'kə-bəl) adj. Possible to consider or be considered; conceivable. —think'a•bly adv.
think•er (thĭng'kər) n. 1. One who devotes much time to thought or meditation. 2. One who thinks or reasons in a certain way: a careful thinker.
think•ing (thĭng'kĭng) n. 1. The act or practice of one that thinks; thought. 2. A way of reasoning; judgment. —adj. Marked by thought or thoughtfulness; rational.
thinking cap n. A state in which one thinks, esp. carefully.
think piece n. A newspaper article consisting of news analysis, background material, and personal opinions.
think tank also think-tank (thĭngk'tăngk') n. A group or an institution for intensive research and problem solving, esp. in technology, social or political strategy, or armament.
thin•ner (thĭn'ər) n. A liquid, such as turpentine, mixed with paint or varnish to reduce its viscosity.
thin-skinned (thĭn'skĭnd') adj. 1. Having a thin rind or skin. 2. Oversensitive, esp. to criticism or insult.
thio- or thi- pref. Containing sulfur, used esp. of a compound in which a divalent sulfur has replaced oxygen: thiourea. [Gk. theio- < theion, sulfur.]
thi•o•car•ba•mide (thī'ō-kär'bə-mīd') n. See thiourea.
thi•o•cy•a•nate (thī'ō-sī'ə-nāt') n. A salt or ester of thiocyanic acid.

thi•o•cy•an•ic acid (thī'ō-sī-ăn'ĭk) n. An unstable colorless liquid, HSCN, used in the form of esters as an insecticide.
thi•o•kol (thī'ə-kŏl', -kôl', -kōl'). A trademark used for any of various polysulfide polymers in the form of liquids, water dispersions, and rubbers, used in seals and sealants.
thi•ol (thī'ôl', -ōl') n. See mercaptan.
thion- prep. Sulfur: thionic. [< Gk. theion, sulfur.]
thi•on•ic (thī-ŏn'ĭk) adj. Of, relating to, containing, or derived from sulfur.
thi•o•nyl (thī'ə-nĭl') n. See sulfinyl.
thi•o•pen•tal sodium (thī'ō-pĕn'tăl', -tŏl') n. A yellowish-white hygroscopic powder, $C_{11}H_{17}N_2O_2SNa$, injected intravenously as a general anesthetic and used in psychotherapy to induce a relaxed state. [THIO- + PENT(OBARBITAL sodium).]
thi•o•phene (thī'ō-fēn') n. A colorless liquid, $C_4H_4S$, used as a solvent. [THIO- + -phene (var. of PHENO-).]
thi•o•sul•fate (thī'ō-sŭl'fāt') n. A salt or an ester of thiosulfuric acid.
thi•o•sul•fu•ric acid (thī'ō-sŭl-fyoor'ĭk) n. An unstable acid, $H_2S_2O_3$, formed by replacement of an oxygen atom by a sulfur atom in sulfuric acid.
thi•o•u•ra•cil (thī'ō-yoor'ə-sĭl') n. A crystalline compound, $C_4H_4N_2OS$, that interferes with the synthesis of thyroxine, used to reduce the action of the thyroid gland.
thi•o•u•re•a (thī'ō-yoo-rē'ə) n. A lustrous crystalline compound, $(NH_2)_2CS$, used as a developer in photography and photocopying and in various organic syntheses.
Thi•ra (thēr'ə, thē'rä). Formerly San-to-rin (săn'tə-rēn'). A volcanic island of SE Greece in the S Cyclades Is. N of Crete.
third (thûrd) n. 1. The ordinal number matching the number three in a series. 2. One of three equal parts. 3. Mus. a. An interval of three degrees in a diatonic scale. b. A tone separated by three degrees from a given tone, esp. the third tone of a scale. 4. The transmission gear or gear ratio for forward speeds next higher to those of second in a motor vehicle. 5. Baseball. Third base. 6. thirds. Merchandise whose quality is below the standard set for seconds. [ME thridde, thordde, third < OE thridda. See trei-*.] —third adv. & adj.
third base n. Baseball. 1. The third of the bases on the diamond counterclockwise from home plate. 2. The position played by the third baseman.
third baseman n. Baseball. The infielder near third base.
third class n. 1. A class of mail in the U.S. postal system including all printed matter, except newspapers and magazines, that weighs less than 16 ounces and is unsealed. 2. Accommodations, usu. in a ship or train, of the third and usu. lowest order of luxury and price. —third'-class' adv. & adj.
third degree n. Mental or physical torture used to obtain information or a confession from a prisoner.
third-de•gree burn (thûrd'dĭ-grē') n. A severe burn in which the skin and underlying tissues are destroyed.
third dimension n. 1. The quality of depth or thickness in an object or a space. 2. The quality of seeming real or lifelike. —third'-di•men'sion•al (thûrd'dĭ-měn'shə-nəl) adj.
third eyelid n. See nictitating membrane.
third force n. A group of people or nations that mediates between two opposed groups, such as hostile nations.
third-hand (thûrd'hănd') adj. 1. Acquired from or through two intermediate sources: a thirdhand report. 2.a. Previously used by two other owners. b. Dealing in merchandise previously used by two other owners. —third'hand' adv.
third•ly (thûrd'lē) adv. In the third place, rank, or order.
Third Order (thûrd) n. Rom. Cath. Ch. A confraternity of laypersons associated with a religious order.
third party n. 1. A political party organized as opposition to the existing parties in a two-party system. 2. One other than the principals involved in a transaction.
third person n. Gram. 1. A set of grammatical forms used in referring to a person or thing other than the speaker or the one spoken to. 2. A grammatical form belonging to such a set. 3. Reference of a grammatical form to a person or thing other than the speaker or the one spoken to.
third rail n. The rail that supplies the high voltage to power a train on an electric railway.
third-rate (thûrd'rāt') adj. Of third quality or value, esp. of less quality or value than second-rate.
third-stream (thûrd'strēm') adj. Mus. Of, relating to, or being music that blends classical music with jazz improvisation.
Third World also third world n. The developing nations of Africa, Asia, and Latin America. —Third World'er n.
thirst (thûrst) n. 1.a. A sensation of dryness in the mouth and throat related to a need or desire for drink. b. The desire to drink. 2. An insistent desire; a craving: a thirst for knowledge. —intr.v. thirst•ed, thirst•ing, thirsts. 1. To feel a need to drink. 2. To have a strong craving; yearn. [ME < OE thurst. See ters-*.] —thirst'er n.
thirst•y (thûr'stē) adj. -i•er, -i•est. 1. Desiring to drink. 2. Arid; parched. 3. Craving something. 4. Very absorbent: a thirsty sponge. —thirst'i•ly adv. —thirst'i•ness n.
thir•teen (thûr'tēn') n. 1. The cardinal number that is equal to the sum of 12 + 1. 2. The 13th in a set or sequence. 3. Something having 13 parts, units, or members. [ME thyrteene, al-



thimble

ADV0001712

| | | |
|---|---|---|
| ă pat | oi boy |
| ā pay | ou out |
| âr care | ŏŏ took |
| ä father | ōō boot |
| ĕ pet | ŭ cut |
| ē be | ûr urge |
| ĭ pit | th thin |
| ī pie | th this |
| îr pier | hw which |
| ŏ pot | zh vision |
| ō toe | ə about, |
| ô paw | item |

Stress marks:
´ (primary);
ʹ (secondary); as in
dictionary (dĭk'shə-něr'ē)