# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,**<br>**Plaintiff,**<br>v.<br><br>**RAPIDPAY LLC, FIRST FUNDS LLC,**<br>**MERCHANT MONEY TREE, INC.,**<br>**REACH FINANCIAL LLC, and**<br>**FAST TRANSACT, INC. d/b/a**<br>**SIMPLE CASH,**<br>**Defendants.** | § § § § § § § § § § § § | **CIVIL CASE NO. 6:05-cv-424 (LED)**<br><br>**JURY TRIAL DEMANDED** |
| **ADVANCEME, INC.,**<br>**Plaintiff,**<br>v.<br><br>**AMERIMERCHANT, LLC,**<br>**Defendant.** | § § § § § § § § § | **CIVIL CASE NO. 6:06-cv-082 (LED)**<br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF MICHAEL N. EDELMAN IN SUPPORT OF ADVANCEME, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

State of California      §

County of Santa Clara      §

My name is Michael N. Edelman. I am over the age of eighteen and competent to make this declaration. I am an attorney-at-law, admitted to practice before this Court *pro hac vice*, and am of counsel to the law firm Paul, Hastings, Janofsky & Walker, LLP. I am one of the attorneys representing Plaintiff, AdvanceMe, Inc. ("AdvanceMe") in these matters and I make

EDELMAN DECLARATION IN SUPPORT OF ADVANCEME,
INC.'S OPPOSITION TO DEFENDANTS' MTN FOR LEAVE TO
AMEND INVALIDITY CONTENTIONS
LEGAL_US_W # 54469604.1

-1-

CASE NOS 6:05-cv-424 (LED), 6:06-cv-082 (LED)

Dockets.Justia.com

this declaration based on my personal knowledge.  If called as a witness, I could and would testify competently as to the matters set forth below.

1. Attached hereto as Exhibit A is a true and correct copy of a April 26, 2006 e-mail from David Goldin to Tim Litle.

2. Attached hereto as Exhibit B are true and correct copies of two April 27, 2006 e-mails from David Goldin to Tim Litle.

3. Attached hereto as Exhibit C is a true and correct copy of a facsimile dated March 3, 2006 from Paul Mankins to David Goldin which appears to have been transmitted to AmeriMerchant from Paymentech on June 19, 2006.

4. Attached hereto as Exhibit D is a true and correct copy of a June 20, 2006 e-mail from David Goldin to Tim Litle.

5. Attached hereto as Exhibit E is a true and correct copy of a June 27, 2006 e-mail from David Goldin to Tim Litle.

6. Attached hereto as Exhibit F is a true and correct copy of Defendants' July 7, 2006 Preliminary Invalidity Contentions, excluding exhibits.

7. Attached hereto as Exhibit G is a true and correct copy of AmeriMerchant's July 20, 2006 Preliminary Invalidity Contentions, excluding exhibits.

8. Attached hereto as Exhibit H is a true and correct copy of Defendants' July 21, 2006 Amended Preliminary Invalidity Contentions, excluding exhibits.

9. Attached hereto as Exhibit I is a true and correct copy of a redline comparison between Defendants' July 7, 2006 Preliminary Invalidity Contentions (excluding exhibits) and their July 21, 2006 Amended Preliminary Invalidity Contentions (excluding exhibits).

10. Attached hereto as Exhibit J is a true and correct copy of Exhibit 5 to Defendants' July 21, 2006 Amended Preliminary Invalidity Contentions.

11. Attached hereto as Exhibit K is a true and correct copy of Exhibit 6 to Defendants' July 21, 2006 Amended Preliminary Invalidity Contentions.

12. Attached hereto as Exhibit L is a true and correct copy of Defendants' August 30, 2006 Second Amended Preliminary Invalidity Contentions, excluding exhibits.

13. Attached hereto as Exhibit M is a true and correct copy of a redlined comparison between Exhibit 6 to Defendants' July 21, 2006 Amended Preliminary Invalidity Contentions (which is identical to Exhibit 6 to AmeriMerchant's July 20, 2006 Preliminary Invalidity Contentions) and Exhibit 6 of Defendants' August 30, 2006 Second Amended Preliminary Invalidity Contentions (which is identical to AmeriMerchant's August 30, 2006 Amended Preliminary Invalidity Contentions).

14. Attached hereto as Exhibit N is a true and correct copy of a September 1, 2006 letter from Robert C. Matz to Hilary Preston.

15. Attached hereto as Exhibit O is a true and correct copy of a September 18, 2006 facsimile and letter from Joseph Gray to Michael Edelman.

16. Attached hereto as Exhibit P is a true and correct copy of Deposition Exhibit 12 which was marked at the September 6, 2006 deposition of Tim Litle.

17. On September 6, 2006, the parties attended the deposition of Tim Litle in Lowell, Massachusetts. During a break in this deposition, the Defendants' counsel suddenly raised, for the very first time, the prospect that they would file a motion for leave to amend their Preliminary Invalidity Contentions to add the new information in their "Second Amended" contentions. I responded that AdvanceMe believed it had very

good arguments why none of those amendments would be permitted (because they were based on information that the Defendants had known for months and yet failed to seek Court approval). I further indicated that, if AdvanceMe was to consider agreeing to any of these amendments, it could not do so unless it could receive a stipulation that the attempts by the Defendants to amend their contentions would be at an end. The Defendants responded that they would not agree to this because they anticipated bringing another motion to amend at some undetermined future date, based on information they may learn in the Litle deposition.

18. During the September 6, 2006 deposition of Tim Litle, the Defendants' counsel introduced as an exhibit for witness questioning Exhibit 6 to their "Second Amended" invalidity contentions. The Defendants then proceeded to ask a series of questions of Mr. Litle concerning these contentions.

19. After the September 6, 2006 deposition of Tim Litle, the parties met and conferred further on the prospect of a motion to amend the Defendants' Preliminary Invalidity Contentions. During the meet and confer, I continued to make clear that AdvanceMe believed any such motion would be unsuccessful. However, I also explored the possibility of stipulating to one or more of the Defendants' unauthorized amendments, if it would mean that the Defendants' attempt to "amend" their contentions would finally come to an end. The Defendants refused, however, to agree to this condition. To the contrary, Defendants' counsel again repeated that, even if the upcoming motion to amend was granted, they intended to bring yet *another* motion to amend in the future. During the meet and confer, I suggested that, at minimum, the Defendants should just place all their sought-after amendments in a single document, rather than burdening the parties

with multiple motions.  The Defendants refused to agree to this suggestion, and instead stated that they were not yet "ready" to make a decision as to whether to file another motion for leave.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

By: _____
          Michael N. Edelman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC.,<br>      Plaintiff,<br>v.<br><br>RAPIDPAY LLC, FIRST FUNDS LLC,<br>MERCHANT MONEY TREE, INC.,<br>REACH FINANCIAL LLC, and<br>FAST TRANSACT, INC. d/b/a<br>SIMPLE CASH,<br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 6:05-cv-424 (LED)<br><br>JURY TRIAL DEMANDED |
| ADVANCEME, INC.,<br>      Plaintiff,<br>v.<br><br>AMERIMERCHANT, LLC,<br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 6:06-cv-082 (LED) |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3) on this the 25th day of September, 2006. Any other counsel of record will be served by first class mail on this same date.

_____/s/ Michael N. Edelman_____
Michael N. Edelman