**EXHIBIT M**

**TO AFFIDAVIT OF MICHAEL N. EDELMAN IN
SUPPORT OF ADVANCEME, INC.'S OPPOSITION TO MOTION
FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Dockets.Justia.com

## LITLE & CO.
## INVALIDITY CLAIM CHART
## UNITED STATES PATENT NO. 6,941,281

| CLAIMS | PRIOR PUBLICATION REFERENCES |
|---|---|
| 1. A method for automated payment, comprising: | Litle & Co. ( "Litle") utilized a method for automated payments to Litle as repayment of obligations owed by merchants arising out of Litle's advance of cash or either for postage costs to merchants, or cash advances. See, e.g., Litle & Co. Member Agreement, LL 00017-29 (hereafter "Member Agreement"); see, e.g., Demand Promissory Note for Postage Advances between Museum Publications of America and Litle & Co., dated September 27, 1993, LL 00033-35 (hereafter "Promissory Note"); see, e.g., February 17, 1994 Letter from Robert George to Michael Duffy, LL 00030-31; see M. Kripalani: T. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2), LL 00001-03 (hereafter "Forbes Article"); See Promissory Note for Postage Advances between Exposures, Inc. and Litle & Co., dated June 22, 1990 ( "Promissory Note"). |
| at a merchant, accepting a customer identifier as payment from the customer, | The merchant, either directly or via its agent, accepted credit cards as would accept a customer identifier from customers for, e.g., a card, as payment from the customer. See Forbes Article (referring to Exposures' "credit card processor" and "credit card receivables" showing that credit cards were received as payment). Member Agreement, LL 00017-29. |
| | "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and |
| | WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby." Member Agreement at LL 00018. |
| | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. |
| | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. |

EXHIBIT 6
~~LITLE & CO.~~
~~INVALIDITY CLAIM CHART~~
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | ~~SPECIFICATION~~ PRIOR ART PUBLICATION REFERENCES |
|---|---|
| | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. |
| | "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LL 00019. |
| and electronically forwarding information related to the payment to a computerized merchant processor; | The merchant, either directly or via its agent, electronically forwarded information related to the payment electronically to Litle, the computerized merchant processor. ~~See also Forbes Article (referring to Litle as the "credit card processor").~~ |
| | "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and |
| | WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDS and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDS and the indebtednesses represented thereby." Member Agreement at LL 00018 (showing that the merchant electronically forwarded information related to the payment to Litle, a computerized merchant processor). |
| | "SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE." Id. at LL 00019 (showing that the merchant electronically accepts the customer identifier). |
| | "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDERS's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained)...." Id. at LL 00019 (showing that the merchant electronically forwarded information related to the payment to Litle, a computerized merchant processor). |
| | "SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE." Id. at LL 00019. |
| | "Litle & Co. continues to be your credit card processor and will continue to work directly with you to provide a high level of customer and technical service." February 28, 1992 letter from Tim Litle to Robert George. LL 00016. |
| at the computerized merchant processor, | ~~Litle acted as the computerized merchant processor, see Forbes Article (referring to Litle as~~ |

