**EXHIBIT P**

**TO AFFIDAVIT OF MICHAEL N. EDELMAN IN
SUPPORT OF ADVANCEME, INC.'S OPPOSITION TO MOTION
FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Dockets.Justia.com

LITLE & CO.
INVALIDITY CLAIM CHART
UNITED STATES PATENT NO. 6,941,281

| CLAIMS | PRIOR PUBLICATION REFERENCES |
|---|---|
| 1. A method for automated payment, comprising: | Litle & Co., ("Litle") utilized a method for automated payments to Litle as repayment of obligations owed by merchants either for postage or cash advances. *See, e.g.*, Litle & Co. Member Agreement, LL_0017-29 (hereafter "Member Agreement"); *see, e.g.*, Demand Promissory Note for Postage Advances between Museum Publications of America and Litle & Co., dated September 27, 1993, LL_0033-35 (hereafter "Promissory Note"); *see, e.g.*, February 17, 1994 Letter from Robert George to Michael Duffy, LL_00030-31; *see* M. Kripalani, T. Ponschine, "People thought I was nuts", FORBES, June 8, 1992, v.149, n12, p120(2), LL_00001-03 (hereafter "Forbes Article"). |
| at a merchant, | The merchant, either directly or via its agent, would accept a customer identifier, *e.g.*, a card, as payment from the customer. *See* Member Agreement, LL_0017-29. |
| accepting a customer identifier as payment from the customer, | "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtedness represented thereby." Member Agreement at LL_00018. . . . "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.* |



UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.*

"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.*

"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LL\_00019. |
| and electronically forwarding information related to the payment to a computerized merchant processor; | The merchant, either directly or via its agent, electronically forwarded information related to the payment to Litle, the computerized merchant processor.

"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and

WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."

Member Agreement at LL\_0018 (showing that the merchant electronically forwarded information related to the payment to Litle, a computerized merchant processor).

"SALES RECORD means all documents or data presented to LITTLE as evidence of a CARD SALE." *Id.* at LL\_00019 (showing that the merchant electronically accepts the customer identifier). |

2

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER'S signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER'S signature shall be obtained). . . ." *Id.* at LL_00019 (showing that the merchant electronically forwarded information related to the payment to Litle, a computerized merchant processor). |
| | "SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE." *Id.* at LL_00019. |
| | "Litle & Co. continues to be your credit card processor and will continue to work directly with you to provide a high level of customer and technical service." February 28, 1992 letter from Tim Litle to Robert George, LL_00016. |
| at the computerized merchant processor, | "Litle & Co. continues to be your credit card processor and will continue to work directly with you to provide a high level of customer and technical service." February 28, 1992 letter from Tim Litle to Robert George, LL_00016. |
| acquiring the information related to the payment from the merchant, authorizing and settling the payment, | "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS. . . ." Member Agreement at LL_00018. |
| and forwarding at least a portion of the payment to a computerized payment receiver as payment of at least a portion of an obligation made by the merchant; | "In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding.  Notwithstanding that such amounts are otherwise payable on demand, MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ." |

# UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | Promissory Note at LL_00033 (showing that a portion of the card payments were forwarded to Little, as a computerized payment receiver, as payment of at least a portion of an obligation that arose when Little advanced postage costs ("Principal Amount of Advance") to merchant). |
| | "NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, Less LITTLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), Less any other amounts due from MEMBER to LITTLE, Less any PREPAYMENTS." |
| | Member Agreement at LL_00018. |
| | "Little agreed to finance [Exposures, Inc.'s ("Exposures")] postage by discounting his [Exposures'] credit card receivables." *See* Forbes Article at LL_00003 (describing how a portion of the payment from credit card companies was forwarded as payment on Exposures' obligation to Little, as a computerized payment receiver, for financing postage costs, with the remainder, the discounted credit card receivables, being forwarded to Exposures). |
| | "As security for the obligations of Boston Publishing (the Borrower) under such financing agreements, Hanover Finance is being granted a security interest in our inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation, all rights of the Borrower to receive payments in respect of Card Sales from Little & Co. . . . 1. Upon written instruction from Hanover Finance or assignees of Hanover Finance, designated in writing by Hanover Finance, without further action by Boston Publishing, you will make all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer, to such account or accounts as Hanover Finance may designate in writing (the "Accounts")." |
| | February 17, 1994 Letter from Robert George to Michael Duffy at LL_00030-31 (showing that Little forwarded a portion of the payment to the loan payment |

