EXHIBIT F

Dockets.Justia.com



PATENT
Attorney Docket No. JHN-001 (4750/2)

RECEIVED
JAN 27 1999
Group 2700

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

APPLICANT(S):    Johnson

SERIAL NO.:    08/890,398    GROUP NO.:    2765

FILING DATE:    July 9, 1997    EXAMINER:    James W. Myhre

TITLE:    Automated Loan Repayment

Assistant Commissioner for Patents
Washington, D.C. 20231

### AMENDMENT AND RESPONSE

In response to the Office Action mailed from the Patent Office on November 10, 1998, please amend this application as indicated below and consider the remarks that follow.

In the Specification:

On page 5 at line 21, please change "the merchant processor 30, 300 is the" to -- the merchant processor 30 (300 in FIGS. 2 and 3A) is the--.

On page 6 at line 18, please change "card issuer 50" to --merchant 20--.

In the Claims:

Please amend claims 1 and 10 as follows:



1. (Amended) A method for automated loan repayment, comprising:

accepting a customer identifier as payment from the customer and electronically forwarding information related to the payment to a computerized merchant processor;

at the computerized merchant processor, acquiring the information related to the payment and forwarding at least a portion of the payment to a computerized

15



Applicant: Johnson
Serial No.: 08/890,398
Page 2 of 4

loan repayment receiver as repayment of at least a portion of an outstanding
loan amount owed by the merchant; and

at the computerized loan repayment receiver, receiving the portion of the
payment forwarded by the computerized merchant processor and applying that
portion to the outstanding loan amount owed by the merchant to reduce that
outstanding loan amount.

10.  (Amended) A system for automated loan repayment, comprising:

means for accepting a customer identifier as payment from the customer and for
electronically forwarding information related to the payment to a
computerized merchant processor, wherein a merchant associated with the
payment has an outstanding loan to a lender; and

at the computerized merchant processor, means for receiving the information
related to the payment and means for forwarding to the lender a loan payment
associated with the payment.

## REMARKS

Applicant hereby amends claims 1 and 10, leaving claims 1-19 pending in this
application with amended claims 1 and 10 being the only independent claims.

The specification has been amended to address the informalities identified in the
Office Action.  Applicant submits that the specification as amended is free of
informalities, and that all amendments are fully supported by the originally-filed
application.

Applicant submits that amended claims 1 and 10 address the 35 U.S.C. Section
101 concerns raised in the Office Action.  All changes to the claims are fully supported
by the originally-filed application at, for example, pages 8 and 9.

Claims 1-6, 8-15, and 17-19 are rejected under 35 U.S.C. Section 103(a) over U.S.
Patent No. 4,750,199 to Cohen (hereinafter "Cohen").

Applicant: Johnson
Serial No.: 08/890,398
Page 3 of 4

Cohen describes a purchasing system with a rebate feature, namely the bundling of a purchase of a good or service with an annuity. The annuity is payable to a purchaser, and it comes due on the twentieth anniversary of the close of the merchant's fiscal year in which the purchaser made the purchase (column 1, lines 45-48). The rebate annuity of Cohen comes into existence after the purchaser agrees to make his purchase (column 2, lines 1-8). Cohen teaches that the annuity is ultimately purchased through the intermediation of an independent escrow agent after a series of transfers of financial data and calculations take place (column 1, lines 40-59). Cohen thus involves a system in which the purchaser of goods or services becomes the beneficiary of an annuity.

In sharp contrast to Cohen, the present invention describes repayment of a loan owed by a merchant. Cohen does not teach or suggest anything about loan repayment by a merchant. Amended claim 1 recites, in part, "outstanding loan amount owed by the merchant." Amended claim 10 recites, in part, "a merchant ... has an outstanding loan to a lender."

The loan recited in the amended claims differs from the annuity in Cohen. For example, the claims recite an "outstanding" loan, whereas the annuity of Cohen only comes into existence after the purchase. The existence of the loan in the present invention is independent of and unrelated to the consummation of any particular purchase, while the existence of the annuity in Cohen depends entirely on the consummation of the purchase. Also, in the present invention, the automated repayment of a loan amount is for the benefit of the merchant. The purchaser gains no additional benefit from the present invention. In contrast, the primary financial beneficiary in Cohen is the purchaser who gains the right to receive an annuity, while the vendor has no direct financial interest in the annuity.

Even if the annuity of Cohen is replaced with an outstanding loan, as suggested in the Office Action, the "modified" Cohen would not result in applicant's claimed invention, because the loan repayment would still be for the benefit of the purchaser. Cohen describes at column 1, lines 53-59 and at column 2, lines 29-35 that the purchaser, and not the vendor, supplies the funds used to pay for the annuity, and is the beneficiary of the annuity. Applicant's claims recite a loan repayment on behalf of and for the benefit of the merchant, and not on behalf of nor for the benefit of the purchaser.

Applicant: Johnson
Serial No.: 08/890,398
Page 4 of 4

Claims 7 and 16 are rejected under 35 U.S.C. Section 103(a) over Cohen in view of U.S. Patent No. 5,465,206 to Hilt et al., (hereinafter "Hilt").

Hilt describes an electronic bill payment system. Hilt describes reducing or eliminating "exception items." At column 1, lines 51-59, Hilt indicates that an "exception item is a payment which, for some reason, cannot be processed according to the highly automated procedures put in place by the biller to quickly process remittances. Exception items include checks received without payment coupons, payment coupons received without checks, checks for amounts different than the amounts shown on the corresponding coupons, multiple payment coupons received in an envelope with a single check." Hilt fails to supply what is absent from Cohen, and thus any combination of Cohen and Hilt cannot and does not teach or suggest Applicant's claimed subject matter. Hilt does not teach or suggest anything about loan repayment by a merchant via a computerized merchant processor.

## CONCLUSION

In view of the foregoing, applicant respectfully requests reconsideration, withdrawal of all rejections and objections, and allowance of all pending claims in due course.

Respectfully submitted,

Date: January 20, 1999
Reg. No. 35,393

Robert J. Tosti
Attorney for Applicant
Testa, Hurwitz, & Thibeault, LLP
High Street Tower
125 High Street
Boston, Massachusetts 02110

Tel. No.: (617) 248-7374
Fax No.: (617) 248-7100

574JBM4750/2.A705638-1