**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ADVANCEME, INC.** § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> §    **CAUSE NO. 6:05-CV-424 (LED)** <br> **RAPIDPAY, LLC, BUSINESS CAPITAL** § <br> **CORPORATION, FIRST FUNDS LLC,** § <br> **MERCHANT MONEY TREE, INC.,** § <br> **REACH FINANCIAL, LLC and** § <br> **FAST TRANSACT, INC. d/b/a** § <br> **SIMPLE CASH** § <br> § <br> *Defendants.* § <br> § | |

**DEFENDANTS FIRST FUNDS, LLC's, MERCHANT MONEY TREE, INC.'s,
AND REACH FINANCIAL, LLC's REPLY IN SUPPORT OF THEIR
<u>MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS</u>**

     Defendants First Funds, LLC, Merchant Money Tree, Inc., and Reach Financial, LLC ("Defendants") hereby file their Reply in Support of their Motion for Leave to Amend Preliminary Invalidity Contentions and, in support hereof, would respectfully show the Court as follows:

**I.**

**BACKGROUND**

     As described in Defendants' Motion for Leave to Amend Preliminary Invalidity Contentions ("Motion"), Defendants have gone to great lengths to diligently pursue and collect evidence supporting invalidating prior art in this matter, including undertaking the daunting task of convincing their direct competitors to cooperate and to search for documents over a decade old. *See* Timeline of Facts Relevant to Defendants' Motion to Amend Invalidity Contentions ("Timeline"), attached hereto as Ex. F; Motion at 2-4. As soon as evidence and documents were

752,540

located, Defendants have both (a) promptly provided the documents to Plaintiff AdvanceMe, Inc. ("AdvanceMe"), and (b) promptly incorporated the evidence and documents into, and served on AdvanceMe, invalidity charts identifying where each element of each claim may be found in the prior art systems. *Id*. Upon being told by AdvanceMe that it would object to the updated invalidity contentions, Defendants realized they had omitted to obtain leave and immediately filed the motion for leave to amend.

Rather than explain how Defendants could have possibly been more diligent in their efforts to discover and disclose the Litle & Company prior art systems and supporting documentation, AdvanceMe, in its Opposition to Defendants' Motion for Leave to Amend Invalidity Contentions ("Opposition"), disregards the documented timeline of relevant facts set forth in Defendants' Motion and instead responds with assertions regarding when it *thinks* Defendants may have gained knowledge of the Litle & Company prior art. Further, AdvanceMe makes specious claims of hypothetical prejudice, all of which are either wholly unsupported or inapplicable to the instant case, as described herein.

Having shown good cause for the proposed amendments of their Preliminary Invalidity Contentions ("Original Contentions"), Defendants respectfully request that the Court grant their Motion.[1]

## II.

## ARGUMENT

**A.    Defendants Have Shown Good Cause for the Proposed Amendments**

As the parties agree, the Court may grant Defendants' Motion if Defendants show good cause for the proposed amendments. *See STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.

---

[1] As explained in their Motion, Defendants seek leave to amend their Original Contentions to include the Litle & Company prior art systems. *See* Ex. G, Proposed Litle & Company Invalidity Claim Chart.

Supp. 2d 845, 849 (E.D. Tex. 2004) (Davis, J.); Opposition at 9.  Four considerations are relevant to the Court's determination: (1) Defendants' <u>reasons</u> for not including the proposed amendments by the scheduling order deadline; (2) the <u>importance</u> of the Litle & Company prior art systems; (3) potential <u>prejudice</u> in allowing the addition of the Litle & Company prior art systems; and (4) the availability of a continuance to cure such prejudice. *See Alt v. Medtronic*, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex. Feb. 1, 2006) (Davis, J.).  As explained in their Motion and below, each of these four factors weighs strongly in favor of permitting Defendants' requested amendments.  AdvanceMe's only arguments in opposition are either contrary to the documented facts or unsupported assertions of prejudice.

