# EXHIBIT F

**EXHIBIT F**
**Timeline of Facts Relevant to Defendants'**
**Motion to Amend Invalidity Contentions**

- February 27, 2006: AdvanceMe adds Defendants (the "*Rapidpay* Defendants") as defendants in the instant action and files an action against AmeriMerchant, LLC ("AmeriMerchant") (together with the *Rapidpay* Defendants, "Defendants") similarly claiming infringement of the '281 Patent.

- April 20, 2006: Defendants retain Vinson & Elkins L.L.P. ("V&E") as national counsel.

- April 26, 2006: David Goldin (of AmeriMerchant) sends an email to Tim Litle containing David Goldin's contact information. *See* Ex. A to Gray Declaration.

- June 19, 2006: Paymentech provides to AmeriMerchant (which, in turn, provides to the *Rapidpay* Defendants) fragments of supporting documentation for a Litle & Company "postage advance" agreement with a merchant. *See* Ex. B to Gray Declaration.[1] This documentation, alone, does not provide the Defendants with sufficient information to include Litle & Company as a prior art reference in their Preliminary Invalidity Contentions. Defendants' efforts to discover additional documentation continue.

- June 28, 2006: Deposition of the alleged inventor, Barbara Johnson. Examination did not involve Litle & Company.

- July 7, 2006: The *Rapidpay* Defendants serve their Preliminary Invalidity Contentions.

- July 14, 2006: Paymentech provides to AmeriMerchant (which, in turn, provides to the *Rapidpay* Defendants) additional fragments of supporting documentation evidencing Litle & Company's public and commercial use of its "postage advance" product. *See* Motion, Ex. C to Gray Declaration. At this point, based on *both* sets of documents they have received and factual investigations to date, Defendants have a good faith basis for including Litle & Company as a prior art reference in their Preliminary Invalidity Contentions.

- July 20 and 21, 2006: AmeriMerchant serves its Preliminary Invalidity Contentions in the *AmeriMerchant* action; the *Rapidpay* Defendants serve their Amended Preliminary Invalidity Contentions (amended to include Litle & Company prior art reference); and Defendants provide to AdvanceMe all Litle & Company supporting documentation they have received to date.

---

[1] AmeriMerchant received these first fragments of documentation on June 19, 2006. The fax header accompanying the documents reveals this date, although the fax cover sheet improperly states "March 3, 2006." *See* Motion, Ex. B to Gray Declaration. These documents were first received by AmeriMerchant on June 19, 2006, as correctly revealed by the fax header.

- July 25, 2006: Defendants finally receive from Paymentech a *complete* "postage advance" agreement and additional supporting documentation regarding the systems and methods practiced by Litle & Company prior to the filing of the '281 Patent. *See* Motion, Ex. D to Gray Declaration.

- July 28, 2006: Defendants produce all Litle & Company documentation received since July 20, 2006 to AdvanceMe.

- August 30 and 31, 2006: Defendants served on AdvanceMe amended preliminary invalidity contentions in both actions reflecting the additional information in the documents that were produced by July 28, 2006. These amended preliminary invalidity contentions added no new prior art references; they simply further explained the Litle & Company systems and methods that were disclosed in AmeriMerchant's Preliminary Invalidity Contentions and the *Rapidpay* Defendants' First Amended Preliminary Invalidity Contentions, served July 20, 2006.

- September 6, 2006: Deposition of Tim Litle. All parties, including AdvanceMe, examined Tim Litle based on Litle & Company documents *available to all parties over one month earlier*.

2