# REBUTTAL EXHIBIT D

# PLAINTIFF ADVANCEME'S REPLY CLAIM CONSTRUCTION BRIEF

| **Notice of Allowability** | Application No. | Applicant(s) |
|---|---|---|
| | 09/356,711 | JOHNSON, BARBARA S. |
| | Examiner | Art Unit |
| | James W Myhre | 3622 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to <u>RCE and Amendment filed on July 14, 2004</u>.

2. ☒ The allowed claim(s) is/are <u>38-56</u>.

3. ☐ The drawings filed on _____ are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All   b)☐ Some*   c)☐ None   of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☒ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   (a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
       1)☐ hereto or 2)☒ to Paper No./Mail Date <u>7</u>.
   (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
         Paper No./Mail Date _____ .
   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☒ Interview Summary (PTO-413),
      Paper No./Mail Date <u>20041013,20050317</u>.
7. ☒ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____ .

James W. Myhre
Primary Examiner

U.S. Patent and Trademark Office
PTOL-37 (Rev. 1-04)         Notice of Allowability         Part of Paper No./Mail Date 20050317

281FH0354

Application/Control Number: 09/356,711                                    Page 2
Art Unit: 3622

## DETAILED ACTION

### *Continued Examination Under 37 CFR 1.114*

1. A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on July 14, 2004 has been entered.

### *Response to Amendment*

2. The amendment filed on July 14, 2004 under 37 CFR 1.114 is sufficient to overcome the Cohen et al (4,750,119) and Hilt et al (5,465,206) references, but raises issues of obvious double patenting over the parent application. In response to an telephonic interview on October 13, 2004, the Applicant has filed a Terminal Disclaimer to overcome this issue.

### *Examiner's Amendment*

3. An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Application/Control Number: 09/356,711                                                      Page 3
Art Unit: 3622

Authorization for this examiner's amendment was given in a telephone interview with David M. Klein on October 13, 2004 and March 17, 2005.

The application has been amended as follows:

In Claim 38, line 9, in the phrase "receiving a portion of the obligation forwarded...", change the word "obligation" to read "payment".

In Claim 47, line 9 is changed to:

means for forwarding a portion of the payment to the third party to reduce the obligation.

### Allowable Subject Matter

4. Claims 38-56 are allowed.

### Examiner's Statement of Reasons For Allowance

5. The following is an examiner's statement of reasons for allowance:

While prior art was found which discloses using a portion of a payment for a transaction at a merchant to purchase an insurance policy *for the customer* (Cohen et al, 4,750,119) or to make a contribution to a charity selected *by the customer* (Hovakimian, 5,466,919), according to the Decision rendered by the Board of Patent Appeals and Interferences on the parent application on October 30, 2002, the prior art does not render it obvious to use the portion of the transaction payment to benefit the merchant instead of the customer. Therefore, the non-obvious novelty of the invention

281FH0356

Application/Control Number: 09/356,711                                                       Page 4
Art Unit: 3622

is using the portion of the transaction payment as a remittance towards payment of an obligation owed *by the merchant* as claimed in independent Claims 38 and 47.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

### *Conclusion*

6.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to Exr. James W. Myhre whose telephone number is (703) 308-7843. The examiner can normally be reached Monday through Thursday from 6:30 a.m. to 3:30 p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Eric Stamber, can be reached on (703) 305-8469. The fax phone number for Formal or Official faxes to Technology Center 3600 is (703) 872-9306. Draft or Informal faxes, which will not be entered in the application, may be submitted directly to the examiner at (703) 746-5544.

281FH0357

Application/Control Number: 09/356,711                                                    Page 5
Art Unit: 3622

      Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group Receptionist whose telephone number is (703) 308-1113.

JWM
March 17, 2005

James W. Myhre
Primary Examiner
Art Unit 3622

281FH0358

| **Interview Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 09/356,711 | JOHNSON, BARBARA S. |
| | Examiner | Art Unit |
| | James W Myhre | 3622 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *James W Myhre*.                    (3) _____.

(2) *David Klein*.                      (4) _____.

Date of Interview: *17 March 2005*.

Type: a)☒ Telephonic   b)☐ Video Conference
      c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes   e)☒ No.
If Yes, brief description: _____.

Claim(s) discussed: *47*.

Identification of prior art discussed: *None*.

Agreement with respect to the claims f)☒ was reached.   g)☐ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *The Examiner explained how the last line of the claim could be interpreted as the bank processing a check written by the merchant at some time later than the transaction and suggested language to clarify that a portion of the transaction was being forwarded to the third party to reduce the obligation. The Applicant Representative agreed to allow an Examiner's Amendment be entered to incorporate such language in the claim.*

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.

Examiner's signature, if required

U.S. Patent and Trademark Office
PTOL-413 (Rev. 04-03)                    Interview Summary                    Paper No. 20050317

281FH0359

| | Application No. | Applicant(s) |
|---|---|---|
| **Interview Summary** | 09/356,711 | JOHNSON, BARBARA S. |
| | Examiner | Art Unit |
| | James W Myhre | 3622 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *James W Myhre*.    (3)_____.

(2) *David M. Klein*.    (4)_____.

Date of Interview: *13 October 2004*.

Type:  a)☒ Telephonic   b)☐ Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
If Yes, brief description: _____.

Claim(s) discussed: *38-56*.

Identification of prior art discussed: *None*.

Agreement with respect to the claims f)☒ was reached.   g)☐ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *See Continuation Sheet*.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.

Examiner's signature, if required

Continuation Sheet (PTOL-413)                                    Application No. 09/356,711

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: The Examiner noted that the amendment of July 14, 2004, canceled all pending claims and entered Claims 38-56 which were, as indicated in the amendment, almost exact duplicates of the allowed claims in the parent application, and further noted that this raised issues of obvious double patenting. The Examiner also noted that there seemed to be a typographical error in Claim 38, line 9, which reads "receiving a portion of the obligation forwarded...". The Examiner believes this should read "receiving a portion of the payment forwarded...". The Applicant agreed and authorized an Examiner's Amendment be made to correct this error. The Applicant also indicated that a Terminal Disclaimer would be filed to overcome the obvious double patenting issue..