# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC., § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | | |
| § | | |
| RAPIDPAY, LLC, BUSINESS CAPITAL § | CAUSE NO. 6:05-CV-424 LED | |
| CORPORATION, FIRST FUNDS LLC, § | | |
| MERCHANT MONEY TREE, INC., § | | |
| REACH FINANCIAL, LLC and § | | |
| FAST TRANSACT, INC. d/b/a § | | |
| SIMPLE CASH § | | |
|    Defendant § | | |
| | | |
| ADVANCEME, INC., § | | |
| § | | |
|    Plaintiff § | | |
| § | CAUSE NO. 6:06-CV-0082 LED | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| AMERIMERCHANT, LLC, § | | |
|    Defendant § | | |

### Defendants' <u>Expedited</u> Motion for Leave to Amend Preliminary Invalidity Contentions

Defendants First Funds, LLC, Merchant Money Tree, Inc., Reach Financial, LLC, and AmeriMerchant, LLC (collectively "Defendants") file their Expedited Motion for Leave to Amend Preliminary Invalidity Contentions and, in support hereof, would respectfully show the Court as follows:

## I. PRELIMINARY STATEMENT

On September 6, 2006, the parties in the above actions deposed Thomas J. ("Tim") Litle, founder of Litle & Company, a prior art reference identified in Defendants' existing preliminary invalidity contentions. This expedited motion seeks

leave to amend those invalidity contentions to incorporate additional, new information that was revealed during Mr. Litle's testimony.  Defendants have tried for weeks to obtain the consent of Plaintiff for this minor amendment, but, on October 30, 2006, Plaintiff advised that it would oppose Defendants' motion for leave to amend.  As with Defendants' first Motion for Leave to Amend Preliminary Invalidity Contentions (filed September 13, 2006 and granted by this Court on October 4, 2006), Plaintiff has no principled basis for objection, but nevertheless seeks to take up the Court's time by opposing this motion.  As the Court did with the first motion for leave to amend, the Court should reject this effort and grant Defendants' motion.

Defendants are requesting expedited treatment of this motion because Defendants' proposed amendments are highly relevant to the upcoming 30(b)(6) deposition of Plaintiff.  Although Defendants noticed the deposition of Plaintiff on October 4, 2006, Plaintiff has continually refused to provide even a single proposed date for commencement of its deposition.  Defendants plan to file a motion to compel shortly if they are unable to obtain this deposition within two weeks, as Plaintiff's delay in making itself available for deposition is preventing Defendants from, among other things, obtaining information regarding Plaintiff's failure to produce even a single complete non-publicly available document in either of these actions.[1]

Statement of Facts

At his deposition, Mr. Litle confirmed that Defendants' analysis of Litle & Company's system and method, and Defendants' citations to relevant portions of Litle &

---

[1] The *only* non-publicly available documents that Plaintiff has produced in both actions are fragments of three deposition transcripts from another litigation (allegedly redacted due to relevance issues only, without explanation as to the subject matter of redacted testimony), despite Defendants' repeated requests for complete transcripts.

Company documents, in Defendants' existing preliminary invalidity contentions accurately reflect the system and method employed publicly and commercially by Litle & Company in the early 1990s – years before the patent-in-suit was filed. *See*, *e.g.*, Ex. A, September 6, 2006 Litle Deposition Transcript ("Litle Dep. Tr.") at 125-158.[2]  Mr. Litle also further explained the features of the Litle & Company system and method outlined in Defendants' existing preliminary invalidity contentions. *See id.*

Mr. Litle also testified to additional facts regarding the system and method employed by Litle & Company, including merchants' acceptance of smart cards as payment from customers and additional merchant "obligations" that were repaid using the Litle & Company system and method. *See* Ex. B, October 9, 2006 letter from Joseph Gray to Michael Edelman; *see*, *e.g.*, Ex. A, Litle Dep. Tr. at 58-66, 140.  These characteristics of the Litle & Company system and method were not known to Defendants prior to this deposition.  Defendants seek leave to include only these new facts in their preliminary invalidity contentions, and each is described in Exhibit B.

