# EXHIBIT B

# Vinson&Elkins

Joseph D. Gray  jgray@velaw.com
Tel 512.542.8420  Fax 512.236.3224

October 9, 2006

VIA FACSIMILE & U.S. MAIL

Michael Edelman
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155

Re:   *AdvanceMe, Inc. v. Rapidpay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.); *AdvanceMe, Inc. v. AmeriMerchant LLC* (No. 6:06-cv-082) (E.D. Tex.)

Dear Michael:

We write to provide you with Defendants AmeriMerchant LLC's, Merchant Money Tree, Inc.'s, Reach Financial LLC's, and First Funds LLC's ("Defendants") proposed amendments to their preliminary invalidity contentions related to Litle & Company, based on Tim Litle's deposition testimony. We appreciate your consideration in good faith of Defendants' proposed amendments before determining whether to oppose Defendants' motion for leave to amend.

Based on Mr. Litle's testimony, Defendants plan to seek leave to amend their preliminary invalidity contentions (1) to clarify the types of customer identifiers accepted as payment from the customer in the Litle & Company system and method, and (2) to include additional examples of merchant obligations for which merchants utilized Litle & Company's method and system for automated payment.

A.   Customer Identifiers

Mr. Litle testified that merchants utilizing Litle & Company's method and system for automated payment accepted credit cards, debit cards, and charge cards as payment from the customer. *See, e.g.*, Litle Dep. Tr. at 130. He also testified that merchants would have accepted smart cards if the smart cards contained Visa or MasterCard identification numbers. *See, e.g., id.* at 140.

Vinson & Elkins LLP  Attorneys at Law
Austin Beijing Dallas Dubai Houston London
Moscow New York Shanghai Tokyo Washington

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8400  Fax 512.542.8612  www.velaw.com



B.   <u>Merchant Obligations</u>

In addition to merchant obligations to repay postage advances to Litle & Company (*see, e.g.*, LI_00033-35) and merchant obligations to repay creditors that provided a line of credit to the merchant (*see, e.g.*, LI_00030-31) – both of which are outlined in Defendants' current preliminary invalidity contentions – Mr. Litle testified that merchants utilized the Litle & Company method and system for automated payment related to merchant obligations:

1. <u>To pay fulfillment costs to fulfillment companies</u>.  *See, e.g.*, Litle Dep. Tr. at 58-60, 96-97, 116-122.  Mr. Litle testified that catalog companies utilized fulfillment centers in fulfilling customer orders.  A fulfillment center would fulfill a customer order placed with the catalog company and ship the product to the customer.  The merchant catalog company would be obligated to pay to the fulfillment center a fixed amount plus some percentage of the order amount for fulfilling the customer order.  Mr. Litle testified that Litle & Company would process the transaction and forward, from the transaction amount due the merchant, fulfillment costs to the fulfillment center on behalf of the catalog company.

2. <u>To maintain reserve accounts</u>.  *See, e.g.*, Litle Dep. Tr. at 62-63, 103-115.  Mr. Litle testified that a merchant utilizing Litle & Company for processing card transactions was required to maintain a reserve account, and that Litle & Company forwarded a portion of merchant's card transaction amounts to the reserve account.

3. <u>To pay equipment rental fees or purchase costs</u>.  *See, e.g.*, Litle Dep. Tr. at 63-64.  Mr. Litle testified that merchants would rent equipment, e.g., POS terminals.  Litle & Company would pay the merchant's obligation for rental fees or purchase costs to the entity from which the merchant rented the equipment by forwarding a portion of the merchant's card transaction amounts.

4. <u>To pay wire fees</u>.  *See, e.g.*, Litle Dep. Tr. at 65-66.  Mr. Litle testified that Litle & Company charged a fee in addition to standard processing fees if the merchant requested that the amount due the merchant be sent by wire transfer (in order to provide the funds to the merchant more quickly).  Mr. Litle testified that the fee for this service was deducted by Litle & Company from the merchant's card transaction amounts.

We plan to file our motion for leave to amend shortly, so please let me know as soon as possible whether you intend to oppose the motion. If you intend to oppose the motion, please inform us of your basis for opposition.

Sincerely,

Joseph Gray

cc:   Ron Lemieux
      Bill Schuurman

754176v1