# EXHIBIT G

# PaulHastings
ATTORNEYS

Paul, Hast..
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1822
michaeldelman@paulhastings.com

October 10, 2006

34717.00007

*Via Facsimile*

Joseph D. Gray
Vinson & Elkins, LLP
2801 Via Fortuna, Ste. 100
Austin, Texas 78746

Re:   *AdvanceMe v. RapidPay, et al.*
      *AdvanceMe v. Amerimerchant*

Dear Mr. Gray:

This is in response to your missive of yesterday to Ron Lemieux.

*First*, accusing opposing counsel of "misconduct," and demanding that a court reporter be present at all discussions between opposing counsel, is not a professional way to meet and confer. Please in the future conduct yourself as befits an officer of the Court.

*Second*, with respect to the Angrisani depositions, Mr. Matz's letter was perfectly accurate in representing the discussions between counsel (which I know because I was a part of them). During a break in the mediation session between the parties, the parties expressly discussed (for at least the third time) the fact that AdvanceMe would be producing relevant excerpts from the depositions in the *Angrisani* matter. In response, the Defendants stated that their only concern was when the excerpts would be produced, and AdvanceMe stated that the excerpts would be produced shortly. The Defendants responded that this would be satisfactory. Apparently, your decision on this issue has now been "vetoed" by other counsel at your firm. It is not AdvanceMe's fault that the Defendants' counsel are unable to speak with one voice.

AdvanceMe's obligation is to produce *relevant* information in this case. The deposition transcripts consist of approximately 1,100 pages from at least eight different days of deposition. We have scoured these transcripts and produced to you every single page that discusses or mentions any issue relevant to this case, including the patent, the patent application process, or the prior art. The remainder of the transcripts addresses issues particular to the *Angrisani* case, which have absolutely no relevance to the issues in this case. AdvanceMe will not agree to produce irrelevant, non-discoverable information -- much of which was designated as confidential -- simply because the Defendants say they want it. This is not how the discovery process works.

LEGAL_US_W # 54552993.1

**Paul Hastings**
ATTORNEYS

Joseph D. Gray
October 10, 2006
Page 2

*Third*, we have produced all relevant documents from the *Angrisani* matter of which we are aware. We produced the prosecution histories precisely as they were produced in the Angrisani matter (in addition to producing a full copy of those histories ourselves). Other than the documents already produced to the Defendants, we are unaware of any other documents produced in the *Angrisani* matter that are relevant to any issues in this case. Accordingly, there is nothing left for AdvanceMe to produce.

*Fourth*, please do not lecture AdvanceMe on the obligation to produce relevant documents. This lecture is particularly difficult to accept from the Defendants, who have yet to produce *any* emails or electronic documents even though their entire business is alleged to infringe the '281 Patent. Evidently, the Defendants are unable to produce their electronic documents and emails because they were all destroyed after the litigation was filed, an issue that we intend to raise with the Court. This would also explain why the Defendants have produced a "privilege log" with a grand total of *three* documents. Parties that are in as precarious a situation as the Defendants ought to think very carefully before they start making accusations.

The reason that the Defendants do not have documents "establishing that AdvanceMe's employees were aware of prior art that was relevant to the claims" is because we have not located such documents. The prior art that the Defendants have identified is not relevant to the claims, and we are unaware of any document which indicates that AdvanceMe thought they were. To the extent that the Defendants seek production of every single document that ever mentions any of the companies mentioned in the prior art (including "First USA" or "Bank of America"), we have made clear our position that a search for all such documents would be absurdly overbroad.

Notwithstanding the above, we have been continuously involved in the process of speaking with, and searching the hard copy and electronic files of, AdvanceMe employees for relevant information. Our search is continuing, and it has not yet been exhausted. As stated in Mr. Matz's prior letter, we anticipate that this search will be completed within the next few weeks. At present, we have no reason to believe that additional relevant documents will be discovered as a result of this search, but we cannot provide a confirmation in this regard until our search is complete.

With respect to your questions on the back-up tapes, we note that you have already noticed a deposition on topics relating to electronic documents. To the extent the information sought in the deposition notice or your letter is not privileged or otherwise objectionable, we are willing to provide you with testimony on these topics. Unfortunately, the Defendants (without first conferring with AdvanceMe) noticed the deposition for a date which is unavailable. Further, we are still waiting for available dates for the 30(b)(6) depositions of AmeriMerchant and First Funds, which we noticed many

LEGAL_US_W # 54552993.1

**Paul Hastings**
ATTORNEYS

Joseph D. Gray
October 10, 2006
Page 3

weeks earlier. Please provide available dates for those depositions in November, and we will provide you a November date for the AdvanceMe deposition.

Lastly, the record should be as clear as to which parties are engaged in "discovery gamesmanship" -- to give you a hint, it is not AdvanceMe. Making threats is no way to conduct the meet and confer process. If you want to have an intelligent and reasoned discussion about the issues (which does not involve Mr. Schuurman blowing his top whenever we disagree with him), please feel free to give me a call.

Sincerely,

Michael N. Edelman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

MNE:ch

LEGAL_US_W # 54552993.1