# EXHIBIT L

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ADVANCEME, INC.** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| **v.** § | | **CAUSE NO. 6:05-CV-424 (LED)** |
| § | | |
| **RAPIDPAY, LLC, BUSINESS CAPITAL** § | | |
| **CORPORATION, FIRST FUNDS LLC,** § | | |
| **MERCHANT MONEY TREE, INC.,** § | | |
| **REACH FINANCIAL, LLC and** § | | |
| **FAST TRANSACT, INC. d/b/a** § | | |
| **SIMPLE CASH** § | | |
| § | | |
| *Defendants.* § | | |
| § | | |
| **ADVANCEME, INC.,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | **CAUSE NO. 6:06-CV-082 (LED)** |
| **v.** § | | |
| § | | |
| **AMERIMERCHANT, LLC,** § | | |
| § | | |
| *Defendant.* § | | |
| § | | |

## <u>NOTICE OF DEPOSITION OF ADVANCEME, INC.</u>

TO: ADVANCEME INC., by and through its attorneys of record, c/o Ronald S. Lemieux, Michael Edelman, and Robert C. Matz; Paul, Hastings, Janofsky & Walker LLP; Five Palo Alto Square, Sixth Floor; Palo Alto, California 94306-2155

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

First Funds LLC, Reach Financial LLC, Merchant Money Tree, Inc., and AmeriMerchant, LLC

("Defendants") will take the deposition of AdvanceMe, Inc. ("AdvanceMe") at The Westin

Peachtree Plaza; 210 Peachtree Street; Atlanta, Georgia 30303-1745, commencing on October

23, 2006, and continuing day-to-day thereafter until completed.  This deposition will be recorded both stenographically by a certified court reporter and by a licensed videographer.

Defendants will examine AdvanceMe on the matters described in the attached Schedule A.  AdvanceMe must designate one or more officers, directors, managing agents, or other persons, who consent to testify on AdvanceMe's behalf on these topics and must set forth, for each person designated, the matters on which that person will testify.

### DEFINITIONS

"**AdvanceMe**" means AdvanceMe, Incorporated and includes any and all of its predecessors and successors in interest; any and all parents, subsidiaries, and other affiliate corporations or business organizations; and all past or present directors, officers, employees, partners, agents, representatives, attorneys, consultants, and others acting or purporting to act on behalf of or in concert with any of the foregoing.

"**Clever Ideas**" means Clever Ideas – LeCard, Inc. and includes any and all of its predecessors and successors in interest; any and all parents, subsidiaries, and other affiliate corporations or business organizations; and all past or present directors, officers, employees, partners, agents, representatives, attorneys, consultants, and others acting or purporting to act on behalf of or in concert with any of the foregoing.

"**LeCard System**" shall be construed to include any operations, systems, procedures, or methods used by Clever Ideas or its customers in connection with any method or system of advancing money, goods, or services to restaurants (or other merchants) to be repaid through card transactions at any time prior to July 10, 1997, including, but not limited to, the method, system and procedure associated with the LeCard-branded Diner's Club.

"**Patents**" means either U.S. Patent No. 6,941,281(the "'281 patent), U.S. Patent No. 6,826,544 (the "'544 patent"), or both.

"**Prior Art**" shall be construed to mean any systems, methods, products, or operations conceived of, rumored to exist, believed to exist, or known to be in existence at any time before July 10, 1997 that relate to reserve accounts; AdvanceMe competitors; amounts paid by merchant processor(s) on behalf of merchants; lending or advancing money to merchants that is repaid out of receipts from card transactions; installment sales, credit sales, or rentals of equipment to merchants that are to be paid or repaid out of receipts from card transactions; amounts withheld from merchants by a merchant processor.  Without limitation of the term "Prior Art," the term specifically includes, Clever Ideas, LeCard, Diner's Club, Transmedia, IGT, Electronic Processing's card terminal rental arrangements with merchants, Litle & Company, Bank of America's reserve account system and method, EDS's reserve account system and method, and First USA's reserve account system and method, and First USA's payment of equipment sales or rentals.

"**And**," "**or**," and "**and/or**" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

"**Any**" shall include the word all, and vice versa.

"**Communication**" means any conversation, discussion, letter, memorandum, meeting, note, electronically or telephonically transmitted message, or any other transmittal, transfer, or conveyance of information, whether orally, in writing, electronically, or otherwise, and includes any document which abstracts, digests, transcribes, or records any such communication.

