# EXHIBIT R

Joseph D. Gray  jgray@velaw.com
Tel 512.542.8420  Fax 512.236.3224

November 3, 2006

Michael Edelman
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Re:   AdvanceMe, Inc. v. Rapidpay LLC, et al. (No. 6:05-cv-00424) (E.D. Tex.)

Dear Michael:

We write regarding Plaintiff's response to Defendants' Amended Interrogatory Number 1 ("Defendants' Interrogatory"). Plaintiff appears to have improperly objected to and narrowed the scope of Defendants' Interrogatory, as explained below.

*First*, Plaintiff's purported objections to Defendants' Interrogatory are without legal force or effect, because Plaintiff did not state any grounds for objection to Defendants' Interrogatory within 30 days after service. *See* FED. R. CIV. P. 33(b). As Mr. Matz acknowledged in his October 4, 2006 letter to Hilary Preston, "Amended Interrogatory Number 1 was served on September 26, 2006." Because Plaintiff failed to serve objections or responses until November 1, 2006, Plaintiff has failed to timely object and has thus waived all purported objections.

*Second*, Plaintiff appears to have improperly and inexplicably narrowed the scope of Defendants' Interrogatory. As clearly stated in the definitions accompanying Defendants' Interrogatory, the phrases "LeCard Prior Art," "Litle & Co. Prior Art," and "First USA Prior Art" refer to the prior art references identified in Exhibits 1, 6, and 3 of Defendants' Second Amended Invalidity Contentions, respectively. The three prior art references identified in Exhibits 1, 6, and 3, of course, are the prior art systems and methods publicly and commercially employed by Clever Ideas-LeCard, Litle & Company, and First USA in the early 1990s – and not merely the documents cited relating to these identified publicly used systems and methods.

Defendants' Interrogatory explicitly requests, among other things, all facts supporting Plaintiff's contention that the three identified prior art references do not anticipate every element of both asserted independent claims. Because Plaintiff's response addresses only the *documents* cited in Exhibits 1, 6, and 3 – and none of the additional evidence or contentions of which Plaintiff is aware that establish the identified prior art's anticipation of the independent claims of the '281 Patent (e.g., Mr. Litle's deposition testimony, Mr. Suckow's

**Vinson & Elkins LLP Attorneys at Law**
Austin Beijing Dallas Dubai Houston London
Moscow New York Shanghai Tokyo Washington

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8400  Fax 512.542.8612  www.velaw.com

Case 6:05-cv-00424-LED Document 143 Filed 11/13/2006 Page 3 of 3

deposition testimony, and Defendants' preliminary invalidity contentions) – Plaintiff has either (1) improperly narrowed the scope of Defendants' Interrogatory, or (2) represented that it is unaware of any fact that refutes additional known evidence or contentions related to the identified prior art's anticipation of the independent claims of the '281 Patent.

If Plaintiff has indeed made the above representation, please confirm the completeness of Plaintiff's response by Wednesday, November 8, 2006. If Plaintiff does not make this representation or serve a complete response to Defendants' Interrogatory by Wednesday, November 8, 2006, Defendants will be forced to seek Court intervention to obtain an appropriate response.

Regards,

Joseph D. Gray

102315:5459

762448v1

cc: Robert Matz
    Bill Schuurman
    Hilary Preston