# EXHIBIT U

# Vinson&Elkins

Hilary L. Preston hpreston@velaw.com
Tel 212.237.0066 Fax 917.849.5387

October 30, 2006

**Via E-Mail and First Class Mail**

Michael Edelman, Esq.
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Re:   *AdvanceMe, Inc. v. Rapidpay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.)

Dear Michael:

We write in response to your letter dated October 26, 2006. As an initial matter, we must correct an apparent misunderstanding about the outstanding offer to make documents available for inspection, which First Funds has consistently offered, and the Federal Rules of Civil Procedure expressly endorse, as a method of *production*. First Funds has not, as you state, "demand[ed] that AdvanceMe search a warehouse to find all the rest of the relevant documents." First Funds has offered to make specific merchant files available for inspection, as they are kept in the ordinary course of business at First Funds' offices; there is no "warehouse" of unidentified documents involved in this situation.

We reiterate that First Funds has attempted at every turn to avoid this unnecessary cost for both the parties. First Funds has already produced sample merchant agreements and merchant applications, and has offered to produce a stipulation attesting that these agreements are substantially similar to all other agreements between First Funds and merchants. But Plaintiff has rejected this, and is insisting upon production of each and every merchant agreement. Plaintiff has still not explained why the sample agreements and stipulations, in addition to the other documents and information already provided by First Funds, are not sufficient. Plaintiff is asserting only an injunctive claim against First Funds, not a claim for damages. Nevertheless, in an effort to move past this discovery dispute, First Funds has agreed to make the files containing all merchant agreements available for inspection. By doing so, First Funds is satisfying its obligation to produce relevant documents.

Your suggestion that Plaintiff's decision not to avail itself of First Funds' offer somehow obviates the need for Plaintiff to comply with its own discovery obligations – Plaintiff "will consider putting an immediate halt to AdvanceMe's exhaustive document collection efforts" – is inappropriate and concerning for several reasons.

First, the two situations are not at all parallel. Plaintiff has not identified specific files containing specifically requested documents. Plaintiff has not even confirmed that it has searched for the documents requested by Defendants. Plaintiff has, in contrast, claimed that any and all of the requested documents are reflected only in back-up tapes, but has refused to provide any information about the back-up tapes it claims it would need to restore, such as when they were created, what types of materials were archived on these tapes (e.g. e-mails, Word documents, spreadsheets, presentations, etc.), and by whom. Perhaps as a most obvious distinction between Plaintiff's approach to discovery and First Funds' good faith offer to make specific, organized files available for inspection, *Plaintiff has never offered to make any files, hard copy or electronic, available for inspection by Defendants*. If such an offer were made, Defendants would certainly consider it.

Second, your statement reveals gamesmanship to which counsel should not stoop. We have now had discussions by letter about the propriety of First Funds' offer to produce documents by making certain files available for inspection at a mutually agreeable time. If after participating in these discussions and hearing First Funds' explanation of how this approach is fully consistent with the requirements of the Federal Rules of Civil Procedure, Plaintiff truly believes that this does not satisfy First Funds' discovery obligations, then Plaintiff's remedy is to file with the Court a motion to compel production so that this dispute can be resolved. Plaintiff is not permitted, as it has now threatened to do, to unilaterally abandon its own discovery obligations, which are owed not only to First Funds but to the other defendants in this action and the parallel action with AmeriMerchant.

Last, it is unclear what "exhaustive document collection efforts" AdvanceMe is currently undertaking. Plaintiff filed this case nearly a year ago, and so presumably would have conducted an appropriate search for documents it believed to be relevant or potentially relevant well before today. Plaintiff has advised that it will not search back-up tapes at this time, so that could not be the ongoing search mentioned in your letter.

Defendants anticipate filing a motion to compel production from AdvanceMe shortly to address the myriad deficiencies in AdvanceMe's production, which the parties have discussed extensively. If Plaintiff has determined to fix these deficiencies via this "exhaustive" ongoing search, please advise us so that Defendants can appropriately tailor their motion.

Very truly yours,

*Hilary P.*

Hilary L. Preston

cc: Ronald S. Lemieux, Esq. (via e-mail)
    Willem Schuurman, Esq. (via e-mail)