IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAPIDPAY LLC, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC, and FAST TRANSACT, INC. d/b/a SIMPLE CASH, <br><br> Defendants. | CASE NO. 6:05-CV-424 (LED – JDL) |
| ADVANCEME, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERIMERCHANT, LLC, <br><br> Defendant. | CASE NO. 6:06-CV-082 (LED – JDL) <br><br> JURY TRIAL DEMANDED |

**DECLARATION OF OTIS CARROLL IN SUPPORT OF PLAINTIFF ADVANCEME, INC.'S MOTION TO COMPEL DEFENDANTS MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC, FIRST FUNDS, LLC AND AMERIMERCHANT LLC TO PROVIDE FURTHER RESPONSES TO ADVANCEME, INC.'S FIRST SET OF INTERROGATORIES OR, IN THE ALTERNATIVE, TO AMEND THIS COURT'S DISCOVERY ORDER**

I, Otis Carroll, declare as follows:

I am a Partner with the law firm of Ireland, Carroll & Kelley, Lead Attorney for plaintiff AdvanceMe, Inc. ("AdvanceMe") in the above-referenced matter. I have personal knowledge of the following facts and, if called upon to do so, could and would testify competently thereto.

CARROLL DECLARATION ISO ADVANCEME'S MOTION TO
COMPEL DEFENDANTS.' FURTHER RESPONSES TO FIRST           -1-                    CASE NO.6:06-CV-082
SET OF INTERROGATORIES OR TO AMEND DISCOVERY

Dockets.Justia.com

1. On September 26, 2006, counsel for AdvanceMe and Defendants and their respective local counsel met and conferred on a variety of discovery issues in this case, including Defendants' responses and objections to AdvanceMe's first set of interrogatories. During this meet and confer, counsel for Defendants argued that the interrogatories that were separately-served on Defendants Merchant Money Tree, Reach Financial, and First Funds constituted "separate" interrogatories and that therefore plaintiff had, in fact, served sixty three separate interrogatories on these defendants (not including those interrogatories that these defendants believed to be subparts or compound questions), which exceeded the number of interrogatories provided for in this Court's Discovery Order. Counsel for Defendants also reiterated that they believed many of the interrogatories to be "premature" since the Court had not yet entered its claim construction ruling. Counsel for Defendants also stated that they did not believe they were required to amend their responses to Interrogatory 7 even though it was explained that this was a simple contention interrogatory aimed at discovering the factual basis of their noninfringement defenses, not their invalidity defenses.

2. Since counsel for AdvanceMe and Defendants were unable to reach agreement on most of the discovery issues discussed during the September 26, 2006 meet and confer – including Defendants' responses and objections to AdvanceMe's first set of interrogatories – outside counsel for the parties agreed to communicate their positions as to all outstanding discovery issues to their respective local counsel, and that local counsel would thereafter meet and confer amongst themselves to resolve all outstanding discovery issues between the parties.

3. Following the September 26, 2006 meeting between outside and local counsel for the parties, I met and conferred with Douglas McSwane, Lead Attorney and local counsel for Defendants on two occasions in an effort to resolve all outstanding discovery issues between the

parties, including Defendants' responses and objections to AdvanceMe's first set of interrogatories, so as to avoid unnecessary motion practice.

4.  On October 19, 2006, Douglas McSwane, Lead Attorney and local counsel for Defendants reiterated that Defendants Merchant Money Tree, Reach Financial, and First Funds believed AdvanceMe's first set of interrogatories exceeded the number of permissible interrogatories exceeded the number provided for under this Court's Discovery Order and would not agree to provide answers to these interrogatories. Mr. McSwane also informed me that Defendants were unwilling to withdraw the other objections they had raised in response to AdvanceMe's first set of interrogatories or to amend their responses (other than as indicated), including contention interrogatories seeking the factual basis for their noninfringement contentions.

I declare the foregoing to be true and correct. Executed this 13th day of November, 2006, at Tyler, Texas.

_____/s/_____
Otis Carroll

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Fed.R.Civ.P. 5(d) and Local Rule 5(c) on this the 13th day of November, 2006. Any other counsel of record will be served by first class mail on this same date.

/s/
Rose Jones-Shine

LEGAL_US_W # 54687863.1