# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.,** | **CASE NO. 6:05-CV-424 (LED – JDL)** |
| Plaintiff, | |
| v. | |
| **RAPIDPAY LLC, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC, and FAST TRANSACT, INC. d/b/a SIMPLE CASH,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## ADVANCEME, INC.'S OPPOSITION TO DEFENDANTS' EXPEDITED MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  FACTUAL BACKGROUND ................................................................................... 2

    A.   Defendants' Prior Access To Tim Litle.......................................................... 2

    B.   Procedural Background.................................................................................. 4

III. ARGUMENT............................................................................................................. 7

    A.   Standard Governing This Motion .................................................................. 7

    B.   Defendants Fail To Adequately Explain Their Failure To meet The
         Deadline ......................................................................................................... 7

         1.   Defendants and Their Counsel Knew of the Details Concerning the
              Alleged Litle Prior Art, and Had Full Access to Mr. Litle, Weeks
              Before Their Preliminary Invalidity Contentions Were Served ................ 7

    C.   AdvanceMe Faces Considerable Prejudice if the Court Grants Defendants'
         Expedited Motion......................................................................................... 10

    D.   If the Court Is Inclined to Grant This Motion, AdvanceMe Again Requests
         That the Court Place Appropriate Conditions.............................................. 12

IV.  CONCLUSION....................................................................................................... 12

## TABLE OF AUTHORITIES

**Page**

### CASES

Alt v. Medtronic, Inc., 2006 WL 278868 (E.D. Tex. 2006) ........................................................ 7

Ciena Corp. v. Nortel Networks, Inc., 233 F.R.D. 493, 494 (E.D. Tex. 2006) ............................. 7

S&W Enters., L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th
    Cir. 2003) ........................................................................................................................ 7, 8

STMicroelectronics, Inc. v. Motorola, Inc., 307 F. Supp. 2d 845 (E.D. Tex. 2004) ....... 5, 7, 8, 10

Plaintiff AdvanceMe, Inc. ("AdvanceMe") hereby opposes Defendants' Expedited Motion for Leave to Amend Preliminary Invalidity Contentions and, in support thereof, respectfully shows the Court as follows:

## I.  PRELIMINARY STATEMENT

As AdvanceMe predicted in its opposition to Defendants' previous motion to amend, Defendants have brought yet another motion for leave to amend their invalidity contentions to add allegedly "new" information that was, in fact, readily accessible to them many months ago. All of the requested amendments concern alleged prior art related to a company called Litle & Co., yet it is undisputed that Defendants thoroughly and repeatedly interviewed the principal of that company, Tim Litle, concerning this alleged prior art from April to July of 2006.  Indeed, by July of 2006, three months before the instant motion was filed, Defendants had full and complete access to all the information that is the subject of this motion.  Defendants made no attempt to include this information in their Second Amended Invalidity Contentions served on August 30, 2006, nor did they make any attempt to include this information in their September 13, 2006 motion for leave to amend their invalidity contentions, which was filed after the deposition of Mr. Litle had been taken.

In AdvanceMe's opposition to Defendants' previous motion to amend, AdvanceMe raised the concern that Defendants' "shifting sands" approach to their invalidity contentions has been extremely prejudicial to AdvanceMe.  The passage of time has made this concern even more acute.   Since the previous motion to amend was decided by the Court, the parties have completed claim construction proceedings, and have conducted numerous additional depositions (including the 30(b)(6) deposition of First Funds).  Discovery in this case is drawing to a close.

It is far too late for Defendants to make another attempt to add new invalidity contentions in this case, particularly where the new contentions consist entirely of information that was fully available to Defendants many months ago. Accordingly, AdvanceMe respectfully requests that Defendants' motion be denied.

## II.    FACTUAL BACKGROUND

### A.    Defendants' Prior Access To Tim Litle

At least as early as April of 2006, Defendants began communications with an individual named Tim Litle, concerning an alleged prior art process by a company called Litle & Co. that involved postage financing. On April 26, 2006, contact information was exchanged between Mr. Litle and Mr. Goldin, the CEO of AmeriMerchant. Declaration of Michael Edelman ("Edelman Decl."), Exh. A. On April 27, 2006, Mr. Goldin forwarded an article from Forbes magazine he had located concerning a customer of Litle & Co. called Exposures, which allegedly references the postage financing program. Edelman Decl., Exh. B. On June 6, 2006, Mr. Goldin sent a copy of the '281 Patent to Mr. Litle. Edelman Decl., Exh. C.

