# EXHIBIT 1
# TO OPPOSITION TO MOTION TO COMPEL

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

650-320-1823
robertmatz@paulhastings.com

July 12, 2006

**Via Facsimile**

Hilary L. Preston, Esq.
Vinson & Elkins, LLP
666 Fifth Ave., 26th Fl.
New York, New York 10103

Re:   *AdvanceMe, Inc. v RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.)
      First Funds LLC's Initial Disclosure of Documents

Dear Ms. Preston:

We are in receipt of First Funds LLC's (hereinafter "First Funds") Initial Disclosures and write to request a telephonic conference – on Wednesday, July 19, 2006 at 1:00 p.m.(EST) – to discuss apparent deficiencies in your document production. This letter and the proposed telephonic conference constitute good faith attempts to resolve the dispute as to the deficiencies in your document production without Court intervention, as provided for under Local Rule CV-7(h).

As you are aware, Judge Davis' February 24, 2006, Discovery Order requires your client to produce to us a copy of all documents, data compilations, and tangible things in the possession, custody, or control of First Funds that are relevant to the pleaded claims or defenses in this action. The information contained in First Funds' initial disclosure of documents on June 26, 2006 strongly suggests that First Funds is in possession, custody, and control of a significant number of documents that are relevant to the claims and defenses in this matter which were not produced to us. Accordingly, we do not believe that your client has met the disclosure obligations imposed by Judge Davis' Discovery Order, the Local Rules for the Eastern District of Texas, and the Federal Rules of Civil Procedure.

To assist First Funds in its efforts to produce documents relevant to the pleaded claims and defenses in this action, we provide you with the following list that sets forth the types of documents that AdvanceMe expects to receive from First Funds. We use the terms merchant, processor, and guarantor as these terms are used in the documents produced by Merchant Money Tree (See, e.g., First Funds LLC's Merchant Agreement (FF_00048 – FF_00052)). The term "Cash Advance Program" refers to the cash advance program referred to in the documents produced by First Funds, or any similar service offered by First Funds. First Funds should understand that this list is not exhaustive or exclusive;

**Paul Hastings**
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 2

First Funds is obligated to produce all documents relevant to the pleaded claims and defenses in this action even if they do not fall under one of categories set forth in this list:

1. All contracts and agreements between First Funds and any merchant or guarantor who has enrolled in or utilized First Funds' Cash Advance Program.

2. All contracts and agreements between First Funds and any processor utilized or designated by First Funds in connection with First Funds' Cash Advance Program.

3. All contracts and agreements between First Funds and any entity who has loaned or advanced money to a merchant pursuant to First Funds' Rapid Cash Advance Program.

4. All contracts between First Funds and 2nd Source related to First Funds' Cash Advance Program.

5. All instruction manuals or directions given to a merchant or guarantor in connection with First Funds' Cash Advance Program.

6. All instruction manuals or directions given to a merchant processor in connection with First Funds' Cash Advance Program.

7. One copy of each version of any instruction manual or directions given to an entity in connection with First Funds' Cash Advance Program.

8. All documents related to the structure, function, or operation of First Funds' Cash Advance Program, including but not limited to instructions for the reprogramming or reconfiguration of a point-of-service machine or credit card terminal.

9. All versions of any computer code used by First Funds to operate its Cash Advance Program.

10. One copy of any software (including the source code for this software) used by First Funds to configure a point-of-service machine or credit card terminal.

11. All documents and things concerning any First Funds' policy or practice regarding the retention or destruction of documents.

**Paul**Hastings
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 3

12. Documents and things sufficient to identify the organizational structure of First Funds and the names, positions, titles, duties, and reporting relationships of its officers, employees, and other personnel who are or have been responsible for the design, development, operation, or marketing of First Funds' Rapid Cash Advance Program.

13. Documents and things sufficient to describe First Funds' corporate organization, including but not limited to any affiliates, parent companies, subsidiaries, acquisitions, partnerships, joint ventures, or divisions.

14. Documents and things sufficient to identify the location and function of any facilities relating to the research, design, development, testing, modification, operation, or marketing of First Funds' Cash Advance Program.

