# EXHIBIT 2
# TO OPPOSITION TO MOTION TO COMPEL

# Paul*Hastings*
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

650-320-1823
robertmatz@paulhastings.com

July 12, 2006

<u>Via Facsimile</u>

Hilary L. Preston, Esq.
Vinson & Elkins, LLP
666 Fifth Ave., 26th Fl.
New York, New York 10103

Re:     *AdvanceMe, Inc. v RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.)
        Reach Financial's Initial Disclosures

Dear Ms. Preston:

We are in receipt of Reach Financial, LLC's (hereinafter "Reach Financial") Initial Disclosures and write to request a telephonic conference – on Wednesday, July 19, 2006, at 1:00 p.m.(EST) – to discuss apparent deficiencies in your document production. This letter and the proposed telephonic conference constitute good faith attempts to resolve the dispute as to the deficiencies in your document production without Court intervention, as provided for under Local Rule CV-7(h).

As you are aware, Judge Davis' February 24, 2006, Discovery Order requires your client to produce to us a copy of all documents, data compilations, and tangible things in the possession, custody, or control of Reach Financial that are relevant to the pleaded claims or defenses in this action. The information contained in Reach Financial's initial disclosure of documents strongly suggests that First Funds is in possession, custody, or control of a significant number of documents that are relevant to the claims and defenses in this matter that were not produced to us. Accordingly, we do not believe that Reach Financial has met its disclosure obligations imposed by Judge Davis' Discovery Order, the Local Rules for the Eastern District of Texas, and the Federal Rules of Civil Procedure.

To assist Reach Financial in its efforts to produce documents relevant to the pleaded claims and defenses in this action, we provide you with the following list that sets forth the types of documents that AdvanceMe expects to receive from Reach Financial. We use the terms merchant, processor, and guarantor as these terms are used in the documents produced by Reach Financial (See, e.g., Reach Financial's Purchase Agreement (RF_00043-RF_00047)). The term "Merchant Financing Program" and "Cash Funding Program" refer to the cash advance programs referred to in the documents produced by Reach Financial, or any similar service offered by Reach Financial. Reach Financial should understand that this list is not exhaustive or exclusive; Reach Financial is obligated

Paul*Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 2

to produce all documents relevant to the pleaded claims and defenses in this action even if
they do not fall under one of categories set forth in this list:

1.  All contracts and agreements between Reach Financial and any merchant who has
    enrolled in or utilized Reach Financial's Merchant Financing Program or Cash
    Funding Program.

2.  All contracts and agreements between Reach Financial and any processor utilized
    or designated by Reach Financial in connection with Reach Financial's Merchant
    Financing Program or Cash Funding Program.

3.  All contracts and agreements between Reach Financial and any entity who has
    loaned or advanced money to a merchant pursuant to Reach Financial's Merchant
    Financing Program or Cash Funding Program.

4.  All contracts and agreements between Reach Financial and Comdata related to
    Reach Financial's Merchant Financing Program or Cash Funding Program.

5.  All instruction manuals or directions provided to a merchant in connection with
    Reach Financial's Merchant Financing Program or Cash Funding Program.

6.  One copy of each version of any instruction manual or directions given to a
    processor in connection with Reach Financial's Merchant Financing Program or
    Cash Funding Program.

7.  One copy of each version of any instruction manual or directions given to any
    entity in connection with Reach Financial's Merchant Financing Program or Cash
    Funding Program.

8.  All documents related to the structure, function, or operation of Reach Financial's
    Merchant Financing Program or Cash Funding Program, including but not limited
    to any systems used by Reach Financial to implement its Merchant Financing
    Program or Cash Funding Program.

9.  All versions of any computer code used by Reach Financial to operate its
    Merchant Financing Program or Cash Funding Program.

9.  One copy of any software (including the source code for this software) used by
    Reach Financial to reprogram or reconfigure a point-of-service system or credit
    card reader.

10. All documents and things concerning any Reach Financial policy or practice
    regarding the retention or destruction of documents.

Paul *Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 3

11.   Documents and things sufficient to identify the organizational structure of Reach
      Financial and the names, positions, titles, duties, and reporting relationships of its
      officers, employees, and other personnel who are or have been responsible for the
      design, development, operation, or marketing of Reach Financial's Merchant
      Financing Program or Cash Funding Program.

12.   Documents and things sufficient to describe Reach Financial's corporate
      organization, including but not limited to any affiliates, parent companies,
      subsidiaries, acquisitions, partnerships, joint ventures, or divisions.

13.   Documents and things sufficient to identify the location and function of any
      facilities relating to the research, design, development, testing, modification,
      operation, or marketing of Reach Financial's Merchant Financing Program or
      Cash Funding Program.

14.   Documents and things sufficient to identify the bank accounts, checking accounts,
      holding accounts, trust accounts, or other accounts that Reach Financial utilizes in
      the operation of its Merchant Financing Program or Cash Funding Program.

15.   All documents and things concerning any meetings of directors or officers of
      Reach Financial at which any of the following were discussed: AdvanceMe, Capital
      Access Network, Barbara Johnson, Gary Johnson, the patent-in-suit, license
      discussions with AdvanceMe, or this litigation.

16.   All documents and things relating to the design and development of Reach
      Financial's Merchant Financing Program or Cash Funding Program.

17.   All documents that refer or relate to the promotion or marketing of Reach
      Financial's Merchant Financing Program or Cash Funding Program.

18.   All documents and things relating to or mentioning AdvanceMe.

19.   All documents and things relating to or mentioning Capital Access Network.

20.   All documents and things relating to or mentioning Barbara Johnson.

21.   All documents and things relating to or mentioning Gary Johnson

22.   All documents and things relating to U.S. Patent Number 6,941,281 (hereinafter
      "'281 Patent" or "patent-in-suit.").

23.   All documents and things relating to U.S. Patent Number 6,826,544 (hereinafter
      "'544 Patent.").

Paul*Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 4

24. All documents and things relating to Reach Financial's claim that "prior to the time the alleged invention of the '281 Patent was made by the patentee, the alleged invention was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(a).

25. All documents and things relating to Reach Financial's claim that "the alleged invention of the '281 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the date of the application for said patent in the United States." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(b).

26. All documents and things relating to Reach Financial's claim that "the alleged invention of the '281 Patent was described in a patent granted under a United States patent application filed by another before the alleged invention thereof by the patentee." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(c).

27. All documents and things relating to Reach Financial's claim that "the patentee did not invent the subject matter claimed in the '281 Patent." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(d).

28. All documents and things relating to Reach Financial's claim that "before the alleged invention of the '281 Patent was made by the patentee, the alleged invention was made, in this country, by another who had not abandoned, suppressed, or concealed it." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(e).

29. All documents and things relating to Reach Financial's claim that "the differences, if any, between the subject matter of the alleged invention of the '281 Patent and the prior art are such that each of the subject matters as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains. See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(f).

**Paul**Hastings
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 5

30.  All documents and things relating to Reach Financial's claim that "the '281 Patent does not distinctly point out or distinctly claim the subject matter which the patentee alleges constitutes the invention." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(g).

31.  All documents and things relating to Reach Financial's claim that "the '281 Patent does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same..." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(h).

32.  All documents and things relating to Reach Financial's claim that "the specification of the '281 Patent does not describe corresponding structure, material, or acts for the elements in the claims of the '281 Patent which are expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶19(i).

33.  All documents and things relating to Reach Financial's claim that it "has not infringed, induced infringement or contributed to the infringement of any valid claim, if any, of the '281 Patent, either literally or under the doctrine of equivalents." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, ¶20.

34.  All documents and things relating to Reach Financial's claim that "this is an exceptional case under 35 U.S.C. §285 and, as such, Reach Financial is entitled to recover from the Plaintiff Reach Financial's attorneys' fees and costs incurred in connection with this action." See Reach Financial's Answer, Affirmative Defenses, and Counterclaims in Response to Plaintiff's Amended Complaint, p. 9.

35.  All documents and things relating to any search for prior art concerning the patent-in-suit or the '544 Patent, including the search performed, the result of the search, and any prior art references or occurrences.

36.  All documents and things relating to any assertions, judgments, investigation, opinions, testing, or analysis as to whether or not any claim of the patent-in-suit is patentable, valid, enforceable, or infringed, including but not limited to oral or written opinions or statements.

Paul*Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 6

37.  All documents that refer or relate to any point-of-service machines or upgrades to point-of-service machines sold by Reach Financial.

38.  All documents that refer or relate to Reach Financial's management team.

39.  All documents that refer or relate to the ownership or operation of www.reachfinancial.com, including any changes made to that website after November 2005.

40.  All documents that refer or relate to Reach Financial's Web-based Reporting Tools.

41.  All documents that refer or relate to Stored Value Systems Products.

42.  All documents that refer or relate to Reach Financial's funding specialists.

43.  All documents that refer or relate to Comdata.

44.  All instructions or directions given to Reach Financial's sales agents or customer service representatives.

45.  All documents that refer or relate to checklists to be completed by Reach Financial's sales agents or customer service representatives when working with potential customers.

46.  All documents that refer or relate to Reach Financial's Cash Within Reach Program.

47.  One copy of all filings (including but not limited to UCC Filings) made by Reach Financial pursuant to a Purchase Agreement or Personal Guarantee.

48.  One copy of all Purchase Agreement Riders entered into between Reach Financial and a merchant.

49.  All PowerPoint presentations, meeting notes, or handouts that refer or relate to Reach Financial's Merchant Financing Program or Cash Funding Program.

50.  One copy of all training materials that refer or relate to Reach Financial's Merchant Financing Program or Cash Funding Program.

51.  All documents that refer or relate to the relationship between Reach Financial LLC and Reach Finance L.P.

Paul*Hastings*
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 7

52.   All documents that refer or relate to lawsuits filed on behalf of Reach Financial against a merchant pursuant to a Purchase Agreement, Guarantee, or Purchase Agreement Rider.

53.   All documents that refer or relate to lawsuits filed against Reach Financial in connection with its Merchant Financing Program or Cash Funding Program.

54.   All documents that refer or relate to all of the services that Reach Financial offers its customers.

55.   All documents that refer or relate to "split funding," as that term is used and understood by Reach Financial.

56.   All documents that refer or relate to the relationship between Reach Financial LLC and Reach Holdings, LLC.

57.   All contracts and agreements between Reach Financial LLC and Integrity Payment Systems.

58.   All documents that compare the services offered or systems employed by AdvanceMe, Inc. and Reach Financial LLC.

59.   All documents that refer or relate to Karen Johnson.

60.   All documents that refer or relate to agenda for business meetings put on by Reach Financial LLC for its employees, agents, or customers.

61.   All recordings of any business meetings put on by Reach Financial.

62.   All documents that refer or relate to business meetings put on by Reach Financial LLC in Bermuda.

63.   All documents that refer or relate to Reach Financial's operations or holdings in Bermuda.

64.   All documents that refer or relate to any individuals or entities who have contributed money to Reach Financial to fund its defense of the instant lawsuit.

65.   All joint defense agreements entered into by Reach Financial with respect to the instant lawsuit.

66.   All documents that refer or relate to RF_00104 – RF_00109.

67.   All documents that refer or relate to databases maintained by Reach Financial.

**Paul**Hastings
ATTORNEYS

Hilary L. Preston, Esq.
July 12, 2006
Page 8

68.    All documents related to Reach Financial's "Top Achiever Award."

69.    All documents that refer or relate to Reach Financial's investors.

70.    All documents that refer or relate to Mary Dees Griffith.

71.    All reports or memoranda authored or issued by Mary Dees Griffith to Reach Financial.

Please contact us on or before Friday, July 14, 2006 to confirm your availability for the above-referenced telephonic conference. If you have any questions, do not hesitate to contact me.

Sincerely,

Robert C. Matz
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_W # 53965790.1


**ATTORNEYS**

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Hilary L. Preston, Esq. | Vinson & Elkins, LLP | 212-237-0000<br>917-849-5387 | 212-237-0066 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Robert C. Matz | (650) 320-1900 | (650) 320-1823 | RCM |

client name:    AdvanceMe          client matter number:    34717.00007

date:          July 12, 2006       pages (with cover):      9

comments:

**If you do not receive all pages, please call immediately Facsimile Center:**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

LEGAL_US_W # 54008193.1

07/12/2006 16:29 FAX   650 320 1900          PAUL HASTINGS                          ☒001

```
                    ********************
              ***    TX REPORT    ***
                    ********************


        TRANSMISSION OK

        TX/RX NO              0450
        RECIPIENT ADDRESS     19178495387
        DESTINATION ID
        ST. TIME             07/12 16:25
        TIME USE             04'07
        PAGES SENT            9
        RESULT               OK
```

# Paul Hastings
ATTORNEYS

**Paul, Hastings, Janofsky & Walker** LLP
Five Palo Alto Square, Sixth Flo  r
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facs mile 650 320 1900 • www.paulhastings.com

## FACSIMILE TRANSMISSION

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Hilary L. Preston, Esq. | Vinson & Elkins, LLP | 212-237-0000<br>917-849-5387 | 212-237-0066 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Robert C. Matz | (650) 320-1900 | (650) 320-1823 | RCM |

**client name:**   AdvanceMe          **client matter number:**   34717.00007

**date:**   July 12, 2006          **pages (with cover):**   9

**comments:**