# EXHIBIT 16
# TO OPPOSITION TO MOTION TO COMPEL

Dockets.Justia.com

**Paul Hastings**
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1822
michaeleldelman@paulhastings.com

October 20, 2006

**Via Facsimile**

Willem J. Schuurman, Esq.
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568

Re:  *AdvanceMe, Inc. v. RapidPay LLC, et al.* (No. 6:05-cv-00424) (E.D. Tex.);
     *AdvanceMe, Inc. v. AmeriMerchant, LLC* (No. 6:06-CV-82)(E.D. Tex.).
     Plaintiff AdvanceMe's Objections to Topics Set Forth in Schedule A to Notice of Deposition of AdvanceMe, Inc.

Dear Mr. Schuurman:

We write in response to the Notice of Deposition of AdvanceMe, Inc. that was served on our client in the above-referenced matter.

We are attempting to identify an appropriate witness to testify on the topics listed in the deposition notice. Unfortunately, however, the topics are so absurdly overbroad, vague, and ambiguous that it has been impossible for us to do so. Accordingly, we ask the Defendants to please amend, clarify, and narrow their deposition topics as discussed below:

Topics 1, 2, 3, and 5:

With all due respect, these deposition topics do not make any sense. The topics purport to ask for deposition testimony with respect to "Prior Art," but the definition of this term is completely nonsensical. The notice defines "Prior Art" to include such things as "reserve accounts," "AdvanceMe competitors," or "amounts withheld from merchants by a merchant processor." If this definition is taken literally, AdvanceMe would have to produce a witness with complete knowledge of every system made by every AdvanceMe competitor, and of every single type of "reserve account" offered by anyone. Further, the definition includes any "systems, methods, products, or operations" that are even "rumored to exist." So if AdvanceMe heard any "rumor" that any bank in the world was setting up a reserve account, this information would literally be called for by the notice. Since there is no logical or rational stopping point to these topics, it is impossible for us to identify an appropriate witness.



Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Willem Schuurman, Esq.
October 20, 2006
Page 2

The Defendants were required to plead their inequitable conduct defense with particularity under FRCP 9. The only alleged prior art identified in the Defendants' pleading with respect to this defense is the alleged Clever Ideas, Transmedia, and FirstUSA prior art. This therefore means that the Defendants' defense is limited to this prior art. Accordingly, these topics must be limited to these three alleged prior art systems.

Further, these topics are also overbroad because they are not limited to the knowledge of those persons that were substantively involved in the prosecution of the '281 Patent. It is not possible or feasible for AdvanceMe to prepare a witness on the knowledge of the hundreds of different individuals that have been employed at AdvanceMe or its predecessors over the last decade or more. These topics must be limited accordingly.

In light of the above, AdvanceMe is willing to produce a witness on these topics to the extent they relate to the knowledge of the Clever Ideas, Transmedia, and FirstUSA prior art by anyone substantively involved in the prosecution of the '281 Patent. Please confirm this is agreeable, so we can proceed to identify a witness on the topic as limited.

**Topic 4:**

As phrased, Topic 4 would require the disclosure of information that is clearly protected by the attorney-client privilege. Indeed, it is difficult to conceive of a topic that more clearly invades the attorney-client privilege than a topic that asks for information provided by AdvanceMe to its attorneys. For this reason, AdvanceMe will not provide a witness to testify as to this topic.

**Topic 5:**

As explained above, this topic is inappropriate because the definition of the phrase "Prior Art" is absurdly overbroad. Further, at least a portion of this topic clearly calls for information protected by the attorney-client privilege, i.e., information regarding documents or communications that "relate to any information provided to attorneys involved in prosecution of the Patents . . ." AdvanceMe will not provide a witness to testify as to the information provided by AdvanceMe to its attorneys.

**Topic 6:**

AdvanceMe will not provide a witness to testify as to the content or the "circumstance" of communications between AdvanceMe and the attorneys involved in the prosecution of the Patents, as this information is protected by the attorney-client privilege.



**Paul, Hastings, Janofsky & Walker LLP**
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Willem Schuurman, Esq.
October 20, 2006
Page 3

**Topic 7:**

This topic is extremely overbroad. On its face, it would appear to require a witness to testify as to every single time that anyone at AdvanceMe ever talked about any aspect of patent prosecution. It would be logistically impossible for a witness to be prepared to testify on such a topic. Further, to the extent this topic calls for privileged communication concerning the dissemination of information, AdvanceMe will not produce a witness. The Defendants need to narrow this topic so that AdvanceMe can locate and prepare an appropriate witness.

**Topics 8 & 9:**

A portion of these topics clearly call for privileged information (i.e., the portions seeking testimony on the identification of documents that relate to involvement in prosecution or authority for prosecution; to the extent such documents exist, they would almost certainly be privileged). AdvanceMe will not produce a witness to testify on privileged matters.

**Topic 10:**

The decisions made by individuals with authority regarding the patent prosecution were made entirely, or almost entirely, by attorneys or under the attorney's direction or instructions. As a result, testimony on this topic would directly reveal attorney-client privileged communications. AdvanceMe will not agree to produce a witness on any decisions made by attorneys or under the attorney's direction or instructions.

**Topics 11 – 15:**

These topics are inappropriate for a 30(b)(6) deposition. The basis for distinguishing between the patented inventions and the prior art requires a study of the patent and the prior art, and to compare the inventions as construed by the Court with the content of the prior art. This is inappropriate testimony for a lay witness. AdvanceMe will not agree to provide a witness to testify as to these topics.

**Topic 16:**

This topic makes no sense, as it calls for testimony on documents that "should have been created" or persons who "should have produced" documents. We frankly are baffled as to what this topic means or how we could prepare a witness to testify thereon. The Defendants needs to redraft and narrow this topic in order for AdvanceMe to locate and prepare a suitable witness.



Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Willem Schuurman, Esq.
October 20, 2006
Page 4

**Topic 17:**

This topic is clearly overbroad and seeks a huge amount of confidential information that is utterly irrelevant to the claims and defenses in this action. AdvanceMe will not produce a witness to testify as to the entirety of all of AdvanceMe's business plans. The Defendants need to narrow this topic so that it seeks relevant information.

**Topic 18:**

To the extent this topic is aimed at seeking non-privileged information, AdvanceMe will provide a witness to testify as to this topic.

**Topic 19:**

This topic is vague and ambiguous. We do not understand what this topic is referring to by the promotion of AdvanceMe's products, services, capabilities, and employment opportunities "as it may relate to the Patents or their prosecution." AdvanceMe will not provide a witness to testify as to this topic unless Defendants clarify what they are seeking and why this information is relevant to this case.

**Topic 20:**

This topic is absurdly overbroad, as it would require AdvanceMe to identify a witness who could testify as to every single off-site employee meeting ever conducted by AdvanceMe regardless of whether it relates to the claims and defenses in this matter. AdvanceMe will not provide a witness to testify as to this topic unless Defendants redraft and substantially narrow it to seek information that is relevant to this case.

**Topic 21:**

This topic is clearly overbroad and seeks a huge amount of confidential information that is utterly irrelevant to the claims and defenses in this action. AdvanceMe will not produce a witness to testify as to the every analysis of competitors ever conducted by AdvanceMe. Indeed, on its face, this topic would require AdvanceMe to identify a witness with knowledge of every competitive analysis ever conducted (whether oral or written), regardless of whether this competitive analysis is relevant to the pleaded claims and defenses in this action. AdvanceMe will not provide a witness to testify as to this topic unless Defendants substantially narrow it to seek information that is relevant to this case.



Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Willem Schuurman, Esq.
October 20, 2006
Page 5

**Topic 22:**

This topic calls for information protected by the attorney-client privilege. AdvanceMe will not produce a witness to testify as to this topic.

From the above, it is clear that the deposition notice is poorly written and contains a cornucopia of flaws. We are ready and willing to meet and confer in order to clarify and narrow these topics, so that we are realistically able to identify a 30(b)(6) witness and prepare for the deposition.

Sincerely,

Michael N. Edelman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc: Hilary L. Preston, Esq. *(via facsimile)*
Joseph D. Gray, Esq. *(via facsimile)*

LEGAL_US_W # 54632413.1

10/20/2006 15:20 FAX  650 320 1900         PAUL HASTINGS                    ☒001

```
                    ********************
                    ***   TX REPORT   ***
                    ********************

          TRANSMISSION OK

          TX/RX NO              0603
          RECIPIENT ADDRESS     12122370100
          DESTINATION ID
          ST. TIME              10/20 15:17
          TIME USE              02'38
          PAGES SENT            6
          RESULT                OK
```

# PaulHastings

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| **Willem J. Schuurman** | Vinson & Elkins LLP | 512.542-8612 | 512.542.8400 |
| cc: | | | |
| Joseph D. Gray | Vinson & Elkins LLP | 512.542-8612 | 512.542.8400 |
| Hilary L. Preston | Vinson & Elkins LLP | 212.237-0100 | 212.237.0000 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Michael N. Edelman | (650) 320-1900 | (650) 320-1822 | MNE |

| client name: | AdvancedMe | client matter number: | 34717.00011 |
|---|---|---|---|
| date: | October 20, 2006 | pages (with cover): | 6 |

comments:

LEGAL_US_W # 54650524.1 34717.00007

10/20/2006 15:16 FAX  650 320 1900            PAUL HASTINGS                                  ☑001

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

        TRANSMISSION OK

        TX/RX NO                    0602
        RECIPIENT ADDRESS           15125428612
        DESTINATION ID
        ST. TIME                    10/20 15:13
        TIME USE                    02'37
        PAGES SENT                  6
        RESULT                      OK
```

## PaulHastings

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Willem J. Schuurman | Vinson & Elkins LLP | 512.542-8612 | 512.542.8400 |
| cc: | | | |
| Joseph D. Gray | Vinson & Elkins LLP | 512.542-8612 | 512.542.8400 |
| Hilary L. Preston | Vinson & Elkins LLP | 212.237-0100 | 212.237.0000 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Michael N. Edelman | (650) 320-1900 | (650) 320-1822 | MNE |

| client name: | AdvancedMe | client matter number: | 34717.00011 |
|---|---|---|---|
| date: | October 20, 2006 | pages (with cover): | 6 |

**comments:**

LEGAL_US_W # 54650524.1 34717.00007

# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| **Willem J. Schuurman** | Vinson & Elkins LLP | 512.542-8612 | 512.542.8400 |
| cc: | | | |
| Joseph D. Gray | Vinson & Elkins LLP | 512.542-8612 | 512.542.8400 |
| Hilary L. Preston | Vinson & Elkins LLP | 212.237-0100 | 212.237.0000 |

| from: | facsimile: | telephone: | Initials: |
|---|---|---|---|
| Michael N. Edelman | (650) 320-1900 | (650) 320-1822 | MNE |

| client name: | AdvancedMe | client matter number: | 34717.00011 |
|---|---|---|---|
| date: | October 20, 2006 | pages (with cover): | 6 |

comments:

LEGAL_US_W # 54650524.1 34717.00007

**If you do not receive all pages, please call immediately Facsimile Center:**

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.