# EXHIBIT 17
# TO OPPOSITION TO MOTION TO COMPEL

## Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1822
michaeledelman@paulhastings.com

October 27, 2006

34717.00007

*Via Facsimile*

Hilary L. Preston, Esq.
Vinson & Elkins, LLP
666 Fifth Avenue, 26th Floor
New York, New York 10103

Re: *AdvanceMe v. RapidPay, et al.*

Dear Ms. Preston:

This is in response to your letter of October 25, 2006.

Your letter refuses to clarify numerous confusing, vague, or ambiguous aspects of the AdvanceMe deposition notice. These issues must be clarified in order for us to designate and prepare an appropriate witness.

Topics 1, 2, 3, and 5:

Your letter states that, with respect to the definition of Prior Art, "Defendants have laid out examples of the Prior Art in this definition." This begs the question. The "examples" that the Defendants have laid out include "reserve accounts," "AdvanceMe competitors," and other undefined terms. Your letter does not seriously attempt to defend this definition, but instead vaguely states that the term "should be read as encompassing those examples and other similar systems or methods." Quite frankly, we have no idea what this is supposed to mean. It is not possible for AdvanceMe to prepare a witness on systems that are "similar" to reserve accounts or AdvanceMe competitors, nor does AdvanceMe have any idea what Defendants mean by systems that are "similar" to the prior art cited in the invalidity contentions. This is a deposition notice, not an interrogatory, and we will have the responsibility of locating and preparing a witness to testify. It is the Defendants' obligation to define its terms appropriately so that a witness can be prepared. As things now stand, it is simply not possible for us to do so.

Further, your argument on the scope of the deposition with respect to particular pieces of prior art entirely misses the point. We agree that the Defendants are permitted to pursue evidence that is relevant to the "claims or defenses in this action." The point we are making is that the inequitable conduct defense in this action is not an all-encompassing defense, but rather is necessarily based on the three prior art references that were

LEGAL_US_W # 54677463.1

**Paul**Hastings
ATTORNEYS

Hilary Preston
October 27, 2006
Page 2

particularly pled by the Defendants in their answer. In light of the specificity required to plead this defense, discovery on any other pieces of prior art, at least for inequitable conduct purposes, is simply not relevant to this defense.

With respect to persons substantively involved in the prosecution, we appreciate your clarification, which will help us in preparing an appropriate witness for testimony. We will agree to provide a witness with respect to the non-privileged knowledge of anyone involved (other than in a purely administrative capacity) in the prosecution of the '281 Patent or its parent, to the extent those individuals can be identified. We are also willing to provide a witness with respect to the non-privileged knowledge of anyone involved (other than in a purely administrative capacity) who prepared materials for prosecution of the patents. The other category you identify, however, is overly broad. It is not possible for us to prepare a witness as to the knowledge of every single witness who ever attended any meeting (including every single executive meeting, board meeting, or off-site management meeting that ever occurred at AdvanceMe) during which prosecution was discussed for any reason.

In light of the above, it is clear that these topics are still overbroad and vague. Nevertheless, it is in the interest of all parties to reach a compromise on this matter. Accordingly, as a compromise, we propose that the topics be limited to encompass non-privileged knowledge of the six methods or systems listed in the Second Amended Invalidity Contentions, with respect to all individuals who were involved other than in a purely administrative capacity in (a) the prosecution of the '281 Patent or its parent, (b) the preparation of materials regarding prosecution of the '281 Patent or its parent, or (c) non-privileged discussions about patent prosecution at any executive meetings, board meetings, or off-site management meetings. Keep in mind, of course, that many of such individuals have long since left the employ of AdvanceMe, and AdvanceMe's obligation is limited to gathering information within the possession, custody, or control of the company. Please let know if this compromise is acceptable.

<u>Topics 4-10, 22</u>:

Though your letter states that the Defendants are not seeking information protected by the attorney-client privilege, your letter goes on to state that the Defendants are in fact seeking "to probe whether any communications with counsel discussed Prior Art, and if so, what Prior Art was discussed, when, and with whom." This is entirely information protected by the attorney-client privilege. The subjects that AdvanceMe discusses with its counsel are privileged, as is the identity of prior art (if any) that was discussed with counsel. The Defendants are not "entitled" to this information, and are in fact precluded from seeking it. Since the Defendants have now explicitly acknowledged that they will be seeking privileged information, AdvanceMe is even more concerned about these topics than before. These topics must be withdrawn.

LEGAL_US_W # 54677463.1

**Paul Hastings**
ATTORNEYS

Hilary Preston
October 27, 2006
Page 3

Topic 7:

As we understand it, this topic has now been limited to knowledge concerning "all written distributions or formalized oral disseminations of information (e.g. during a Board or management meeting presentation) made by AdvanceMe regarding the prosecution of the Patents." We believe that any such distributions or disseminations would be protected by the attorney-client privilege. However, we will agree to provide a witness concerning any such distributions or disseminations to the extent they are non-privileged.

Topics 11-15:

The distinction you are making in your letter with respect to these topics is a distinction without a difference. The "factual basis" for distinguishing the patent and the prior art is necessarily based on the construction of the claims and a detailed analysis of the prior art. This is expert testimony. These topics are inappropriate for lay witnesses, and need to be withdrawn.

Topic 16:

Your letter states that our confusion with respect to this topic is "not credible." However, we note that rather than defending the topic as it is currently worded (which is not possible), your letter backtracks by attempting to rephrase it. As we understand it, the Defendants are now seeking a witness to testify on "whether AdvanceMe has or had a relevant documentation policy and if so, what that policy (or policies) provided." Though we believe this modified topic is still vague, we will endeavor to prepare and produce a witness on the topic.

Topics 17 & 20:

Once again, rather than defend the topics as phrased, your letter attempts to rephrase them. As we understand it, the Defendants are now seeking testimony on the following subject: "Any discussion of patent prosecution or the prior art included in any business plans, off-site, executive, or employee meetings." Though this category is still clearly overbroad (since it is not feasible to prepare a witness on every single such discussion), we are willing to do our best to prepare a witness for this topic with respect to non-privileged discussions, provided that the definition of "Prior Art" is limited as discussed above with respect to Topics 1, 2, 3, and 5.

LEGAL_US_W # 54677463.1

PaulHastings
ATTORNEYS

Hilary Preston
October 27, 2006
Page 4


Topic 19:

As we understand it, the Defendants are now limiting this category to "AdvanceMe's use of pending patent applications, or the issued Patents, as a promotional or marketing tool." As so limited, AdvanceMe is willing to prepare a witness for this category.

Topic 21:

AdvanceMe is not going to produce a witness on every aspect of every written competitive analysis conducted by the company over a ten-year period. To the extent, however, that the definition of "Prior Art" is limited as discussed above with respect to Topics 1, 2, 3, and 5, we are willing to produce a witness if there is one, on the following topic: "Any discussion of the Prior Art contained within any competitive analysis conducted or distributed between January 1996 and September 2005."

With respect to the date for the deposition, we need your confirmation that the topics will be limited and/or withdrawn for the reasons stated above. After receiving this confirmation, we will then be in a position to designate the appropriate witness and provide a date that is available in that witness' calendar. Accordingly, please confirm by Monday, October 30, 2006 that the foregoing is acceptable.

Sincerely,

*[signature]*

Michael N. Edelman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

MNE:ch

```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO                0639
RECIPIENT ADDRESS       12122370100
DESTINATION ID
ST. TIME                10/27 16:43
TIME USE                02'18
PAGES SENT              5
RESULT                  OK
```

# PaulHastings

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| **Hilary L. Preston** | Vinson & Elkins LLP | **212.237-0100** | 212.237.0000 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Michael N. Edelman | (650) 320-1900 | (650) 320-1822 | MNE |

| client name: | AdvancedMe | client matter number: | 34717.00011 |
| date: | October 27, 2006 | pages (with cover): | 5 |

comments:

LEGAL_US_W # 54650524.1 34717.00007