# EXHIBIT A
## TO ADVANCEME'S SUR-REPLY IN OPPOSITION
## TO DEFENDANTS' MOTION TO COMPEL

# Vinson&Elkins

Joseph D. Gray  jgray@velaw.com
Tel 512.542.8420  Fax 512.236.3224

November 30, 2006

*Via E-Mail*

Michael Edelman
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155

Re: AdvanceMe, Inc. v. Rapidpay LLC, et al. (No. 6:05-cv-00424) (E.D. Tex.);
AdvanceMe, Inc. v. AmeriMerchant LLC (No. 6:06-cv-082) (E.D. Tex.)

Dear Michael:

We write in response to your November 22, 2006 letter regarding the 30(b)(6) deposition of AdvanceMe.

While Plaintiff's improper refusal to provide a witness on the disputed topics outlined in Defendants' motion to compel is indeed before the Court, the agreed topics are not. The parties have agreed that Topics 1-3, 7, and 16-21 are proper 30(b)(6) topics and that Plaintiff is obligated under the Federal Rules to make a corporate representative available for deposition on those topics. Defendants thus reiterate their request that Plaintiff immediately make a witness available on the agreed topics that were properly noticed on October 4, 2006 (nearly two months ago).

You state that "AdvanceMe is unwilling to produce the same witness twice for the same deposition," although such an objection is hollow, as you know. The 30(b)(6) deposition on the agreed topics would necessarily be a deposition on entirely different topics than the 30(b)(6) deposition on the topics before the Court on Defendants' motion to compel.

As Defendants have repeatedly informed Plaintiff, Plaintiff's repeated failures to comply with its discovery obligations, and its flagrantly dilatory tactics in every aspect of this litigation, are severely hampering Defendants' defense of these actions.

\*    \*    \*

Vinson & Elkins LLP  Attorneys at Law
Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8400  Fax 512.542.8612  www.velaw.com

**V&E**

Additionally, the portion of your letter dealing with the scope of the 30(b)(6) deposition reveals a fundamental misunderstanding of the Federal Rules. While Plaintiff will be ordered to produce a witness prepared on the disputed topics if Defendants prevail on the 30(b)(6) portion of their motion to compel, Defendants will not be precluded from examining the witness on those topics if they do not prevail. Plaintiff has not moved for a protective order regarding the 30(b)(6) deposition of Plaintiff, thus there will be no "limitation directed by the court." *See* FED. R. CIV. P. 30(d)(1); FED. R. CIV. P. 26(c).

Finally, as our November 20, 2006 letter made clear, Plaintiff *chose* to file two separate actions. Plaintiff must abide by the discovery orders in the actions it chose to file, each of which obligates Plaintiff to appear for a seven hour 30(b)(6) deposition. Plaintiff cannot relieve itself of this self-imposed burden by depriving Defendants of their right to the 30(b)(6) depositions outlined in their respective discovery orders.

Please inform me at your earliest convenience whether Plaintiff will make a witness available for a 30(b)(6) deposition on the agreed topics on or before next Friday, December 8, 2006 – the date proposed in your November 7, 2006 letter.

Regards,

Joseph D. Gray

102315:5459

772818v1

cc:   Robert Matz
      Bill Schuurman
      Hilary Preston