# EXHIBIT H
## TO ADVANCEME'S SUR-REPLY IN OPPOSITION
## TO DEFENDANTS' MOTION TO COMPEL

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1821
ronaldlemieux@paulhastings.com

December 7, 2006

34717.00007

**VIA E-MAIL**

Joseph D. Gray
Vinson & Elkins, LLP
2801 Via Fortuna, Ste. 100
Austin, Texas 78746

Re:   *AdvanceMe v. RapidPay, et al.*
      *AdvanceMe v. Amerimerchant*
      Defendants' Cancellation of AdvanceMe 30(b)(6) Deposition

Dear Mr. Gray:

Having already traveled to Atlanta for this week's deposition of AdvanceMe, I was surprised to see your letter sent at the end of the day on Wednesday canceling the deposition. Your letter of Thursday, November 30, 2007 insists in two different places that the deposition go forward on December 8, despite the pendency of your improper motion to compel testimony on topics designed to seek privileged and otherwise inappropriate testimony. ("Defendants thus reiterate their request that Plaintiff immediately make a witness available on the agreed topics...." and "Please inform me at your earliest convenience whether Plaintiff will make a witness available for a 30(b)(6) deposition on the agreed topics on or before next Friday, December 8, 2006--the date proposed in your November 7, 2006 letter.") On Tuesday, Robert Matz sent you the confirmation you requested. Your claim now that Defendants' counsel is no longer available rings hollow and reveals your prior correspondence to be nothing more than disingenuous posturing. I am particularly surprised and disappointed that you filed a brief with the Court on Wednesday stating that Plaintiff refused to provide a 30(b)(6) witness, when in fact you had received a letter from us the day before stating exactly the opposite.

We intend to notify the Court today of your last minute cancellation of this deposition and we will seek reimbursement of my costs in traveling to Atlanta at your insistence. I suppose that I should not be surprised at Defendants' gamesmanship in light of the incredibly unprepared 30(b)(6) witnesses offered by AmeriMerchant and First Funds recently. Your deficient privilege logs, failure to have real corporate representatives attend the mediation, constant attempts to revise your invalidity positions based on information in your possession months ago, and ongoing refusal to provide the basis for your clients' noninfringement positions, while at the same time trying to create a false paper trail of

LEGAL_US_W # 55273623.1 34717.00007

**Paul**Hastings

Joseph D. Gray
December 7, 2006
Page 2

discovery compliance, are simply further examples of your willingness to ignore the Court's rules when you believe it is in your strategic interest to do so. I have not experienced this problem with the Potter Minton firm in any of the other cases we have with them, so I have to assume this policy is being dictated by Vinson & Elkins. We will no longer tolerate it and I have asked Otis Carroll help us put an end to this once and for all.

Given your improper cancellation of this deposition on such short notice, it will be rescheduled, if at all, at a time deemed appropriate by the witness, Plaintiff's counsel, and the Court.

Very truly yours,

*Ronald S. Lemieux, by permission [signature]*
Ronald S. Lemieux
for PAUL, HASTINGS, JANOFSKY & WALKER LLP