# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § § *Plaintiff,* § § VS. § § § **CAUSE NO. 6:05-CV-424 LED** **RAPIDPAY, LLC, BUSINESS CAPITAL** § **CORPORATION, FIRST FUNDS LLC,** § **MERCHANT MONEY TREE, INC.,** § **REACH FINANCIAL, LLC and** § **FAST TRANSACT, INC. d/b/a** § **SIMPLE CASH** § § *Defendants.* § | |
| **ADVANCEME, INC.,** § § *Plaintiff,* § § **CAUSE NO. 6:06-CV-0082 LED** v. § § **JURY TRIAL DEMANDED** **AMERIMERCHANT, LLC,** § § *Defendant.* § | |

### DEFENDANTS' STATEMENT OF OBJECTIONS TO AND MOTION FOR MODIFICATION OF MAGISTRATE JUDGE LOVE'S *MARKMAN* MEMORANDUM OPINION AND ORDER

TO THE HONORABLE LEONARD DAVIS:

Defendants First Funds LLC, Merchant Money Tree, Inc., Reach Financial, LLC, and AmeriMerchant LLC (collectively "Defendants") hereby submit, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and Rule 4(B) of Appendix B of the Local Rules, their statement of objections to the Memorandum Opinion and Order of Magistrate Judge Love, filed December 21, 2006, that issued claim construction rulings ("*Markman* Order").

Because the *Markman* Order is dispositive of certain bases for invalidity asserted by Defendants, these Objections are appropriately asserted under Fed. R. Civ. P. 72(b) and Local Rule 4(B), Appendix B and are subject to *de novo* review by the Honorable Judge Davis.  These bases include invalidity of claim 10 and 17-19 of U.S. Patent No. 6,941,281 ("the '281 Patent") (attached hereto as Ex. A) for indefiniteness for failure to disclose corresponding structure for each means-plus-function claim element, as required by 35 U.S.C. § 112, ¶ 6, as well as some bases of invalidity of claims 1-19 of the '281 patent under 35 U.S.C. §§ 102(a) and 102(b).  If the Court considers these issues to be non-dispositive, Defendants respectfully request that the Court consider this filing as Defendants' request for reconsideration pursuant to Local Rule 4(A), Appendix B, and Fed. R. Civ. P. 72(a).[1]

## INTRODUCTION

After receiving briefing and hearing oral argument on the proper construction of disputed claim terms, Magistrate Judge Love issued the *Markman* Order, which construed all of the terms in dispute.  The *Markman* Order's construction of "obligation", "third party", and "means for forwarding a portion of the payment" (recited in different forms in Claims 10, 17, 18, and 19, *see* Ex. A, '281 Patent) are inconsistent with well-settled principles of claim construction.

---

[1] The errors highlighted herein merit revision of the *Markman* Order under either Rule 72(b)'s *de novo* review or Rule 72(a)'s requirement that the order be clearly erroneous or contrary to law.

1

Accordingly, Defendants seek revision to these portions of the *Markman* Order. Objections (1) – (2) relate to the *Markman* Order's construction of obligation; Objection (3) relates to the *Markman* Order's construction of third party; and Objections (4) – (5) relate to the *Markman* Order's identification of corresponding structure for the functions by the merchant processor of forwarding a portion of the payment to the third party.

## STATEMENT OF OBJECTIONS

### *Obligation*

The *Markman* Order construed the term "obligation" to mean "an amount owed by a merchant that is independent of any costs or fees arising out of the use of the customer identifiers as payment." *Markman* Order at 8. This construction, however, is impermissibly vague and improperly expands upon disclaimers of claim scope in the intrinsic record. Defendants respectfully submit that the portions of the intrinsic record relied on and expressed in the findings in the *Markman* Order on pages 7 and 8, as explained below, in fact dictate the following construction:

> "an amount owed by the merchant that is independent of any particular purchase and outside of any of the fees and/or costs normally imposed on the merchant for a typical processing transaction."

Defendants respectfully request that the Court adopt this construction.

**Objection 1 – The Magistrate Judge's construction is impermissibly vague.**

It is axiomatic that a *Markman* order should yield constructions that particularly define claim terms. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (emphasizing that proper claim construction should avoid a "zone of uncertainty" as to the scope of the protected invention). The Magistrate Judge's construction of "obligation" violates this principle because the phrase "arising out of the use of customer identifiers as payment" introduces significant

2

ambiguity into the types of obligations falling within the construction. This construction is so broadly worded and amorphous that it fails to resolve the claim construction dispute and instead creates another issue for this Court to resolve at some later date: should any and all merchant debts or obligations even tangentially related to the merchant's acceptance of customer identifiers, such as credit or charge cards, be excluded from the scope of the term obligation? The Magistrate Judge's construction literally demands this result.

For example, a merchant may need to obtain a cash advance or enter into an installment obligation to purchase or lease equipment used for processing customer identifiers, or office furniture to support the equipment, or office space to house the equipment and the furniture. Or a merchant may have to pay the phone company for an additional phone line needed to facilitate use of the equipment for processing customer identifier transactions. Or a merchant may incur additional human resources costs if an employee must be hired to oversee and handle the acceptance of the customer identifiers.

Each of these is an example of a cost or fee "arising out of the use of customer identifiers," although there is no basis whatsoever in the intrinsic record for excluding automatic repayment of broad categories of cash advances, contractual obligations, or routine business expenses from the scope of the term obligation. Yet this is precisely what is required by the language of the *Markman* Order. As this construction is so ambiguous that it fails to provide sufficient guidance in applying the claims to the accused instrumentalities, as is required by Federal Circuit precedent, this portion of the *Markman* Order should be rejected.

**Objection 2 – The Magistrate Judge improperly expands the limitations of claim scope in the intrinsic record.**

That a claim term should be given its ordinary and customary meaning in the context of the patent and the prosecution history is beyond dispute. *See Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1319 (Fed. Cir. 2005) ("[W]e must look at the ordinary meaning in the context of the written description and the prosecution history.") Similarly well-established is the principle that any deviations from ordinary meaning required by the intrinsic record must be applied strictly. *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323-24 (Fed. Cir. 2003). Despite this, the *Markman* Order issues a construction of obligation that expands significantly beyond the limitations of claim scope that the Magistrate Judge found existed in the intrinsic record. Accordingly, the *Markman* Order's construction of obligation is contrary to law and must be modified to be congruent with the deviation from ordinary meaning found in the intrinsic record. *See id*. at 1324.

The Magistrate Judge identified two aspects of the intrinsic record as limiting the ordinary meaning of obligation. First, the Magistrate Judge referred to the portion of the specification describing the fees and costs which are usually incurred for a typical processing transaction, as part of the card transaction, and concluded that these obligations pre-dating the invention should be excluded from the scope of the term obligation. *Markman* Order at 7-8;[2] *see* Ex. A, '281 Patent, 4:21-5:3.

In making this finding, the Magistrate Judge states: "[T]he term 'obligation' as used in the context of the '281 patent consistently refers to an amount owed by a merchant that is

---

[2] This passage describes the discount rate, the interchange fee and the network fee, which are the very processing fees which Defendants said could be excluded from the scope of "obligation." *See* Ex. A, '281 Patent, 4:21-5:3. The Magistrate Judge mentions other processing fees, including merchant processor fees, surcharges, card service fees, transaction fees and card issuer fees, *see Markman* Order at 7, and the patent makes clear that these fees are not additional to the three identified by Defendants. They are actually synonymous with the discount rate, the interchange fee and the network fee. Ex. A, '281 Patent, 4:52-5:3.

4

independent of any particular purchase and outside of any of the fees and/or costs normally imposed on the merchant for a typical processing transaction." *Markman* Order at 7 (emphasis added).[3]

However, the Magistrate Judge, in the *Markman* Order, inexplicably goes on to generalize this narrow limitation of claim scope far beyond any support for it that exists in the intrinsic record. *See Markman* Order at 7. The Magistrate Judge states: "the 'obligation' recited in the claims of the '281 patent does not include any of the fees or costs deducted for using the typical transaction processing environment, i.e., the 'overhead' amounts that are incurred . . ." *Id*. (emphasis added).

This expansion from excluding "typical processing fees" to excluding "overhead amounts" and fees "arising out the use of customer identifiers" is the essence of both the ambiguity and expansion of the limitation of claim scope involved in the Magistrate Judge's construction. What is meant by "overhead amounts"? Are the cash advances or lease obligations relating to the customer identifier equipment, to the furniture, to the office space, to the phone bills and to the employee's salary who handles the equipment excluded from the scope of the claims?

After this departure from the intrinsic record, the Magistrate Judge returns to a statement made by the patentee during prosecution. The Magistrate Judge held that the patentee's statement that "[t]he existence of the loan in the present invention is independent of and

---

[3] The term "obligation" is never mentioned in the patent specification and was introduced into the claims only when the claims were amended in July 2004 to replace the word "loan" with the more generic term "obligation." *See* Ex. B, July 19, 2004 Request for Extension of Time and Amendment ("Amendment"). Though no limitation whatsoever was placed on the term "obligation" during prosecution, Defendants were still willing to agree, during the *Markman* hearing, that any other unidentified usual processing fees that are dependent on a purchase and are normally imposed on a merchant for a typical processing transaction, could be excluded from the scope of the term "obligation." This construction is consistent with, and congruent to, the exclusion of claim scope found in the intrinsic record.

<u>unrelated to the consummation of any particular purchase</u>" applied as a disclaimer of the term "obligation." *See Markman* Order at 8 (emphasis added).[4] It is notable that all intrinsic support identified by the Magistrate Judge references a *particular transaction* or a *particular purchase*.

The analysis could and should have stopped at this point, because if a limitation applies, the law requires that it be applied strictly in accordance with the surrender made by the patentee. *See Omega Eng'g, Inc.*, 334 F.3d at 1324 ("[W]here the patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer attaches and narrows the ordinary meaning of the claim *congruent with the scope of the surrender*.") (emphasis added). This disclaimer once again supports the construction agreed to by Defendants at the hearing since this disclaimer disclaims from the scope of "loan" – and thus arguably from the scope of "obligation" – those processing fees which are dependent upon and related to the consummation of a particular purchase.

But the Magistrate Judge went impermissibly beyond these limitations and issued a construction with a far more expansive limitation on ordinary meaning – "an amount owed by a merchant that is independent of any costs or fees *arising out of the use of* customer identifiers as payment." *Markman* Order at 8 (emphasis added). Because there is no even arguable basis – and the *Markman* Order notably offers no basis – for limiting "obligation" beyond the extent required by the two limiting aspects of the intrinsic record described above, the Court should modify this construction. A construction consistent and congruent with the limiting aspects

---

[4] Defendants have disputed that this statement made in 1999 regarding the parent claim term "loan" can appropriately function as a disclaimer for "obligation," a term not even introduced until an amendment in 2004. Well-settled principles of claim construction prohibit importing a disclaimer of the scope of one claim term to a different claim term. In *Resqnet.com, Inc. v. Lansa, Inc.*, the Federal Circuit summarized this principle, stating: "Although a parent patent's prosecution history may inform the claim construction of its descendant, the [parent] patent's prosecution history is irrelevant . . . [if] the two patents do not share the same claim language." 346 F.3d 1374, 1383 (Fed. Cir. 2003).

6

found in the intrinsic record and identified by the Magistrate Judge would be, in the Magistrate Judge's own words:

> "an amount owed by the merchant that is independent of any particular purchase and outside of any of the fees and/or costs normally imposed on the merchant for a typical processing transaction."

### *Third Party*

The *Markman* Order construed the term "third party" to mean "payment receiver, i.e., a party that is neither the merchant or the merchant processor." *Markman* Order at 13. An express definition in the patent and the unequivocal amendment in the intrinsic record dictate that the Magistrate Judge's proposed construction is incorrect. Defendants respectfully request that the Court adopt instead the Defendants' proposed construction – "party other than the merchant."[5]

**Objection 3 – The Magistrate Judge ignores a relevant portion of the intrinsic record.**

The Magistrate Judge's construction that the term "third party" in claim 10 is a party other than the merchant processor ignores explicit statements in the intrinsic record.[6] First, the term "third party" was introduced into the claim language for the first time in July 2004 to replace the term "lender" in the parent patent's claims, without any limitation on the meaning of "third party." Because the '281 specification's only example of the claimed "third party" is a "lender," the specification's statements regarding "lender" must necessarily apply to "third party."

The Magistrate Judge's construction thus contradicts the explicit statement in the '281 specification that a lender to whom the payment is made by the merchant processor may be the same entity as the merchant processor: "[T]he merchant processor may be, for example…the

---

[5] The arguments in support of this construction are set forth in full at pages 16 – 21 of Defendants' Responsive Claim Construction Brief ("Defendants' Brief"), Record Doc. 117 (*Rapidpay* action) and Record Doc. 54 (*AmeriMerchant* action).
[6] Indeed, the *Markman* Order does not even acknowledge these dispositive portions of the intrinsic record.

7

same entity as the lender." Ex. A, '281 Patent, 1:35-37. Without acknowledging this statement, the *Markman* Order relies on the depiction of a preferred embodiment of the invention in Figure 1C of the '281 patent,[7] and states that this embodiment shows "the merchant and the merchant processor" and "illustrates an additional party (lender 60) that receives a payment from the merchant processor." *Markman* Order at 12. It is well established that it is improper, as a matter of law, to limit a claim term to a preferred embodiment of the invention, *see Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) (en banc) (cited in *Markman* Order at 3) – especially when the specification makes clear that the preferred embodiment is not the only embodiment of the claimed invention.

The specification of the '281 patent is identical to the specification of its parent '544 patent; the '281 patent is a continuation of the '544 patent. Claim 10 was introduced by amendment into the '281 application on July 12, 2004 (attached hereto as Ex. B), when the patentee stated:

> By the present amendment, Applicant has amended the claims to closely follow the language of the claims that were on appeal in the ['544 patent], with several minor changes in the independent claims. . . . [T]he term "lender" has [] been replaced by "third party" to reflect that the obligation may be made to other than a "lender," although the obligation to make payment will remain.[8]

The claim that was allowed in the parent '544 application, and that is referred to in this statement by the applicant, was as follows:

> A system for automated loan repayment, comprising:
>
> at a merchant, means for accepting a customer identifier as payment from the customer and for electronically forwarding information related to the payment to a computerized merchant processor, wherein the merchant associated with the payment has an outstanding loan to <u>a lender</u>; and

---

[7] Because the '281 Patent does not contain a Figure 1C, Defendants presume the Magistrate Judge was referring to Figure 2.
[8] This statement was made when patent claim 10 was pending as application claim 47. Application claim 47 was simply renumbered as patent claim 10 when the claims were allowed.

8

> at the computerized merchant processor, means for receiving the information related to the payment from the merchant, means for authorizing and settling the payment,
>
> and means for forwarding to <u>the lender</u> a loan payment associated with the payment.   [emphasis added]

This claim was amended to replace the term "lender" with "third party" in both occurrences. The applicant made no further qualification of "third party" and made no attempt whatsoever to exclude anyone, much less the merchant processor, from the scope of the term "third party". Nor did the applicant ever attempt to exclude any categories of "lenders" from the claimed "third party." Indeed, the statements during amendment make it clear that "third party" is a generic term which encompasses "lender." *See* Ex. B, Amendment.

In this context, and based upon the express statement in the specification that the lender may be the same party as the merchant processor, *see* Ex. A, 1:35-37, it would have been highly improper, in the parent '544 patent, to limit the term "lender" to exclude the situation in which the lender and the merchant processor are the same party. Similarly, Figure 2, on which the *Markman* Order relies, could not have served to limit the scope of lender in the claims of the '544 patent to exclude merchant processors.

Since there was no exclusion when the amendment was made, or during subsequent prosecution of the '544 or the '281 applications, it is likewise improper to ignore the express language in the specification regarding "lender" (the only example of "third party" in the specification) and exclude "merchant processor" from the scope of the term "third party."

Additionally, the *Markman* Order ignores an admission by the inventor, which directly contradicts the construction advanced by Plaintiff and adopted by the Magistrate Judge. The

9

alleged inventor testified under oath that including merchant processors within the scope of "third party" in claim 10 was her intention:[9]

> Q: [C]an the merchant processor and the third party be the same?
>
> A: . . . yes.
>
> Q: I'm sorry?
>
> A: I think, yes, that's all part of what's in the patent.

*See* Defendants' Brief, Record Doc. 177 (*Rapidpay* action) and Record Doc. 54 (*AmeriMerchant* action), Exhibit H at 146:17-147:5.

Because the intrinsic record, as outlined above, requires that a merchant processor fall within the scope of the term "lender" and thus within the scope of the substituted term, "third party," Defendants respectfully request that this Court modify the *Markman* Order to reject the Magistrate Judge's construction of the term "third party" and adopt instead the construction advanced by Defendants – "party other than the merchant."

## *Means for forwarding a portion of the payment*

As described in the '281 specification, the alleged novel feature of this invention is forwarding, at the merchant processor, a portion of the payment to a payment receiver rather than to the merchant. The patent describes all other claimed steps of the method and all other portions of the claimed system as existing in the prior art – e.g., a merchant's accepting customer identifiers as payment with a card swipe machine, a merchant processor's authorizing and settling transactions with well known equipment, etc. Therefore, the "forwarding" step at the merchant processor, which is claimed in means-plus-function form in independent Claim 10, represents the inventor's alleged contribution to the art.

---

[9] The intent of the inventor is of paramount importance in properly construing claim terms. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005).

But, the specification fails to disclose the necessary steps for forwarding a portion of the payment from the merchant processor to the third party and thus fails to disclose corresponding structure for the computer-implemented means-plus-function claim – despite the claimed function constituting the only novel feature of the invention.

The '281 Patent claims, in means-plus-function form, four different functions involving the forwarding of a portion of the payment by the merchant processor to the third party:

1. "means for forwarding a portion of the payment to the third party" (independent Claim 10)

2. "means for forwarding at least a portion of the accumulated payments to the third party" (dependent Claim 17)

3. "means for periodically forwarding at least a portion of the payment to the third party" (dependent Claim 18)

4. "means for forwarding to the third party an amount that is a percentage of the obligation" (dependent Claim 19).

The Magistrate Judge held that the same "algorithm" performed each function. *See Markman* Order at 19, and Claim Construction Chart at 15, 22, 23 ("an algorithm as described at column 5, lines 21-37 [of the '281 Patent]").[10]

This is the only portion of the specification that the Magistrate Judge identified as disclosing an algorithm for performing the claimed functions for each of independent claim 10 and dependent claims 17, 18 and 19. However, this passage fails to disclose any form of algorithm for performing the claimed functions. This passage simply states that an arbitrary

---

[10] By identifying an algorithm as part of the corresponding structure, the Magistrate Judge necessarily recognizes that these functions are computer-implemented and thus require disclosure of an algorithm as corresponding structure. *See Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1253 (Fed. Cir. 2005) ("A computer-implemented means-plus-function term is limited to the corresponding structure disclosed in the specification and equivalents thereof, and the corresponding structure is the algorithm.")

amount of $10 is selected. This passage of the specification goes on to state that the arbitrarily selected amount of $10 is sent to the lender 60. This in no way discloses an algorithm for actually performing the function of forwarding a derived portion of the payment to the lender (or the "third party," which has been substituted for "lender" in the claims).[11]

Instead, this passage simply asserts that an amount is sent to the lender and fails to disclose the algorithm for performing the claimed functions. Because this "algorithm" cannot perform the functionality required by the purportedly linked functions, it is legally insufficient. *See Cardiac Pacemakers, Inc. v. St. Jude Medical*, 296 F.3d 1106, 1119 (Fed. Cir. 2002) ("[C]orresponding structure must include all structure that actually performs the recited function."). The specification therefore fails to disclose the means for performing the sole alleged novel feature of the invention, and the Court should reverse the *Markman* Order and find that no structure is disclosed for performing this function.

Defendants respectfully request the Court find that no corresponding structure is disclosed for the claimed functions of "forwarding a portion of the payment to the third party" (Claim 10), "forwarding at least a portion of the accumulated payments to the third party" (Claim 17), "periodically forwarding at least a portion of the payment to the third party" (Claim 18), and "forwarding to the third party an amount that is a percentage of the obligation" (Claim 19).

---

[11] Defendants also note that the Magistrate Judge found the corresponding structure for "means for electronically forwarding information" (another "forwarding" function) to be a very specific "combination of processor 312, memory 320, modem 322, and a keypad or magnetic card reader 316 together with software executing an algorithm as implemented by Verifone merchant-location equipment available as of the July 9, 1997 filing date of the parent application, serial no. 08/890,398, and equivalents thereof." *Markman* Order, Means-Plus-Function Claim Chart at 13. The specification fails to similarly disclose commercially available software for performing the function of forwarding a portion of the payment and fails to disclose an algorithm that allows a merchant processor to forward a portion of the payment to the third party.

**Objection 4 – The identified algorithm is legally insufficient as it cannot perform the functionality described in independent Claim 10.**

Claim 10 claims a "means for forwarding a portion of the payment to the third party to reduce the obligation." Ex. A, '281 Patent, 8:19-20. As the Magistrate specifically acknowledges, the function of forwarding a portion of the payment necessarily involves derivation of a portion of the payment. *See Markman* Order at 18 ("Therefore, the portion forwarding means necessarily involves derivation of 'a portion of the payment.'") and at 19. Similarly, the function of forwarding a portion of the payment to the third party to reduce the obligation necessarily entails at least decisions about how the portion of the payment should be forwarded (e.g., ACH transfer, wire transfer, PayPal transfer, or some other way of forwarding payment), when the portion should be forwarded, what account or entity should receive the payment, and to what account the payment will be forwarded. Yet the identified "algorithm" contains no algorithm whatsoever for performing these steps of the claimed function.

It is important to note that the claimed invention is a system for *automated* repayment of obligations, so the algorithm accomplishing the forwarding must be capable of making these "decisions." In stark contrast to these multiple, predicate determinations, the "algorithm" identified by the Magistrate Judge relies on the selection of an arbitrary amount by an unnamed person or system, and simply recites that it is sent to the lender. This passage also recites that the $10 is subtracted from $98.10 and the $88.10 is sent to the merchant, which is entirely unrelated to the claimed function of forwarding a portion of the payment to the third party.

Because this "algorithm" is indisputably incapable of performing the claimed functions, the *Markman* Order is contrary to the law and must be reversed on this point. And because the '281 Specification includes no candidates for algorithms other than in this identified passage

13

(Plaintiff has never even attempted to identify an algorithm), the Court should find that no corresponding structure is disclosed for this forwarding function.

**Objection 5 – The identified algorithm is legally insufficient as it cannot perform the functionality described in dependent Claims 17 - 19.**

With respect to dependent Claims 17-19, the Claim Construction Chart attached to the *Markman* Order states that the subtraction algorithm described in lines 21-37 of column 5 of the '281 patent constitutes corresponding structure for each of the forwarding functions in Claims 17-19. But the memorandum portion of the *Markman* Order does not even mention the functionality of these claims, and even a cursory review of these additional functions demonstrates that the identified "algorithm" is incapable of performing these functions. In addition to the deficiencies identified above in Objection 4:

- Claim 17 requires means for forwarding at least a portion of the accumulated payments to the third party; the identified "algorithm" cannot determine what portion of what accumulated payments should be sent.

- Claim 18 requires means for periodically forwarding at least a portion of the payment to the third party; the identified "algorithm" cannot determine what portion should be sent and what "period" should be employed.

- Claim 19 requires means for forwarding to the third party an amount that is a percentage of the obligation; the identified "algorithm" cannot gather any information about the size of the obligation, cannot determine the appropriate percentage to be used, and cannot convert that percentage of the obligation into a dollar amount to be diverted to a third party.

As the only identified algorithm is legally inadequate, and the '281 Specification includes no other candidates for algorithms (and as described above, Plaintiff has never attempted to

14

identify an algorithm), the Court should find that there is no corresponding structure disclosed for these forwarding functions.

## **Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court modify the *Markman* Order to adopt the constructions for obligation and third party proposed by Defendants and to find that the specification has failed to disclose sufficient corresponding structure for performing the functions of the means plus function clauses in Claims 10, 17, 18, and 19.

January 9, 2007                                                                 Respectfully submitted,

By:   /s/ Joseph D. Gray
William G. Schuurman
Texas State Bar No. 17855200
bschuurman@velaw.com
Joseph D. Gray
Texas State Bar No. 24045970
jgray@velaw.com
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: 512.542.8400
Facsimile: 512.236.3476

   -and-

Hilary L. Preston
hpreston@velaw.com
**VINSON & ELKINS L.L.P.**
666 Fifth Avenue – 26th Floor
New York, NY 10103
Telephone: 212.237.0000
Facsimile: 212.237.0100

   -and-

                                             Douglas R. McSwane, Jr.
                                             State Bar No. 13861300
                                             **POTTER MINTON**
                                             A Professional Corporation
                                             110 N. College
                                             500 Plaza Tower (75702)
                                             P.O. Box 359
                                             Tyler, Texas 75710
                                             Telephone: 903.597.8311
                                             Facsimile: 903.593.0846
                                             E-mail: dougmcswane@potterminton.com

                                             *ATTORNEYS FOR AMERIMERCHANT, LLC, FIRST FUNDS, LLC, MERCHANT MONEY TREE, INC., AND REACH FINANCIAL, LLC*

## CERTIFICATE OF CONFERENCE

Counsel for Defendant has conferred with counsel for Plaintiff regarding the substance of this motion in a good faith attempt to resolve the matter without court intervention. Plaintiff is OPPOSED to the relief sought herein.

                                             */s/ Joseph Gray*
                                             Joseph Gray

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 10th day of January, 2007. Any other counsel of record will be served by first class mail on this same date. A courtesy copy will also be hand delivered to the chambers of Magistrate Judge John Love.

                                             /s/ Joseph D. Gray
                                             Joseph D. Gray