# EXHIBIT B




RECEIVED
JUL 1 9 2004
GROUP 3600

Patents
Docket No. 31948/6

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Barbara S. Johnson | | |
| Serial No.: | 09/356,711 | Art Unit: | 3622 |
| Filed: | July 20, 1999 | Examiner: | James W. Myhre |
| Conf. No.: | 8198 | | |
| Title: | AUTOMATED PAYMENT | | |

### REQUEST FOR EXTENSION-OF-TIME AND AMENDMENT

Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

### REQUEST FOR THREE-MONTH EXTENSION-OF-TIME

Applicant respectfully requests a three-month extension-of-time to respond to the outstanding paper in the above-identified patent application, to and including July 12, 2004. Please charge the $475.00 extension-of-time fee to Deposit Account No. 50-0324. If any additional fees are required, the Commissioner is authorized to charge such fees (or to credit any overpayment) to Deposit Account No. 50-0324.

### AMENDMENT

In connection with the Request for Continued Examination (RCE) filed under 37 C.F.R. §1.114 herewith, please amend the above-identified application as follows:

07/15/2004 SSESHE1 00000068 500324 09356711
02 FC:2253      475.00 DA

NYDOCS04/406418.1                     1

## IN THE CLAIMS

Claims 1-37 (Cancelled)

38. (New) A method for automated payment, comprising:

at a merchant, accepting a customer identifier as payment from the customer and electronically forwarding information related to the payment to a computerized merchant processor;

at the computerized merchant processor, acquiring the information related to the payment from the merchant, authorizing and settling the payment, and forwarding at least a portion of the payment to a computerized payment receiver as payment of at least a portion of an obligation made by the merchant; and

at the computerized payment receiver, receiving the portion of the obligation forwarded by the computerized merchant processor and applying that portion to the outstanding obligation made by the merchant to reduce such obligation.

39. (New) The method of claim 38 wherein the accepting step comprises accepting a credit card number as the customer identifier.

40. (New) The method of claim 38 wherein the accepting step comprises accepting a debit card number as the customer identifier.

41. (New) The method of claim 38 wherein the accepting step comprises accepting a smart card number as the customer identifier.

42. (New) The method of claim 38 wherein the accepting step comprises accepting a charge card number as the customer identifier.

43. (New) The method of claim 38 wherein the accepting step comprises accepting the customer identifier at a merchant location.

44. (New) The method of claim 38 wherein the accepting step comprises electronically accepting the customer identifier.

45. (New) The method of claim 38 wherein the steps performed at the merchant processor further comprise accumulating the payments until a predetermined amount is reached and then forwarding at least a portion of the accumulated payments to the payment receiver.

46. (New) The method of claim 38 wherein the steps performed at the merchant processor comprise periodically forwarding at least a portion of the payment to the payment receiver.

47. (New) A system for automated payment of an obligation made by a merchant, comprising:

at a merchant, means for accepting a customer identifier as payment from the customer and for electronically forwarding information related to the payment to a computerized merchant processor, wherein the merchant associated with the payment has an outstanding obligation to a third party; and

at the computerized merchant processor, means for receiving the information related to the payment from the merchant, means for authorizing and settling the payment, and means for forwarding to the third party a payment associated with the obligation.

48. (New) The system of claim 47 wherein the accepting means comprises means for accepting a credit card number as the customer identifier.

49.   (New)  The system of claim 47 wherein the accepting means comprises means for accepting a debit card number as the customer identifier.

50.   (New)  The system of claim 47 wherein the accepting means comprises means for accepting a smart card number as the customer identifier.

51.   (New)  The system of claim 47 wherein the accepting means comprises means for accepting a charge card number as the customer identifier.

52.   (New)  The system of claim 47 wherein the accepting means comprises means for accepting the customer identifier at a merchant location.

53.   (New)  The system of claim 47 wherein the accepting means comprises means for electronically accepting the customer identifier.

54.   (New)  The system of claim 47 wherein the means at the merchant processor further comprise means for accumulating the payments until a predetermined amount is reached and means for forwarding at least a portion of the accumulated payments to the third party.

55.   (New)  The system of claim 47 wherein the forwarding means at the merchant processor comprises means for periodically forwarding at least a portion of the payment to the third party.

56.   (New)  The system of claim 47 wherein the forwarding means at the merchant processor comprises means for forwarding to the third party an amount that is a percentage of the obligation.

## REMARKS

Claims 38-56 are pending in the present application. By the present amendment, Applicant has cancelled claims 1 and 20 – 37, and added new claims 38-56. Claims 38 and 47 are the independent claims under consideration. Reconsideration in light of the present amendment is respectfully requested.

In the outstanding Office Action, the Examiner rejected claims 1, 20-25, 27-34, 36 and 37 as being obvious under 35 U.S.C. §103 in view of Cohen et al., U.S. Patent No. 4,750,119 ("Cohen"), and rejected claims 26 and 35 as being obvious over Cohen in view of Hilt et al., U.S. Patent No. 5,465,206 ("Hilt"). The Examiner further objected to claim 1 as conflicting with commonly owned U.S. Application Serial No. 08/890,398 (the "'398 Application").

The present application is a continuation of the '398 Application. After Final Rejection, the '398 Application was subject to an appeal before the Board of Patent Appeals and Interferences, in which the Board determined that the '398 Application was patentable over the Cohen and Hilt patents. In discussions with Examiner Myhre conducted on June 8, 2004, Examiner Myhre indicated that he had passed the '398 Application to allowance, but that such allowance was being delayed due to an ongoing internal review of the '398 Application.

By the present amendment, Applicant has amended the claims to closely follow the language of the claims that were on appeal in the '398 Application, with several minor changes in the independent claims. Applicant has replaced the term "loan" in the claims with the more generic "obligation," since many obligations for payment that may use the system of the present invention are not necessarily "loans." For example, if a merchant assigned its receivables to a third party, these could be collected by the third party using the system of the

invention. As such, the term "lender" has also been replaced by "third party" to reflect that the obligation may be made to other than a "lender," although the obligation to make payment will remain. Applicant believes that the claims as amended are within the scope of the specification as filed, and that no new matter has been added.

For the foregoing reasons, applicant believes that all of the pending claims are now in condition for allowance and respectfully requests such action. If any outstanding issues remain herein, the Examiner is respectfully requested to telephone the undersigned at 212-848-4882 to expedite the resolution of such issues.

Respectfully submitted,

By: _____
David M. Klein, Esq.
Registration No. 35,221
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022
(212) 848-4882

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on July 12, 2004.

_____