## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC.<br><br>           Plaintiff,<br><br>v.<br><br>RAPIDPAY LLC, et. al,<br><br>       Defendants. | CASE NO. 05-000424 (LED-JDL) |
| ADVANCEME, INC.<br><br>           Plaintiff,<br>v.<br><br>AMERIMERCHANT LLC,<br><br>       Defendant. | CASE NO. 06-000082 (LED-JDL)<br><br>**JURY TRIAL DEMANDED** |

**ADVANCEME, INC.'s EMERGENCY MOTION TO QUASH OR MODIFY THE SUBPOENAS OF CLIFF HARDWICK AND JOHN KONOP, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Rules 45(c)(3)(A) and 26(c) of the Federal Rules of Civil Procedure,

Emergency Movant AdvanceMe, Inc. ("AdvanceMe" or "Emergency Movant"), brings this

emergency motion to quash the subpoenas served on Cliff Hardwick ("Mr. Hardwick") and John

Konop ("Mr. Konop"), which were issued by Joseph Gray, counsel for Defendants Merchant

Money Tree, Inc. ("Merchant Money Tree"), Reach Financial LLC ("Reach Financial"), First

Funds LLC ("First Funds"), and AmeriMerchant LLC ("AmeriMerchant") on Friday, January

12, 2007 commanding the production of documents and deposition testimony on Saturday,

January 20, 2007 and Sunday, January 21, 2007 – less than four business days after the

ADVANCEME, INC.'S EMERGENCY MTN. TO QUASH
OR MODIFY THE SUBPOENAS OF CLIFF HARDWICK AND
JOHN KONOP, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE
ORDER

Dockets.Justia.com

subpoenas were served on counsel for AdvanceMe and on weekend dates that counsel for

AdvanceMe is unable to attend.  These subpoenas were not only served without consulting with

counsel for AdvanceMe – as required by the Local Rules of the Eastern District of Texas – they

also call for the production of privileged or confidential documents that are subject to the

attorney-client privilege and non-disclosure/confidentiality agreements entered into between

AdvanceMe and Mr. Hardwick and Mr. Konop.  Moreover, these subpoenas seek to command

deposition testimony as to matters protected by the attorney-client privilege related to U.S.

Patent Nos. 6,941,281 ('281 Patent) and 6,826,544 ('544 Patent), which are owned by

Emergency Movant AdvanceMe.  For these reasons, AdvanceMe respectfully moves this Court

for an order quashing or modifying these subpoenas or, in the alternative, for a protective order.

        In support of this motion, AdvanceMe relies on its supporting memorandum of points and

authorities, filed contemporaneously with this emergency motion.

DATED:  January 19, 2007              Respectfully submitted,


                            _____/s/_____
                            Ronald S. Lemieux, Bar No. 120822, Admitted *pro hac vice*
                            Michael N. Edelman, Bar No. 180948, Admitted *pro hac vice*
                            Vid R. Bhakar, Bar No. 220210, Admitted *pro hac vice*
                            Robert C. Matz, Bar No. 217822, Admitted *pro hac vice*
                            Paul, Hastings, Janofsky & Walker LLP
                            Five Palo Alto Square, Sixth Floor
                            Palo Alto, CA  94306-2155

                            Otis W. Carroll, Jr., Bar No. 03895700, Lead Attorney
                            Deborah J. Race, Bar No. 16448700
                            Ireland Carroll & Kelley
                            6101 S. Broadway, Suite 500
                            Tyler, TX  75703

                            Attorneys for Plaintiff ADVANCEME, INC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADVANCEME, INC.<br><br>    Plaintiff,<br><br>v.<br><br>RAPIDPAY LLC, et. al,<br><br>    Defendants. | CIVIL ACTION NO.<br>05-000424-LED*<br><br>* Action is pending in the United States District Court for the Eastern District of Texas |
| ADVANCEME, INC.<br><br>    Plaintiff,<br>v.<br><br>AMERIMERCHANT LLC,<br><br>    Defendant. | CIVIL ACTION NO.<br>06-000082-LED*<br><br>* Action is pending in the United States District Court for the Eastern District of Texas |

**MEMORANDUM OF LAW IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION TO QUASH OR MODIFY THE SUBPOENAS SERVED ON JOHN KONOP OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Pursuant to Rules 45(c)(3)(A) and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 7.2(B), Emergency Movant AdvanceMe, Inc. ("AdvanceMe" or "Emergency Movant"), moves to quash the subpoenas that were served on Cliff Hardwick and John Konop on January 12, 2007 or, in the alternative, for a protective order. These subpoenas were served on counsel for AdvanceMe less than four business days before the depositions of Cliff Hardwick

and John Konop (former employees of AdvanceMe) were scheduled to take place. Under the Local Rules of the Eastern District of Texas, counsel for Defendants were required to meet and confer with counsel for AdvanceMe as to the scheduling of these depositions, and they were prohibited from arbitrarily and unreasonably withholding consent to a change in the dates for these depositions after AdvanceMe sought reasonable scheduling accommodations. Moreover, Cliff Hardwick and John Konop signed non-disclosure and confidentiality agreements with AdvanceMe upon the commencement of their employment and are prohibited from disclosing AdvanceMe's privileged or confidential information.

## **BACKGROUND**

On Friday, January 12, 2007 at 4:10 p.m. – less than one hour before the end of the last business day before the Martin Luther King, Jr. federal holiday, Joseph Gray, counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant served subpoenas on counsel for AdvanceMe seeking to command former employees of AdvanceMe – Cliff Hardwick and John Konop – to produce documents and provide deposition testimony on Saturday, January 20, 2007, and Sunday, January 21, 2007. Under the Local Rules of the Eastern District of Texas, counsel for Defendants were required to meet and confer with counsel for AdvanceMe as to the dates of these depositions, and they were also required not to "arbitrarily and unreasonably withhold consent" to a change in these deposition dates in response to a "just request" for a scheduling accommodation. Counsel for AdvanceMe

Defendants subpoenas seek to command the production of "any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent." Matz Affidavit, Exhibits 2, 3, 4, and 5. Although Defendants failed to identify the scope of the deposition

- 2 -

testimony they seek from Mr. Hardwick and Mr. Konop, it is presumably coterminus with the

document requests they served on these former employees of AdvanceMe. This Court should

quash Defendants' subpoena because commands Mr. Hardwick and Mr. Habersham to disclose

privileged and confidential information and imposes an undue burden on counsel for

AdvanceMe.

**ARGUMENT AND CITATION OF AUTHORITY**

A.    This Court Should Quash or Modify the Subpoenas Served on Cliff
       Hardwick and John Konop Because They Failed To Meet and Confer
       with Counsel for AdvanceMe as to the Scheduling of These Depositions
       and Arbitrarily and Unreasonably Withheld Consent to Change the Dates
       for These Depositions as Required By the Local Rules of the Eastern District
       of Texas

The Local Rules of the Eastern District of Texas provide that attorneys practicing in the

Eastern District of Texas "should not use any form of discovery, or the scheduling of discovery,

as a means of harassing opposing counsel." Local Rule AT-3 (H) (Standards of Practice to be

Observed by Attorneys). The Local Rules of the Eastern District of Texas further provide that

"if a fellow member of the Bar makes a just request for cooperation or seeks scheduling

accommodation, a lawyer will not arbitrarily or unreasonably withhold consent." Id. at AT-3(J).

Here, counsel for Defendants served these subpoenas on counsel for AdvanceMe less than four

business days before these depositions and document productions were to commence, and they

scheduled them on a Saturday and Sunday – dates that counsel for AdvanceMe is unable to

attend. Matz Affidavit, ¶¶2-12. At no time after the issuance of these subpoenas did counsel for

Defendants meet and confer with counsel for AdvanceMe to confirm their availability on these

weekend dates, as required under the Local Rules. Matz Affidavit, ¶3. Moreover, even after

AdvanceMe informed counsel for Defendants that they were unable to attend these depositions

- 3 -

on these dates, counsel for Defendants steadfastly refused AdvanceMe's reasonable request for a

scheduling accommodation.  Matz Affidavit, ¶12.  Since the parties are presently seeking to

extend the discovery cut-off to late March 2007, if not later, there is simply no reason these

depositions need to take place on Saturday, January 20, 2007 and Sunday, January 21, 2007.  Id.

This demonstrates that counsel for Defendants is "arbitrarily and unreasonably withholding

consent" in response to a just and reasonable request for a scheduling accommodation, which

violates the Local Rules of the Eastern District of Texas.  Moreover, under Federal Rule

45(c)(3)(A), this Court is empowered to quash or modify a subpoena if it fails to allow a

reasonable time for compliance.  Fed.R.Civ.P. 45(c)(3)(A) (2007).  Serving subpoenas that call

for the production of AdvanceMe's confidential and privileged information four business days

before the depositions and document productions are scheduled to commence does not give

counsel for AdvanceMe a reasonable period of time to make arrangements to fly across the

country to attend these depositions and review the documents Mr. H and John Konop are

commanded to produce to ensure that no confidential or attorney-client privileged documents are

disclosed.  For this reason alone, AdvanceMe respectfully requests that this Court quash the

deposition subpoenas or modify them to allow counsel for AdvanceMe a reasonable period of

time to make arrangements to attend these depositions.

       B.      This Court Should Quash or Modify the Subpoenas Served on Cliff
                   Hardwick and John Konop Because They Require Disclosure of
                   Privileged or Other Protected Matter

This Court is empowered to quash subpoenas that "require[] disclosure of privileged or

other protected matter."  *See* F.R.C.P. 45(c)(3)(A)(iii)(2006).  Here, the subpoenas that were

served by counsel for Defendants seek to command Cliff Hardwick and John Konop to produce

- 4 -

"any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent." Since Mr. Konop was AdvanceMe's former Director of Operations and had access to attorney-client privileged documents during his employment at AdvanceMe, these requests would likely require him to produce documents and provide deposition testimony on matters that are likely protected by the attorney-client privilege. And since Cliff Hardwick may have performed certain tasks under the direction of in-house counsel for AdvanceMe during his employment at AdvanceMe, these requests could require him to produce documents and provide deposition testimony on matters that are likely protected by the attorney-client privilege.

Moreover, both Mr. Hardwick and Mr. Konop signed non-disclosure/confidentiality agreements upon the commencement of their employment at AdvanceMe. Matz Affidavit, ¶¶16-17. Furthermore, after Mr. Hardwick was terminated from AdvanceMe, he signed an agreement requiring him to return all materials belonging to AdvanceMe. Id. at ¶16. Thus, the document request set forth in the subpoena would – on its face – require him to breach this agreement. Therefore, since the subpoenas that were served on Mssrs. Hardwick and Konop will likely "require[] disclosure of privileged or other protected matter," they should be quashed or modified. *See* F.R.C.P. 45(c)(3)(A)(iii)(2006).

C.      This Court Should Enter a Protective Order

Federal Rule of Civil Procedure 26(c) provides "upon motion by a party…the court in the district where the deposition is to be taken may make any order which justice requires to protect a party…from annoyance….oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(2006). The subpoena that was served on counsel for AdvanceMe imposes (and has already imposed) an undue burden on AdvanceMe in that it will be required to fly counsel across the

- 5 -

country on less than four business days' notice to attend the depositions of Mr. Hardwick and Mr. Konop to ensure that no attorney-client privileged or confidential information is improperly disclosed to counsel for Defendants. This is also an "undue burden" in that the discovery cut-off is months away in these cases and thus there is no need for these depositions to take place on Saturday, January 20, 2007 and Sunday, January 21, 2007.

Moreover, given that AdvanceMe will have only a few hours to try and obtain airline tickets to Atlanta, make hotel accommodations, and obtain a rental car, AdvanceMe will likely have to pay significantly more than it would otherwise have to in order to attend these depositions, that is, it would impose an undue expense. In fact, counsel for AdvanceMe has already incurred "undue expense" because it was forced to arrange for overtime support to draft the instant motion papers and supporting documents, and it was also required to arrange for Mr. Parker to argue the instant emergency motion in the Northern District of Georgia, and to arrange for Mr. Carroll to argue the same motion in the Eastern District of Texas.

Although this Court is empowered to make any order which justice requires to protect AdvanceMe's legitimate interests in preserving its attorney-client privilege and protecting its privileged and confidential documents from disclosure, it is specifically empowered to order:

(1) that the disclosure of discovery not be had; (2) that the disclosure of     discovery may be had only on specified terms and conditions, including a   designation of the time or place… Fed.R.Civ.P. 26(c) (2006). AdvanceMe respectfully submits that either one of these remedies would be proper in this case.

- 6 -

## **CONCLUSION**

For the reasons stated above, this Court should quash the subpoenas that were served on Cliff Hardwick and John Konop to prevent them from disclosing AdvanceMe's privileged and confidential information or, in the alternative, enter a protective order that the requested discovery and disclosures not be had, or that they be had only on specified terms and conditions, including a designation of time or place that would allow AdvanceMe a reasonable period of time to arrange for counsel to attend these depositions and review any documents that Mssrs. Hardwick and Konop intend to disclose before they are produced to counsel for Defendants.

DATED:  January 19, 2007                    Respectfully submitted,

                                                    _____/s/_____
                                                    Ronald S. Lemieux, Bar No. 120822, Admitted *pro hac vice*
                                                    Michael N. Edelman, Bar No. 180948, Admitted *pro hac vice*
                                                    Vid R. Bhakar, Bar No. 220210, Admitted *pro hac vice*
                                                    Robert C. Matz, Bar No. 217822, Admitted *pro hac vice*
                                                    Paul, Hastings, Janofsky & Walker LLP
                                                    Five Palo Alto Square, Sixth Floor
                                                    Palo Alto, CA  94306-2155

                                                    Otis W. Carroll, Jr., Bar No. 03895700, Lead Attorney
                                                    Deborah J. Race, Bar No. 16448700
                                                    Ireland Carroll & Kelley
                                                    6101 S. Broadway, Suite 500
                                                    Tyler, TX  75703

                                                    Attorneys for Plaintiff ADVANCEME, INC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Fed.R.Civ.P. 5(d) and Local Rule 5(c) on this the 19th day of January, 2007. Any other counsel of record will be served by first class mail on this same date.

_____*/s/*_____
Christina Henderson

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for plaintiff AdvanceMe, Inc. has conferred with counsel for Defendants Merchant Money Tree, Inc., First Funds, LLC, Reach Financial, LLC, and AmeriMerchant, LLC in a good faith attempt to resolve the matter of this motion without Court intervention but was unable to reach any agreement. Defendants oppose this motion.

_____*/s/*_____
Robert C. Matz