# EXHIBIT 4

## TO AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION TO QUASH OR MODIFY THE SUBPOENAS OF CLIFF HARDWICK AND JOHN KONOP, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Dockets.Justia.com

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ADVANCEME, INC. | **SUBPOENA IN A CIVIL CASE** |
| v. | Case Number: 6:05-cv-424-LED-JDL |
| RAPIDPAY LLC, ET. AL. | [Pending In the United States District Court for the Eastern District of Texas] |

TO:     John Konop
        1308 Oak Bluff Court
        Canton, GA 30114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  The deposition will be video and stenographically recorded.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Atlanta Marriott Northwest<br>200 Interstate North Parkway<br>Atlanta, GA 30339 | January 21, 2007<br>9:30 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Atlanta Marriott Northwest<br>200 Interstate North Parkway<br>Atlanta, GA 30339 | January 21, 2007<br>9:30 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| *[signature]* | 1/12/07 |

ISSUING OFFICERS' NAME, ADDRESS AND PHONE NUMBER
Joseph D. Gray
Vinson & Elkins, LLP, 2801 Via Fortuna, Suite 100, Austin, TX 78746-7568
(512) 542.8400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) .(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Definitions**

The definitions, instructions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made a part of, the requests for production of documents contained in this Schedule A. In addition, defendant hereby supplements those definitions, instructions and rules of construction with the following defined terms. Where any of the following defined terms appear in a specific request, that term should be construed as defined herein:

A.      The term "AdvanceMe" shall mean AdvanceMe, Incorporated including any and all of its predecessors and successors in interest; any and all parents, subsidiaries, and other affiliate corporations or business organizations; and all past or present directors, officers, employees, partners, agents, representatives, attorneys, consultants, and others acting or purporting to act on behalf of or in concert with any of the foregoing.

B.      The term "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means and in any media, including written or electronic correspondence.

C.      The term "concerning" means analyzing, containing, constituting, dealing with, defining, describing, discussing, embodying, evidencing, explaining, identifying, memorializing, mentioning, reflecting, referring to, relating to, setting forth, showing, stating, summarizing, supporting, or in any way pertaining to the subject matter of the relevant request.

D.      The term "documents" means any and all tangible things and documents, whether handwritten, typed, printed, displayed or displayable on a computer terminal screen, or otherwise visually reproduced, including but not limited to letters, e-mails, faxes, cables, wires, memoranda, and interoffice communications; reports, notes, minutes and recordings, drawings, blueprints, sketches, charts, photographs and movies, patents, patent applications, assignments, contracts, agreements and other official documents and legal instruments; published material of any kind; engineering or scientific notebooks and data; travel reports and vouchers; and ledgers, bills, orders, books, records, invoices, checks, receipts, and files.

E.      The terms "include" or "including" shall mean including but not limited to.

F.      The term "'281 patent" refers to U.S. Patent No. 6,941,281 (issued on September 6, 2005), it s application, and any other related documents.

G.      The term "'544 patent" refers to U.S. Patent No. 6,826,544 (issued on November 30, 2004), its application, and any other related documents.

## **Schedule A**

1.    Any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent