# EXHIBIT AA

Dockets.Justia.com

Case 6:05-cv-00424-LED    Document 255-2    Filed 05/09/2007    Page 2 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| -vs- ) | No.: 6:05CV424 |
| ) | |
| RAPIDPAY, LLC, BUSINESS ) | |
| CAPITAL CORPORATION, FIRST ) | |
| FUNDS, LLC, MERCHANT MONEY ) | |
| TREE, INC., REACH FINANCIAL, ) | |
| LLC, and FAST TRANSACT, INC. ) | |
| d/b/a SIMPLE CASH, ) | |
| ) | |
| Defendants. ) | |
| -------------------------------) | |
| ADVANCEME, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| -vs- ) | No. 6:06CV082 |
| ) | |
| AMERIMERCHANT, LLC ) | |
| ) | |
| Defendant. ) | |

Videotaped deposition of EDWARD W. LANDON taken before TRACY L. BLASZAK, CSR, CRR, and Notary Public, pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions, at Hyatt Regency Chicago, 151 East Wacker Drive, in the City of Chicago, Cook County, Illinois at 9:31 a.m. on the 14th day of February, A.D., 2007.

1    A    Not to my knowledge.

2    Q    When you solicited merchants, restaurants for
3  these cash advances, would you explain to them how the
4  cash advance would be repaid to Clever Ideas?

Case 6:05-cv-00424-LED    Document 255    Filed 05/09/2007    Page 3 of 8

5    A    Yes.

6    Q    Did you ever attend restaurant shows such as
7  some sort of trade association meetings?

8    A    Personally, I did not.

9    Q    Did any representatives from Clever Ideas?

10   A    I'm sure our salespeople did.  Are you referring
11 to between '92 and '96?

12   Q    Right.

13   A    Yes, I'm sure our salespeople did.

14   Q    Would they discuss with people at those
15 restaurant shows the LeCARD program?

16   A    Any time they would see a restaurateur, they
17 would talk about the LeCARD program.

18   Q    Would they explain that Diners Club was repaying
19 the cash advance directly to Diners Club -- I mean, to
20 Clever Ideas?

21   A    Yes.

22   Q    If you look at page LC_00003 in Exhibit 3.

23   A    Yes.

24   Q    Have you seen this document before?

Case 6:05-cv-00424-LED    Document 255    Filed 05/09/2007    Page 4 of 8

1   A   I have.

2   Q   Could you explain to me what this document is?

3   A   This would be the statement -- I believe maybe
4   the last page of a statement from Diners Club to the
5   Chicago Chop House for transactions on or about April
6   29th of 1992.

7   Q   If you look under where I believe it would say
8   establishment statement, it's cut off on the left side.

9   A   Yes.

10  Q   The third column over, it says, your discount
11  rate 3.500.

12  A   Yes.

13  Q   What does that mean?

14  A   That would be the discount rate that Diners Club
15  was charging the Chicago Chop House for Diners Club
16  transactions -- for settling Diners Club transactions at
17  the Chicago Chop House.

18  Q   So the Chicago Chop House would pay 3 1/2
19  percent per transaction to Diners Club for processing?

20  A   3 1/2 percent of each dollar of transactions
21  processed through the Chicago Chop House, yes.

22  Q   Okay.  And is this letter the example that's
23  referred to on page 1 of Exhibit 3, it says -- of the --
24  you know, the middle paragraph, it says, "Of the $600

1  total, $500 were regular Diners Club transactions which
2  were paid in the normal manner"?
3      A   Yes.
4      Q   So this page 3 reflects being paid in the normal
5  manner, the Diners Club cards being paid in the normal
6  manner?
7      A   For the non-LeCARD transactions, correct.
8      Q   Okay.  Now, if you look at page 4 of Exhibit 3,
9  have you seen this document before?
10     A   I have.
11     Q   What does this document represent?
12     A   This would be the explanation letter.  I don't
13 remember what we called it in our -- letter of change is
14 what we refer to it in our marketing piece that
15 reconciles for the restaurant what happened to the $600
16 in total Diners Club transactions that they processed on
17 April 17th.
18     Q   The second paragraph of page 4 in Exhibit 3
19 says, "This summary included credits/charges which could
20 not be processed."
21         Does that mean that Diners Club did not process
22 these LeCARD transactions?
23     A   No, they processed the LeCARD transactions.
24 Understand that this letter would also be sent if there

1  was some other issue that occurred with a card such as
2  if the card was declined, they didn't get a proper
3  authorization, the same letter would be sent.
4         So you need to read the letter also in
   Case 6:05-cv-00424-LED    Document 255    Filed 05/09/2007    Page 6 of 8
5  conjunction with the reason number.  This particular
6  letter, this particular example gives you the reason 22,
7  which is saying to the restaurant there were $600 in
8  charges.  We've paid you for $500 less your
9  corresponding discount fee.  The remaining $100 in
10 charges was a LeCARD card transaction which has been
11 sent to, processed to Clever Ideas.  And we will settle
12 or reconcile with the restaurant for that $100 charge.
13         Does that answer the question?
14     Q   I believe it does.
15     A   Okay.
16     Q   So just to make sure I'm clear, this letter is
17 not saying that Clever Ideas would process these
18 transactions?
19     A   No.
20     Q   If you turn to page 5 of Exhibit 3.
21     A   Yes.
22     Q   It appears to be a statement of Chicago Chop
23 House.
24         Have you seen this document before?

1 STATE OF ILLINOIS )
                    ) ss:
2 COUNTY OF COOK    )

3      Case 6:05-cv-00424-LED    Document 255    Filed 05/09/2007    Page 7 of 8

4          The within and foregoing deposition of the

5  aforementioned witness was taken before TRACY L.

6  BLASZAK, CSR, CRR, and Notary Public, at the place, date

7  and time aforementioned.

8          There were present during the taking of the

9  deposition the previously named counsel.

10         The said witness was first duly sworn and was

11 then examined upon oral interrogatories; the questions

12 and answers were taken down in shorthand by the

13 undersigned, acting as stenographer and Notary Public;

14 and the within and foregoing is a true, accurate and

15 complete record of all of the questions asked of and

16 answers made by the aforementioned witness, at the time

17 and place hereinabove referred to.

18         The signature of the witness was not waived,

19 and the deposition was submitted, pursuant to

20 Rules 30(e) and 32(d) of the Rules of Civil Procedure

21 for the United States District Court, to the deponent

22 per copy of the attached letter.

23         The undersigned is not interested in the within

24 case, nor of kin or counsel to any of the parties.

1           Witness my official signature and seal as

2     Notary Public in and for Cook County, Illinois, on this

3     _21st_ day of _February_____, A.D. _2007_.

4

5

6

7

8                              _Tracy L. Blaszak_
                              TRACY L. BLASZAK, CSR, CRR
9                             Illinois CSR No. 084-002978

                              "OFFICIAL SEAL"
10                             Tracy L. Blaszak
                              Notary Public, State of Illinois
11                            My Commission Exp. 03/18/2007

12

13

14

15

16

17

18

19

20

21

22

23

24