# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,** § | | |
| Plaintiff, § | CIVIL CASE NO. 6:05-cv-424-LED-JDL | |
| v. § | | |
| § | | |
| **RAPIDPAY LLC, BUSINESS CAPITAL** § | | |
| **CORPORATION, FIRST FUNDS LLC,** § | | |
| **MERCHANT MONEY TREE, INC.,** § | | |
| **REACH FINANCIAL, LLC, and FAST** § | | |
| **TRANSACT, INC., d/b/a SIMPLE CASH** § | | |
| Defendants. § | | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on July 9, 2007, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

A.  **COUNSEL FOR THE PARTIES**

**Plaintiff:  AdvanceMe, Inc.**

Otis W. Carroll, Jr. (Bar No. 03895700) and Deborah J. Race (Bar No. 16448700), of IRELAND CARROLL & KELLEY; Ronald S. Lemieux (Bar No. 120822 (California)), Michael N. Edelman (Bar No. 180948 (California)), Vidya Bhakar (Bar No. 220210 (California)), Robert S. Matz (Bar No. 217822 (California), and Shanée Y. Williams (Bar No. 221310 (California)), of PAUL, HASTINGS, JANOFSKY & WALKER LLP.

1

**Defendants:  First Funds LLC, Merchant Money Tree, Inc., Reach Financial, LLC[1]**

Douglas R. McSwane, Jr. (Bar No. 13861300), J. Matt Rowan (Bar No. 24033137) of POTTER MINTON; William G. Schuurman (Bar No. 17855200), Brian K. Buss (Bar No. 00798089), Joseph D. Gray (Bar No. 24045970), Graham Sutliff (Bar No. 24046935), R. Floyd Walker (Bar No. 24044751), and Hilary L. Preston (Bar No. 4209516 (New York)) of VINSON & ELKINS L.L.P.

B.   STATEMENT OF JURISDICTION

Jurisdiction in this case is based upon 28 U.S.C. §§ 1331 and 1338 in that the Plaintiff brings this action under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).  Jurisdiction is not disputed.

C.   NATURE OF ACTION

This is a patent infringement case.  Plaintiff AdvanceMe, Inc. ("AdvanceMe") alleges that Defendants First Funds, LLC ("First Funds"), Merchant Money Tree, Inc. ("MMT"), and Reach Financial, LLC ("Reach") directly infringe and/or indirectly infringe by contributing to or inducing the infringement of certain claims of Patent No. 6,941,281 ("the '281 Patent").[2] AdvanceMe further contends that this infringement is willful.  AdvanceMe seeks a permanent injunction under 35 U.S.C. § 283, enjoining Defendants from infringing, contributing to, or

---

[1] AdvanceMe has filed a motion for sanctions which, among other things, seeks an order severing Defendant First Funds from this case and adding the infringement claims against First Funds to the parallel case against Defendant AmeriMerchant scheduled for trial in 2008.  Since this motion is still pending and First Funds has not to date been severed from this case, First Funds is listed herein as a party to the instant case.

[2] AdvanceMe also asserted claims for infringement in this case against three other Defendants, RapidPay LLC, Business Capital Corporation, and Fast Transact, Inc.  Default judgment has been entered against RapidPay enjoining it from infringing the '281 Patent.

inducing the infringement of the '281 Patent. In addition, AdvanceMe seeks recovery of its attorneys' fees under 35 U.S.C. § 285.

Defendants deny infringement and that they contributed to or induced infringement, either literally or under the doctrine of equivalents. Defendants allege that the '281 Patent is invalid for failure to comply with 35 U.S.C. §§ 102 and 103. Defendants further allege that the '281 Patent is unenforceable due to inequitable conduct. Defendants are also seeking a declaration of non-infringement, invalidity, and unenforceability of the '281 Patent. In addition, Defendants seek recovery of their attorneys' fees under 35 U.S.C. § 285.

## D.   CONTENTIONS OF THE PARTIES

### AdvanceMe's Contentions

1. AdvanceMe contends that Defendants directly infringe the asserted claims of the '281 Patent both literally and under the doctrine of equivalents.

2. AdvanceMe contends that Defendants indirectly infringe the asserted claims of the '281 Patent by contributing to or inducing others to directly infringe.

3. AdvanceMe contends that Defendants knowingly and willfully infringed the '281 Patent.

4. AdvanceMe contends that it is entitled to a permanent injunction under 35 U.S.C. § 283, enjoining Defendants from directly infringing the '281 Patent, or contributing to or inducing the infringement of the '281 Patent.

5. AdvanceMe contends that it is entitled to attorneys' fees under 35 U.S.C. § 285 because this is an "exceptional case."

### Defendants' Contentions

1. Defendants contend that the claims-in-suit are invalid because they fail to meet the requirements set forth by 35 U.S.C. §§ 102 and 103.

2. Defendants contend that the patent-in-suit is unenforceable because inequitable conduct was committed before the United States Patent and Trademark Office.

3. Defendants contend that they are entitled to attorneys' fees under 35 U.S.C. § 285 because this is an "exceptional case."

4. Defendants contend that they have not infringed or contributed to or induced infringement of the patent-in-suit, either literally or under the doctrine of equivalents.

5. Defendants contend that they have not willfully infringed the '281 patent.

6. Defendants contend that AdvanceMe is not entitled to injunctive relief because it has not demonstrated that: (1) it has suffered or will suffer an irreparable injury; (2) remedies available at law are inadequate to compensate AdvanceMe for its alleged injury; (3) the balance of hardships between any Defendant and Plaintiff weighs in favor of injunctive relief; and (4) that the public interest would be served by a permanent injunction.

E.  **STIPULATIONS AND UNCONTESTED FACTS**

1. Jurisdiction is proper in this Court.

2. Venue is proper in this judicial district.

The parties will continue to attempt to identify additional potential stipulations, including stipulations related to the truth and accuracy of exhibits, and will inform the Court to the extent that additional stipulations are agreed to by the parties.

F.  **CONTESTED ISSUES OF FACT AND LAW**

**AdvanceMe's Contested Issues**

1. Whether Defendants have infringed any asserted claim of the '281 Patent, either literally or under the doctrine of equivalents, directly by itself or by contributing to or inducing infringement by others.

2. Whether the contractual relationships and other close working relationships between Defendants, merchants, and processors are sufficient to establish direct infringement of the patent claims by Defendants, regardless of any "direction or control" by Defendants.

3. Whether Defendants have willfully infringed any asserted claims of the '281 Patent.

4. Whether Defendants can establish invalidity by clear and convincing evidence due to alleged public use, where the activities which allegedly constitute performance of certain of the claim elements were not disclosed to the public and/or were subject to confidentiality restrictions.

5. Whether Defendants can establish invalidity by clear and convincing evidence due to alleged public use, when the contemporaneous documentation does not disclose each element of the patent claims and the only alleged evidence to support the performance of these remaining elements consists of uncorroborated deposition testimony.

6. Whether AdvanceMe is entitled to a permanent injunction under 35 U.S.C. § 283, enjoining Defendants from infringing the '281 Patent, or contributing to or inducing the infringement of the '281 Patent.

7. Whether this is an "exceptional case" within the meaning of 35 U.S.C. § 285, warranting the award of attorneys' fees and costs to AdvanceMe.

**Defendants' Contested Issues**

1. Whether Defendants have proven by clear and convincing evidence that the claims of the '281 patent are invalid under 35 U.S.C. §§ 102 and/or 103?

2. Whether the claims of the '281 patent are invalid because of the extensive public use and knowledge of the Litle & Co. prior art?

3. Whether the claims of the '281 patent are invalid because of the extensive public use and knowledge of the Clever Ideas prior art?

      4.      Whether the claims of the '281 patent are invalid because of the extensive public use and knowledge of the Transmedia prior art?

      5.      Whether the claims of the '281 patent are invalid because of the extensive public use and knowledge of Reserve accounts?

      6.      Whether the claims of the '281 patent are invalid because the alleged invention was disclosed in printed publications more than one year before the filing date of the '281 patent?

      7.      Whether any claims of the '281 patent that are not anticipated, are obvious under 35 U.S.C. § 103.

      8.      Whether the '281 patent is unenforceable because AdvanceMe employees and/or agents committed inequitable conduct during the prosecution of the '281 patent?

      9.      Whether this is an "exceptional case" within the meaning of 35 U.S.C. § 285, warranting the award of attorneys' fees to Defendants?

      10.      Whether AdvanceMe has proven by a preponderance of the evidence that any Defendant has infringed, either literally or under the doctrine of equivalents, any asserted claim of the '281 patent?

      11.      Whether AdvanceMe has proven by a preponderance of the evidence that any Defendant has induced or contributed to the infringement of any claim of the '281 patent?

      12.      Whether AdvanceMe has proven by clear and convincing evidence that any alleged infringement by any Defendant was willful?

      13.      Whether AdvanceMe is entitled to a permanent injunction against any of Defendants?

**G.     LIST OF WITNESSES**

Pursuant to the Docket Control Order, the parties were required to identify lists of witnesses trial witnesses on or before March 23, 2007, and lists of rebuttal witnesses on or before March 30, 2007.  Attached to this Order as Exhibits A and B (for AdvanceMe) and Exhibit C and D (for Defendants) are the parties' lists of witnesses and deposition designations.

**H.     LIST OF EXHIBITS**

Attached to this Order as Exhibits E and F (for AdvanceMe and Defendants, respectively) are each side's list of exhibits.  Each list sets forth numbered exhibits, with a description of each containing sufficient information to identify the exhibits.  In addition, exhibits to be used solely for impeachment are listed.

Neither party admits or vouches for the admissibility of any items on the opposing party's exhibit list.

**I.     LIST OF ANY PENDING MOTIONS**

1.      Defendants' Motion for Partial Summary Judgment of Patent Invalidity (based on Litle & Co. prior art) (Docket No. 215).

2.      Defendants' Second Motion for Partial Summary Judgment of Patent Invalidity (based on Clever Ideas prior art) (Docket No. 232).

3.      AdvanceMe's Motion for Sanctions (seeking discovery sanctions, severance of First Funds from this case, and other relief) (Docket No. 262).

4.      Defendants' Motion For Leave To Supplement Discovery (Bieler Marketing Materials) (Docket No. 264).

**J.     PROBABLE LENGTH OF TRIAL**

Plaintiff believes the probable length of trial is 3 days.

Defendants believe the probable length of trial is 4 days.  Because Plaintiff has, to date, refused to stipulate to any facts surrounding the operation of any of the prior art methods and systems, Defendants will be forced to offer evidence regarding even the most basic aspects of their operation.  And because Plaintiff has focused on the issue of corroboration of witness

testimony to overcome Defendants' invalidity challenge, Defendants will be forced to introduce testimony from multiple witnesses regarding identical, basic facts in order to definitively establish the lack of merit in Plaintiff's corroboration defense.

Similarly, as the Court is aware, Plaintiff has objected to nearly every deposition excerpt cited by Defendants in their motions for partial summary judgment (Docket Nos. 215 and 232) and to nearly every exhibit attached thereto. Because Defendants will likely be forced to authenticate documents at trial that have already been authenticated at numerous depositions, play deposition testimony and elicit live testimony regarding witnesses' background and foundation for knowledge of which Plaintiff is already aware from deposition testimony, and present multiple witnesses to testify to identical facts establishing the extensive public, non-confidential use of prior art methods and systems, Defendants believe a 4-day trial will be necessary.

**K.    MANAGEMENT CONFERENCE LIMITATIONS**

To date, the parties have not to reached agreement upon any limitations on the trial, nor have such limitations been ordered by the Court. The parties anticipate further negotiations may take place concerning potential limitations, and will inform the Court to the extent that additional agreements are made.

**L.    CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

  (2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

  (3) Each exhibit in the List of Exhibits (attached hereto):

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:


  */s/ Otis W. Carroll*
Otis W. Carroll
Carroll Ireland & Kelley
Attorneys for Plaintiff

  */s/ Douglas R. McSwane*
Douglas R. McSwane
Potter Minton
Attorneys for Defendants


This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2007.

                       United States District Judge