# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | **CAUSE NO. 6:05-CV-424 (LED)-(JDL)** |
| **RAPIDPAY, LLC, BUSINESS CAPITAL** § | |
| **CORPORATION, FIRST FUNDS LLC,** § | |
| **MERCHANT MONEY TREE, INC.,** § | |
| **REACH FINANCIAL, LLC and** § | |
| **FAST TRANSACT, INC. d/b/a** § | |
| **SIMPLE CASH,** § | |
| § | |
| *Defendants.* § | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
## FOR LEAVE TO SUPPLEMENT DISCOVERY
## **BASED ON NEWLY DISCOVERED EVIDENCE**

Austin 838364v.3

In response to Defendants' showing of good cause to supplement discovery, Plaintiff fails to establish any reasonable basis for objection. It stands uncontested that the evidence sought to be introduced was first discovered by Defendants on April 27, 2007 as a result of Defendants' diligent search for prior art. Furthermore, this newly discovered evidence further confirms the veracity of the documents and testimony already submitted in support of Defendants' invalidity contentions. Demonstrating its lack of a legitimate claim of prejudice, Plaintiff makes the contradictory assertions that this newly discovered evidence is both unimportant, yet highly prejudicial. Plaintiff's contrived arguments demonstrate its willingness to assert an invalid patent—an act inconsistent with justice and public policy. Defendants' Motion should be granted, and they should be permitted to introduce all relevant evidence related to the Litle & Co. prior art at trial.

**Diligence**

Defendants have detailed the steps that were taken in order to obtain the newly discovered evidence that is the subject of this motion. To the extent that the Court would like to hear additional details, Counsel for Defendants can further describe Defendants' diligence at the hearing. Plaintiff's response substitutes the facts as they occurred with unfounded speculation, but it cannot refute Defendants' diligence by revising history— especially without any legitimate basis.

Initially, Plaintiff complains that Defendants' explanation of diligence lacks sufficient detail describing when Defendants became aware of Bieler Marketing Associates. (Pl.'s Opp'n at 1.) But then, Plaintiff recognizes from the instant motion that Defendants became aware that Bieler Marketing Associates possessed relevant

documents in March of 2007.  *Id.* at 5.  Similarly, Plaintiff concedes that information about Bieler Marketing Associates did not come out during fact discovery, yet argues that Defendants have been aware of this information since September 2006.  *Id.* at 10.  Defendants did not obtain information about Bieler Marketing Associates from Tim Litle, founder and original owner of Litle & Co., or Larry Bouchard, portfolio manager for Litle & Co.  (Defs.' Mot. at 4-5).  Furthermore, the fact that Litle & Co. was sold in 1995 suggests that Mr. Litle may not have been specifically aware of Bieler Marketing Associates.  (Ex. A to Walker Decl., <u>Inc.</u> Magazine Article; Ex. J to Defs.' Mot.)

In its attempt to rebut diligence, Plaintiff emphasizes that, "The website for Media Funding Corporation[1] **has been publicly accessible since at least 2003**[.]"  (Pl.'s Opp'n at 10.)  That statement is relevant only if Defendants are charged with constructive knowledge of *every website in the entire Internet*.  There are undoubtedly countless publicly accessible websites that have not been visited by any party to this litigation—some of which were accessible in 2003.  Plaintiff's assumption that the existence of Media Funding Corporation's website was easily discoverable cannot stand, especially given that the neither Peter Bieler nor Media Funding Corporation was ever mentioned at a deposition. (Pl.'s Opp'n at 4-5.)

Additionally, Defendants must respond to Plaintiff's unfounded assumption that obtaining information about Bieler Marketing Associates was a simple task.  Performing a search for unknown information is completely different from performing a search for known information.  If this information was easy to obtain, then Plaintiff should have known about it and notified Defendants.  Since this didn't happen, Plaintiff has no foundation to oppose Defendant's diligence.

---

[1] Bieler Marketing Associates does business under the name Media Funding Corporation.

2

**Importance**

Plaintiff argues that these newly discovered documents are not important absent additional discovery. (Pl.'s Opp'n at 11-12.) Specifically, Plaintiff claims that these documents are cumulative. *Id.* at 11 ("However, these documents are cumulative of other alleged prior art relating to Litle & Co[.]"). In addition to contradicting Plaintiff's argument regarding prejudice, this completely misses the point. The issue at stake is the validity of the '281 patent, and as such Plaintiff cannot deny the importance of this newly discovered evidence to this case. In fact, the evidence sought to be introduced exposes the lack of merit in Plaintiff's contentions that the Litle & Co. evidence has not been corroborated; that the Litle & Co. system and method was not publicly used; and that no "third party" was ever repaid using the Litle & Co. system and method. The injustice that would result from the assertion of an invalid patent establishes the fact that all evidence of invalidity is extremely important—especially the evidence at issue in this motion.

**Prejudice**

Immediately after its argument that "these documents are cumulative," Plaintiff makes the contradictory claim that it will be immensely prejudiced. *Id.* In accord with its previous assertions, Plaintiff attempts to manufacture prejudice for purposes of this motion. Having noticed a total of <u>three</u> Litle & Co. related depositions, Plaintiff claims that this newly discovered evidence will necessitate deposing "at least ***nine*** different witnesses," and the retaking of the depositions of Tim Litle and Larry Bouchard. (Pl.'s Opp'n at 13.) Plaintiff's claim of prejudice is based on a gross deviation from its prior practice and should not be given any credence. (*See* Walker Decl. ¶¶ 22; 23, 25-30.)

3

A single deposition is all that is suggested by Plaintiff's prior discovery practice. The other Litle & Co. related documents, which were all produced by August 2006, identified at least eighteen different witnesses that have not been deposed in this case. *Id* ¶¶ 6-30.  Moreover, Plaintiff has never deposed either Michael Duffy or Robert George who are specifically identified in a letter regarding Hanover Finance—one of many merchant creditors repaid through the Litle & Co. System. *Id.*  Based on Plaintiff's prior actions, in sharp contrast to its self-serving prophecy, Defendants anticipate that Plaintiff *might* want to take the single deposition of Peter Bieler.

Although it claimed that the issues that would need to be explored via deposition are "practically endless," Plaintiff specifically identified the following deposition topics:

1. "whether the various agreements were ever finalized;"
2. "the dates by which agreements were put into operation;"
3. "the actual operation of the systems allegedly reflected by the draft agreements;"
4. "the manner in which payments were authorized, settled, and forwarded under the agreements;"
5. "the meaning and extent of the confidentiality clauses in the agreements;" and
6. "the alleged use of the structure by the contracting parties of the structure required by the means-plus-function claims in the '281 Patent."

(Pl.'s Opp'n at 14.)  This list of topics affirmatively establishes that the only deposition required is that of Peter Bieler—agreed to by Mr. Beiler on April 30 and rejected by Plaintiff on May 4.  (Exs. D, E to Defs.' Mot.)  As the principle of Bieler Marketing Associates, Mr. Bieler undoubtedly has knowledge regarding each of these topics.  In addition, topics 3 and 4 have already been fully developed by Plaintiff during the depositions of Tim Litle and Larry Bouchard.  (*See* Pl.'s Opp'n at 4-5.)

On the other hand, Topic 6 is completely illogical and further demonstrates the lack of merit in Plaintiff's opposition.  Claim 10, the only independent system claim,

4

requires structure "at the merchant" and "at the merchant processor." ('281 Patent, 8:7-20). As the "third party" within the meaning of Claim 10, any structure employed by Bieler Marketing Associates is utterly irrelevant. Moreover, in the related *AmeriMerchant* Case, Plaintiff has noticed three unrelated depositions scheduled to take place prior to the trial in this case. (Walker Decl. ¶ 31.) If Plaintiff can conduct these three depositions in the midst of trial preparation, then clearly the deposition of Peter Bieler will cause no prejudice.[2]

Plaintiff concedes that it has been aware for over eight months that Litle & Co. repaid obligations on behalf of merchants with respect to infomercials. (Pl.'s Opp'n at 10 ("Mr. Litle expressly testified of relationships between Litle & Co. and infomercial companies[.]")) As such, Plaintiff cannot legitimately claim that it has been prejudiced by evidence that simply reveals yet another party that was repaid through the Litle & Co. system and method. By attempting to characterize this newly discovered evidence as a new contention, Plaintiff has demonstrated that there is no prejudice.

**Conclusion**

Defendants were diligent in their attempts to obtain the information they now seek to admit. Despite their diligence, Defendants did not obtain the Bieler Marketing Associates documents until three-and-a-half months before trial. The importance of the documents and the lack of legitimate prejudice to Plaintiff weigh strongly in favor of granting this motion. Accordingly, Defendants respectfully request that the Court grant their motion and allow all relevant evidence to be presented at trial.

---

[2] Moreover, AmeriMerchant is willing to postpone all of the noticed depositions until after trial in the instant case.

June 18, 2007  Respectfully submitted,

By: /s/ R. Floyd Walker
William G. Schuurman (TX State Bar No. 17855200)
bschuurman@velaw.com
Brian K. Buss (TX State Bar No. 00798089)
bbuss@velaw.com
Joseph D. Gray (TX State Bar No. 24045970)
jgray@velaw.com
R. Floyd Walker (TX State Bar No. 24044751)
fwalker@velaw.com
Graham E. Sutliff (TX State Bar No. 24046935)
gsutliff@velaw.com
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: 512.542.8400
Facsimile: 512.236.3476

Hilary L. Preston
hpreston@velaw.com
**VINSON & ELKINS L.L.P.**
666 Fifth Avenue – 26th Floor
New York, NY 10103
Telephone: 212.237.0000
Facsimile: 212.237.0100

Douglas R. McSwane, Jr. (TX State Bar No. 13861300)
J. Matt Rowan (TX State Bar No. 24033137)
**POTTER MINTON**
A Professional Corporation
110 N. College
500 Plaza Tower (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone: 903.597.8311
Facsimile: 903.593.0846
E-mail: dougmcswane@potterminton.com

*Counsel for Defendants First Funds LLC, Merchant Money Tree, Inc., and Reach Financial, LLC*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 18th day of June, 2007.  Any other counsel of record will be served by first class mail on this same date.

                                                          */s/* Floyd Walker
                                                           R. Floyd Walker

Austin 838364v.3