FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC., | § | |
| | § | |
| *Plaintiff* | § | |
| | § | CAUSE NO. 6:05-CV-424 LED |
| v. | § | |
| | § | |
| RAPIDPAY, LLC, BUSINESS CAPITAL | § | |
| CORPORATION, FIRST FUNDS LLC, | § | |
| MERCHANT MONEY TREE, INC., | § | |
| REACH FINANCIAL, LLC and | | |
| FAST TRANSACT, INC. d/b/a | | |
| SIMPLE CASH | | |
| | | |
| *Defendants.* | | |

---

**Declaration of R. Floyd Walker in Support of Defendants'
Reply in Support of their Motion to Supplement Discovery
Based on Newly Discovered Evidence**

---

I, R. Floyd Walker, hereby declare:

1. I am over the age of 18 and capable of testifying to the facts set forth herein.

2. I am a licensed attorney in the State of Texas.

3. Vinson & Elkins L.L.P. is counsel of record for First Funds LLC, Merchant Money Tree, Inc., and Reach Financial, LLC (collectively "Defendants") in the above-styled action. I am an associate in the Austin, Texas office of Vinson & Elkins L.L.P. and serve as counsel for Defendants.

4. I aver to the matters set forth herein based upon personal knowledge and information.

5. I respectfully submit this Declaration in support of Defendants' Reply in Support of their Motion to Supplement Discovery Based on Newly Discovered Evidence.

Austin 833900v.1

6. The Litle & Co. documents, Bates numbered LI00001-67, ("Litle Documents) identify a total of 21 different individuals, including Tim Litle, Randy Bourne, and Allen Abbott.

7. All Litle Documents were produced by August 31, 2006.

8. Manjeet Kripalani and Tatiana Pouschine are identified by the Litle Documents as the authors of the Forbes article which described the Postage Advance Program as it relates to Exposures, Inc.

9. Tim Litle, John Shirey, Mark Pinkham, Dori Genesi, Steve Tritman, and Michael Duffy are identified by the Litle Documents as employees of Litle & Co.

10. Norman Martin and Pegge Flaherty are identified by the Litle Documents as employees of First National Bank of Louisville (FNBL) and/or National Processing Company (NPC).

11. John Stanley is identified by the Litle Documents as an officer of Connecticut Bank and Trust. Connecticut Bank and Trust agreed to subordinate its rights to those of Litle & Co. as part of the Postage Advance Program.

12. Pearson Cummin, III is identified by the Litle Documents as an officer of Consumer Venture Partners. Consumer Venture Partners agreed to subordinate its rights to those of Litle & Co. as part of the Postage Advance Program.

13. John F. Kenny, Jr. is identified by the Litle Documents as an officer of First Boston Investment Partnership. First Boston Investment Partnership agreed to subordinate its rights to those of Litle & Co. as part of the Postage Advance Program.

14. Randy Bourne and Allen Abbott are identified by the Litle Documents as employees of Exposures, Inc. Exposures, Inc. utilized Litle & Co.'s Postage Advance Program.

15. Robert George, Albert Gordon, and Lynda Fiala are identified by the Litle Documents as employees of Museum Publications of America. Museum Publications utilized Litle & Co.'s Postage Advance Program.

16. Chris Chubb is identified by the Litle Documents as an employee of Quad Graphics. Quad Graphics produced the catalogs that Museum Publications of America needed a Postage Advance in order to mail.

17. Marie Turmaine and Robert George (same as above) are identified by the Litle Documents as employees of Boston Publishing Company. Boston Publishing Company utilized the Litle & Co. Postage Advance Program, and also used Litle & Co. to repay its obligation to Hanover Finance arising from a line of credit.

18. Michael Riccio is identified in connection with Hutchins & Wheeler, and was involved in the relationship between Boston Publishing and Hanover Finance.

19. Of the persons identified by the Litle & Co. documents, only Tim Litle, Randy Bourne, and Allen Abbott have been deposed in connection with this case or the related *AmeriMerchant* matter.

20. Larry Bouchard, portfolio manager for Litle & Co., and Jim Alexander, Consultant, are not identified by the Litle Documents. The parties have taken the depositions of both Mr. Bouchard and Mr. Alexander in connection with this case.

21. Plaintiff noticed the depositions of Allen Abbott, Jim Alexander and Randy Bourne. Other than these three, Plaintiff has not noticed any depositions in this case believed to relate to the Litle & Co. prior art.

22. A total of five depositions have been taken with respect to the Litle & Co. prior art.

Austin 833900v.1

23. No depositions have been taken that relate to the Transmedia prior art, except for those of Plaintiff's employees.

24. Plaintiff has noticed one deposition with respect to the Clever Ideas prior art.

25. A total of five depositions have been taken with respect to the Clever Ideas prior art.

26. Plaintiff has not deposed any restaurants with respect to the Clever Ideas prior art. Plaintiff's own documents show that it was aware of restaurants that utilized Clever Ideas during prosecution of the '281 Patent.

27. No depositions have been taken with respect to the Bank of America prior art.

28. No depositions have been taken with respect to the EDS prior art.

29. No depositions have been taken with respect to the First USA prior art.

30. A total of ten depositions have been taken with respect to all prior art in this case.

31. Plaintiff has noticed three depositions scheduled to occur before trial in the related *AmeriMerchant* case. These depositions are not related to each other.

32. Attached to this declaration as Exhibit A is a true and correct copy of an Inc. Magazine Article submitted as Exhibit 2 to the deposition of Tim Litle.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

SIGNED the 18th day of June 2007

                                               /s/ R. Floyd Walker
                                               R. Floyd Walker