# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ADVANCEME, INC.** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | **CAUSE NO. 6:05-CV-424 (LED)** |
| **RAPIDPAY, LLC, BUSINESS CAPITAL** § | |
| **CORPORATION, FIRST FUNDS LLC,** § | |
| **MERCHANT MONEY TREE, INC.,** § | |
| **REACH FINANCIAL, LLC and** § | |
| **FAST TRANSACT, INC. d/b/a** § | |
| **SIMPLE CASH** § | |
| § | |
| **Defendants.** § | |
| § | |

## DEFENDANTS' OBJECTIONS, COUNTER-DESIGNATIONS AND OFFERS OF OPTIONAL COMPLETENESS

Defendants First Funds, LLC, Merchant Money Tree, Inc., and Reach Financial, LLC ("Defendants") submit their Definitions for Short Form Objections and their objections, counter-designations and offers of optional completeness pursuant to the Court's Docket Control Order.

Defendants' objections to Plaintiff's deposition designations are presented to the Court in short form in that a short, defined phrase is used to incorporate by reference as if fully set forth therein all of Defendants' objections, and the basis therefore, to a certain portion of designated testimony. Defendants' objections, counter-designations and offers of optional completeness are attached as Appendix A.

## I. Definitions for Short Form Objections

The following constitute the full definitions and intended objections for each of Defendants' short form objections:

1. <u>CALLS FOR SPECULATION</u>

    a. FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

    b. *Washington v. Department of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) ("Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses-*i.e.,* testimony not based upon the witness's perception-is generally considered inadmissible."); FED. R. EVID. 701.

    c. Any probative value substantially outweighed by the dangers in FED. R. EVID. 403.

2. <u>IMPROPER OPINION TESTIMONY</u> (witness not qualified to offer).

    a. FED. R. EVID. 701; *Asplundh Mfg.Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1201 (3rd Cir. 1995) (interpreting FED. R. EVID. 701 and stating that "in other words, Rule 701 requires that a lay opinion witness have a reasonable basis grounded either in *experience* or *specialized knowledge* for arriving at the opinion that he or she expresses.").

    b. FED. R. EVID. 702, 703.

3. <u>MISLEADING</u>

    c. *Brumbaugh v. Sandoz Pharma. Corp.*, 77 F.Supp.2d 1153, 1157 (D. Mont. 1999) (applying FED. R. EVID. 403 and determining that "the limited probative worth of [the doctor's] testimony is outweighed by the substantial probability of misleading the jury so the evidence is inadmissible pursuant to Fed. R. Evid. 403").

    d. Any probative value substantially outweighed by the dangers in FED. R. EVID. 403.

4. <u>VAGUE, AMBIGUOUS</u>

    a. FED. R. EVID. 401, 402, 403.

5. <u>MISSTATES THE EVIDENCE</u>

    b. Any probative value substantially outweighed by the dangers in FED. R. EVID. 403.

6. <u>MISCHARACTERIZES WITNESSES' PRIOR TESTIMONY</u>

    a. FED. R. EVID. 401, 402 (irrelevant).

    b. Any probative value substantially outweighed by the dangers in FED. R. EVID. 403.

7. <u>ARGUMENTATIVE/BADGERING/HARRASSING</u>

    a. *United States v. Yakobowicz*, 427 F.3d 144, 151 (2d Cir. 2005) ("During the presentation of evidence one of the most commonly sustained objections is that a particular question is argumentative, and any summation-like remarks by counsel during the presentation of evidence are improper and subject as a routine matter to being stricken.").

    b. Such questioning is irrelevant and threatens to cause unfair prejudice, confuse the issues, mislead the jury, and lead to waste of time and undue delay. FED. R. EVID. 401, 403, 611(a).

8. <u>INCOMPLETE HYPOTHETICAL</u>

    a. *Hunt v. Massanari*, 250 F.3d 622, 626 (8th Cir. 2001) (when a hypothetical question does not encompass all relevant circumstances, testimony in response would not constitute substantial evidence).

    b. Such questioning is irrelevant and threatens to cause unfair prejudice, confuse the issues, mislead the jury, and lead to waste of time and undue delay. FED. R. EVID. 401, 403.

9. <u>ASSUMES FACTS NOT IN EVIDENCE</u>

    a. *Andrews v. Metro North Commuter R.R.*, 882 F.2d 705, 708 (2d Cir. 1989) (witness' testimony improper if it assumes facts that are not in evidence); *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 704 (8th Cir. 1967) (questioning that assumes facts not in evidence is objectionable).

    b. Such questioning and/or testimony is irrelevant and threatens to cause unfair prejudice, confuse the issues, mislead the jury, and lead to waste of time and undue delay. FED. R. EVID. 401, 403.

10. <u>IRRELEVANT</u>

    a. Irrelevant. FED. R. EVID. 401, 402.

June 19, 2007                                        Respectfully submitted,

By :/s/ Joseph D. Gray
William G. Schuurman (TX State Bar No. 17855200)
bschuurman@velaw.com
Brian K. Buss (TX State Bar No. 00798089)
bbuss@velaw.com
Joseph D. Gray (TX State Bar No. 24045970)
jgray@velaw.com
R. Floyd Walker (TX State Bar No. 24044751)
fwalker@velaw.com
Graham E. Sutliff (TX State Bar No. 24046935)
gsutliff@velaw.com
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: 512.542.8400
Facsimile: 512.236.3476

Hilary L. Preston
hpreston@velaw.com
**VINSON & ELKINS L.L.P.**
666 Fifth Avenue – 26th Floor
New York, NY 10103
Telephone: 212.237.0000
Facsimile: 212.237.0100

Douglas R. McSwane, Jr. (TX State Bar No. 13861300)
J. Matt Rowan (TX State Bar No. 24033137)
**POTTER MINTON**
A Professional Corporation
110 N. College
500 Plaza Tower (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone: 903.597.8311
Facsimile: 903.593.0846
E-mail: dougmcswane@potterminton.com

*Counsel for Defendants First Funds LLC, Merchant Money Tree, Inc., and Reach Financial, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 19th day of June, 2007. Any other counsel of record will be served by first class mail on this same date.

                                        /s/ Joseph D. Gray
                                          Joseph D. Gray