IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,**<br>　　　　Plaintiff,<br><br>v.<br><br>**RAPIDPAY LLC, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL LLC, and FAST TRANSACT, INC. d/b/a SIMPLE CASH,**<br>　　　　Defendants. | §§§§§§§§§§§§§§§ | **CASE NO. 6:05-CV-424 LED-JDL** |

**ADVANCEME, INC.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO SUPPLEMENT DISCOVERY BASED
ON NEWLY DISCOVERED EVIDENCE**

I.      **INTRODUCTION**

Rather than explain why they waited until weeks after the close of discovery, and months after their invalidity contentions were served to even seek information from Bieler Marketing Associates ("Bieler"), Defendants concede that they failed to fully disclose facts surrounding their alleged discovery of Bieler by claiming that their counsel "can further describe Defendants' diligence at the hearing." Defendants fail to appreciate that it was their obligation to provide *admissible evidence*, to which AdvanceMe could respond in its Opposition, to explain Defendants extreme delay. This burden cannot be satisfied by waiting until the hearing to provide an inadmissible "explanation" by Defendants' counsel.

Defendants do not dispute that they have been in contact with Tim Litle since early 2006. Defendants do not dispute that Tim Litle was largely responsible for handpicking the witnesses that Defendants identified as having knowledge of the Litle & Co. prior art. Defendants do not dispute that they failed to follow up on Tim Litle's September 2006 testimony that disclosed the existence of Litle & Co.'s processing relationships with the infomercial industry until some undisclosed date in March of 2007, apparently after the March 2, 2007 discovery cutoff and after the February 12, 2007 deadline to serve final invalidity contentions.

Rather than responding to these points relating to Defendants' alleged diligence in seeking the Bieler documents, Defendants submit a declaration of counsel identifying individuals disclosed in documents produced by Defendants during discovery, but not subpoenaed by AdvanceMe. This list is utterly irrelevant to the issues in this Motion. Certainly, the list does nothing whatsoever to meet the threshold requirement that Defendants establish they acted diligently. Further, to the extent this list is intended to go to consideration of prejudice, it completely misses the mark. The issue here is the prejudice AdvanceMe would suffer if new documents disclosing a score of new witnesses and issues was injected into this case months after the discovery cutoff and deadline to serve invalidity contentions. The fact that other witnesses were disclose in older documents, none of which on their face, had any relation to Bieler, is simply irrelevant. Accordingly, Defendants' Motion must be denied.

**II.    DEFENDANTS FAIL TO ESTABLISH DILIGENCE IN SEEKING THE BIELER DOCUMENTS.**

Defendants erroneously claim that AdvanceMe does not contest that "the evidence sought to be introduced was first discovered by Defendants on April 27, 2007 as a result of Defendants' diligent search for prior art." *See* Reply at p. 1. To the contrary, AdvanceMe contested whether Defendants were diligent in searching for the documents (Opposition at pp. 1-10) and further contested the timing within which Defendants became aware of the facts that led them to believe Bieler may be relevant to this action. *Id.* Despite having had two chances to provide these details, Defendants chose not to do so. Rather, Defendants assume that they will simply be permitted to "further describe Defendants' diligence at the hearing." Reply at p. 1. However, "[a]rguments of counsel are not evidence." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) (reversing grant of motion to quash subpoena where movant failed to submit evidence in support of its "bald statement that the subpoena is 'unreasonable and oppressive'' without providing any affidavit or other evidence to support the statements of counsel). Thus, even if Defendants were to attempt to provide an explanation at the hearing, their belated explanation cannot be considered for the purposes of this Motion because it is not evidence.[1]

It was Defendants' burden to establish good cause to supplement discovery. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 850 (E.D.Tex. 2004) (Davis, J.). Defendants were required to establish that, despite their alleged diligence, the relevant deadlines in the Docket Control Order could not have been met. *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Defendants have not made any attempt to explain the steps they took to obtain information from Bieler ***prior to*** the discovery cutoff date, or to establish that despite their efforts it was not possible to locate and produce the Bieler documents prior to the close of discovery. Indeed, Defendants again fail to address AdvanceMe's challenge to Defendants' alleged diligence.

---

[1] For these reasons, Defendants' representation that locating the Bieler information was not a "simple task" is unavailing. Reply at p. 2. Defendants have not submitted any affidavit articulating any efforts they made to obtain the information prior to the discovery cutoff.

For example, Defendants have yet to articulate how they became aware of Bieler and/or Media Funding Corp., when or how they became aware of the Media Funding Corp. website that has been publicly accessible in its current form since at least 2003,[2] when they first attempted to contact Bieler, when they first requested that Bieler produce information, when Bieler was first requested to look for documents, or why the request was not made until after the discovery cutoff. Further, Defendants fail to address why they failed to make any attempt during the months before the discovery cutoff date to identify prior art from the infomercial industry after the September 6, 2006 deposition of Tim Litle, even though he testified that Litle & Co. did the processing for 95% of all infomercial companies. Williams Decl., Ex. 6. Rather, Defendants speculate that the sale of Litle & Co. in 1995 "suggests that Mr. Litle may not have been specifically aware of Bieler Marketing Associates." Reply at p. 2. The only conclusion that can be drawn from Defendants' "suggestion" is that they failed to diligently seek information from Tim Litle concerning Litle & Co.'s processing for infomercial companies.

As Defendants failed to satisfy the threshold requirement of diligence, their Motion fails.

### III. DEFENDANTS' FAILURE TO ESTABLISH THE IMPORTANCE OF THE BIELER DOCUMENTS IS NOT INCONSISTENT WITH THE SUBSTANTIAL PREJUDICE TO ADVANCEME IF DEFENDANTS ARE PERMITTED TO RELY ON THE DOCUMENTS.

Defendants incorrectly assume that AdvanceMe's challenge to the importance of the Bieler documents is inconsistent with AdvanceMe's claim of prejudice. Reply at p. 1. However, the two issues are related. AdvanceMe cannot independently assess the importance of the Bieler documents in the absence of the extensive discovery outlined in its Opposition. *See* Opposition at pp. 12-13. Because AdvanceMe has not been afforded a full and fair opportunity to conduct discovery with respect to the Bieler documents, and since the patent claims are nonexistent in that documentation, the only way to investigate the alleged importance of the Bieler documents is through extensive discovery. However, since trial is less than one month away, it is much too late

---

[2] While Defendants claim that the public accessibility of the Media Funding Corp. website is only relevant if Defendants are charged with constructive notice thereof, Defendants fail to cite any authority in support of their position. Reply at p. 2.

TO DEFENDANTS' MOTION FOR LEAVE TO
SUPPLEMENT DISCOVERY

3

Case No. 6:05-CV-424 LED–JDL

to pursue such discovery.

Defendants' conclusory assertions that the Bieler documents corroborate the Litle & Co. prior art are unavailing. These documents simply do not disclose the patented inventions on their face. Furthermore, Defendants' self-serving assessment of the importance of these documents is not supported by any credible evidence. Again, Defendants have submitted nothing more than the conclusory arguments of counsel, which simply cannot satisfy Defendants' burden on this Motion.

### IV. ADVANCEME WOULD BE SUBSTANTIALLY PREJUDICED IF THIS MOTION IS GRANTED.

Defendants' response to AdvanceMe's prejudice argument completely misses the mark. It is of no significance that AdvanceMe did not subpoena every witness identified in the Litle & Co. documentation produced by Defendants, and Defendants have not pointed to any requirement that AdvanceMe depose every witness identified by Defendants or disclosed in the documentation. Nor is it up to Defendants to limit AdvanceMe to the one witness they unilaterally deem relevant to the Bieler documents. Rather, if Defendants had acted diligently, AdvanceMe would have had the benefit of exploring Bieler related discovery just as it had the benefit of time to explore the Litle & Co. documents concerning its postage finance agreement with Exposures. Discovery is guided by Defendants' invalidity contentions, which never disclosed any intent to rely on Litle & Co.'s relationships with infomercial companies. 35 U.S.C. § 282; P.R. 3-3; *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1347 (Fed. Cir. 2003) (affirming exclusion of evidence relating to validity of patent for failure to provide proper notice). Defendants never put AdvanceMe on notice of their intent to assert such relationships until well after the relevant deadlines of the Docket Control Order passed.

Further, it is absurd to contend that Peter Bieler is the only witness that would have been necessary to respond to the potential subject matter identified in AdvanceMe's Opposition. The documents consist of numerous different written agreements, with different signatories, each of which raise their own issues. AdvanceMe is not required to rely upon the Defendants' handpicked witness; rather, if Defendants had disclosed this alleged prior art months ago, AdvanceMe would

have been entitled to take the depositions of *all* individuals that would have relevant knowledge.

Moreover, it is implausible that what Defendants have identified as "topics 3 and 4" "have already been ***fully developed*** by Plaintiff during the depositions of Tim Litle and Larry Bouchard." Reply at p. 4 (emphasis added). There is no possible way AdvanceMe could have ***fully developed*** testimony regarding the "operation of the systems allegedly reflected by the draft agreements" or the "manner in which payments were authorized, settled, and forwarded under the agreements" when none of the Bieler agreements had been produced at the time of those depositions. Furthermore, Defendants' conclusion that "topic 6" is illogical should be disregarded as it is limited to Defendants' interpretation of the relevant discovery necessitated by the Bieler documents. Reply at pp. 4-5. Depositions of the contracting parties would be highly probative of "topic 6," and many other deposition topics that AdvanceMe would have been entitled to explore.

Defendants' assertion that AdvanceMe knew that "Litle & Co. repaid obligations on behalf of merchants with respect to infomercials" is untenable. Reply at p. 5. Defendants never disclosed an intent to rely on Litle & Co.'s alleged repayment of any obligations with respect to infomercials. No such relationships are disclosed in Defendants' invalidity contentions. Permitting the use of the Bieler documents would be extremely unjust as the parties are less than a month from trial, and final invalidity contentions were due over ***four months ago***. It is far too late for Defendants to submit new prior art which would raise a host of new issues.[3]

## V.  DEFENDANTS CONCEDE THAT A CONTINUANCE WOULD FURTHER PREJUDICE ADVANCEME.

Defendants do not even respond to AdvanceMe's assertion that a continuance would further prejudice AdvanceMe. Opposition at p. 15. Thus, this factor weighs against granting the Motion.

---

[3] Similarly, it is incongruous for Defendants to claim that AdvanceMe would not be prejudiced if this Motion is granted because AdvanceMe noticed three depositions in the AmeriMerchant action. Reply at p. 5. Those depositions were noticed before the AmeriMerchant discovery cutoff. Notwithstanding that Defendants were concerned they would be too distracted from preparing for trial of the instant action and requested a continuance of those depositions until September; Defendants expect AdvanceMe to conduct Bieler discovery on the eve of trial. Defendants should not be allowed to manipulate the Court's scheduling order in this way.

## VI. CONCLUSION

Defendants have not established that they diligently sought documents from Bieler prior to the close of discovery, or prior to serving their final validity contentions. Accordingly, Defendants' Motion must be denied.

Date: June 25, 2007                Respectfully submitted,

By:  /s/ Shanée Y. Williams
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Ronald S. Lemieux  (ronlemieux@paulhastings.com)
(CA Bar No. 120822) (Admitted Pro Hac Vice)
Michael N. Edelman (michaeledelman@paulhastings.com)
(CA Bar No. 180948) (Admitted Pro Hac vice)
Vidya R. Bhakar (vidbhakar@paulhastings.com)
(CA Bar No. 220210) (Admitted Pro Hac Vice)
Robert C. Matz (robertmatz@paulhastings.com)
(CA Bar No. 217822) (Admitted Pro Hac Vice)
Shanée Y. Williams (shaneewilliams@paulhastings.com)
(CA Bar No. 221310) (Admitted Pro Hac Vice)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone:  650.320.1800
Facsimile:  650.320.1900

**IRELAND CARROLL & KELLEY**
Otis W. Carroll, Jr. (fedserve@icklaw.com)
LEAD ATTORNEY
State Bar No. 03895700
Deborah J. Race (drace@icklaw.com)
State Bar No. 16448700
6101 S. Broadway, Suite 500
Tyler, TX  75730
Telephone:  903.561.1600
Facsimile:  903.581.1071

ATTORNEYS FOR PLAINTIFF ADVANCEME, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By: */s/ Shanée Y. Williams*

LEGAL_US_W # 56499964.1