IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADVANCEME, INC.,** § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 6:05-CV-424 |
| § | | |
| **RAPIDPAY, LLC, BUSINESS CAPITAL** § | | |
| **CORPORATION, FIRST FUNDS LLC,** § | | |
| **MERCHANT MONEY TREE, INC.,** § | | |
| **REACH FINANCIAL, LLC and** § | | |
| **FAST TRANSACT, INC. d/b/a** § | | |
| **SIMPLE CASH,** § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Defendants, First Funds LLC, Merchant Money Tree, Inc., and Reach Financial, LLC ("Defendants") have filed a Motion for Leave to Supplement Discovery Based on Newly Discovered Evidence (Doc. No. 264). For the reasons set forth below, the Court **DENIES** Defendants' Motion.

### BACKGROUND

AdvanceMe filed suit against Defendants on November 9, 2005 alleging infringement of U.S. Patent No. 6, 941, 281 ("the '281 patent"). AdvanceMe sought only equitable relief and waived their right to a jury. The Discovery Order signed at the outset of the case contained a "No Excuses" provision which stated: "A party is *not* excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case." Defendants did not object to the "No Excuses" clause. The original discovery deadline was set for Oct. 1, 2006 (Doc. No. 20), but was

Dockets.Justia.com

reset for February 2007 (Doc. No. 60), and the Court later granted Defendants' Motion for Continuance (Doc. No. 198-1) and signed the final scheduling deadlines on January 26, 2007 (Doc. No. 201). Accordingly, the fact discovery deadline was re-set for March 2, 2007 and parties were ordered to identify trial witnesses by March 23, 2007 (*See* Doc. No. 60).

In addition, the Court has granted Defendants two motions for leave to amend Defendants' Invalidity Contentions (*See* Doc. No. 101, 141). The most recently amended Contentions were served to Plaintiffs on February 12, 2007 (*See* Doc. No. 276). These Final Invalidity Contentions added 35 U.S.C. §§ 102 (a) and 102(g) as invalidity defenses. *Id*. Additionally, on March 12, 2007, Defendants filed a motion for partial summary judgment (Doc. No. 215). This motion relied heavily upon an argument of invalidity related to the Litle & Co. ("Litle") prior art. Defendants specifically claim that Litle's financing of business ventures and processing of card transactions for merchant clients is a public use of the claimed method and system more than one year before the issuance of the '281 patent. The Defendants now ask this Court for leave to (1) amend their list of witnesses to include a third party with knowledge of prior art systems and methods disclosed in Defendants' Third Amended Invalidity Contention, and (2) to use documents at trial that were produced by this third party after the close of fact discovery. Defendants maintain that it is not necessary to amend their Invalidity Contentions.

The instant Motion was filed in response to Defendants' identification of Bieler Marketing Associates ("Bieler"), a third party, that was in possession of documents corroborating the use of the allegedly invalidating Litle method before July 9, 1997. The relationship between Bieler and Litle was not first identified until very late in the discovery period, but according to Defendants, the credit card processor that repaid Bieler's involvement in financing infomercial merchants, was "precisely

2

in accordance" (Doc. No. 264) with the claimed AdvanceMe invention. Defendants find it imperative that they be able to introduce evidence at trial concerning the business relationship between Litle and Bieler in the early 1990s because the Patent Office issued the '281 patent without ever having considered the Litle prior art.

Counsel for Defendants acknowledged to the Court at a hearing on June 27, 2007, that its first knowledge of Bieler's potential involvement with Litle prior art was in October of 2006. At this time, they identified Bieler through the Media Funding Corporation website. Defendants' counsel also informed the Court that they placed a series of phone calls to Bieler's attorneys, but were unable to confirm Bieler's relationship with Litle until mid March 2007. Bieler was not disclosed to AdvanceMe upon first knowledge of possible third party involvement, and beyond phone calls to Bieler's counsel, Defendants' do not present any further showing of diligence between October 2006 and March 2007.

Defendants waited until they were certain that Bieler possessed evidence corroborating the public use of Litle prior art (*See* Doc. No. 264 ) to request the production of documents, and all requests Defendants made of Bieler took place after the close of fact discovery on March 2, 2007. Despite Bieler's refusal to comply with production requests, Defendants were able to issue a subpoena because discovery had not yet closed in the *AmeriMerchant* matter (*See* 6:06-CV-82). Eventually, documents produced on April 27, 2007 (Doc. No. 264, Exh. I-J) allegedly established Bieler as having had a third party merchant financing arrangement that utilized the Litle systems and methods outlined in Defendants' Invalidity Contentions. Consequently, Defendants wished to use the documents to advance its invalidity defense under 35 U.S.C. § 102(a), (b), and (g) and add a third party witness, Peter Bieler, to provide testimony at trial.

In their motion, Defendants maintain diligence in obtaining all relevant evidence of invalidating prior art systems and methods (*See* Doc. No. 264, Ex. A), but the documents corroborating Bieler's public use of the Litle method were not produced until after fact discovery had closed. Following production of the Bieler documents, counsel for Defendants wrote AdvanceMe a letter (Doc. No. 264, Ex. D) on April 30, 2007, purporting to "add" third party Bieler Marketing Associates ("Bieler") to both actions and use the documents and testimony of Peter Bieler as corroboration of its invalidity defense. The April 30, 2007 letter from Defendants' counsel was the first time Bieler was identified to Plaintiff. At that point in time, the date for trial was less than three months away. AdvanceMe responded with a letter on May 4, 2007 stating that it vigorously disagreed with Defendants' position: "The period for discovery (both fact and expert) has long since closed and there is no allegation that AdvanceMe was in any way responsible for the Defendants' delay. The Defendants were required to complete discovery in the RapidPay action weeks ago, and were required to serve final invalidity contentions months ago...The prejudice to AdvanceMe from this conduct would be overwhelming"(Doc. No. 264, Ex. E). On May 22, 2007, Defendants then filed this Motion for Leave to Supplement Discovery. In effect, Defendants' Motion asks the Court to extend the discovery deadlines for the investigation of fact and the addition of trial witnesses.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) requires a showing of "good cause" to modify dates set forth in the Court's scheduling order, such as disclosure of the Contentions, or alternatively, the discovery and trial witness deadlines.[1] FED. R. CIV. P. 16(b). "Rule 16(b) governs amendment of

---

[1] Although Defendants do not move to amend Contentions, the Court notes that the good cause standard applied to the instant Motion, would also apply in amendment circumstances. *See STMicroelectronics,* 307 F. Supp.2d at 845; *S & W Enters.*, 315 F.3d at 533.

pleadings after a scheduling order deadline has expired...The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). A trial court has broad discretion in allowing scheduling order modifications. *Id*. The Court should consider four factors when determining whether to allow a scheduling order modification: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Id*. at 535-36. Mere inadvertance on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish "good cause." *Dallas Area Rapid Transit v. Foster*, 2002 WL 31433295 at *4 (N.D. Tex. Oct. 28, 2002) (citing *American Tourmaline Fields v. International Paper Co.*, 1998 WL 874825 at *1 (N.D. Tex. Dec. 7, 1998)).

**ANALYSIS**

**1.    Showing of Diligence Necessary for Defendants' to Establish Good Cause**

Defendants filed their Motion for Leave to Supplement Discovery on May 22, 2007, less than two months before trial. Preliminary Invalidity Contentions were due on July 7, 2006 and Final Invalidity Contentions were provided on February 12, 2007; the discovery deadline expired on March 2, 2007 (Doc. No. 201). In order to establish good cause, Defendants must establish that the fact discovery and trial witness deadlines could not have been met despite Defendants' diligence. *S & W Enter., L.L.C.*., 315 F.3d at 535. The Court does not find that Defendants have made this required showing. Defendants did not demonstrate diligence after identifying Bieler's potential use of the Litle system through the Media Funding Corporation website in October 2006. Defendants

have not adequately provided explanation for why they were unable to obtain the Bieler documents during discovery upon first knowledge of Bieler Marketing Associates. Rather than addressing its diligence before the discovery cutoff date, Defendants' Motion focuses on its alleged diligence after Bieler confirmed that it possessed corroboratory evidence in mid March (*See* Doc. No. 264).

In order to demonstrate good cause that would be consistent with the "No Excuses" clause in the Discovery Order, Defendants have a high burden to persuade the Court that it is necessary to depart from the Court's scheduling deadlines. This Order specifically states: "A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case." Nonetheless, the Defendants move to present evidence at trial that was produced post-discovery deadline. They contend that it is unnecessary to seek leave to amend their Invalidity Contentions, and that such supplementary evidence is not "brand new," but rather corroborates testimony already on record in this case (Doc. No. 264).

Despite such claims, Defendants' Motion fails to address the issue of diligence during the period in which discovery was still open. Defendants do not provide a specific chronology of events that unfolded in the seven months between first identifying an interest in Bieler and actual procurement of evidence, and there was no discussion of the steps taken by counsel during this period until Defendants addressed the Court on July 27, 2007. At this time, counsel for Defendants acknowledged that while several calls were placed to Bieler's attorneys in December 2006 and January 2007, these attempts were met with evasive responses that did not result in corroboration of the Litle-Bieler business relationship until March 2007. Furthermore, the Court was not provided with a persuasive explanation as to why counsel was not more assertive in establishing this relationship prior to March, or why Mr. Bieler could not have been served with a subpoena earlier

in litigation. Evaluation of (1) the alleged importance of the relationship between the Bieler documents and the Litle prior art, and (2) the fast-approaching discovery deadline and subsequent trial date, persuade the Court that intensive discovery efforts should have been made once Bieler was identified. The Court rejects Defendants' claims that it was diligent in discovering the Bieler documents and informing AdvanceMe of the existence of Bieler and its intent to use these documents at trial.

**2.      Bieler Evidence Introduces Potential Prejudice to Plaintiff at Trial**

Defendants maintain that "modifying" an existing prior art reference to include a third party does not constitute additional evidence and will not subject Plaintiff to prejudice (Doc. No. 264). Defendants also make the assumption that Plaintiff had a full opportunity to investigate all Litle relationships throughout the discovery period. *Id*. However, the Court cannot agree with Defendants that AdvanceMe's assertion of prejudice is "vague" and "inaccurate" (Doc. No. 264), because if the Bieler documents had been produced in a timely fashion, AdvanceMe would have been able to spend months conducting discovery on the issues raised by those documents. Currently, trial is only weeks away and AdvanceMe would be denied any opportunity to independently verify Defendants' supplemental evidence. AdvanceMe has stated that discovery relating to the 170 pages of the Bieler documents would require additional depositions and substantial written discovery concerning: (1) the confidentiality provisions contained in the Litle-Bieler agreements, and (2) the factual "public use" and "corroboration" requirements pursuant to 35 U.S.C. § 102(b) (Doc. No. 276). The Court need not determine precisely how many depositions or exactly how much written discovery would be required, because at this late date, any discovery efforts would be prejudicial when parties are in the process of preparing for trial.

The infringement and invalidity claims of the '281 patent are highly fact-dependent issues that cannot be supplemented or amended without verification by the opposing party. The Court recognizes that although the Defendants' use of the Bieler evidence may be important to its claim, it would be prejudicial to AdvanceMe to allow 170 pages of supplemental prior art evidence to be used at trial without allowing Plaintiff a chance to conduct its own discovery. At some point, requests to introduce new evidence must come to an end, and this district does not favor the introduction of evidence obtained after the completion of discovery. *See STMicroelectronics*, 307 F. Supp.2d at 851 (holding that amendment to Contentions will only be granted where litigant has been able to show good cause and the exclusion of evidence may be harmful, but the Court cannot allow parties to ignore its orders, deadlines, and pretrial practices without any explanation); *see also S & W Enter., L.L.C.*, 315 F.3d at 537 (explaining that the moving party was denied leave to amend because its motion was untimely and because of potential prejudice, or alternatively, unnecessary delay of the trial). Over the past year, the parties have conducted a significant volume of discovery specifically targeted to Defendants' Invalidity Contentions, and the Court has shown flexibility in twice granting Defendants leave to amend its Invalidity Contentions. In the absence of justifiable diligence and in the presence of potential prejudice, the Court must require that the parties proceed to trial with only the evidence produced in accordance with the Patent Rules, Discovery Order, and the Docket Control Order (*See* Doc. Nos. 20, 201).

## CONCLUSION

For the reasons discussed above, the Court concludes that Defendants' Motion for Leave to Supplement Discovery should be and is hereby **DENIED.**

**So ORDERED and SIGNED this 9th day of July, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE