IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCEME, INC. § | |
|    *Plaintiff* § | |
| § | |
| VS. § | |
| § | |
| RAPIDPAY, LLC, BUSINESS CAPITAL § | CAUSE NO. 6:05CV424 LED |
| CORPORATION, FIRST FUNDS LLC, § | |
| MERCHANT MONEY TREE, INC., § | |
| REACH FINANCIAL, LLC and § | |
| FAST TRANSACT, INC. d/b/a § | |
| SIMPLE CASH § | |
|    *Defendant* § | |

## DEFENDANTS' SUBMISSION REGARDING THE TIME NEEDED FOR TRIAL

In accordance with the Court's request in the pre-trial conference held on July 9, 2007, Defendants MERCHANT MONEY TREE, INC., and REACH FINANCIAL, LLC (Collectively, the "Defendants") hereby notify the Court that they would respectfully request the amount of time for each aspect of the trial as set forth below. The Parties have conferred and were unable to reach agreement with respect to the amount of time needed for each aspect of the trial. Therefore both parties are proffering their individual time estimates in separate submissions.

| | **DEFENDANTS' PROPOSED TIME** |
|---|:---:|
| Opening Statements | 15 minutes |
| Direct & Cross Examination | 18.5 hours |
| Rebuttal | |
| Closing Arguments | 15 minutes |

{A43\7560\0001\W0330641.1 }

Defendants respectfully request 18.5 hours for direct and cross examination, as their invalidity defense is based on prior public knowledge and prior public use of prior art methods and systems. Because Plaintiff has argued that Defendants' evidence of invalidity is insufficiently corroborated, Defendants must present substantial testimony of witnesses with knowledge in order to definitively establish that all evidence of invalidity is fully corroborated. Moreover, Defendants bear the burden of proving both invalidity and inequitable conduct by clear and convincing evidence, and they believe that a minimum of 18.5 hours of direct and cross is necessary to present their clear and convincing evidence on these issues.

Defendants anticipate that Plaintiffs will request "mini openings" and "mini closings" for each day of trial. Defendants would argue that such "mini openings" and "mini closings" are unnecessary and that the evidence should speak for itself with the exception of a short opening statement to begin the trial and a short closing statement to end the trial.

Dated: July 10, 2007                                  Respectfully submitted,

                                           By:   */s/ Douglas R. McSwane, Jr.*
                                                 Willem G. Schuurman
                                                 Texas State Bar No. 17855200
                                                 Joseph D. Gray
                                                 Texas State Bar No. 24045970
                                                 **VINSON & ELKINS L.L.P.**
                                                 2801 Via Fortuna, Suite 100
                                                 Austin, Texas 78746
                                                 Phone: (512) 542-8400 –
                                                 Fax: (512) 236-3476
                                                 E-mail: bschuurman@velaw.com
                                                              JGray@velaw.com

{A43\7560\0001\W0330641.1 }

                                                                    -and-

                    Douglas R. McSwane, Jr.
                    Texas State Bar No. 13861300
                    **POTTER MINTON, P.C.**
                    110 North College
                    500 Plaza Tower
                    Tyler, Texas 75702
                    Phone: (903) 597-8311
                    Fax: (903) 593-0846
                    E-mail: dougmcscane@potterminton.com

                    **ATTORNEYS FOR DEFENDANTS**
                    **MERCHANT MONEY TREE, INC.**
                    **REACH FINANCIAL, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 10th day of July, 2007.

                                                  */s/ Douglas R. McSwane, Jr.*
                                                  Douglas R. McSwane, Jr.