E~x~h~i~b~i~t~ ~6
L~i~t~l~e~ ~&~ ~C~o~.
I~n~v~a~l~i~d~i~t~y~ ~C~l~a~i~m~ ~C~h~a~r~t
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION/PRIOR PUBLICATION REFERENCES |
|---|---|
| acquiring the information related to the payment from the~the~ ~"~credit card processor"~)~,~ and language of the patent makes clear that merchant processors merchant, authorizing and settling the payment, ~a~c~q~u~i~r~e~ ~p~a~y~m~e~n~t~ ~i~n~f~o~r~m~a~t~i~o~n~ ~a~n~d~ ~a~u~t~h~o~r~i~z~e~ ~a~n~d~ ~s~e~t~t~l~e~ ~t~h~e~ ~p~a~y~m~e~n~t~.~ __Little & Co. continues to and forwarding at least a portion of the payment to a be your credit card processor and will continue to work directly with you to provide a high computerized payment receiver as payment of at least a level of customer and technical service.__ February 28, 1992 letter from Tim Litle to Robert portion of an obligation made by the George, LL 00016. merchant; | "~Litle~ ~agreed~ ~to~ ~finance~ ~[~Exposures~'~]~ ~postage~ ~by~ ~discounting~ ~his~ ~[~Exposures~'~]~ ~credit~ ~card~ receivables.~"~ ~See~ ~Forbes~ ~Article~ ~(~showing~ ~that~ ~a~ ~portion~ ~of~ ~the~ ~payment~ ~from~ ~credit~ ~card~ companies~ ~was~ ~forwarded~ ~as~ ~payment~ ~on~ ~Exposures~'~ ~obligation~ ~to~ ~Litle~,~ ~as~ ~a~ ~computerized~ payment~ ~receiver~,~ ~for~ ~financing~ ~postage~ ~costs~,~ ~with~ ~the~ ~remainder~,~ ~the~ ~discounted~ ~credit~ ~card~ receivables~,~ ~being~ ~forwarded~ ~to~ ~Exposures~)~. "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS . . ." Member Agreement at LL 00018. "In consideration of Litle & Co. making advances for the account of ~[~Exposures~]~ ~to~ Postmaster, Atlanta, GA, ~[~Exposures~/~Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus ~accrued~ ~interest~ ~at~ ~10%~ ~.~ ~.~ ~.~ management fee to Litle & Co., or order MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, ~[~Exposures~]~/~MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS" See ~Promissory~ ~Note~ ~(~showing~ ~that~ ~a~ ~portion~ ~of~ ~payments~ ~(~"~Net~ Proceeds"~)~ ~are~ ~forwarded~ ~to~ ~Litle~,~ ~as~ ~a~ ~computerized~ ~payment~ ~receiver~,~ ~in~ ~satisfaction~ ~of~ ~the~ obligation~ ~that~ ~arose~ ~when~ ~Litle~ ~advance~ ~postage~ ~costs~ ~(~ ~"~Principal~ ~Amount~ ~of~ ~Advance~"~)~ ~to~ merchant~)~. ~"~ Promissory Note at LL 00033 (showing that a portion of the card payments were forwarded to Litle, as computerized payment receiver, as payment of at least a portion of an obligation that arose when Litle advanced postage costs ( "Principal Amount of Advance") to merchant). "NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, less LITLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), Less any other amounts due from MEMBER to LITLE, Less any PREPAYMENTS." |

EXHIBIT 6
LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION PRIOR PUBLICATION REFERENCES |
|---|---|
| and at the computerized payment receiver, receiving the portion of the payment forwarded by the computerized merchant processor and applying that portion to the outstanding obligation made by the merchant to reduce such obligation. | Member Agreement at LI 00018.<br><br>"Litle agreed to finance [Exposures, Inc.'s ( "Exposures")] postage by discounting his portion of the payment from credit card receivables." See Forbes Article at LI 00003 (describing how a portion of the payment from credit card companies was forwarded as payment on Exposures' obligation to Litle, as a computerized payment receiver, for financing postage costs, with the remainder, the discounted credit card receivables, being forwarded to Exposures).<br><br>"As security for the obligations of Boston Publishing (the Borrower) under such financing agreements, Hanover Finance is being granted a security interest in our inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation, all rights of the Borrower to receive payments in respect of Card Sales from Litle & Co. . . . 1. Upon written instruction from Hanover Finance or assignees of Hanover Finance, designated in writing, by Hanover Finance, without further action by Boston Publishing, you will make all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer, to such account or accounts as Hanover Finance may designate in writing (the "Accounts")." February 17, 1994 Letter from Robert George to Michael Duffy at LI 00030-31 showing that Litle forwarded a portion of the payment to the loan payment receiver, e.g., Hanover Finance, as payment of at least a portion of an obligation made by the merchant, e.g., Boston Publishing).<br><br>~~"Litle agreed to finance his [Exposures'] postage by discounting his [Exposures'] credit card receivables." See Forbes Article (showing that a portion of the payment from credit card companies was diverted by the merchant processor as payment on Exposures' obligation to Litle for financing postage costs).~~— "In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures/Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% . . . management fee to Litle & Co., or order, MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, [Exposures]MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ." —See |

EXHIBIT 6

~~LITLE & CO.~~

~~INVALIDITY CLAIM CHART~~

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION | PRIOR PUBLICATION REFERENCES |
|---|---|---|
| | Promissory Note at L1 00033 (showing that a portion of payments ( "Net Proceeds") are the payment is received by Litle as repayment of an obligation that arose when Litle advanced postage costs ( "Principal Amount of Advance") to merchant); see Promissory Note Repayment Schedule at L1 00035 (showing that Litle received and applied the forwarded portion of the payment to Museum Publication of America's outstanding obligation to Litle). "NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, Less LITLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), Less any other amounts due from MEMBER to LITLE, Less any PREPAYMENTS." Member Agreement at L1 00018. | |
| 2.  The method of claim 1 wherein the accepting step comprises accepting a credit card number as the customer identifier. | The merchant, Exposures, Inc., accepted credit cards from customers for payment.  See M. Kirpalani, T. Peuschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n.12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables," showing that credit cards were received as payment).  "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDS and REFUNDS representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDS generated with BANK CARDS and the indebtednesses represented thereby." Member Agreement at L1 00018. "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark.  A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by |

~~Exhibit 6~~
~~Little & Co.~~
~~Invalidity Claim Chart~~
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION/PRIOR PUBLICATION REFERENCES |
|---|---|
| | American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LL 00019. |
| 3. The method of claim 1 wherein the accepting step comprises accepting a debit card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply mechanisms and methods in use for one type of customer identifier to another type of customer identifier, e.g. for debit cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including debit cards. ~~The merchant, Exposures, Inc., accepted credit cards from customers for payment. See M. Kripalani, T. Peneshine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n.12, p.120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment).~~ |
| | "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and |
| | WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDS and REFUNDS representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDS generated with BANK CARDS and the indebtednesses represented thereby." Member Agreement at LL 00018. |
| | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. |
| | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. |
| | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. "T&E CARD |

EXHIBIT 6
LITTLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION | PRIOR PUBLICATION REFERENCES |
|---|---|---|
| 4. The method of claim 1 wherein the accepting step comprises accepting a smart card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply mechanisms and methods in use for one type of customer identifier to another type of customer identifier, e.g. for smart cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including smart cards. The merchant, Exposures, Inc., accepted credit cards from customers for payment. See M. Kripalani, T. Peneshine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p.120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment). | is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LI_0019. |
| | | "WHEREAS, LITTLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and |
| | | WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDS and REFUNDs representing such transactions to LITTLE for processing and to sell to FNBL the SALES RECORDS generated with BANK CARDS and the indebtednesses represented thereby." Member Agreement at LI_0018. |
| | | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. |
| | | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. |

EXHIBIT 6
LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION | PRIOR PUBLICATION REFERENCES |
|---|---|---|
| | | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. |
| | | "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LI_00019. |
| 5. The method of claim 1 wherein the accepting step comprises accepting a charge card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply mechanisms and methods in use for one type of customer identifier to another type of customer identifier, e.g., for charge cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including charge cards. The merchant, Exposures, Inc., accepted credit cards from customers for payment. See M. Kripalani, T. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v149, n12, p120(2) (hereafter, "Forbes Article") (referring to Exposures', "credit-card processor" and "credit card receivables", showing that credit cards were received as payment).      "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and      WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDS and REFUNDS representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDS generated with BANK CARDS and the indebtednesses represented thereby." Member Agreement at LI_00018.      "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id.      "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's, Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. |

EXHIBIT 6
LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION—PRIOR PUBLICATION REFERENCES |
|---|---|
| 6. The method of claim 1 wherein the accepting step comprises accepting the customer identifier at a merchant location. | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id.<br><br>"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LI 00019.<br><br>On information and belief, customer identifiers were accepted at a~~the location of a merchant~~ merchant ~~merchant's agent~~. "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained) . . ." Member Agreement at LI 00019. |
| 7. The method of claim 1 wherein the accepting step comprises electronically accepting the customer identifier. | On ~~information and belief, customer identifiers were accepted electronically.~~ "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained) . . ." Member Agreement at LI 00019.<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS . . ." Member Agreement at LI 00018 (showing that the merchant electronically accepts the customer identifier).<br><br>"SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE." Id. at LI 00019 (showing that the merchant electronically accepts the customer identifier). |
| 8. The method of claim 1 wherein the steps performed at the merchant processor further comprise accumulating the payments until a predetermined amount is reached and then forwarding at least a portion of the accumulated payments to the payment receiver. | "~~In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% . . . Notwithstanding that such amounts are otherwise payable on demand, [Exposures] agrees that . . . Daily Repayments shall be deducted from daily NET PROCEEDS.~~" See Promissory Note (showing that payments were forwarded on a periodic basis Litle would accumulate the payments until a predetermined amount was reached and then forward at least a portion of the accumulated payments to the payment receiver. See, e.g., Promissory Note Repayment Schedule at LI 00035 (outlining specified daily and weekly payment amount).+ |

EXHIBIT 6
~~LITLE & CO.~~
~~INVALIDITY CLAIM CHART~~
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION/PRIOR PUBLICATION REFERENCES |
|---|---|
| 9. The method of claim 1 wherein the steps performed at the merchant processor comprise periodically forwarding at least a portion of the payment to the payment receiver. | Litle would periodically forward at least a portion of the payment to the payment receiver. See, e.g., Promissory Note Repayment Schedule at LI_00035 (outlining daily and weekly payment schedules). "In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures/Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% ... management fee to Litle & Co. or order, MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, [Exposures]MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS ___." See Promissory Note at LI_00033 (showing that payments were periodically forwarded on a periodic basis) [FN1] [FN1] (At this pre-claim-construction stage of the action, Defendant takes no position as to the appropriateness of the claim-construction applied in AdvanceMe's Preliminary Infringement Contentions for Defendants ("Infringement Contentions") but note that under the approach in the Infringement Contentions, which equates periodic forwarding with accumulation to a pre-determined amount, the Litle method anticipates this claim.) |
| 10. A system for automated payment of an obligation made by a merchant, comprising: | Litle ~~utilize~~utilized a system for automated payments to Litle as repayment of obligations owed by merchants either for postage or cash advances. See Member Agreement; Promissory Note and February 17, 1994 Letter from Robert George to Michael Duffy; Forbes Article. |
| ~~at a merchant, means for accepting a customer identifier as payment from the customer and~~ | ~~The merchant, Exposures, Inc., accepted credit cards from customers for payment and means for accepting a customer identifier as payment existed, including, on information and belief, a merchant terminal or point-of-sale device. See M. Kripalani, T. Peneshine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment).~~ "Litle agreed to finance [Exposures'] postage by discounting his [Exposures'] credit card receivables." See Forbes Article (showing implicitly that means exist in the Litle system for... |

EXHIBIT 6
LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | ~~SPECIFICATION~~ PRIOR PUBLICATION REFERENCES |
|---|---|
| at a merchant, | ~~electrically forwarding a portion of the payment from credit card companies to Litle, including, on information and belief, a computer running appropriate software.~~ |
| means for accepting a customer identifier as payment from the customer and for electronically forwarding information related to the payment to a computerized merchant processor, | ~~"In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% . . . ." See Promissory Note (showing obligation from the merchant to Litle).~~ |
| wherein the merchant associated with the payment has an outstanding obligation to a third party; | ~~"Litle agreed to finance his [Exposures'] postage by discounting his [Exposures'] credit card receivables." See Forbes Article (showing implicitly that means exist in the Litle system for Litle, as the merchant processor, to receive the payment information[The merchant, either directly or via its agent, would accept a customer identifier as payment from the customer,~~ |
| ~~and at the computerized merchant processor,   means for receiving the information related to the payment from the merchant,   means for authorizing and settling the payment;~~ | Means for accepting a customer identifier as payment information, including, on information and belief, a computer running appropriate software) [magnetic card reader, keyboard input and/or telephone.] |
| ~~and means for forwarding a portion of the payment to the third party to reduce the obligation.~~ | The language of the patent makes clear that merchant processors acquire payment information and authorize and settle the payment.  On information and belief, the means for performing this function is a computer running appropriate software. |
| | ~~"In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10%. . . . Notwithstanding that such amounts are otherwise payable on demand, [Exposures] agrees that . . . Daily Repayments shall be deducted from daily NET PROCEEDS."~~ |
| | "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby." Member Agreement at LI_00018 (showing that the merchant maintained a magnetic card |

Exhibit 6
~~Litle & Co.~~
~~Invalidity Claim Chart~~
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION | PRIOR PUBLICATION REFERENCES |
|---|---|---|
| | | reader and/or keyboard input and/or telephone for accepting a customer identifier and electronically forwarded information related to the payment to Litle, a computerized merchant processor). |
| | | See Promissory Note (showing that means exist for forwarding a portion of payments ("Net Proceeds") to Litle as repayment of obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to merchant, including, on information and belief, a computer running appropriate software).   c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDERS's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for |
| | | sales made in person, for which the CARDHOLDER's signature shall be obtained)...." Id. at LI_00019 (showing that the merchant maintained a magnetic card reader and/or keyboard input and/or telephone for accepting a customer identifier and electronically forwarded information related to the payment to Litle, a computerized merchant processor). |
| | | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. |
| | | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LI_00018. |
| | | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LI_00019.  "In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co., or order, MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will |

EXHIBIT 6
LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION/PRIOR PUBLICATION REFERENCES |
|---|---|
|  | be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, MEMBER agrees that . . . (i) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ." Promissory Note at LI_ 00033 (showing that Litle acted as the merchant processor and that the merchant had an outstanding obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to merchant). "As security for the obligations of Boston Publishing (the "Borrower") under such financing agreements, Hanover Finance is being granted a security interest in our inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation all rights of the Borrower to receive payments in respect of Card Sales from Litle & Co. . . . . Upon written instruction from Hanover Finance, without further action by Boston Publishing, you will make in writing by Hanover Finance, designate all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds, or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer, to such account or accounts as Hanover Finance may designate in writing (the "Accounts")." February 17, 1994 Letter from Robert George to Michael Duffy at LI_00030-31 (showing that the merchant, e.g., Boston Publishing, had an outstanding obligation to a third party, e.g., Hanover Finance). |
| and at the computerized merchant processor, means for receiving the information related to the payment from the merchant, means for authorizing and settling the payment | The language of the patent makes clear that a merchant processor acquires payment information and authorizes and settles the payment. On information and belief, the means for performing these functions and for forwarding a portion of the payment to the third party to reduce the obligation is a modem and computer running appropriate software. "Litle & Co. continues to be your credit card processor and will continue to work directly with you to provide a high level of customer and technical service." February 28, 1992 letter from Tim Litle to Robert George at LI_00016. |
| and means for forwarding a portion of the payment to the third party to reduce the obligation. | "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS; and WHEREAS MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDS representing such transactions to LITLE for processing and to sell to FNBL the SALES |

EXHIBIT 6
LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION/PRIOR PUBLICATION REFERENCES |
|---|---|
| 11. The system of claim 10 wherein the accepting means comprises means for accepting a credit card number as the customer identifier. | RECORDs generated with BANK CARDs and the indebtednesses represented thereby."<br><br>Member Agreement at LI_0001§.<br>"In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co., or order.<br><br>MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand,<br><br>MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ." Promissory Note at LI_0003; and Promissory Note Repayment Schedule at LI_00035 (showing that a portion of card payments are forwarded to Litle as a computerized payment receiver, to reduce the obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to merchant)<br><br>"NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, Less LITLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), Less any other amounts due from MEMBER to LITLE. Less any PREPAYMENTS." Member Agreement at LI_0001§.<br><br>"As security for the obligations of Boston Publishing (the Borrower) under such financing agreements, Hanover Finance is being granted a security interest in our inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation, all rights of the Borrower to receive payments in respect of Card Sales from Litle & Co. . . . 1. Upon written instruction from Hanover Finance or assignees of Hanover Finance, designated in writing by Hanover Finance, without further action by Boston Publishing, you will make all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer to such account or accounts as Hanover Finance may designate in writing (the "Accounts")."<br><br>February 17, 1994 Letter from Robert George to Michael Duffy at LI_00030-31 (showing that Litle could forward a portion of the payment to the loan payment receiver, e.g., Hanover Finance, to reduce the merchant's, e.g., Boston Publishing, obligation).<br><br>The merchant, Exposures, Inc., e.g., Museum Publications of America, accepted credit cards from customers for payment. See M. Krupalani, I. Pouschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to |

~~EXHIBIT 6~~
~~LITLE & CO.~~
~~INVALIDITY CLAIM CHART~~
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION | PRIOR PUBLICATION REFERENCES |
|---|---|---|
| 12. The system of claim 10 wherein the accepting means comprises means for accepting a debit card number as the customer identifier. | "Exposures" "credit card processor" and ~~"credit card receivables,"~~ showing that credit cards ~~were received as payment and that means~~ Means for accepting a credit card exist, ~~including~~ number as the customer identifier included, on information and belief, a ~~terminal,~~ ~~computer, or other point of sale device)~~ magnetic card reader, keyboard input and/or telephone. <br><br> "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and <br><br> WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDS and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDS generated with BANK CARDs and the indebtedness represented thereby." Member Agreement at LI_00018. <br><br> "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. <br><br> "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. <br><br> "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. <br><br> "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LI_00019. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply systems and means in use for one type of customer identifier to another type of customer identifier, e.g. for debit cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to |

EXHIBIT 6
LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION | PRIOR PUBLICATION REFERENCES |
|---|---|---|
| 13. The system of claim 10 wherein the accepting means comprises means for accepting a smart card number as | make the method or system work in the same way for any customer identifier, including debit cards. Debit card numbers may be accepted, for example, using the merchant's terminal or computer input/magnetic card reader, keyboard input and/or telephone. The merchant, Exposures, Inc., accepted credit cards from customers for payment. See M. Kripalani, T. Pomsehine. "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereafter "Forbes Article") (referring to Exposures' "credit card processor" and "credit card receivables", showing that credit cards were received as payment and that means for accepting a credit card exist, including, on information and belief, a terminal, computer, or other point of sale device).<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and<br><br>WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDS representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby." Member Agreement at L1 0018.<br><br>"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id.  "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id.<br><br>"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id.<br><br>"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at L1 00019. |  |
| It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply systems and means in use for one type of | | |

~~EXHIBIT 6~~
~~LITTLE & Co.~~
~~INVALIDITY CLAIM CHART~~
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION/PRIOR PUBLICATION REFERENCES |
|---|---|
| the customer identifier. | customer identifier to another type of customer identifier, e.g., for smart cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including smart cards. Smart card numbers may be accepted, for example, using the merchant's terminal or ~~computer input: magnetic card reader, keyboard input and/or telephone.~~ |
| | "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and |
| | WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby." Member Agreement at LL 00018. |
| | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. |
| | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. |
| | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. ~~The merchant, Expenseless, Inc., accepted credit cards from customers for payment. See M.~~ ~~Kripalani, T. Peuschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12,~~ ~~p120(2) (hereafter "Forbes Article") (referring to Expenseless' "credit-card processor" and~~ ~~"credit-card receivables", showing that credit cards were received as payment and that means~~ ~~for accepting a credit card exist, including, on information and belief, a terminal, computer, or~~ ~~either point-of-sale device).__ "T&E CARD is a valid and unexpired Travel and Entertainment~~ CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and |

EXHIBIT 6
LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION/PRIOR PUBLICATION REFERENCES |
|---|---|
| 14. The system of claim 10 wherein the accepting means comprises means for accepting a charge card number as the customer identifier. | including the expiration date embossed thereon." Id. at LI_00019. ~~would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply systems and means in use for one type of customer identifier to another type of customer identifier, e.g., for charge cards as well as credit cards. And, the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method- or system- work in the same way for any customer identifier, including charge cards. Charge card numbers may be accepted, for example, using the merchant's terminal or computer input. The merchant, Exposures, Inc., accepted credit [The merchant, e.g., Museum Publications of America, accepted charge cards from customers for payment. See M. Krupelnik, T. Petuscione, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2) (hereinafter "Forbes Article") (referring to Exposures", credit card processor" and "credit card receivables", showing that credit cards were received as payment and that means for accepting a credit card exist, including Means for accepting a charge card number as the customer identifier included, on information and belief, a terminal, computer or other point-of-sale device), magnetic card reader, keyboard input and/or telephone.~~

"WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS, and

WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDS and REFUNDS representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDS generated with BANK CARDs and the indebtednesses represented thereby." Member Agreement at LI_0018.

"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id.

"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed |

~~EXHIBIT 6~~
~~LITLE & CO.~~
~~INVALIDITY CLAIM CHART~~
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION/~~PRIOR PUBLICATION~~ REFERENCES |
|---|---|
| 15. The system of claim 10 wherein the accepting means comprises means for accepting the customer identifier at at a location of a merchant location. | thereon." Id. On information and belief, means for accepting the customer identifier at at a location of a merchant or merchant's agent, including, on information and belief, a merchant location. "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LI_00019. "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER's signature that the sale device was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained). . . ." Member Agreement at LI_00019. |
| 16. The system of claim 10 wherein the accepting means comprises means for electronically accepting the customer identifier. | On information and belief, means for a merchant's electronically accepting a customer identifiers electronically existidentifier existed in the Litle system, including, on information and belief, a terminal, computer or other electronic point-of-sale device, magnetic card reader, keyboard and/or telephone. "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained). . . ." Member Agreement at LI_00019. "WHEREAS, LITLE and NPC are engaged in the business of processing paper based and electronic data representing transactions conducted through the use of CHARGE CARDS. . . ." Member Agreement at LI_00018 (showing that the merchant electronically accepts the customer identifier). "SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE." Id. at LI_00019 (showing that the merchant electronically accepts the customer identifier). |
| 17. The system of claim 10 wherein the means at the merchant processor further comprise means for accumulating the payments until a predetermined amount | "In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10%. . . . Notwithstanding that such amounts are otherwise |

~~EXHIBIT 6~~
~~LITLE & CO.~~
~~INVALIDITY CLAIM CHART~~
UNITED STATES PATENT NO. 6,941,281

## CLAIMS | SPECIFICATION | PRIOR PUBLICATION REFERENCES

| CLAIMS | SPECIFICATION | PRIOR PUBLICATION REFERENCES |
|---|---|---|
| is reached and means for forwarding at least a portion of the accumulated payments to the third party. | payable on demand. [Exposures] agrees that . . . . Daily Repayments shall be deducted from daily NET PROCEEDS." See Promissory Note (showing that means for periodically forwarding payments exist in the Litle system, including, on information and belief, a computer running appropriate software) [FN/2]. [FN/2] At this pre-claim construction stage of the action, Defendant takes no position as to the appropriateness of the claim construction applied in AdvanceMe's Preliminary Infringement Contentions for Defendants ("Infringement Contentions") but note that under the approach in the Infringement Contentions, which equates periodic forwarding with accumulation to a pre-determined amount, the Litle system would accumulate the payments until a predetermined amount was reached and then forward at least a portion of the accumulated payments. See Promissory Note Repayment Schedule at L1 00035 (outlining specified daily and weekly payment amount). | On information and belief, the means for accumulating the payments until a predetermined amount was reached and means for forwarding at least a portion of the accumulated payments was a modem and computer running appropriate software. Litle would periodically forward at least a portion of the payment. See Promissory Note Repayment Schedule at L1 00035 (outlining daily and weekly payment schedules). On information and belief, the means for performing this function was a modem and computer running appropriate software. "In consideration of Litle & Co. making advances for the account of [Exposures] to Postmaster, Atlanta, GA, [Exposures/Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus accrued interest at 10% . . . management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, [Exposures/MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. ___." See Promissory Note (showing that means for periodically forwarding payments exist in the Litle system, including, on information and belief, a computer running appropriate software Promissory Note at L1 00033 (showing that |
| 18. The system of claim 10 wherein the forwarding means at the merchant processor comprises means for periodically forwarding at least a portion of the payment to the third party. | | |
| 19. The system of claim 10 wherein the forwarding | payments were periodically forwarded). | Litle forwarded an amount that is a percentage of the obligation. On information and belief, |

~~EXHIBIT 6~~
~~LITLE & CO.~~
~~INVALIDITY CLAIM CHART~~
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | ~~SPECIFICATION~~ PRIOR PUBLICATION REFERENCES |
|---|---|
| means at the merchant processor comprises means for forwarding to the third party an amount that is a percentage of the obligation. | the means for performing this function was a computer running appropriate software. "In consideration of Litle & Co. making advances for the account of [~~Exposures~~] to ~~Postmaster, Atlanta, GA, [Exposures~~]Museum Publications of America to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus ~~accrued interest at 10% . . .~~ management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, [~~Exposures~~]MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS, . . ." See Promissory Note (~~showing that means for forwarding an amount that is a percentage of the obligation exist in the Litle system, including, on information and belief, a computer running appropriate software~~) at LI 00033 (showing that payments forwarded were in an amount that was a percentage of the obligation); see also Promissory Note Repayment Schedule at LI 00035 (outlining daily and weekly payment amount, all of which individually and collectively constituted a percentage of the merchant's total obligation). |

Document comparison done by Workshare Professional on Saturday, September 02, 2006 6:15:02 PM

| Input: | |
|---|---|
| Document 1 | file://C:/Documents and Settings/aecklund/Desktop/Matz/EXHIBIT-6/LITLE_7-20 AmeriMerchant's Preliminary.doc |
| Document 2 | file://C:/Documents and Settings/aecklund/Desktop/Matz/litle ex 6 - amerimerchant amended.doc |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 203 |
| Deletions | 87 |
| Moved from | 7 |
| Moved to | 7 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 304 |

**EXHIBIT N**

**TO AFFIDAVIT OF MICHAEL N. EDELMAN IN
SUPPORT OF ADVANCEME, INC.'S OPPOSITION TO MOTION
FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

# Paul *Hastings*

**ATTORNEYS**

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

650-320-1823
robertmatz@paulhastings.com

September 1, 2006

**Via E-Mail**

Hilary Preston, Esq.
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, New York 10103

Re:     *AdvanceMe, Inc. v. RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
        *AdvanceMe, Inc. v. AmeriMerchant, LLC* (No. 6:06-CV-82)(E.D. Tex.).
        Defendants' Amended and Second Amended Invalidity Contentions

Dear Hilary:

I write to inform you that Defendants in the above-referenced matters have violated the
Patent Rules of the Eastern District of Texas by purporting to amend their Preliminary
Invalidity Contentions without an order of the Court.

P.R. 3-7 provides:

> Amendment or modification of the....Preliminary or Final Invalidity Contentions,
> other than as expressly provided in P.R. 3-6, may be made only by order of the
> Court, which shall be entered only upon a showing of good cause.

In the *RapidPay* matter, Defendants have twice purported to amend their Preliminary
Invalidity Contentions without an order of the Court.  On July 21, 2006, Defendants
attempted to amend their Preliminary Invalidity Contentions by adding a number of
alleged prior publication references to their Preliminary Infringement Contentions: (1) a
credit card processing agreement among Electronic Data Systems Corporation, Reno Air,
and First USA Merchant Services, (2) an article from *Forbes* magazine, and (3) a
Promissory Note between Litle & Co. and Exposures, Inc..  On August 30, 2006, the
*RapidPay* Defendants purported to amend their Preliminary Invalidity Contentions to
include additional prior publication references with respect to Litle & Co., including (1) a
Litle & Co. Member Agreement, (2) a Demand Promissory Note for Postage Advances
between Museum Publications of America and Litle & Co., (3) a February 17, 1994 Letter
from Robert George to Michael Duffy.  Since amendment of Defendants' Preliminary
Invalidity Contentions can be made only by order of the Court, and since there is no order
of the Court granting Defendants permission to amend their Preliminary Invalidity
Contentions, these purported Amended and Second Amended Invalidity Contentions are
of no legal effect.

Hilary Preston, Esq.
September 1, 2006
Page 2

In the *AmeriMerchant* matter, on August 30, 2006, Defendant purported to amend its Preliminary Invalidity Contentions to include prior publication references with respect to Litle & Co., including (1) a Litle & Co. Member Agreement, (2) a Demand Promissory Note for Postage Advances between Museum Publications of America and Litle & Co., (3) a February 17, 1994 Letter from Robert George to Michael Duffy. Again, since amendment of Defendant's Preliminary Invalidity Contentions can be made only by order of the Court, and since there is no order of the Court granting Defendant permission to amend its Preliminary Invalidity Contentions, its Amended Preliminary Invalidity Contentions are of no legal effect.

In light of the foregoing, please be advised that AdvanceMe will only be considering those contentions set forth in Merchant Money Tree, Inc., First Funds LLC, and Reach Financial, LLC's Preliminary Invalidity Contentions, dated July 7, 2006, and AmeriMerchant, LLC's Preliminary Invalidity Contentions, dated July 20, 2006.

Sincerely,

Robert C. Matz
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_W # 54328782.1

## EXHIBIT O

**TO AFFIDAVIT OF MICHAEL N. EDELMAN IN
SUPPORT OF ADVANCEME, INC.'S OPPOSITION TO MOTION
FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

# Vinson&Elkins

# Facsimile

**Joseph Gray** jgray@velaw.com
Tel 512.542.8420 Fax 512.236.3224

| From: | Date: | Client/Matter No. |
|---|---|---|
| Joseph Gray | September 18, 2006 | AME829/10000 |

| Regarding: | Number of Pages | Hard Copy Follows |
|---|---|---|
| AdvanceMe, Inc. v. RapidPay LLC et al. (No. 6:05-cv-424) (E.D. Tex.) and <br><br> AdvanceMe, Inc. v. AmeriMerchant LLC (No. 6:06-cv-82) (E.D. Tex.). | 2 (including cover page) | Yes |

| To: | Fax: | Phone: |
|---|---|---|
| Michael Edelman | 650.320.1900 | |

**Message:**

Please see the attached.

**Confidentiality Notice:** The information contained in this FAX may be confidential and/or privileged. This FAX is intended to be reviewed initially by only the individual named above. If the reader of this TRANSMITTAL PAGE is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this FAX or the information contained herein is prohibited. If you have received this FAX in error, please immediately notify the sender by telephone and return this FAX to the sender at the below address. Thank you.

**Vinson & Elkins LLP Attorneys at Law**
Austin Beijing Dallas Dubai Houston London
Moscow New York Shanghai Tokyo Washington

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8400 Fax 512.542.8612 www.velaw.com

# Vinson&Elkins

**Joseph D. Gray** jgray@velaw.com
Tel 512.542.8420  Fax 512.236.3224

September 18, 2006

*VIA FACSIMILE & U.S. MAIL*

Michael Edelman
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Re:   *AdvanceMe, Inc. v. Rapidpay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
      *AdvanceMe, Inc. v. AmeriMerchant LLC* (No. 6:06-cv-082) (E.D. Tex.)

Dear Michael:

We write to inform you that, after reviewing the transcript of Tim Litle's deposition, defendants AmeriMerchant, First Funds, Reach Financial and Merchant Money Tree have determined that they will seek leave to amend their invalidity contentions to include previously unknown facts that were revealed by Tim Litle's testimony. Specifically, the defendants will seek leave to amend the portion of their invalidity contentions relating to the Litle & Company prior art.

Please let me know at your earliest convenience whether AdvanceMe will oppose the defendants' motion for leave to amend their invalidity contentions to include the previously unknown facts revealed by Tim Litle's testimony.

Sincerely,

Joseph D. Gray

102315:5459

743453v1

**Vinson & Elkins LLP  Attorneys at Law**
Austin Beijing Dallas Dubai Houston London
Moscow New York Shanghai Tokyo Washington

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8400  Fax 512.542.8612  www.velaw.com