4

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | receiver, e.g., Hanover Finance, as payment of at least a portion of an obligation made by the merchant, e.g., Boston Publishing). |
| and at the computerized payment receiver, | "In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ." |
| receiving the portion of the payment forwarded by the computerized merchant processor and applying that portion to the outstanding obligation made by the merchant to reduce such obligation. | Promissory Note at LI_00033 (showing that a portion of the payment is received by Litle as repayment of an obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to merchant); see Promissory Note Repayment Schedule at LI_00035 (showing that Litle received and applied the forwarded portion of the payment to Museum Publication of America's outstanding obligation to Litle). |
| | "NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, Less LITLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), Less any other amounts due from MEMBER to LITLE, Less any PREPAYMENTS." |
| | Member Agreement at LI_00018. |
| 2. The method of claim 1 wherein the accepting step comprises accepting a credit card number as the customer identifier. | "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and |
| | WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDS representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK |

**UNITED STATES PATENT No. 6,941,281**

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | CARDs and the indebtednesses represented thereby." Member Agreement at LL00018. "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.* "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.* "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LL00019. |
| 3. The method of claim 1 wherein the accepting step comprises accepting a debit card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply mechanisms and methods in use for one type of customer identifier to another type of customer identifier, *e.g.* for debit cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including debit cards. "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of |

6

**UNITED STATES PATENT NO. 6,941,281**

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby." Member Agreement at LI_00018. "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LI_00019. |
| 4. The method of claim 1 wherein the accepting step comprises accepting a smart card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply mechanisms and methods in use for one type of customer identifier to another type of customer identifier, e.g. for smart cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the |

| UNITED STATES PATENT No. 6,941,281 | |
| --- | --- |
| CLAIMS | SPECIFICATION REFERENCES |
| | method or system work in the same way for any customer identifier, including smart cards. |
| | "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."<br><br>Member Agreement at LL00018. |
| | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.* |
| | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* |
| | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.* |
| | "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LL00019. |
| 5. The method of claim 1 wherein the accepting | "WHEREAS, LITLE and NPC are engaged in the business of processing paper- |

## UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| step comprises accepting a charge card number as the customer identifier. | based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby." <br><br> Member Agreement at LL 00018. <br><br> "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.* <br><br> "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* <br><br> "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.* |
| 6. The method of claim 1 wherein the accepting step comprises accepting the customer identifier at a merchant location. | "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LL 00019. <br><br> "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be |

**UNITED STATES PATENT NO. 6,941,281**

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | obtained), . . . ." Member Agreement at LL_0019. |
| 7.  The method of claim 1 wherein the accepting step comprises electronically accepting the customer identifier. | "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDER's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained) . . . ." Member Agreement at LL_0019.<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS . . . ." Member Agreement at LL_0019.<br><br>"SALES RECORD means all documents or data presented to LITLE as evidence of a CARD SALE." *Id.* at LL_0019 (showing that the merchant electronically accepts the customer identifier). |
| 8.  The method of claim 1 wherein the steps performed at the merchant processor further comprise accumulating the payments until a predetermined amount is reached and then forwarding at least a portion of the accumulated payments to the payment receiver. | Litle would accumulate the payments until a predetermined amount was reached and then forward at least a portion of the accumulated payments to the payment receiver. *See, e.g.,* Promissory Note Repayment Schedule at LL_0035. (outlining specified daily and weekly payment amount). |
| 9.  The method of claim 1 wherein the steps performed at the merchant processor comprise periodically forwarding at least a portion of the payment to the payment receiver. | Litle would periodically forward at least a portion of the payment to the payment receiver. *See, e.g.,* Promissory Note Repayment Schedule at LL_0035 (outlining daily and weekly payment schedules).<br><br>"In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be |

**UNITED STATES PATENT NO. 6,941,281**

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, MEMBER agrees that . . . (i) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ." Promissory Note at LL00033 (showing that payments were periodically forwarded). |
| 10. A system for automated payment of an obligation made by a merchant, comprising: | Litle utilized a system for automated payments to Litle as repayment of obligations owed by merchants either for postage or cash advances. *See* Member Agreement; Promissory Note; February 17, 1994 Letter from Robert George to Michael Duffy; Forbes Article. |
| at a merchant, | The merchant, either directly or via its agent, would accept a customer identifier as payment from the customer. Means for accepting a customer identifier as payment existed, including, on information and belief, a magnetic card reader, keyboard input and/or telephone. |
| means for accepting a customer identifier as payment from the customer and | "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtedness represented thereby." |
| means for electronically forwarding information related to the payment to a computerized merchant processor, | Member Agreement at LL00018 (showing that the merchant maintained a magnetic card reader and/or keyboard input and/or telephone for accepting a customer identifier and electronically forwarded information related to the payment to Litle, a computerized merchant processor). |
| wherein the merchant associated with the payment has an outstanding obligation to a third party; | "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDERS's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for |

11

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | sales made in person, for which the CARDHOLDER's signature shall be obtained). . . ." *Id.* at LL00019 (showing that the merchant maintained a magnetic card reader and/or keyboard input and/or telephone for accepting a customer identifier and electronically forwarded information related to the payment to Litle, a computerized merchant processor). |
| | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.* |
| | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LL00018. |
| | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.* |
| | "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LL00019. |
| | "In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted |

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | from daily NET PROCEEDS. . . . ." |
| | Promissory Note at LL00033 (showing that Litle acted as the merchant processor and that the merchant had an outstanding obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to merchant). |
| | "As security for the obligations of Boston Publishing (the Borrower) under such financing agreements, Hanover Finance is being granted a security interest in our inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation, all rights of the Borrower to receive payments in respect of Card Sales from Litle & Co. . . . 1. Upon written instruction from Hanover Finance or assignees of Hanover Finance, designated in writing by Hanover Finance, without further action by Boston Publishing, you will make all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer, to such account or accounts as Hanover Finance may designate in writing (the "Accounts")." |
| | February 17, 1994 Letter from Robert George to Michael Duffy at LL00030-31 (showing that the merchant, e.g., Boston Publishing, had an outstanding obligation to a third party, e.g., Hanover Finance). |
| and at the computerized merchant processor, means for receiving the information related to the payment from the merchant, | The language of the patent makes clear that a merchant processor acquires payment information and authorizes and settles the payment. On information and belief, the means for performing these functions and for forwarding a portion of the payment to the third party to reduce the obligation is a modem and computer running appropriate software. |
| means for authorizing and settling the payment, | "Litle & Co. continues to be your credit card processor and will continue to work directly with you to provide a high level of customer and technical service." February 28, 1992 letter from Tim Litle to Robert George at LL00016. |

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| and means for forwarding a portion of the payment to the third party to reduce the obligation. | "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and

WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDS and the indebtednesses represented thereby."

Member Agreement at LL0018.

"In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co., or order.  MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding.  Notwithstanding that such amounts are otherwise payable on demand, MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . . "  Promissory Note at LL0033 and Promissory Note Repayment Schedule at LL00035 (showing that a portion of card payments are forwarded to Litle, as a computerized payment receiver, to reduce the obligation that arose when Litle advanced postage costs ("Principal Amount of Advance") to merchant).

"NET PROCEEDS is an amount equal to: The GROSS PROCEEDS, Less LITLE FEES, Less RELEASED CHARGEBACKS (if no RESERVE exists), Less any other amounts due from MEMBER to LITLE, Less any PREPAYMENTS."

Member Agreement at LL0018.

"As security for the obligations of Boston Publishing (the Borrower) under such financing agreements, Hanover Finance is being granted a security interest in our |

14

**UNITED STATES PATENT NO. 6,941,281**

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | inventory, certain accounts and substantially all of the tangible and intangible personal property of Boston Publishing, including, without limitation, all rights of the Borrower to receive payments in respect of Card Sales from Litle & Co. . . . 1. Upon written instruction from Hanover Finance or assignes of Hanover Finance, designated in writing by Hanover Finance, without further action by Boston Publishing, you will make all payments of Net Proceeds or any other credits, reserves, deposits, balances, refunds or other amounts now or hereafter due to Boston Publishing under the Member Agreement in respect of Card Sales directly by wire transfer, to such account or accounts as Hanover Finance may designate in writing (the "Accounts")." |
| | February 17, 1994 Letter from Robert George to Michael Duffy at LL_00030-31 (showing that Litle could forward a portion of the payment to the loan payment receiver, e.g., Hanover Finance, to reduce the merchant's, e.g., Boston Publishing, obligation). |
| | The merchant, e.g., Museum Publications of America, accepted credit cards from customers for payment. Means for accepting a credit card number as the customer identifier included, on information and belief, a magnetic card reader, keyboard input and/or telephone. |
| 11. The system of claim 10 wherein the accepting means comprises means for accepting a credit card number as the customer identifier. | "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtedness represented thereby." Member Agreement at LL_00018. |
| | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a |

15

| UNITED STATES PATENT NO. 6,941,281 | |
| --- | --- |
| CLAIMS | SPECIFICATION REFERENCES |
| | CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.* |
| | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* |
| | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.* |
| | "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at L1_00019. |
| 12. The system of claim 10 wherein the accepting means comprises means for accepting a debit card number as the customer identifier. | It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply systems and means in use for one type of customer identifier to another type of customer identifier, e.g. for debit cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including debit cards. Debit card numbers may be accepted, for example, using the merchant's magnetic card reader, keyboard input and/or telephone.<br><br>"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES |

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| 13. The system of claim 10 wherein the accepting means comprises means for accepting a smart card number as the customer identifier. | RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtedness represented thereby." Member Agreement at LL00018. "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." Id. "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." Id. "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." Id. at LL00019. It would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of Plaintiff's asserted claims to apply systems and means in use for one type of customer identifier to another type of customer identifier, e.g. for smart cards as well as credit cards. And the statements by the alleged inventor and by the examiner, and the language of the patent itself makes clear that a person of ordinary skill in the art would be motivated to make the method or system work in the same way for any customer identifier, including smart cards. Smart card numbers may be accepted, for example, using the merchant's |

**UNITED STATES PATENT NO. 6,941,281**

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | magnetic card reader, keyboard input and/or telephone. |
| | "WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and<br><br>WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."<br><br>Member Agreement at LI_00018. |
| | "CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.* |
| | "BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* |
| | "CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.* |
| | "T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LI_00019. |
| 14. The system of claim 10 wherein the accepting means comprises means for accepting | The merchant, *e.g.*, Museum Publications of America, accepted charge cards from customers for payment. Means for accepting a charge card number as the |

18

**UNITED STATES PATENT No. 6,941,281**

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| a charge card number as the customer identifier. | customer identifier included, on information and belief, a magnetic card reader, keyboard input and/or telephone.

"WHEREAS, LITLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS, and

WHEREAS, MEMBER desires to honor CHARGE CARDS in connection with the retail sale of PRODUCTS to MEMBER's customers, to submit SALES RECORDs and REFUNDs representing such transactions to LITLE for processing and to sell to FNBL the SALES RECORDs generated with BANK CARDs and the indebtednesses represented thereby."

Member Agreement at LL00018.

"CHARGE CARD is the plastic BANK CARD or T&E CARD issued by a CARD ORGANIZATION to the CARDHOLDER and the charge account number designated on the card, either of which MEMBER accepts from customers as payment for their purchases from MEMBER." *Id.*

"BANK CARD means a valid and unexpired CHARGE CARD issued by an ISSUING MEMBER of MCI or VISA which contains the MasterCard service mark or Visa's Blue, White and Gold Bands Design service mark. A BANK CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.*

"CARD ORGANIZATION is VISA, MCI or the issuer of a T&E CARD." *Id.*

"T&E CARD is a valid and unexpired Travel and Entertainment CHARGE CARD issued by American Express, Carte Blanche, Diner's Club or Discover. A T&E CARD shall be deemed valid on and after the effective date, if shown, and through and including the expiration date embossed thereon." *Id.* at LL00019. |
| 15.  The  system  of  claim  10  wherein  the | On information and belief, means for accepting the customer identifier existed at |

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| accepting means comprises means for accepting the customer identifier at a merchant location. | a location of a merchant or merchant's agent, including, on information and belief, a magnetic card reader, keyboard input and/or telephone. |
| | "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDERS's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained). . . ." Member Agreement at LL_00019. |
| 16. The system of claim 10 wherein the accepting means comprises means for electronically accepting the customer identifier. | On information and belief, means for a merchant's electronically accepting a customer identifier existed in the Little system, including, on information and belief, a magnetic card reader, keyboard and/or telephone. |
| | "c. MEMBER shall complete each SALES RECORD to include a notation in the space provided for the CARDHOLDERS's signature that the sale was initiated by mail order (MO), telephone order (TO) or pre-authorized order (PO) (except for sales made in person, for which the CARDHOLDER's signature shall be obtained). . . ." Member Agreement at LL_00019. |
| | "WHEREAS, LITTLE and NPC are engaged in the business of processing paper-based and electronic data representing transactions conducted through the use of CHARGE CARDS . . . ." Member Agreement at LL_00018 (showing that the merchant electronically accepts the customer identifier). |
| | "SALES RECORD means all documents or data presented to LITTLE as evidence of a CARD SALE." Id. at LL_00019 (showing that the merchant electronically accepts the customer identifier). |
| 17. The system of claim 10 wherein the means at the merchant processor further comprise means for accumulating the payments until a predetermined amount is reached and means for forwarding at least a portion of the accumulated | Little would accumulate the payments until a predetermined amount was reached and then forward at least a portion of the accumulated payments. See Promissory Note Repayment Schedule at LL_00035 (outlining specified daily and weekly payment amount). |

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| payments to the third party. | On information and belief, the means for accumulating the payments until a predetermined amount was reached and means for forwarding at least a portion of the accumulated payments was a modem and computer running appropriate software. |
| 18. The system of claim 10 wherein the forwarding means at the merchant processor comprises means for periodically forwarding at least a portion of the payment to the third party. | Litle would periodically forward at least a portion of the payment. *See* Promissory Note Repayment Schedule at LL00035 (outlining daily and weekly payment schedules). On information and belief, the means for performing this function was a modem and computer running appropriate software.<br><br>"In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co, or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on demand, MEMBER agrees that . . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . . ." Promissory Note at LL00033 (showing that payments were periodically forwarded). |
| 19. The system of claim 10 wherein the forwarding means at the merchant processor comprises means for forwarding to the third party an amount that is a percentage of the obligation. | Litle forwarded an amount that is a percentage of the obligation. On information and belief, the means for performing this function was a computer running appropriate software.<br><br>"In consideration of Litle & Co. making advances for the account of [Museum Publications of America] to United States Postal Service, [Museum Publications of America] agrees to pay on demand the Principal Amount of Advance plus management fee to Litle & Co., or order. MEMBER further agrees that all CHARGE CARD transactions from all divisions and subsidiaries will be processed by Litle & Co. while any amount owed under this note is still outstanding. Notwithstanding that such amounts are otherwise payable on |

UNITED STATES PATENT NO. 6,941,281

| CLAIMS | SPECIFICATION REFERENCES |
|---|---|
| | demand, MEMBER agrees that . . . (ii) the Daily Repayments shall be deducted from daily NET PROCEEDS. . . ." Promissory Note at LL_00033 (showing that payments forwarded were in an amount that was a percentage of the obligation); *see also* Promissory Note Repayment Schedule at LL_00035 (outlining daily and weekly payment amount, all of which individually and collectively constituted a percentage of the merchant's total obligation). |

## EXHIBIT Q

**TO AFFIDAVIT OF MICHAEL N. EDELMAN IN
SUPPORT OF ADVANCEME, INC.'S OPPOSITION TO MOTION
FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ADVANCEME, INC.,

    Plaintiff

      v.

AMERIMERCHANT LLC,

    Defendant.

CASE NO. 6:06-CV-082 LED

## DEFENDANT'S AMENDED P.R. 3-3 PRELIMINARY INVALIDITY CONTENTIONS

Pursuant to Patent Rules ("P.R.") 3-3 and 3-4 of the Rules of Practice for Patent Cases before the Eastern District of Texas, Defendant AmeriMerchant LLC ("AmeriMerchant") submits the following amended preliminary invalidity contentions.

These contentions pertain to Claims 1-19 of U.S. Patent No. 6,941,281 (the '281 Patent). Defendant submits, however, that AdvanceMe has not fully complied with its obligation to submit specific Preliminary Infringement Contentions relating to the means-plus-function claims of the '281 patent, in that AdvanceMe's Contentions for Claims 10-19, relating to means-plus-function claim elements, provide only conclusory accusations of Accused Instrumentalities and do not identify structure with specificity. *See* AdvanceMe's Preliminary Infringement Contentions; P.R. 3-1. Further, Defendant submits that AdvanceMe has not fully complied with its obligation to submit specific Preliminary Infringement Contentions relating to Claims 8 and 17, in that AdvanceMe's Contentions do not identify any ability of the Accused Instrumentalities to "accumulate payments until a predetermined amount is reached." *See* AdvanceMe's Preliminary Infringement Contentions; P.R. 3-1.

Defendant has based these Preliminary Invalidity Contentions in part on AdvanceMe's proffered claim interpretations, as best understood by Defendant. Defendant does not accept AdvanceMe's proffered claim interpretation, and Defendant's application of AdvanceMe's claim interpretations for purposes of these Preliminary Invalidity Contentions shall not be deemed an acceptance of AdvanceMe's constructions or a waiver of Defendant's right to proffer alternative constructions.

Because AdvanceMe has not yet provided Defendant with reasonably specific Preliminary Infringement Contentions, the Court has not yet ruled on claim construction, and discovery and fact investigations are ongoing, Defendant reserves the right to supplement these Preliminary Invalidity Contentions.

1.   **PRIOR ART – 35 U.S.C. § 102(B)**

Attached as Exhibits 1-6 are claim charts respectively indicating how prior art items 1-6 anticipate every limitation of at least certain of Claims 1-19 of the '281 Patent, based on Defendant's present understanding of how AdvanceMe is construing those claims. To the extent any limitation is deemed not to be exactly met by an item of prior art, Defendant submits that the difference would have been obvious to one skilled in the art at the time of the alleged invention in view of the state of the art and knowledge of those skilled in the art, and that the item of prior art therefore renders the claims invalid for obviousness. As evidenced at the deposition of the inventor, Barbara Johnson, and based on her testimony, prior art items 1-6 individually and collectively anticipate or render obvious all of Claims 1-19 of the '281 Patent.

| | **Publication Title** | **Item offered for sale or publicly used or known** |
|---|---|---|
| 1. | Clever Ideas – LeCard dining program documents[1]<br><br>(1992-1996) | Clever Ideas - LeCard, Inc. offered a product known as LeCard that utilized a system and method of automated payment wherein LeCard would advance a sum of money or an amount of advertising to restaurants in exchange for the restaurant providing food and beverage credit for LeCard cardholders.  The restaurant's contractual obligation to repay the credit amount would be reduced as customers used LeCard to pay for food and beverages.  Diners Club, the merchant processor, would acquire, authorize and settle the LeCard transaction and would electronically forward some portion of the payment to LeCard in satisfaction of the restaurant's obligation to LeCard.  LeCard thus publicly used the method and system as claimed in the '281 patent, and LeCard's method and system were described in a printed publication, more than one year prior to the date of the application for a patent in the United States and constitutes 35 U.S.C. § 102(b) prior art.  A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 1.[2] |
| 2. | SEC Form 10-K for Transmedia Network, Inc.<br><br>(December 29, 1995) | Transmedia Network Inc. ("Transmedia") offered a product known as the Transmedia card that utilized a system and method of automated payment wherein Transmedia advanced a sum of money to a restaurant or other merchant, via a purchase at a discount of "Rights-to-Receive" (i.e., the right to receive goods and services).  After acquiring, authorizing and settling the transaction, Transmedia would withhold or otherwise electronically forward some portion of the payment to a computerized payment receiver in satisfaction of the restaurant's (or other merchant's) contractual obligation to Transmedia.  Transmedia thus publicly used the method and system as claimed in the '281 patent, and Transmedia's method and system were described in a printed publication, more than one year prior to the date of the application for a patent in the United States and constitutes 35 U.S.C. § 102(b) prior art.  A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 2.[3] |

---

[1] These documents include Clever Ideas-LeCARD Cash and/or Advertising Advance Agreements; Restaurant Statements; Letters from LeCard to Participating Restaurants; and other related correspondence.
[2] Clever Ideas-LeCard anticipates Claims 1, 5-10 and 14-19.  Clever Ideas-LeCard renders obvious Claims 2-4 and 11-13.  *See* Exhibit 1.
[3] Transmedia anticipates Claims 1, 5-10 and 14-19.  Transmedia renders obvious Claims 2-4 and 11-13.  *See* Exhibit 2.

| 3. | First USA Merchant Services, Inc. Merchant Credit Card Agreement<br><br>(July 1, 1993) | First USA Merchant Services, Inc. ("First USA") offered to provide credit card processing services to merchants that incorporated a system and method of automated payment as claimed in the '281 patent. First USA, the merchant processor, would acquire, authorize and settle the transaction. First USA would withhold or otherwise electronically forward some portion of the payment to a computerized payment receivers as payment of at least a portion of an obligation made by the merchant. First USA thus publicly used the method and system as claimed in the '281 patent, and First USA's system and method were described in a printed publication, more than one year prior to the date of the application for a patent in the United States and constitutes 35 U.S.C. § 102(b) prior art. A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 3.[4] |
| --- | --- | --- |
| 4. | Bank of America Merchant Services Card Processing Service Agreement Terms and Conditions<br><br>(November 1994 (Reprinted August 1995)) | Bank of America NT&SA offered to provide credit card processing services to merchants which incorporated a system and method of automated payment as claimed in the '281 patent. Bank of America, the merchant processor, would acquire, authorize and settle the transaction. Bank of America would withhold or otherwise electronically forward some portion of the payment to a computerized payment receiver as payment of at least a portion of an obligation made by the merchant. First USA thus publicly used the method and system as claimed in the '281 patent, and First USA's system and method were described in a printed publication, more than one year prior to the date of the application for a patent in the United States and constitutes 35 U.S.C. § 102(b) prior art. A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 4.[5] |

---

[4] First USA anticipates Claims 1-2, 6-11 and 15-19. First USA renders obvious Claims 3-5 and 12-14. *See* Exhibit 3.
[5] Bank of America anticipates Claims 1-2, 6-11 and 15-19. Bank of America renders obvious Claims 3-5 and 12-14. *See* Exhibit 4.

| 5. | Credit Card Processing Agreement; Reserve Account Agreement (among Reno Air, Inc., Electronic Data Systems Corportation and First USA Merchant Services, Inc.) <br><br> (June 1995) | Electronic Data Systems Corporation ("EDS"), as agent for First USA Merchant Services, Inc. ("First USA"), offered to provide credit card processing services to merchants that incorporated a system and method of automated payment as claimed in the '281 patent. EDS, the merchant processor, would receive payment information from the merchant and provide the merchant with the payment amount less processing fees and other obligations of the merchant. EDS would electronically forward some portion of the payment to a computerized payment receiver as payment of some portion of an obligation made by the merchant. EDS, as agent for First USA, thus publicly used the method and system as claimed in the '281 patent, and First USA's system and method were described in a printed publication, more than one year prior to the date of the application for a patent in the United States and constitutes 35 U.S.C. § 102(b) prior art. A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 5.[6] |
|---|---|---|
| 6. | Litle & Co. documents[7] <br><br> (1990-1992) | Litle & Co. ("Litle") utilized a system and method of automated payment wherein an entity would advance a sum of money or an amount of postage costs to catalog or other companies. Litle, the merchant processor, would acquire, authorize and settle the transaction and would electronically forward some portion of the payment to a computerized payment receiver in satisfaction of the company's obligation that arose from the advance of cash or postage costs. Litle, alone or in combination with other entities, thus publicly used the method and system as claimed in the '281 patent, and Litle's method and system were described in a printed publication, more than one year prior to the date of the application for a patent in the United States and constitutes 35 U.S.C. § 102(b) prior art. A chart identifying where specifically in this item of prior art each element of each asserted claim is found is attached hereto as Exhibit 6.[8] |

Defendant's investigation of these products and services is ongoing, and Defendant reserves the right to supplement these contentions to include additional details regarding these products and services as discovery in this case continues.

---

[6] EDS anticipates Claims 1-2, 6-11 and 15-19. EDS renders obvious Claims 3-5 and 12-14. *See* Exhibit 5.
[7] These documents include the Litle & Co. Member Agreement; Demand Promissory Note for Postage Advances (between Museum Publications of America and Litle & Co.); "People Thought I was Nuts" Forbes Article (6/8/92); Promissory Note Repayment Schedule; and related correspondence.
[8] Litle & Co. anticipates Claims 1-2, 5-11 and 14-19. Litle & Co. renders obvious Claims 3-4 and 12-13. *See* Exhibit 6.

2.    INVENTORSHIP – 35 U.S.C. § 102(f)

The '281 patent is invalid because the alleged inventor did not herself invent the subject

matter sought to be patented. As evidenced during the deposition of the alleged inventor,

Barbara Johnson, she lacks knowledge of card processing and familiarity with, or knowledge of,

the meaning of many, if not all, features of the '281 patent.

| Name of person from whom the invention or any part was derived | Circumstances |
|---|---|
| Gary Johnson | Gary Johnson is the husband of the inventor. On information and belief, he was knowledgeable of the card processing industry at the time of the alleged inventor's invention. Barbara Johnson testified that she did not directly correspond with the prosecuting attorneys, but instead indirectly corresponded with the prosecuting attorneys through Gary Johnson. On knowledge and belief, the invention or some part of the invention was derived from Gary Johnson. |
| Les Falk, Glen Goldman, Tom Burnside and/or other employees of Media Works Funding Corporation, Countrywide Business Alliance, Inc. and/or AdvanceMe, Inc. | On information and belief, Les Falk is the former CEO of the assignee of the '281 patent. Glen Goldman is the current CEO of AdvanceMe, and Tom Burnside is the current President and Chief Operating Officer of AdvanceMe. On information and belief, the invention or some part of the invention was derived from Les Falk, Glen goldman, Tom Burnside, and/or other employees of the assignee (which underwent multiple name changes). |
| Paula Campbell, Robert Tosti, John Forcier and/or other attorneys of the law firm Testa, Hurwitz & Thiebeault LLP involved in the prosecution of U.S. Patent No. 6,941,281 and/or U.S. Patent No. 6,826,544. | Attorneys from Testa, Hurwitz & Thiebeault LLP were involved in the prosecution of U.S. Patent No. 6,941,281 and/or U.S. Patent No. 6,826,544. On information and belief, the invention or some part of the invention was derived from Paula Campbell, Robert Tosti, John Forcier and/or other attorneys of the law firm Testa, Hurwitz & Thiebeault LLP. |
| David Klein and/or other attorneys of the law firm Shearman & Sterling LLP involved in the prosecution of the U.S. Patent No. 6,941,281 and/or U.S. Patent No. 6,826,544. | Attorneys from Shearman & Sterling LLP were involved in the prosecution of U.S. Patent No. 6,941,281 and/or U.S. Patent No. 6,826,544. On information and belief, the invention or some part of the invention was derived from David Klein and/or other attorneys of the law firm Shearman & Sterling LLP. |

Defendant's investigation of these individuals and the circumstances surrounding their contribution to the alleged invention is ongoing, and Defendant reserves the right to supplement these contentions to include additional details regarding these individuals and circumstances as discovery in this case continues.

3.    **P.R. 3-4 DOCUMENT PRODUCTION**

Defendant produced prior art items 1-5 and a portion of 6 on July 20, 2006, with service of Defendant's Preliminary Invalidity Contentions. Defendant produced the remainder of item 6 on July 28, 2006. At the present time, Defendant has made every effort to produce all relevant, non-privileged documents in its possession, custody or control that may evidence the information required under P.R. 3-4(a). Defendant's search for documents is ongoing, and Defendant reserves the right to supplement its document production as additional relevant, non-privileged documents in its possession, custody or control are identified.

Dated: August 30, 2006                                        Respectfully submitted,

                                          By:  *Hilary Preston*   w/permission
                                                                   Attny
                                                Willem G. Schuurman
                                                Texas State Bar No. 17855200
                                                Joseph D. Gray
                                                Texas State Bar No. 24045970
                                                VINSON & ELKINS L.L.P.
                                                2801 Via Fortuna, Suite 100
                                                Austin, Texas 78746
                                                Phone:  (512) 542-8400 –
                                                Fax:  (512) 236-3476

                                                         - and -

                                                Hilary L. Preston
                                                VINSON & ELKINS L.L.P.
                                                666 Fifth Avenue – 26th Floor
                                                New York, New York 10103
                                                Phone: (212) 237-0000
                                                Fax: (212) 237-0100

                                                         - and -

                                                Douglas McSwane
                                                Texas State Bar No. 13861300
                                                POTTER MINTON, P.C.
                                                110 North College
                                                500 Plaza Tower
                                                Tyler, Texas 75702
                                                Phone:  (903) 597-8311
                                                Fax:  (903) 593-0846

                                                *ATTORNEYS FOR DEFENDANT*
                                                *AMERIMERCHANT LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served upon all counsel of record on this the 30th day of August, 2006 as indicated:

*Via Electronic Mail and U.S. Mail*
Ronald S. Lemieux
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Otis Carroll
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703

Amy a Riley

Austin 726809v.1