### 1. Defendants Received the Litle & Co. Information & Documents *After* Their Preliminary Invalidity Contentions Were Due

As demonstrated in the Motion and reiterated herein, the first factor – the explanation for the delay – weighs heavily in favor of granting Defendants' proposed amendments.  Defendants did not receive sufficient Litle & Co. information and documents to assert this prior art in good faith until July 14, 2006.[2]  *See* Motion at 2-4; Ex. F.  Defendants promptly provided the documents and their First Amended Preliminary Invalidity Contentions (including the initial Litle & Company disclosures) to AdvanceMe on July 20, 2006.  Defendants brought this motion as soon as it was brought to Defendants' attention that such a motion for leave to amend was necessary to amend their Original Contentions.  *See* Ex. H (Letter from Robert Matz to Hilary Preston dated September 1, 2006).  AdvanceMe's attempt to attribute a lack of good faith or gamesmanship to the delay in bringing the motion is thus misplaced.  Defendants have promptly provided all relevant information to AdvanceMe as it has become available to Defendants, as

---

[2] As explained in Defendants' Motion, the proposed amendment further supplements the disclosures regarding Litle & Company made in Defendants' First Amended Invalidity Contentions served July 20, 2006.  See Ex. G; Motion, Ex. C to Gray Decl.

3

described in their Motion and herein. *Id.* Upon receiving additional Litle & Company documents on July 25, 2006, Defendants promptly provided those documents to AdvanceMe on July 28, 2006 and provided AdvanceMe with their Second Amended Preliminary Invalidity Contentions (the amendments on which their Motion is based) on August 31, 2006. *See* Motion at 2-4; Ex. F. This documented timeline demonstrates that Defendants could not have reasonably met the scheduling order deadline of July 7, 2006 for the Litle & Company prior art systems and documents, despite their diligence. AdvanceMe's Opposition does nothing to undercut that demonstration. Instead, it responds by making bald and unsupported assertions about Defendants' knowledge, all of which are contradicted by the objective facts.

AdvanceMe argues that Defendants received "the Litle documents" in June, *see* Opposition at 11, although it fails to recognize that the *only* Litle documents received in June were fragments of a single postage advance agreement. *See* Ex. F; Ex. B to the Declaration of Joseph Gray in Support of Defendant's Motion ("Gray Declaration"). At that time, Defendants had not obtained enough information about Litle & Company (which was sold in 1995) to determine whether and to what extent Litle & Company practiced the claimed invention in the early 1990s. It was not until Defendants received additional information and additional documentation on July 14, 2006 that Defendants were able to assert in good faith that Litle & Company publicly and commercially practiced U.S. Patent No. 6,942,281's (the "281 Patent") claimed invention. *See* Ex. F; Ex. C to Gray Declaration. Seven days later, on July 21, 2006, Defendants served their First Amended Preliminary Invalidity Contentions, which included the Litle & Company prior art systems and citations to the relevant documents that Defendants had received as of that date. *See* Ex. F.

Relevant information has been difficult to obtain. Defendants had only limited access to Mr. Litle. Many relevant documents were in the possession of Paymentech (a multi-billion dollar processing company and competitor of Defendants, which evolved from First USA years after First USA bought Litle & Co. in 1995). Additionally, Mr. Litle is the CEO of a large processing company (also a competitor of Defendants') and has no immediate interest in the outcome of this litigation. *See* Ex. I. Defendants have painstakingly gained only limited access to Mr. Litle and have had an extremely difficult time convincing Paymentech to search for decade-old documents and provide them to Defendants.

Defendants have exerted incredible efforts in their search for documentation regarding the Litle & Company prior art and have provided to AdvanceMe all relevant information they have obtained every step of the way.[3] *See* Ex. F; Motion at 2-4. Indeed, Defendants now seek to supplement their contentions to include the Litle & Co. prior art systems and the documentary evidence that they received after July 7, 2006, and had promptly produced to AdvanceMe on July 21 and July 28, 2006. AdvanceMe's statement that "[t]he alleged prior that the Defendants now seek to add was known to the defendants weeks before they served their Preliminary Invalidity Contentions" Opposition at 1, is simply inaccurate, as it is directly contradicted by AmeriMerchant's documented correspondence with Tim Litle and Paymentech.

**2.  The Litle & Company Prior Art Systems Anticipate All Relevant Claims of the '281 Patent**

As explained in Defendants' Motion, the Litle & Co. prior art systems and documents and the accompanying analyses in Defendants' proposed amendments, are critically important to

---

[3] Defendants brought this motion as soon as it was brought to their attention that they had failed to file a motion for leave to amend their Original Contentions. *See* Ex. H (letter from Robert Matz). AdvanceMe's attempt to attribute a lack of good faith or gamesmanship to the delay in bringing the motion is thus misplaced. Defendants have promptly provided all relevant information to AdvanceMe as it has become available, as described in their Motion and herein.

their defense of AdvanceMe's claims, as they establish invalidity of all relevant asserted claims. *See* Motion at 7; Ex. G. AdvanceMe, in its Opposition, does not explain any basis for contending that Litle & Company does not constitute invalidating prior art, but rather states that Defendants "rely only on lawyer's argument." Opposition at 15. But Defendants do no such thing. The detailed facts demonstrating how Litle & Company's systems anticipated the relevant asserted claims are found in the July 21, 2006 amended Invalidity Contentions, as supplemented by the Litle & Company documents (produced to AdvanceMe on or before July 28, 2006) and in Defendants' further Amended Preliminary Invalidity Contentions (served August 30, 2006).

AdvanceMe fails to mention that Mr. Litle testified at his deposition on September 6, 2006, that Defendants' proposed Amended Invalidity Contentions accurately describe the manner in which the Litle & Company systems anticipate all relevant claims of the patent-in-suit. *See* Ex. J, Tim Litle Deposition Transcript at 123-158. AdvanceMe also fails to mention that it cross-examined Mr. Litle for about three hours and was unable to raise even one single basis for contending that any relevant asserted claims could somehow avoid anticipation by the Litle & Co. systems. As this Court has agreed that an amendment to include invalidating prior art weighs in favor of permitting the amendment, Defendants have satisfied this second prong of the analysis.[4] *See Alt*, 2006 U.S. Dist. LEXIS 4435, *12-13.

### 3. AdvanceMe Will Suffer No Relevant Prejudice if the Court Permits the Amendment

As explained in Defendants' Motion and confirmed by AdvanceMe's Opposition, AdvanceMe will suffer no relevant prejudice if the Court permits the proposed amendments. Defendants included the initial framework for the Litle & Company prior art in their First

---

[4] Defendants again note that their second proposed amendment is proposing to *supplement* their first amended Preliminary Invalidity Contentions of July 21, 2006 to include *further* support found in documents obtained *after* those Contentions were served.

Amended Preliminary Infringement Contentions, which were served on AdvanceMe on July 21, 2006. *See* Ex. F. AdvanceMe was thus on notice of this prior art system two weeks after the scheduling order deadline. On July 28, 2006, eight days after serving their First Amended Preliminary Infringement Contentions, Defendants produced the additional documentation to AdvanceMe on which the entirety of Defendants' proposed amendments are based. *See* Ex. F. Further, trial is set for March 26, 2007, and discovery does not close until February 15, 2007. Both parties thus have ample time to conduct all necessary discovery.

But, instead of addressing these facts directly, AdvanceMe ignores the precedent of this Court that permitted an amendment seven months after the original deadline for submission of preliminary invalidity contentions (and after the *Markman* hearing)[5] and proffers several stock claims of prejudice that are wholly disconnected from the facts of this case. AdvanceMe claims that Defendants' proposed amendments threaten "to throw the discovery process into chaos" because AdvanceMe has "prepared discovery requests, responded to discovery, conducted depositions, and prepared for claims construction on the assumption that the Defendants' original Preliminary Invalidity Contentions would govern Defendants' invalidity arguments in this case." Opposition at 17. AdvanceMe also inexplicably claims that it would have to propound "new requests for admission and new requests for production." *Id*. AdvanceMe's specious claims of prejudice may appear credible in a vacuum, but they are wholly inapplicable to this case.

First, as the parties in this action are to produce all documents relevant to any claim or defense without discovery requests, pursuant to the patent rules and Discovery Order, and as AdvanceMe has not served a single request for admission on Defendants, AdvanceMe's claim of prejudice based on propounding "new requests for admission and new requests for production"

---

[5] *See Alt v. Medtronic, Inc.,* 2006 U.S. Dist. LEXIS 4435, *13-14 (E.D. Tex. Feb. 1, 2006).

are questionable at best.  Regarding "respond[ing] to discovery," AdvanceMe has not produced a <u>single</u> non-publicly available document in this action,[6] but instead has only produced several thousand pages of publicly available prosecution histories, and the articles and patents cited therein.  Nor has AdvanceMe responded to the single interrogatory propounded by any Defendant.  AdvanceMe does not explain how its *lack* of discovery response has in any way been affected by the proposed amendments.

Second, AdvanceMe argues that it has "prepared for claims construction on the assumption that Defendants' Preliminary Invalidity Contentions would govern Defendants' arguments in this case."  Opposition at 11.  While it is clear from AdvanceMe's proposed constructions that it is attempting to exclude prior art through erroneous claim construction, as explained in Defendants' Responsive Claim Construction Brief at 5-12 and 16-21, invalidity contentions and prior art are *wholly irrelevant* to claim construction analysis and thus provide no basis for AdvanceMe's claims of prejudice.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1327 (Fed. Cir. 2005) (en banc).

Third, only two depositions have been taken in this case, *both of which were noticed by Defendants*: Mr. Litle and the alleged inventor, Barbara Johnson.[7]  At Mr. Litle's deposition on September 6, 2006, all parties examined Mr. Litle on the documents that AmeriMerchant received by July 25, 2006 and that Defendants produced to AdvanceMe on or before July 28, 2006.  In other words, AdvanceMe received all Litle & Company documents on which Defendants' proposed amendments are based, and on which Defendants' questioning at Mr.

---

[6] However, yesterday, Plaintiff, for the first time produced some discovery, in the form of excerpts from three depositions in another case, where Defendants had been requesting the entire deposition transcripts for some time.

[7] Barbara Johnson was deposed on June 28, 2006 at the location of AdvanceMe's choice, well before the July 20, 2006 scheduling order deadline for submitting preliminary invalidity contentions.

Litle's deposition was largely based, over a *month prior* to Mr. Litle's deposition, and AdvanceMe had the opportunity to question Mr. Litle based on all of those documents. Further, AdvanceMe served a subpoena requesting *additional* documents on Mr. Litle, and Mr. Litle produced all relevant documents pursuant to that subpoena in advance of the deposition. AdvanceMe thus had every opportunity to examine Mr. Litle based on all relevant documents at his deposition on September 6th, which it did for roughly three hours. AdvanceMe also fails to mention that upon receiving Defendant's updated invalidity contentions on August 31, 2006, AdvanceMe contacted Mr. Litle, asked him questions, and told him that his deposition would be taken on September 6, 2006. How can AdvanceMe now pretend it was not ready for the deposition on the date it chose for the deposition?

As shown above, AdvanceMe's stock claims of prejudice are untenable under the facts of this case. The reality is that, despite AdvanceMe's rhetoric of "enough [is] enough," Opposition at 2, the trial in this case is about six months away and discovery does not close for over four months, and AdvanceMe will suffer no actual prejudice from the Court's granting Defendants' Motion. This factor thus also weighs in favor of permitting Defendants' proposed amendments.

### 4. Availability of a Continuance

As explained in Defendants' Motion, any prejudice suffered by AdvanceMe could be cured by a continuance of the pre-trial deadlines. Motion at 9. AdvanceMe does not argue that such a continuance would not cure any prejudice suffered; instead, AdvanceMe claims that its "planning for [certain unrelated] discovery would have to be modified," including the claim construction hearing and 30(b)(6) depositions. Opposition at 17. AdvanceMe, however, fails to explain how its "planning" for this discovery would "have to be modified," or why a continuance would not resolve any such "planning" issues. This factor thus weighs heavily in favor of permitting Defendants' proposed amendments.

9

**B.    The Court Should Deny AdvanceMe's Premature Request**

In what appears to be AdvanceMe's true motivation in opposing Defendants' meritorious Motion, AdvanceMe argues that it would have been willing to agree to the amended Invalidity Contentions provided that this should "be the last set of amended contentions that Defendants are permitted to serve in this case." Opposition at 17. AdvanceMe's novel suggestion of a preemptive approach to *future* amendments, even if based on good cause, is not only unsupported, but contrary to the interests of justice. Indeed, such an argument reveals the lack of a credible argument in opposition to the *current* Motion. The Court should not permit AdvanceMe to cower behind stock claims of prejudice in an attempt to avoid introduction or development of invalidating prior art. Third party depositions to provide additional evidence to support the disclosed prior art are still being scheduled,[8] and additional facts regarding prior art systems which were used commercially more than 10 years ago by various companies, many of whom no longer exist, are still being investigated on an urgent basis. Defendants thus respectfully request that AdvanceMe's request for an arbitrary, preemptive exclusion of any future proposed amendments to Defendants' Preliminary Invalidity Contentions be disregarded.

### III.

### CONCLUSION

Defendants therefore respectfully request that the Court grant their motion for leave to amend, and that any future motions for leave to amend be considered on their own merits.

---

[8] For example, the deposition of Lee Suckow (the CEO of Clever Ideas-LeCard, Inc., another invalidating prior art system) is scheduled for Wednesday, October 4, 2006.

October 3, 2006                  Respectfully submitted,

                                          By:  /s/ Willem G. Schuurman
                                                         Willem G. Schuurman
                                                         Texas State Bar No. 17855200
                                                         bschuurman@velaw.com
                                                         Joseph D. Gray
                                                         Texas State Bar No. 24045970
                                                         jgray@velaw.com
                                                         **VINSON & ELKINS L.L.P.**
                                                         2801 Via Fortuna, Suite 100
                                                         Austin, Texas 78746
                                                         Telephone: 512.542.8400
                                                         Facsimile: 512.236.3476

                                                         -and-

                                                         Hilary L. Preston
                                                         hpreston@velaw.com
                                                         **VINSON & ELKINS L.L.P.**
                                                         666 Fifth Avenue – 26th Floor
                                                         New York, NY 10103
                                                         Telephone: 212.237.0000
                                                         Facsimile: 212.237.0100

                                                         -and-

                                                         Douglas R. McSwane, Jr.
                                                         State Bar No. 13861300
                                                         **POTTER MINTON**
                                                         A Professional Corporation
                                                         110 N. College
                                                         500 Plaza Tower (75702)
                                                         P.O. Box 359
                                                         Tyler, Texas 75710
                                                         Telephone: 903.597.8311
                                                         Facsimile: 903.593.0846
                                                         E-mail: dougmcswane@potterminton.com

                                                         *Counsel for Defendants First Funds, LLC, Merchant Money Tree, Inc., and Reach Financial, LLC*

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADVANCEME, INC. | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | **CAUSE NO. 6:05-CV-424 (LED)** |
| RAPIDPAY, LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. d/b/a SIMPLE CASH | § § § § § § § | |
| *Defendants.* | § § § | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3rd day of October, 2006. Any other counsel of record will be served by first class mail on this same date.

    /s/ Willem G. Schuurman
    Willem G. Schuurman