At the conclusion of the deposition, Defendants' counsel advised Plaintiff's counsel that they were considering seeking leave to amend the existing preliminary invalidity contentions in light of the new information disclosed by Mr. Litle during his testimony.  And Plaintiff even acknowledges that it was put on notice of Defendants' intent to seek leave of Court to amend their invalidity contentions to reflect the new information at the conclusion of Mr. Litle's deposition. *See* Plaintiff's Opposition to

---

[2] Lee Suckow, Chairman and CEO of Clever Ideas, Inc. ("Clever Ideas") (another invalidating prior art reference identified in Defendants' existing preliminary invalidity contentions), similarly confirmed the accuracy of Defendants' analysis of Clever Ideas, and Defendants' citations to relevant portions of Clever Ideas documents, during his deposition on October 4, 2006.  Defendants will rely on Mr. Litle's and Mr. Suckow's explanatory testimony, among other things, in their forthcoming motion for partial summary judgment.

AmeriMerchant's Motion for Leave to Amend Invalidity Contentions at 12 (Civil Action No. 6:06-CV-0082); Plaintiff's Opposition to Motion for Leave to Amend Invalidity Contention at 17 (Civil Action No. 6:05-CV-424), both filed September 25, 2006. Indeed, Plaintiff offered to consent to Defendants' first motion for leave to amend their invalidity contentions if Defendants represented that they would not seek leave to amend their invalidity contentions again – i.e., to include these additional invalidating examples of the Litle & Company prior art system and method.

Upon receiving the transcript of Mr. Litle's deposition, Defendants promptly inquired as to whether Plaintiff would consent to Defendants' motion for leave to amend their preliminary invalidity contentions based on these discrete, new facts revealed by Mr. Litle's testimony. *See* Ex. C, September 29, 2006 e-mail from Hilary Preston to Michael Edelman (confirming the results of a September 28, 2006 telephone conference). Plaintiff, in response, requested that Defendants identify their proposed amendments, which Defendants promptly provided to Plaintiff. *See* Ex. B, October 9, 2006 letter from Joseph Gray to Michael Edelman. Plaintiff waited until October 30, 2006 – over a month after Defendants first inquired whether Plaintiff would oppose their motion – to inform Defendants that Plaintiff intends to oppose this motion. *See* Ex. D, October 30, 2006 letter from Joseph Gray to Michael Edelman; Ex. E, October 30, 2006 letter from Michael Edelman to Joseph Gray.

Defendants respectfully request that the Court grant leave to amend their preliminary invalidity contentions to include the new facts revealed by Mr. Litle's testimony and outlined in Exhibit B.

## II.   ARGUMENT

As this Court has held, Preliminary Invalidity Contentions may be amended upon the showing of good cause. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004) (Davis, J.); *see* FED. R. CIV. P. 16.

"The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines." *Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006) (Davis, J.) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)).  In a recent decision by this Court permitting amendment of invalidity contentions after the prescribed deadline, four considerations were weighed: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Alt v. Medtronic, Inc.*, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex. Feb. 1, 2006) (Davis, J.) (internal citations omitted).  As set forth below, each of these factors weighs strongly in favor of permitting the requested amendment.

### A.   Mr. Litle's Testimony Reveals New Facts Regarding the Invalidating Litle & Company Prior Art

As explained above and outlined in Exhibit B, Mr. Litle's deposition testimony revealed new facts that were previously unknown by, and unavailable to, Defendants. Specifically, Mr. Litle testified, among other things, to (1) merchants' acceptance of smart cards as payment from customers, and (2) additional merchant "obligations" for which the Litle & Company system and method of automated payment were utilized. And as explained in Defendants' first motion for leave to amend their invalidity contentions and confirmed by Mr. Litle's deposition testimony, Litle & Company is an

5

extremely important prior art reference in these actions because it anticipates all relevant claims of the patent-in-suit.

*Customer Identifiers.* Mr. Litle confirmed that merchants involved in Litle & Company's system and method accepted credit cards, debit cards, and charge cards as payment from the customer, as set forth in Defendants' existing preliminary invalidity contentions. *See* Ex. A, Litle Dep. Tr. at 130. He also testified that merchants accepted smart cards if the smart cards contained Visa or MasterCard identification numbers. *Id.* at 140. The only difference between this testimony and Defendants' existing preliminary invalidity contentions is that merchants accepted smart cards as payment from customers, since smart cards contained Visa or MasterCard numbers during the time the Litle & Company prior art system and method were employed. This testimony clarifies that the Litle & Company system and method anticipates two additional dependent claims of the patent-in-suit (directed at a merchant's accepting smart cards as payment from the customer).

*Merchant Obligations.* Mr. Litle also testified that, in addition to the merchant obligations included in Defendants' existing preliminary invalidity contentions,[3] Litle & Company's system and method were utilized for automated payment of four other types of merchant obligations. *See* Ex. B, October 9, 2006 letter from Joseph Gray to Michael Edelman (citing relevant deposition excerpts). Specifically, Mr. Litle testified that the Litle & Company system and method were additionally utilized: (1) to pay fulfillment

---

[3] Defendants' existing preliminary invalidity contentions describe two types of merchant obligations that were repaid using Litle & Company's system and method: (1) postage advance obligations, and (2) third party financing obligations (i.e., a merchant's obligation to repay a party providing financing for that merchant).

6

costs to fulfillment companies; (2) to maintain reserve accounts; (3) to pay equipment rental fees or purchase costs; and (4) to pay wire fees. *Id.*

Despite their diligent efforts,[4] Defendants thus could not have met the deadline for submitting preliminary invalidity contentions with respect to a merchant's acceptance of smart cards and these four merchant obligations.

Plaintiff, in its letter notifying Defendants that it intends to oppose Defendants' motion for leave to amend, states that the information contained in Defendants' proposed amendments was available to Defendants "many months ago." *See* Ex. E, October 30, 2006 letter from Michael Edelman to Joseph Gray. The fact, however, is that Defendants had no knowledge of the facts contained in the proposed amendments until Mr. Litle's deposition. Plaintiff's assertion is without basis, and is a transparent attempt to exclude additional information regarding the invalidating Litle & Company system and method.

### B. Plaintiff Will Suffer No Prejudice if the Court Permits the Amendment

As described above, Litle & Company is already included as a prior art reference in Defendants' existing preliminary invalidity contentions. Defendants seek leave to include only new information regarding this prior art reference that was revealed during Mr. Litle's deposition testimony. Plaintiff claims that "Defendants' continual changes of positions regarding their invalidity defense is causing great prejudice to AdvanceMe." Ex. E, October 30, 2006 letter from Michael Edelman to Joseph Gray. However, Defendants are in no way "changing their position," and Plaintiff will in no way be prejudiced.

---

[4] Defendants' diligent efforts regarding the Litle & Company prior art reference are detailed in Defendants' Motion for Leave to Amend Invalidity Contentions, filed in both actions September 13, 2006, and granted by this Court on October 4, 2006.

7

As explained above, Defendants are simply attempting to incorporate additional information regarding this previously disclosed prior art reference, without changing the existing portions of their preliminary invalidity contentions. Any attempt by Plaintiff to characterize Defendants' proposed amendment as "changing their position" is thus misplaced, similar to its unsupported "shifting sands" accusation in response to Defendants' first motion to amend their preliminary invalidity contentions. *See* Plaintiff's Opposition to AmeriMerchant's Motion for Leave to Amend Invalidity Contentions at 12 (Civil Action No. 6:06-CV-0082), filed September 25, 2006. Defendants are simply seeking to supplement their preliminary invalidity contentions regarding an already-disclosed prior art reference to reflect new information obtained from a third party during discovery.

Plaintiff's claim of prejudice is similarly misplaced. Plaintiff, predictably, has not identified any specific prejudice it will suffer by this proposed amendment. *See* Ex. E, October 30, 2006 letter from Michael Edelman to Joseph Gray. Instead, Plaintiff simply makes a hyperbolic, bald claim of prejudice as it did in response to Defendants' first motion to amend their invalidity contentions.

Plaintiff has known that Defendants contend that Litle & Company is an invalidating prior art reference since at least July 20, 2006 (seven weeks prior to Mr. Litle's deposition), when AmeriMerchant's Preliminary Invalidity Contentions were served. Defendants similarly served all Litle & Company supporting documentation on Plaintiff as it was received by Defendants – the last documents being served on Plaintiff over a month prior to Mr. Litle's deposition. Furthermore, Plaintiff had an equal opportunity to examine Mr. Litle regarding Defendants' preliminary invalidity

contentions during the deposition, <u>as well as an opportunity to examine Mr. Litle based on the new facts revealed at his deposition and upon which Defendants' current motion is based</u>.

Plaintiff thus has no credible claim of prejudice and must rely on the slippery slope fallacy it introduced in response to Defendants' first motion to amend their preliminary invalidity contentions: that Defendants must be precluded from incorporating third party discovery regarding disclosed prior art because it results in unspecified prejudice to Plaintiff. Despite Defendants' showing of good cause, Plaintiff apparently believes that defendants in patent cases must be precognitive regarding necessary third party discovery into information about commercial business practices employed over 10 years ago.

Even if Plaintiff suffered prejudice from Defendants' proposed amendment, discovery in this action does not close for nearly four more months. As Plaintiff has failed to conduct even a single deposition in either of these actions, any claim that it has relied on Defendants' preliminary invalidity contentions in its preparation of the case is tenuous at best. Plaintiff has more than ample time to conduct remaining discovery, *if they choose to conduct any*, regarding Litle & Company.

### III.   CONCLUSION

Having shown good cause, Defendants respectfully request that the Court grant Defendants' Second Motion for Leave to Amend Preliminary Invalidity Contentions to include new information revealed during Mr. Litle's deposition, as set forth in Exhibit B.

9

|  |  |
|---|---|
| November 2, 2006 | Respectfully submitted, |

                                                      */s/ Joseph Gray*
William G. Schuurman
Texas State Bar No. 17855200
bschuurman@velaw.com
Joseph D. Gray
Texas State Bar No. 24045970
jgray@velaw.com
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: 512.542.8400
Facsimile: 512.236.3476

Hilary L. Preston
hpreston@velaw.com
**VINSON & ELKINS L.L.P.**
666 Fifth Avenue – 26th Floor
New York, NY 10103
Telephone: 212.237.0000
Facsimile: 212.237.0100

Douglas R. McSwane, Jr.
State Bar No. 13861300
**POTTER MINTON**
A Professional Corporation
110 N. College
500 Plaza Tower (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone: 903.597.8311
Facsimile: 903.593.0846
E-mail: dougmcswane@potterminton.com

*Counsel for Defendants First Funds LLC, Merchant Money Tree, Inc., Reach Financial, LLC, and AmeriMerchant, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 2nd day of November, 2006. Any other counsel of record will be served by first class mail on this same date.

*/s/ Joseph Gray*
Joseph Gray

**CERTIFICATE OF CONFERENCE**

Counsel for Defendants has conferred with counsel for Plaintiff regarding the substance of this motion in a good faith attempt to resolve the matter without court intervention. Plaintiff is OPPOSED to the relief sought herein.

*/s/ Joseph Gray*
Joseph Gray