"**Counsel**" shall be construed to include individual outside attorneys, law firms, individual patent agents, organizations, and others acting or purporting to act on behalf of or in concert with any of the foregoing.

"**Date**" means the exact day, month and year, if ascertainable, and if the day, month and year are not ascertainable, then the best approximation thereof.

"**Document**" shall have the broadest meaning possible under the Federal Rules and includes any printed, typewritten, or handwritten matter or reproduction thereof of whatever character, or any means of electronic storage of information that is within deponent's possession, control, or custody, including without limitation, e-mail, correspondence, memoranda, transcripts, stenographic or handwritten notes, drafts, studies, publications, invoices, ledgers, journals, books, statistical compilations, business plans, competitive analyses, corporate records, meeting agendas, meeting minutes, notebooks, work papers, data processing cards, computer tapes or printouts, microfiche or microfilm, and writings of every kind and character, whether originals or reproductions.  The term "document" also includes every copy where such copy is not an identical reproduction of the original or where such copy contains any commentary, marginal comment or notation whatsoever that does not appear in the original.

"**Each**" means each and every.

"**Identify**" or "**identification**" when used with respect to a natural person means the following information with respect to the person: name, last known business address, last known residence address, last known telephone number, name of employer or business with whom the person is or was associated, and the person's title, position and duties at the time relevant to the identification, and if that person is believed to be deceased to so state and state to the best of your belief approximately when and where you believe that person died.

"**Identify**" or "**identification**" when used with respect to a communication means the names of the parties to the communication, the date or approximate date of the communication, and the substance of the communication, and all documents containing or relating to the communication.

**"Identify"** or **"identification"** when used with respect to a document means (1) the title (if any), (2) the type of document (e.g., book, telegram, chart, letter report, memorandum, computer printout, newspaper advertisement, invoice, etc.) or some other means of identifying it, (3) its date, (4) the identify of each author, sender, addressee and recipient, (5) its last known custodian or location, (6) its subject matter and size, (7) whether the document has been lost, discarded or destroyed (stating which), and (8) if the document was or may have been lost, discarded or destroyed, the approximate date when it was lost, discarded or destroyed, and the circumstances of said actual or possible loss, discarding or destruction.

**"Knowledge"** shall be construed to mean who, what, when, where, how, and why with respect to the subject matter that "knowledge" is being asked of.

**"Person"** or **"Entity"** includes individuals, associations, organizations, joint ventures, partnerships, corporations, sole proprietorships, government bodies, agencies, and all other legal entities.

**"Relate,"** **"Relates,"** or **"Relating"** means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing, or otherwise discussing the subject matter.

In all topics in Schedule A, the use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

# SCHEDULE A

Pursuant to Fed. R. Civ. P. 30(b)(6), AdvanceMe shall designate one or more officers, directors, managing agents, or other persons who consent to testify on AdvanceMe's behalf on the following matters, either through personal knowledge or as to knowledge reasonably available to AdvanceMe:

1.    AdvanceMe's knowledge of Prior Art, including the extent of this knowledge, the time and manner in which it was obtained; identification of persons who acquired this knowledge; identification of persons that received this knowledge; and identification of any related Documents or Communication;

2.    Any discussions of Prior Art at AdvanceMe, including identification of individual participants, the nature and content of the discussions, and identification of any records or documents made during any discussions of Prior Art or regarding any discussions of Prior Art;

3.    AdvanceMe's knowledge regarding the relationship between Prior Art and the Patents and/or patented invention; and identification of any Documents or Communication that relate to such knowledge

4.    Any information provided to attorneys involved in prosecution of the Patents or their agents by AdvanceMe that relate to prosecution of the Patents, including but not limited to identification of any Documents or Communication that relate to this information;

5.   Regarding Prior Art, Identification of any Documents or Communication that relate to any information provided to attorneys involved in prosecution of the Patents or their agents; Identification of any Documents or Communication that relate to information withheld from attorneys involved in prosecution of the Patents or their agents; and Identification of any Documents or Communication that relate to the decision whether to provide or withhold any information from attorneys involved in prosecution of the Patents, or their agents.

6.   Identification of any individuals who have communicated with attorneys involved in prosecution of the Patents or their agents regarding prosecution of the Patents, the content of any such communication; identification of any individuals present during any such communication; and the circumstance of any such communication;

7.   Any information that relates to AdvanceMe's dissemination of information regarding prosecution of the Patents, including but not limited to the time and manner of dissemination; identity of recipients at any point of dissemination; the particular information disseminated including content; the form of dissemination; and the reasons why the information for each dissemination decision was chosen.

8.   Identification of any individuals with authority to make decisions relating to the prosecution of the Patents, the duration of such authority, the extent of such authority, the exercise of such authority (including time, place, method of transmission, identity of recipient(s)); and identification of any Documents that relate to the existence or exercise of such authority;

9.    Identification of any individuals having any involvement or participation, whether directly or indirectly, in the prosecution of the Patents, the extent of such involvement or participation, the time periods when such involvement or participation occurred, and the identification of any documents that relate to or reflect any such involvement or participation.

10.    For any individuals with authority to make decisions regarding the prosecution of the Patents, identification of the decisions made by these persons;

11.    Factual basis, if any, for distinguishing between the inventions described in the Patents and Prior Art;

12.    Factual basis, if any, for distinguishing between the inventions described in the Patents and the LeCard System;

13.    Factual basis, if any, for distinguishing between the inventions described in the Patents and the automated payment systems or methods employed by AdvanceMe's competitors before July 10, 1997.

14.    Features, if any, contained within the inventions disclosed in the Patents that are not within Prior Art;

15.    Features, if any, contained within the inventions disclosed in the Patents that are not within the LeCard System;

16.    Documentation policies that relate to the Patents and their prosecution, including but not limited to: description of the documents that would have or should have been

created; identification of the persons who would or should have produced such documents; identification of persons who would or should have received such documents; the time in which such documents would or should have been created; the type of such documents; and identification of any such documents;

17. Identification of business plans; identification of persons involved in creation of business plans; identification of Communications related to each business plan; and identification of persons to whom business plans were disseminated;

18. AdvanceMe's document retention policies, if any, at all times during AdvanceMe's existence, and the reasons for implementing, not implementing, changing, or abolishing each document retention policy;

19. AdvanceMe's promotion of its products, services, capabilities, or employment opportunities as it may relate to the Patents or their prosecution;

20. Information regarding any off-site employee meetings, and any off-site executive meetings including but not limited to identification of the invitees and agendas, identification of any documents provided for or at such meetings, whether before, during or after such meetings, identification of persons who prepared such documents and the recipients; identification of persons responsible for dissemination of such documents

21. Information regarding AdvanceMe's analyses of its competitors, including identification of persons who prepared such analyses (whether oral or written), to whom they were distributed, with whom they were discussed (and when), what

companies were considered competitors (and why), which competitor products or method were analyzed, when the analyses were prepared, and identification of any documents created by AdvanceMe relating to such analyses.

22. Information describing steps taken by AdvanceMe to prepare each representative to testify as to the topics listed in this notice.

Respectfully submitted,

Dated: October 4, 2006

Willem G. Schuurman
Texas State Bar No. 17855200
Joseph D. Gray
Texas State Bar No. 24045970
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Phone: (512) 542-8400 –
Fax: (512) 236-3476

- and –

Hilary Preston
Admitted Pro Hac Vice
VINSON & ELKINS L.L.P.
666 Fifth Avenue
26th Floor
New York, New York 10103
Phone: (212) 237-0000
Fax: (212) 237-0100

- and –

Douglas McSwane
Texas State Bar No. 13861300
POTTER MINTON, P.C.
110 North College
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

*ATTORNEYS FOR AMERIMERCHANT, LLC, FIRST FUNDS, LLC, MERCHANT MONEY TREE, INC., AND REACH FINANCIAL, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2006, I served a true and correct copy of the foregoing Notice of Deposition of AdvanceMe, Inc. to the last known address for all counsel of record listed below in the manner indicated:

*Via Electronic Mail and U.S. Mail*
Ronald S. Lemieux
Robert C. Matz
Michael Edelman
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Tel: (650) 320-1800
Fax: (650) 320-1900
ronlemieux@paulhastings.com
robertmatz@paulhastings.com
michaeledelman@paulhastings.com

Otis Carroll
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-7071
Fedserv@icklaw.com

*Via U.S. Mail*
Stephanie Nimberg, President
Lawrence Morrison, General Counsel
17 Battery Place Suite 1330
New York, New York 10004

Pia R. Lorenzana