On June 19, 2006, almost a month before the deadline for Preliminary Invalidity Contentions, Mr. Goldin was forwarded further documentation relating to the Litle postage financing system, including a Promissory Note for Postage Advances, a Security Agreement, a Demand Promissory Note for Postage Advances, and a Subordination Agreement. Edelman Decl., Exh. D. This documentation was apparently forwarded by Paymentech, the company that had acquired Litle & Co. in 1995. Id.

On June 20, 2006, Mr. Goldin contacted Mr. Litle and attached a "copy of the schedule/security agreement of the postage financing agreement w/ Exposures." Edelman Decl., Exh. E. The email further stated that "[t]he patent attorneys think it's enough to 'start' and we

may ask for testimony from you, etc. that further details how the program worked if needed." Id. On June 27, 2006, Defendants continued their discussions with Mr. Litle concerning the alleged prior art. On that date, Mr. Litle informed Mr. Goldin of yet more details concerning this alleged prior art. Edelman Decl., Exh. F. Mr. Goldin responded that Mr. Litle's testimony will help "put the pieces of the puzzle together," and further talked about the need to do "automatic disclosures" for the Court. Id. The email further stated that "[t]he patent attorney's know about your willingness to testify and I will keep you posted well ahead in advance of the progress of what's going on." Id. On July 7, 2006, Mr. Litle informed Mr. Goldin that he knew of at least three people who could testify that Litle & Co. had used a method of payment "for catalogs to pay for their fulfillment bills by diverting some of their proceeds, to the fufiller," and to "please let me know what I can do and if you need affidavits or my testimony." Edelman Decl., Exh. G.

On July 10, 2006, Mr. Goldin sent an email to Mr. Litle regarding scheduling a "a phone conference with our attorneys to do an 'interview' with you about what you've told me so far about your postage financing and similar programs prior to July 1996." Edelman Decl., Exh. H. Mr. Goldin stated that the phone conference would be "a chance for our attorneys to hear what you have told me so far and to determine how to best utilize what you've told me to date." Id. Mr. Goldin subsequently sent another email to Mr. Litle on July 13, 2006, thanking him for "taking the time to speak with myself and the patent attorneys" and noting that "[i]t was very helpful." Edelman Decl., Exh. I.

On July 14, 2006, Mr. Goldin sent an email to Mr. Litle to inform him that "Paymentech found another one of your postage financing agreements (see attached) from the Museum Publications of America." Edelman Decl., Exh. J. Mr. Litle responded the next day in an email noting that the Security Agreement attached to the postage financing agreement "was standard in

all our Agreements." Id.  Mr. Litle further stated that although Paymentech could probably find more examples of the postage financing agreements, "my sense is you've got what you need." Id.

On July 25, 2006, Paymentech faxed to Mr. Goldin a complete set of documents relating to the Litle & Co. prior art, including a Litle & Co. Member Agreement which contains detailed information on the reserve account and its role in Litle & Co.'s postage financing program. Edelman Decl., Exh. K.  The next day, Mr. Goldin sent an email to Mr. Litle attaching these documents and asking Mr. Litle to further clarify the content of these documents.   Edelman Decl., Exh. L.

As the foregoing demonstrates, long *before* the time Mr. Litle was deposed to record his testimony, Defendants had received full information about this alleged prior art, reviewed those documents, communicated with Mr. Litle about the documents, specifically discussed with Mr. Litle the fact that this alleged prior art might be disclosed, and even discussed the alleged "new" facts about the reserve account and the third party fulfillment companies that Defendants are now trying to add to their Invalidity Contentions.

### B.   Procedural Background

On September 13, 2006, Defendants filed a Motion for Leave to Amend Preliminary Invalidity Contentions ("Motion to Amend"), seeking to include additional documents and analysis relating to Litle & Co. and other alleged prior art systems.  Docket Entry ("D.E.") 101, pp. 6-7.  Defendants contended that the information they sought to add "was not actually available to, or reasonably obtainable by, Defendants at that time" and was only "obtained after several months of diligent investigation and effort by Defendants." Id., p. 4.  Defendants further argued that a continuance of the pre-trial deadlines could resolve any prejudice potentially

suffered by AdvanceMe. Id., p. 8. This motion was filed *after* the deposition of Tim Litle was taken, yet the "new" information purportedly learned in this deposition was *not* included in this motion.

AdvanceMe filed and served its opposition to the Motion to Amend on September 25, 2006. In its opposition, AdvanceMe cited Defendants' repeated violations of the Court's Patent Rules by amending their contentions without leave of court. AdvanceMe also cited Defendants' failure to attach the actual content of their proposed amendments to the motion, and their failure to satisfy the factors delineated by this Court in STMicroelectronics, Inc. v. Motorola, Inc., 307 F. Supp. 2d 845 (E.D. Tex. 2004). D.E. 113, pp. 10-17. AdvanceMe further predicted that, if the Court was to grant the motion, Defendants would continue to attempt to make unjustified changes to their invalidity contentions, and that this "shifting sands" approach would make it extremely difficult for AdvanceMe to formulate discovery or prepare its case. D.E. 113, pp. 8-9.

On October 4, 2006, the Court issued an order granting Defendants leave to amend their preliminary invalidity contentions. D.E. 123. Despite the Court's order, Defendants never served nor filed *any* set of amended contentions pursuant to this order. This is problematic, because the Motion to Amend only sought leave to amend with respect to certain facts relating to the Litle prior art, yet Defendants' Second Amended Invalidity Contentions had contained additional allegations for which Defendants have never sought leave to amend. As a result, there are numerous allegations contained in the Second Amended Invalidity Contentions for which Defendants have never received permission to assert in this case.

After the Court issued its order granting the Motion to Amend, Defendants wrote a letter notifying AdvanceMe of their intention to, yet again, seek leave to amend their preliminary invalidity contentions. Edelman Decl., Exh. M (October 9, 2006 Letter from Joseph D. Gray to

Michael Edelman). Defendants contended that these amendments were necessary to "(1) clarify the types of customer identifiers accepted as payment from the customer in the Litle & Company system and method, and (2) to include additional examples of merchant obligations for which merchants utilized Litle & Company's method and system for automated payment." Id. No explanation was provided in this motion for why these proposed amendments were not included or addressed by Defendants in the previous Motion to Amend.

After Defendants' letter was sent, several weeks passed without the Defendants taking any action. On October 30, 2006, Defendants sent another letter on the subject. Edelman Decl., Exh. N. AdvanceMe declined to stipulate to Defendants' proposed amendments, emphasizing that the "new" information contained therein had been available to Defendants many months earlier, and that Defendants' continual changes regarding their invalidity defense was causing great prejudice to AdvanceMe. Edelman Decl., Exh. O.

On November 2, 2006, Defendants filed the instant Expedited Motion for Leave to Amend Preliminary Invalidity Contentions. Defendants' motion seeks to again amend their invalidity contentions to include additional allegations that were purportedly revealed during the September 6, 2006 deposition of Mr. Litle. D.E. 141. For the reasons set forth herein, AdvanceMe urges the Court to deny the instant motion and put an end to Defendants' continual attempts to modify the scope and content of their invalidity contentions in this case.

///

///

///

### III.   ARGUMENT

#### A.   Standard Governing This Motion

A party seeking to amend its patent contentions must show "good cause," i.e., the same standard that applies to amend a court's scheduling order.  See FRCP 16(b); STMicroelectronics, Inc. v. Motorola, Inc., 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004).  This good cause standard "requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  STMicroelectronics, 307 F. Supp. 2d at 850 (quoting S&W Enters., L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003); see Ciena Corp. v. Nortel Networks, Inc., 233 F.R.D. 493, 494 (E.D. Tex. 2006).  A party seeking to modify or update their patent contentions must act *immediately* after it discovers that its disclosure is incomplete or inaccurate.  STMicroelectronics, Inc., 307 F. Supp. 2d at 850.

Trial courts should consider four factors when determining whether to allow a modification:  (1) the explanation for the failure to meet the deadline, (2) the importance of the thing that would be excluded, (3) potential prejudice in allowing the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.  Id.  With respect to the first factor, a party's failure to meet a deadline due to mere inadvertence "is tantamount to no explanation at all."  Id.; S&W Enters., LLC, 315 F.3d at 536; Alt v. Medtronic, Inc., 2006 WL 278868 (E.D. Tex. 2006).

#### B.   Defendants Fail To Adequately Explain Their Failure To meet The Deadline

##### 1.   Defendants and Their Counsel Knew of the Details Concerning the Alleged Litle Prior Art, and Had Full Access to Mr. Litle, Weeks Before Their Preliminary Invalidity Contentions Were Served.

In order to amend its invalidity contentions under the Patent Rules, a party must first carry its burden of demonstrating that it acted with *diligence*.  To meet this burden, Defendants

were required to show that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  S&W Enters., LLC, 315 F.3d at 535.  The inquiry ends if this demonstration is not made.  See STMicroelectronics, Inc., 307 F. Supp. 2d at 851 (denying motion to amend due to failure to carry burden of showing diligence, before even reaching issue of prejudice).  Here, the record reflects that all of the "new" contentions that Defendants seek to add were known or readily available to the Defendants as early as July of 2006.  Defendants' lack of diligence in seeking to include these additional contentions compels the denial of this motion.

Defendants claim that they need to amend their invalidity contentions because "Mr. Litle's deposition testimony revealed 'new facts' that were previously unknown by, and unavailable to, Defendants."  D.E. 141, p. 5.  The evidence clearly reveals this contention to be false.  For example:

- Beginning in April of 2006, Defendants had full and complete access to Mr. Litle, and Mr. Litle began providing verbal and written information to Defendants at that time.  Edelman Decl., Exhs. A and B.

- In June of 2006, Defendants forwarded documents related to the postage financing program to Mr. Litle, including a Promissory Note, a Security Agreement, a Demand Promissory Note and a Subordination Agreement.  Edelman Decl., Exh. D.

- On June 27, 2006, Mr. Litle sent an email to Defendants stating that he had reviewed these documents and that there were at least three other individuals who would have knowledge of the postage financing program.  Edelman Decl., Exh. F.

- On July 7, 2006, Mr. Litle *specifically informed* Defendants of his recollection that payments were made to third-party fulfillment companies, i.e., the very same information that Defendants claim that they "discovered" in September.  Edelman Decl., Exh. G.

- On July 10, 2006, Defendants sent an email to Mr. Litle asking him if he would be available for an "interview" with Defendants' attorneys "about what you've told me so far about your postage financing and similar programs."  Edelman

        Decl., Exh. H.  This interview took place on July 12, 2006, and Defendants sent an email to Mr. Litle the following day thanking him for participating in the interview, stating that it was "really helpful."  Edelman Decl., Exh. I.

- On July 25, 2006, Paymentech faxed to Mr. Goldin a complete set of documents relating to the Litle & Co. prior art, including a Litle & Co. Member Agreement which contains detailed information on the reserve account and its role in Litle & Co.'s postage financing program.  Edelman Decl., Exh. K.

- On July 26, 2006, Mr. Goldin sent an email to Mr. Litle attaching a complete set of documents concerning the postage financing program and asked him to clarify a few final details concerning the content of these documents.  Edelman Decl., Exh. L.

As this evidence demonstrates, Defendants did not learn anything "new" in September, but rather knew all of the same information in July of 2006, before its Second Amended Preliminary Invalidity Contentions were ever served.  Further, even if there existed any details that Defendants were unaware of, Defendants had full and complete access to Mr. Litle and therefore any such details were fully available to Defendants.  There is no conceivable excuse for Defendants' failure to include this information in their Second Amended Preliminary Invalidity Contentions served on August 30, 2006.

Defendants' only excuse for this blatant lack of diligence is that they somehow discovered "new" information during the deposition of Mr. Litle on September 6, 2006.  This argument is baseless.

First, there is no reason why Defendants needed to take the deposition of Mr. Litle in order to include the information in its Preliminary Invalidity Contentions (or in its "First" or "Second" Amended Contentions).  Defendants had full and complete access to Mr. Litle since at least April of 2006, and Mr. Litle had made clear he was fully ready to cooperate.  Further, Mr. Litle had already specifically provided Defendants in April with the very same information that they now seek to add in November.  The fact that Mr. Litle *repeated* information in his deposition that Defendants already knew and had available to them five months earlier is simply

irrelevant.  The relevant question is when the information was first *available* to Defendants, not when this information was regurgitated in the form of deposition testimony.

Second, even assuming that Defendants learned something "new" on September 6, 2006, this is still an inadequate excuse because Defendants failed to act diligently even after that deposition was taken.  If, in fact, Defendants truly believed that this information needed to be included in their invalidity contentions, they should have immediately brought a motion to amend to include such information.  Rather than doing so, however, Defendants instead filed a motion to amend on September 13, 2006 seeking to add *different* information concerning the Litle prior art.  At the time that motion was filed, the deposition of Mr. Litle had already been taken and Defendants admit they were fully aware of all the information which is the subject of the instant motion.  Yet, Defendants' September 13, 2006 motion entirely omitted this information, and Defendants then waited several weeks after that motion was granted to file the instant motion.  This is the very opposite of reasonable diligence.  A party seeking to modify or update their contentions in a patent case must act *immediately* after it discovers that its disclosure is incomplete or inaccurate.  STMicroelectronics, Inc., 307 F. Supp. 2d at 850.  Here, it is undisputed that any details known to Mr. Litle was fully available to the Defendants when their Preliminary Invalidity Contentions (and their "First" and "Second" Amended Contentions) were due.  Id. at 852 (stating that good cause could be shown based upon new information during discovery which, "despite all possible diligence, *was not available when the Disclosures were originally due*") (emphasis added).  Accordingly, the Court should deny Defendants' motion.

### C. AdvanceMe Faces Considerable Prejudice if the Court Grants Defendants' Expedited Motion

In its prior opposition to Defendants' previous motion for leave to amend, AdvanceMe explained that Defendants' continuous attempt to shift their invalidity contentions is causing extreme prejudice to AdvanceMe's ability to conduct discovery and prepare its case.  The passage of time has made these concerns even more acute.  AdvanceMe has already taken the

30(b)(6) depositions of AmeriMerchant and First Funds, and has engaged in an extensive amount of other discovery and pretrial preparation. Defendants' previous successful attempt to amend their contentions has already caused AdvanceMe to have to duplicate prior efforts; any further amendment of their contentions would be even more damaging.

Defendants argue that even if AdvanceMe suffers prejudice from their proposed amendments, discovery in this action does not close for nearly four more months. D.E. 141, p. 9. Defendants are incorrect. Fact discovery in this action is set to close on February 15, 2007. Written discovery by the parties has already been served, and the parties have already produced responsive documents. The parties have already taken numerous depositions and have noticed an additional 12 depositions to take place over the next few weeks. The expert discovery period is fast-approaching. Inserting brand-new invalidity allegations into this case at this late stage will create an even more chaotic situation than Defendants' previous amendments.

Indeed, Defendants have taken the position that AdvanceMe has already exhausted its interrogatory limit, and will not respond to any further interrogatories in this case. If Defendants are correct, this means that AdvanceMe will be unable to explore the basis of the Defendants' new allegations through written discovery. Further, AdvanceMe has already taken the 30(b)(6) depositions of AmeriMerchant and First Funds, but these amendments were not part of the case when the depositions were taken.

The unfairness of the situation which would be created by Defendants' amendments is also clear. Though Defendants delayed for six months in attempting to include the "new" information, Defendants now contend that they need "expedited" treatment of this motion to prepare for the 30(b)(6) deposition of AdvanceMe. Yet, Defendants fail to disclose to the Court that AdvanceMe itself has already taken the 30(b)(6) depositions of AmeriMerchant and First

Funds. It is clearly inequitable to permit Defendants to have the benefit of the new amendments for their 30(b)(6) deposition, after having delayed for months such that the amendments were not part of the case when AdvanceMe took its own depositions.

### D. If the Court Is Inclined to Grant This Motion, AdvanceMe Again Requests That the Court Place Appropriate Conditions

As described herein, AdvanceMe submits it is clear that Defendants have not acted with diligence and therefore that their motion to amend should be denied. AdvanceMe's greatest concern, however, is that it needs *finality* in this process so that it can prepare for trial, and Defendants' never ending requests for amendment of their invalidity positions makes it impossible for AdvanceMe or the Court to obtain this finality.

## IV. CONCLUSION

For all of the reasons stated above, AdvanceMe requests that the Court deny Defendants' Expedited Motion for Leave to Amend Preliminary Invalidity Contentions.

Respectfully submitted,

Date: November 17, 2006    By: _____/s/_____
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Ronald S. Lemieux
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Vidya R. Bhakar
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900
Email: ronlemieux@paulhastings.com

IRELAND, CARROLL & KELLEY, P.C.
Otis W. Carroll, Attorney-in-Charge
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
6101 South Broadway, Suite 500
Tyler, TX  75703
Telephone:  903-561-1600
Facsimile:  903-581-1071
Email:  fedserv@icklaw.com

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Local Rule cv-5(a)(3) on this the 17th day of November, 2006.  Any other counsel of record will be served by first class mail on this same date.

                                                                             /s/
                                                  Rose Jones-Shine