15. Documents and things sufficient to identify the bank accounts, checking accounts, holding accounts, trust accounts, or other accounts that First Funds utilizes in the operation of its Cash Advance Program.

16. All documents and things concerning any meetings of directors or officers of First Funds at which any of the following were discussed: AdvanceMe, Capital Access Network, Barbara Johnson, Gary Johnson, the patent-in-suit, license discussions with AdvanceMe, or this litigation.

17. All documents and things relating to the design and development of First Funds' Cash Advance Program.

18. All documents that refer or relate to the promotion or marketing of First Funds' Cash Advance Program.

19. All documents and things relating to or mentioning AdvanceMe or Capital Access Network.

20. All documents and things relating to or mentioning Barbara Johnson.

21. All documents and things relating to or mentioning Gary Johnson

22. All documents and things relating to U.S. Patent Number 6,941,281 (hereinafter "'281 Patent" or "the patent-in-suit").

23. All documents and things relating to U.S. Patent Number 6,826,544 (hereinafter "'544 Patent").

**Paul Hastings**
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 4

24. All documents and things relating to First Funds' claim that "prior to the time the alleged invention of the '281 Patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(a).

25. All documents and things relating to First Funds' claim that "the alleged invention of the '281 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(b).

26. All documents and things relating to First Funds' claim that "the alleged invention of the '281 Patent was described in a patent granted under a United States patent application filed by another before the alleged invention thereof by the patentee." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(c).

27. All documents and things relating to First Funds' claim that "the patentee did not invent the subject matter claimed in the '281 Patent." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(d).

28. All documents and things relating to First Funds' claim that "before the alleged invention of the '281 Patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(e).

29. All documents and things relating to First Funds' claim that "the differences, if any, between the subject matter of the alleged invention of the '281 Patent and the prior art are such that each of the subject matters as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains. See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(f).

30. All documents and things relating to First Funds' claim that "the '281 Patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(g).

**Paul***Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 5

31. All documents and things relating to First Funds' claim that "the '281 Patent does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same..." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(h).

32. All documents and things relating to First Funds' claim that "the specification of the '281 Patent does not describe corresponding structure, material, or acts for the elements in the claims of the '281 Patent which are expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(i).

33. All documents and things relating to First Funds' claim that it "has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 Patent, either literally or under the doctrine of equivalents." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶20.

34. All documents and things relating to First Funds' claim that "this is an exceptional case under 35 U.S.C. §285 and, as such, First Funds is entitled to recover from the Plaintiff First Funds' attorneys' fees and costs incurred in connection with this action." See First Funds' Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, p. 9.

35. All documents and things relating to any search for prior art concerning the patent-in-suit or the '544 Patent, including the search performed, the result of the search, and any prior art references or occurrences.

36. All documents and things relating to any assertions, judgments, investigation, opinions, testing, or analysis as to whether or not any claim of the patent-in-suit is patentable, valid, enforceable, or infringed, including but not limited to oral or written opinions or statements.

37. All documents that refer or relate to the ownership or operation of www.1rstfunds.com, including any changes made to that website after November 2005.

38. All documents that refer or relate to First Funds' Lump Sum Cash Now program.

**Paul**Hastings
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 6

39. One copy of all of filings (including but not limited to UCC filings) made by First Funds pursuant to a First Funds LLC Merchant Agreement.

40. All documents that refer or relate to Gulf Coast Funding LLC.

41. All documents that refer or relate to the relationship between First Funds and Gulf Coast Funding LLC.

42. All documents that refer or relate to Bankcard Central.

43. All documents that refer or relate to the relationship between First Funds and Bankcard Central.

44. All contracts and agreements between First Funds and any Automated Clearing House that facilitates the operation of First Funds' Cash Advance Program.

45. All PowerPoint presentations, meeting notes, or handouts that refer or relate to First Funds' Cash Advance Program.

46. One copy of all training materials that refer or relate to First Funds' Cash Advance Program.

47. All documents that refer or relate to Merrick Bank.

48. All documents that refer or relate to the relationship between First Funds and Merrick Bank.

49. All documents that refer or relate to NCMIC Finance Corporation.

50. All documents that refer or relate to the relationship between First Funds and NCMIC Finance Corporation.

51. All documents that refer or relate to TX Direct.

52. All documents that refer or relate to the relationship between First Funds and TX Direct.

53. All documents that refer or relate to downloads with MPS/IRN.

54. All documents that refer or relate to Cynergy.

55. All documents that refer or relate to the relationship between First Funds and Cynergy.

**PaulHastings**
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 7

56. All documents that refer or relate to state or federal law licensing requirements that First Funds must comply with in order to operate its Cash Advance Program.

57. All documents that refer or relate to United Bank Card.

58. All documents that refer or relate to the relationship between First Funds and United Bank Card.

59. All documents that refer or relate to American Capital Advance.

60. All documents that refer or relate to the relationship between First Funds and American Capital Advance.

61. All documents that refer or relate to NAB.

62. All documents that refer or relate to the relationship between First Funds and NAB.

63. All documents that refer or relate to Comdata.

64. All documents that refer or relate to the relationship between First Funds and Comdata.

65. All documents that refer or relate to 2nd Source Funding.

66. All documents that refer or relate to the relationship between First Funds and 2nd Source Funding.

67. All documents that refer or relate to Northern Leasing Systems, Inc.

68. All documents that refer or relate to the relationship between First Funds and Northern Leasing Systems, Inc.

69. All documents that refer or relate to Business Payment Systems.

70. All documents that refer or relate to the relationship between First Funds and Business Payment Systems.

71. All documents that refer or relate to BCC.

72. All documents that refer or relate to the relationship between First Funds and BCC.

73. All documents that refer or relate to MPS.

**Paul**Hastings
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 8

74. All documents that refer or relate to the relationship between First Funds and MPS.

75. All documents that refer or relate to Versus Cash Card Services Advance Processing.

76. All documents that refer or relate to the relationship between First Funds and Versus Cash Card Services Advance Processing.

77. All documents that refer or relate to Cortes Derussy.

78. One copy of each Pool Test report generated by First Funds.

79. One copy of all Budget Reports generated by First Funds.

80. One copy of the BCC MOTO Addendum and all related marketing materials.

81. All documents related to Acclaem Consulting.

82. All documents that refer or relate to the relationship between First Funds and Acclaem Consulting.

83. One copy of all reports or memoranda from Acclaem Consulting to First Funds.

Please contact us on or before Friday, July 14, 2006 to confirm your availability for the above-referenced telephonic conference. If you have any questions, do not hesitate to contact me.

Sincerely,

Robert C. Matz
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_W # 53965529.1



**Paul, Hastings, Janofsky & Walker LLP**
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Hilary L. Preston, Esq. | Vinson & Elkins, LLP | 212-237-0000<br>917-849-5387 | 212-237-0066 |

| from: | facsimile: | telephone: | Initials: |
|---|---|---|---|
| Robert C. Matz | (650) 320-1900 | (650) 320-1823 | RCM |

| client name: | AdvanceMe | client matter number: | 34717.00007 |
|---|---|---|---|
| date: | July 12, 2006 | pages (with cover): | 9 |

comments:

**If you do not receive all pages, please call immediately Facsimile Center:**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

LEGAL_US_W # 54008193.1

07/12/2006 16:24 FAX  650 320 1900           PAUL HASTINGS                              ☒001

```
        ***********************
        ***   TX REPORT    ***
        ***********************

        TRANSMISSION OK

        TX/RX NO              0448
        RECIPIENT ADDRESS     19178495387
        DESTINATION ID
        ST. TIME              07/12 16:20
        TIME USE              04'05
        PAGES SENT            9
        RESULT                OK
```

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Hilary L. Preston, Esq. | Vinson & Elkins, LLP | 212-237-0000<br>917-849-5387 | 212-237-0066 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Robert C. Matz | (650) 320-1900 | (650) 320-1823 | RCM |

| client name: | AdvanceMe | client matter number: | 34717.00007 |
|---|---|---|---|
| date: | July 12, 2006 | pages (with cover): | 9 |

comments: